**ARI LAW, P.C.**
ALI A. AALAEI, State Bar No. 254713
E-mail: ali@arilaw.com
ALEXANDER CHEN, State Bar No. 245798
E-mail: alex@arilaw.com
90 New Montgomery St., Suite 900
San Francisco, CA 94105
Tel:  415-830-9968
Fax:  415-520-9456

Attorneys for Plaintiff
SANHO CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANHO CORPORATION, a Delaware corporation;<br><br>Plaintiff,<br><br>v.<br><br>KAIJET TECHNOLOGY INTERNATIONAL LIMITED, INC., a company, doing business as "j5create"; and DOES 1-100,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR**<br><br>**(1) PATENT INFRINGEMENT**<br>**(2) COPYRIGHT INFRINGEMENT**<br>**(3) UNFAIR BUSINESS PRACTICES**<br>**(4) UNJUST ENRICHMENT**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff, SANHO CORPORATION ("Plaintiff"), for all causes of action against Defendant KAIJET TECHNOLOGY INTERNATIONAL LIMITED, INC. doing business as j5create, alleges as follows:

## INTRODUCTION

1. This action arises from the unfair, unlawful, and fraudulent acts and practices of defendant Kaijet Technology International Limited, Inc. ("Defendant"). Defendant has, to the detriment of the plaintiff in this case, Sanho Corporation ("Plaintiff"), as set forth below, unlawfully infringed, copied, and trampled on Plaintiff's intellectual property rights and has injured plaintiff as a result of unfair competition. Defendants' unlawful and unfair conduct is comprised of violations of the California Unfair Business Practices Act, the False Advertising Law, the Patent Act, the Lanham Act, and the Copyright Act. Defendants' conduct was willful, and is causing Plaintiff to suffer irreparable harm.

## JURISDICTION

2. This is a civil action seeking damages and injunctive relief for patent and copyright infringement under the Patent Act, 35 U.S.C. § 101, *et seq.*, and the Copyright Act, 17 U.S.C. § 101, *et seq.*

3. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, and 1338.

4. This Court has personal jurisdiction over the Defendant because they are doing business in the State of California and in this judicial district, the acts of infringement complained of herein occurred in the State of California. Defendants have intended to cause and have caused injury to Plaintiff and its economic advantage and goodwill in the State of California.

## INTRADISTRICT ASSIGNMENT

5. Pursuant to Civil L.R. 3-2(c), this case should be subject to district-wide assignment because it is an Intellectual Property Action.

– 1 –

COMPLAINT

## VENUE

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(b).

## THE PARTIES

7. Plaintiff is a Delaware corporation, with its headquarters located in Fremont, CA. Plaintiff does business in California and across the United States.

8. Defendant Kaijet Technology International Limited, Inc., aka j5Create, is a business entity doing business in CA.

9. Plaintiff does not know the true names and capacity of defendants sued herein as DOES 1-100, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes, and on the basis of that information and belief, alleges, that each of the defendants was in some manner legally responsible for the events and happenings alleged in this complaint and for Plaintiff's damages. DOES 1-100 have sold, offered for sale, and are selling the infringing products online on various websites including but not limited to at eBay.com and Amazon.com, although the true identities of DOES 1-100 remains unknown. Defendant Kaijet and Does 1-100 may be hereinafter referred to as "Defendants." Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

## GENERAL AVERMENTS

10. Plaintiff Sanho Corporation is a company based in Fremont, CA.

11. Plaintiff, on or around December 5, 2016, released the HyperDrive multi-function docking station. Notably, the HyperDrive multi-function docking station has a novel ornamental design. The invention was displayed publicly at the Consumer Electronics Show in January of 2017. Plaintiff's product had been widely hailed in the media as Plaintiff went on to raise over $3.1M on Kickstarter and Indigogo. Thereafter, Plaintiff became the lawful assignee of United States Patent No. US D813,875 S, (the "875 Patent"), which describes the multi-function docking station. Sanho began shipping the product in or around January 2017.

12. Notably, Plaintiff has built goodwill and customer reputation having been operating for more than 12 years, and its packaging, trademarks, tradenames, as well as the HyperDrive

branding have gained secondary meaning, well before Kaijet ever began its unlawful scheme. Sanho's trademarks, tradenames, and goodwill, also carry secondary meaning with respect to the quality, warranty guarantees, and brand reputation affiliated with Plaintiff's products and its customers' expectations of the same.

