UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SANHO CORPORATION,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>KAIJET TECHNOLOGY<br>INTERNATIONAL LIMITED, INC., and<br>KAIJET TECHNOLOGY<br>INTERNATIONAL CORPORATION,<br>INC., doing business as "j5create;" and<br>DOES 1-10,<br><br>    Defendants/Counterclaim Plaintiff. | Case No. 1:18-cv-05385-SDG |

**DEFENDANT KAIJET TECHNOLOGY INTERNATIONAL LIMITED, INC.'S MOTION FOR MORE DEFINITE STATEMENT AND SUPPORTING MEMORANDUM OF LAW**

Defendant KaiJet Technology International Limited, Inc., separate and apart from other Defendants, moves for an order for more definite statement of allegations in the Third Amended Complaint of Plaintiff Sanho Corporation ("Sanho"), pursuant to Rule 12(e), Federal Rules of Civil Procedure. The allegations in Sanho's Third Amended Complaint of a "unity of interest" between KaiJet Technology International Limited, Inc. (headquartered in Georgia) and KaiJet Technology International Corporation (headquartered in Taiwan) are inaccurate and disputed. However, for the sake of clarity in this Motion, KaiJet Technology International Limited, Inc. will adopt the convention used by Sanho, and will refer to itself as "KaiJet US."

1

KaiJet US has carefully reviewed the Court's Standing Order in this matter[1], and notes the requirement in Section II. a., page 10, that an answering party must admit or deny each of the averments in the adverse party's pleading, and KaiJet US intends to make a good-faith response, admitting any allegations it does not dispute. But as detailed below, portions of the Third Amended Complaint are so vague and ambiguous that KaiJet US cannot reasonably frame an accurate response.

## I.    BACKGROUND

On August 22, 2019, counsel for Sanho wrote counsel for KaiJet US to advise that Sanho wanted to amend its Complaint for a third time to include causes of action related to a newly-issued design patent (US Patent No. D855,616) and to join a new party, KaiJet Technology International Corporation ("KaiJet Taiwan").[2] Sanho provided KaiJet US and the Court with a proposed Third Amended Complaint in redline format, showing changed and added material detailed in "track changes" ("Proposed Third Amended Complaint").[3] With leave of Court, Sanho filed its Third Amended Complaint ("New Complaint" or "Compl. ¶__").[4] The New Complaint differs substantially from the Proposed Third Amended Complaint that Sanho submitted when it sought leave to amend. As KaiJet US analyzed the New Complaint to prepare its responsive pleading, it found that many

---

[1] ECF 74.
[2] ECF 69-1, at 7.
[3] *Id*., at 8-43.
[4] ECF 89.

statements are so vague, ambiguous, and confusing that it is impossible for KaiJet US to respond.

## II.   <u>**LEGAL GROUNDS FOR MOTION**</u>

Fed. R. Civ. P. 8(a)(2) requires that a complaint include "a short statement of the claim showing that the pleader is entitled to relief."[5] In addition, Fed. R. Civ. P. 10(b) requires that a "party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances . . . If doing so would provide clarity, each claim founded on a separate transaction, or occurrence . . . must be stated in a separate count . . . ."[6]

The Eleventh Circuit has explained the interrelationship of Fed. R. Civ. P. 8(a)(2) and 10(b):

> These rules work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.[7]

When a Plaintiff fails to adhere to these requirements, Fed. R. Civ. P. 12(e) provides that a party may move for a more definite statement of a pleading.[8] "A rule 12(e) motion

---

[5] Fed. R. Civ. P. 8(a)(2).
[6] Fed. R. Civ. P. 10(b)(2).
[7] *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 980 n.57 (11th Cir. 2008).
[8] Fed. R. Civ. P. 12(e).

is appropriate if the pleading is so vague or ambiguous that the opposing party cannotrespond, even with a simple denial, in good faith, without prejudice to [itself]."[9]