13.     On or around October 2017, Kaijet, or j5create, copied and began using, making, and selling, Plaintiff's invention and called it the "UltraDrive" solely to counterfeit and misappropriate Plaintiff's HyperDrive multi-function docking station.  To make matters worse, Kaijet named and labeled its product the "UltraDrive" intentionally to confuse Sanho's customers when purchasing the HyperDrive.  Defendant blatantly copied the packaging of Plaintiff's product (**Exhibit A**), clearly intending to create confusion by consumers in misappropriating Sanho's product and ideas, infringed on Plaintiff's intellectual property and copyrights, and interfere with Plaintiff's economic advantage engaging in unfair competition.  Defendants copied the product and packaging, including, but not limited to, the following:

<u>On the front of Packaging</u>

    Similar sounding product name "UltraDrive" vs "HyperDrive"

    Same product brand name placement on top left corner

    Similar product window cutout on the front left of the box

    Similar product description below the product window cutout

    Same image of MacBook Pro on the front right of the box

    Same call outs to "4K HDMI" and "50Gbps" speed

    Similar orange color highlights

<u>On the back of Packaging</u>

    Similar product image with MacBook Pro on the back top of the box

    Similar product description below the product image

    See **Exhibit B** to this Complaint.

14.     Defendants intentionally copied the image, form, and design of Plaintiff's product including its packaging in order to misappropriate Plaintiff's ideas, inventions, efforts, marks, and economic advantage.  As a result Plaintiff suffered harm.

15. Prior to December 2016, Defendant Kaijet did not sell the product herein at issue. It was only after Kaijet copied the product and misappropriated the idea from Sanho that it began the infringing conduct.

16. It is undisputed that Plaintiff is the assignee of the '875 Patent. Plaintiff owns all right, title and interest in the '875 Patent. A true and correct copy of the '875 Patent is attached to the complaint as **Exhibit C**.

17. The '875 Patent claims a multi-function docking station.

18. Plaintiff submitted an application for copyright registration with the United States Copyright Office relating to its images, advertising, and packaging for the multi-function docking station on May 4, 2018, which was approved, as Registration Number VA0002103336. The registration included the relevant image at Exhibit A hereto.

19. As set forth herein, after Plaintiff begin advertising and selling its product, Plaintiff discovered that Defendant and/or its agents had made, used, advertised, sold, and offered for sale products embodying the '875 Patent and furthermore that Defendant and/or its agents had copied Plaintiff's packaging with respect to Plaintiff's multi-function docking station product the HyperDrive.

20. Notably, Defendant does not have any license, authorization, permission or consent to use Plaintiff's packaging, copyrights, patents, or intellectual property.

21. Defendants continued to copy Plaintiff's business. For example, after Plaintiff released the product Defendant copied the product. After Plaintiff began selling its product online Defendant started selling the product online. After Plaintiff started selling its product in stores at Best Buy then Defendant subsequently began selling its inferior product adjacent therewith in a manner that was likely to deceive a reasonable person.

22. On or around November 20, 2017, Plaintiff sent written notice to Defendant regarding Defendant's infringement and demanded that Defendant immediately cease and desist. Defendant refused to cease and desist and has continued its unfair and unlawful scheme. As a result of Defendant's unfair scheme, Plaintiff suffered and will continue to suffer irreparable harm. Plaintiff has suffered and will also suffer losses in excess of $1,000,000.00.

23. Plaintiff is entitled to injunctive relief and redress for Defendant's willful, intentional and purposeful use and exploitation of Plaintiff's intellectual property with full knowledge that such use constituted unlawful infringement of, and was in disregard of, Plaintiff's rights, also constituting unfair business practices.

## COUNT I

**(Patent Infringement)**

**(35 U.S.C. § 271)**

24. Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint.

25. Defendant has and continues to infringe the '875 Patent by using, selling, and offering for sale products embodying the patent-in-suit, including the Ultradrive or UltraDrive products sold by Defendant.

26. Defendants have used, sold, and offered to sell products infringing the patent-in-suit by copying the patented article and specifically targeting consumers in California and on the West Coast, including Plaintiff's customers, through online websites, including Defendant's own website and on other websites, as well as selling the infringing product in stores located in California, including in San Francisco County and Alameda County.

27. Plaintiff has suffered damages as the result of Defendants' infringement of the '875 Patent.

28. Defendants' infringement is willful, as Plaintiff has demanded that Defendant cease from infringement and the unfair business practices, but Defendant, and its affiliates and agents continue to advertise, sell, and/or offer for sale, the infringing products.

29. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Plaintiff is informed and believed and on that basis avers that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiff's rights. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## COUNT II

### (Copyright Infringement)

### (17 U.S.C. §§ 106 and 501)

30. Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint.

31. Through their conduct averred herein, Defendant has infringed Plaintiff's copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

32. Defendants' acts of infringement are willful, intentional and purposeful, in disregard of and with indifference to Plaintiff's rights.