### III.  PORTIONS OF THE NEW COMPLAINT ARE VAGUE AND AMBIGUOUS

As noted, KaiJet US has reviewed this Court's Standing Order and intends to fully respond, i.e. to admit or deny each of the averments of Sanho's New Complaint, as required. That said, several paragraphs New Complaint are so vague and ambiguous, KaiJet US cannot make a straightforward admission or denial. These paragraphs include the following:

> 11.    There is such unity of interest and ownership that separate personalities of Kaijet US and Kaijet Taiwan no longer exist and failure to disregard their separate identities would result in fraud and/or injustice. For example, officers, directors, and the shareholders or owners of the defendant entities are the same, and these overlapping individuals exercise control over the internal affairs and/or daily operations of both entity defendants and profit from the infringement. Alter ego liability is appropriate.[10]

Paragraph 11 of the New Complaint alleges fraud, but does not plead the alleged fraud with particularity as required by Fed. R. Civ. P. 9(b).[11] Paragraph 11 also refers to "alter ego liability" being appropriate. This is a conclusory statement and it is unclear what facts are being used to support that conclusion. This paragraph also uses the term "and/or" such that it is unclear what is being alleged.

---

[9] *Euro RSCG Direct Response, LLC v. Green Bullion Fin. Servs.*, 872 F. Supp 2d 1353, 1358 (S.D. Fla. 2012).
[10] Compl., at ¶ 11.
[11] Fed. R. Civ. P. 9(b).

14.     Kaijet US and Kaijet Taiwan conduct activities in the United States and Georgia through its subsidiaries and affiliates. On information and belief, Kaijet US is not adequately capitalized.[12]

Paragraph 14 apparently intends to refer to subsidiaries and affiliates of both Kaijet US and Kaijet Taiwan but uses "its" instead of "their" such that KaiJet US does not know whether only one or both parties are alleged to have subsidiaries or affiliates. It is also unclear from the New Complaint what organizations Sanho considers to be subsidiaries and affiliates of each Defendant, whether the New Complaint alleges one party to be a subsidiary or affiliate of the other, or what Sanho means by "affiliate." It is also unclear what Sanho means by "not adequately capitalized," and what upon what factual basis Sanho makes this conclusory statement.

17.     Upon information and belief, Steven Liao and Jessica Liao, are family members, and are the owners, officers, directors, and/or managers of Kaijet US and  Kaijet Taiwan.

KaiJet US does not know who Sanho intends to refer to under the names of Steven Liao and Jessica Liao and must speculate as to whether Sanho intends to refer to Steven Lyu and Jessica Liu.  It is also unclear what Sanho means by the statement "are family members." A more definite statement will allow KaiJet US to understand the identity of persons referred to and allow KaiJet US to determine whether Sanho intends to allege that the two persons have a specific relation to each other or to "owners, officers, directors,

---

[12] Compl., at ¶ 14.

and/or managers of KaiJet US and Kaijet Taiwan." Again, this paragraph includes the "and/or" term such that any allegations are vague, ambiguous and confusing.

> 18.     Upon information and belief, at all times relevant hereto, Kaijet US and Kaijet Taiwan were acting in unison, and/or as the agents, ostensible agents, employees, servants, partners, aiders and abettors, co-conspirators, and/or joint venturers of one another, and in performing the acts and course of conduct set forth herein, defendants were acting within the course and scope of such agency or employment, and defendants controlled, approved, ratified, permitted, condoned and/or affirmed the acts and course of conduct set forth herein. Both defendants operated within the United States, and in Georgia, to infringe Plaintiff's intellectual property.[13]

This paragraph does not limit itself to a single set of circumstances as required by Fed. R. Civ. P. 10(b); it uses the term "and/or" twice, and it is impossible for KaiJet US to frame admissions or denials of allegations in this paragraph because the New Complaint is vague and ambiguous as to what "times," "acts," and "course of conduct" are referred.