33. As a direct and proximate result of said infringement by Defendants, Plaintiff is entitled to damages in an amount to be proven at trial.

34. Plaintiff is also entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

35. Plaintiff further is entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

36. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediately, and irreparable injury, for which there is no adequate remedy at law.  Plaintiff is informed and believes and on that basis avers that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiff's rights. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## COUNT III

### (Violation of California Unfair Business Practices Act)

### (Cal. Bus. & Prof. Code Section 17200)

29. Plaintiff herein re-alleges and incorporates by reference each and every allegation contained in the instant pleading.

30. Defendants unlawfully, unfairly, and fraudulently copied the packaging of Plaintiff's product and the product itself, in contravention of Plaintiff's rights.

– 6 –

COMPLAINT

31. Defendants' conduct was a deliberate attempt to create confusion with Plaintiff's product and unfairly divert Plaintiff's ideas, customers, and economic advantage, unfairly to Defendants.

32. Defendants have misled, and has attempted to mislead, consumers into believing that the copied product is Plaintiff's product and is likely to deceive an ordinary person.

33. Defendants' conduct, including but not limited to, violations of applicable statutes and laws, constitutes unlawful, unfair, and fraudulent business practices in violation of, *inter alia*, California Business and Professions Code § 17200, *et seq*.

34. Defendants' conduct was an unlawful practice under § 17200.

35. Defendants' conduct was immoral, unethical, oppressive, and unscrupulous constituting unfair business practices under California Business and Professions Code § 17200.

36. Plaintiff lost money and/or property as a result of Defendant's unlawful, unfair, and fraudulent acts.

37. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

38. Pursuant to California Business and Professions Code § 17203, Plaintiff seek an order enjoining Defendants from engaging in further unlawful, unfair, and/or fraudulent business acts, and restitution of money and/or property Plaintiff has lost on account of such acts.

## COUNT IV

## UNJUST ENRICHMENT

39. Plaintiff re-alleges and incorporates each and every paragraph of this complaint as if fully set forth herein.

40. Defendants have engaged in unlawful, unfair, and fraudulent acts and practices, within the meaning of California Business & Professions Code § 17200, *et seq.*, and in violation of the laws set forth in this complaint. As a result, Defendants have been unjustly enriched, at the expense of Plaintiff.

41. Under the circumstances, it would be against equity and good conscience to permit Defendants to retain the ill-gotten benefits that were received from and to the detriment of Plaintiff. It would be unjust and/or inequitable for Defendants to retain such benefits without

restitution to Plaintiff.

42. Accordingly, Plaintiff seeks an order establishing Defendant(s), and any agents or sellers of Defendants as constructive trustees of the profits received by collecting the unfair amounts that served to unjustly enrich them, together with interest during the period in which defendants have retained such funds, and requiring Defendants to disgorge those funds to Plaintiff in a manner to be determined by the Court.

43. Therefore, Plaintiff prays for relief as set forth below.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

1. That judgment be entered in favor of Plaintiff against Defendant;
2. That Defendants be preliminarily and permanently enjoined from infringement;
3. That Plaintiff be awarded compensatory, lost profits, and special damages for the infringement in an amount to be determined at trial;
4. That the Court award Plaintiff enhanced damages and attorneys' fees;
5. That Plaintiff be awarded additional costs, attorney's fees, and damages, based on Defendant's knowing and willful infringement;
6. That Plaintiff be awarded costs of this suit, including but not limited to attorney's fees;
7. That Plaintiff be awarded pre-judgment interest;
8. That Plaintiff be awarded statutory damages or penalties;
9. For an accounting of, and the imposition of a constructive trust with respect to, Defendants' profits attributable to their infringements of Plaintiff's intellectual property;
10. For reasonable and statutory attorneys' fees;
11. For costs;
12. For such other and further relief as the Court may deem just and proper.

WHEREFORE, a demand for jury trial is made.

– 8 –

COMPLAINT

| | |
|---|---|
| 1 | Respectfully submitted, |
| 2 | |
| 3 | Date: May 25, 2018 |
| 4 | **ARI LAW, P.C.** |
| 5 | |
| 6 | By:  /s/ Ali A. Aalaei |
| 7 | **ARI LAW, P.C.**<br>ALI A. AALAEI, State Bar No. 254713<br>E-mail: ali@arilaw.com |
| 8 | ALEXANDER CHEN, State Bar No. 245798<br>E-mail: alex@arilaw.com |
| 9 | 90 New Montgomery St., Suite 900<br>San Francisco, CA 94105 |
| 10 | Tel:  415-830-9968<br>Fax:  415-520-9456 |
| 11 | Attorneys for Plaintiff, |
| 12 | SANHO CORPORATION |

– 9 –

COMPLAINT