## A.    REFERENCES TO A "SCHEME" OR "PLAN" ARE VAGUE AND AMBIGUOUS

Paragraph 18 of the New Complaint is not the only instance of Sanho referring to conduct of Defendants in a vague and ambiguous way. In several paragraphs of the New Complaint, Sanho refers abstractly to a "plan" or "scheme" without specifying what act or conduct it considers part of said "plan" or "scheme." For that reason, it is impossible for KaiJet US to admit or deny these paragraphs without knowing which alleged acts are being

---

[13] *Id.*, at ¶ 18.

attributed to each paragraph. Example paragraphs that refer to a non-specific plan or scheme include:

> 15.    Kaijet US and Kaijet Taiwan, and at all relevant times, were acting in concert in their conduct and activities in the United States, abroad, and in the State of Georgia, aiding and abetting one another in the scheme.[14]

> 19.    Further, Kaijet US and Kaijet Taiwan, through their owners, officers, directors, and affiliates, jointly crafted and executed a plan to unlawfully exploit the consumer markets in the United States and in the State of Georgia, including specifically targeting Plaintiff and intending to disrupt Plaintiff's economic advantage in an unfair manner, and Kaijet Taiwan performed several overt acts in furtherance of their plan within the State of Georgia, including delivery of the accused products, and aiding and abetting the same, within the United States and in Georgia.[15]

> 24.    The objective of Defendant's [sic] plan was to willfully infringe on Plaintiff's intellectual property, harm Plaintiff's market share, and economic advantage, and unlawfully palm Plaintiff's property off to consumers in the marketplace, specifically in Georgia and both defendant entities took action in furtherance of this illegal conduct and scheme.[16]

> 25.    Kaijet US and Kaijet Taiwan had a mutual understanding that they will accomplish the plan's unlawful objective.[17]

> 26.    Kaijet US and Kaijet Taiwan are co-conspirators, and aiding and abetting one another and the scheme, in carrying out the acts to violate the Patent Act and other intellectual property laws at issue in this complaint as set forth below.[18]

---

[14] *Id.*, at ¶ 15.

[15] *Id.*, at ¶ 19.

[16] *Id.*, at ¶ 24.

[17] *Id.*, at ¶ 25.

[18] *Id.*, at ¶ 26.

27.   Kaijet Taiwan knew or should have known that its activities in furtherance of the plan would have an effect in the United States and in the State of Georgia.[19]

## B.   REFERRING TO KAIJET US AND KAIJET TAIWAN COLLECTIVELY CREATES AMBIGUITY

In the Second Amended Complaint, Sanho used the term "Defendant" and "Kaijet" to refer to Kaijet Technology International Limited, Inc., which was the only named defendant at the time. In the New Complaint, Sanho has indicated that it now intends the terms "Defendant" and "Kaijet" to refer to all defendants collectively—including both Kaijet US and Kaijet Taiwan.[20]

Sanho copied many paragraphs of the Second Amended compliant identically into the New Complaint. As a result, most of the factual allegations that Sanho previously made against KaiJet US, it now, on the face of the complaint, makes against both Kaijet US and Kaijet Taiwan. But it is clear from the facts that several paragraphs referring to the collective Defendant are still only discussing Kaijet, the U.S. entity. For example, Sanho alleges in its New Complaint:

50. On or around November 20, 2017, Plaintiff sent written notice to Defendant regarding Defendant's infringement and demanded that Defendant immediately cease and desist.  In or around 2018, Defendant refused to cease and desist from its infringing activities and refused to respond to a complaint filed in the Northern District of California based on jurisdictional grounds and without any legitimate justification for its infringement.[21]

---

[19] *Id.*, at ¶ 17.
[20] *Id.*, at 1.
[21] *Id.*, at ¶ 50.

Sometimes, in the same paragraph, Sanho refers to a singular Defendant and to plural Defendants:

> 56.    Plaintiff provided actual notice to Defendant of its infringement, including without limitation the filing of the original complaint in the Northern District of California in 2018.  An additional cease and desist letter was sent to the defendants on November 12, 2019.  Notice was provided to Defendants through numerous other means.[22]

Kaijet Taiwan was not a party to the original complaint filed in the Northern District of California. So it would seem that the use of the singular term "Defendant" in paragraphs 50 and 56 of the New Complaint is only referring to Kaijet US. By interchangeably using the term "Defendant" to refer to Kaijet US and all Defendants collectively, Sanho has injected ambiguity into each use of the term Defendant. KaiJet US cannot admit or deny paragraphs of the New Complaint unless Sanho clarifies which actions it attributes to KaiJet US and which it attributes to Kaijet Taiwan.

## C.    SANHO'S INCORPORATIONS BY REFERENCE DO NOT MAKE SENSE

In paragraphs 55, 65, 94, 111, and 116 of the New Complaint, Sanho incorporates by reference the allegations in specific paragraphs of the Complaint.[23]  In the Second Amended Complaint, these paragraphs incorporated all of the proceeding paragraphs in the complaint. It appears in the New Complaint that Sanho used the paragraphs numbers from the Proposed Third Amended Complaint that it represented to Kaijet US and the Court

---

[22] *Id.*, at ¶ 56.
[23] *Id.*, at ¶¶ 55, 65, 94, 111, and 116.

contained all proposed changes from the Second Amended Complaint. When Sanho added several additional paragraphs to its New Complaint that were not in the Proposed Third Amended Complaint, it appears not to have updated the reference numbers in paragraphs 55, 65, 94, 111, and 116. Granting KaiJet US's 12(e) Motion will require Sanho to update these references or confirm that the paragraphs are referenced as intended.

## IV.   <u>CONCLUSION</u>

Sanho's New Complaint is so rife with vague, ambiguous and confusing language and jumbled allegations that KaiJet US cannot reasonably assess what facts are alleged. This makes it impossible for KaiJet US to reasonably respond by admitting or denying allegations as required by the Court's Standing Order.   Further, the New Complaint substantially departs from the Proposed Third Amended Complaint the Court approved to be filed. Based on the foregoing, KaiJet US moves the Court to require Sanho to revise its Third Amended Complaint to provide a more definite statement, eliminate vague, inconsistent and confusing allegations, and to resolve all the ambiguities it contains, including without limitation those identified in this motion.

KaiJet US has carefully reviewed the Court's Standing Order in this matter[24], and notes the requirement in Section II. m., page 16, that for all consent, unopposed, or joint motions, the filing party shall include a proposed order granting the motion. Because this Motion is not a consent, unopposed, or joint motion, KaiJet US has not provided a proposed

---

[24] ECF 74.

order. However, KaiJet US would be happy to provide a proposed order if requested by the Court.

DATED this 29th day of November, 2019.

s/ Robert J. Carlson
Robert J. Carlson
WSBA Number 18455
*Admitted Pro Hac Vice*
Attorneys for Defendant Kaijet
Technology International Limited, Inc.
LEE & HAYES, P.C.
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001
Email: carlson@leehayes.com

s/ Ryan P. Gentes
Ryan P. Gentes
GA Bar No. 421695
Robert A. Madayag, III
GA Bar No. 123699
Attorneys for Defendant Kaijet Technology
International Limited, Inc.
LEE & HAYES, P.C.
1175 Peachtree Street NE
100 Colony Square, Suite 2000
Atlanta, GA 30361
Telephone: (404) 815-1900
Email: ryan.gentes@leehayes.com
Email: robm@leehayes.com

Rhett V. Barney
WSBA Number 44764
*Admitted Pro Hac Vice*
Attorneys for Defendant Kaijet
Technology International Limited, Inc.
LEE & HAYES, P.C.
601 W. Riverside Ave., Ste. 1400
Spokane, WA 99201
Telephone: (509) 324-9256
Email: rhettB@leehayes.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of November, 2019, I caused to be filed Defendant Kaijet Technology International Limited, Inc.'s Motion For More Definite Statement and Supporting Memorandum of Law with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Ali A. Aalaei

Alexander Chen

Benjamin Martin

Steven G. Hill

Martha L. Decker

s/ Ryan P. Gentes
WSBA Number 421695
Attorneys for Defendant Kaijet Technology International Limited, Inc.

LEE & HAYES, P.C.
1175 Peachtree Street NE
100 Colony Square, Suite 2000
Atlanta, GA 30361
Phone: (404) 815-1900
Fax: (404) 815-1700
Email: Ryan.Gentes@leehayes.com