UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SANHO CORPORATION,

                Plaintiff,

   v.

KAIJET TECHNOLOGY
INTERNATIONAL LIMITED, INC., and
KAIJET TECHNOLOGY
INTERNATIONAL CORPORATION,
INC., doing business as "j5create;" and
DOES 1-10,

                Defendants.

C.A. No. 1:18-cv-05385-SDG

**Jury Trial Demanded**

## PLAINTIFF SANHO CORPORATION'S RESPONSE IN OPPOSITION TO KAIJET TECHNOLOGY INTERNATIONAL LIMITED, INC.'S MOTION FOR A MORE DEFINITIVE STATEMENT UNDER FED. R. CIV. P. 12(e)

COMES NOW Plaintiff SANHO CORPORATION ("Sanho"), by and through its undersigned counsel, and files this opposition to Defendant KAIJET TECHNOLOGY INTERNATIONAL LIMITED, INC.'S ("Kaijet US") motion for a more definitive statement under Fed. R. Civ. P. Rule 12(e).

## INTRODUCTION

"Motions for a more definite statement are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal

Rules."[1] Kaijet US' motion for a more definitive statement raises trivial issues that do not render Sanho's Third Amended Complaint ("TAC") unintelligible.  Kaijet US' motion for a more definitive statement lacks merit and should be denied.

## **BACKGROUND**

### A.  The TAC Alleges No Distinction Between Kaijet US and Kaijet Taiwan.

Kaijet US claims that because Sanho uses the phrase "its" instead of "theirs" "KaiJet US does not know whether only one or both parties" are the subject of the allegations in paragraph 14 of the TAC.  Kaijet US similarly contends that because "and/or" is used in paragraph 17, Kaijet US cannot discern to whom the allegations are directed.[2]  And Kaijet claims paragraphs 18 likewise "refer[s] to conduct of Defendants in a vague and ambiguous way[.]"[3]  These arguments are frivolous.

Kaijet US' "uncertainty" argument disregards one the TAC's central allegations: Kaijet US and Kaijet Taiwan operate as one, and Kaijet US and Kaijet Taiwan perpetrated all of the unlawful conduct alleged together, in a single

---

[1] <u>Sagan v. Apple Computer</u>, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994), citing <u>In re American Int'l Airways, Inc</u>., 66 Bankr. 642, 645 (E.D. Pa. 1986); see also Country Classics at Morgan Hill Homeowners' Ass'n v. Country Classics at Morgan Hill, LLC, 780 F. Supp. 2d 367, 371 (E.D. Pa. 2011) ("Because Federal Rule of Civil Procedure 8 requires only a short and plain statement of the claim, motions for a more definite statement are 'highly disfavored'.").

[2] ECF No. 95, 5-6.

[3] ECF No. 95, 5-6.

operation.  Sanho clearly alleges that Kaijet US and Kaijet Taiwan "were acting in unison…in performing the acts and course of conduct set forth herein[,]"[4] and that Kaijet US and Kaijet Taiwan "jointly crafted and executed a plan"[5] that "specifically targeted" Sanho's "intellectual property."[6]   Sanho alleged that Kaijet US and Kaijet Taiwan acted "in concert"[7] and as "co-conspirators" who are "aiding and abetting one another and the scheme, in carrying out the acts to violate the Patent Act and other intellectual property laws at issue in this complaint[.]"[8] Sanho alleges that within the single operation, "Kaijet US and Kaijet Taiwan had a mutual understanding that they will accomplish the plan's unlawful objective[,]"[9] which is "to willfully infringe on Plaintiff's intellectual property, harm Plaintiff's market share, and economic advantage, and unlawfully palm Plaintiff's property off to consumers in the marketplace, specifically in Georgia and both defendant entities took action in furtherance of this illegal conduct and scheme."[10]

Without ambiguity, Sanho alleges Kaijet US and Kaijet Taiwan formed a single operation in the execution of the plan: "Kaijet US and Kaijet Taiwan both

[4] ECF No. 89 (TAC) ¶18.
[5] ECF No. 89 (TAC) ¶19.
[6] ECF No. 89 (TAC) ¶23.
[7] ECF No. 89 (TAC) ¶15.
[8] ECF No. 89 (TAC) ¶26.
[9] ECF No. 89 (TAC) ¶25.
[10] ECF No. 89 (TAC) ¶24.

directed and participated in the marketing, sale, and offer for sale of their infringing products at Best Buy Stores and other retail outlets in the United States, abroad, and in the State of Georgia, aiding and abetting the same in addition to direct infringement by each defendant."[11]

Further, Sanho alleges alter ego liability amongst Kaijet US and Kaijet Taiwan because "[t]here is such unity of interest and ownership that separate personalities of Kaijet US and Kaijet Taiwan no longer exist,"[12] because "[t]he overlapping officers, directors, and owners of Kaijet US and Kaijet Taiwan directly exercise control over the conduct of Kaijet US, and vice versa[,]"[13] because "Kaijet US makes no distinction between Kaijet US and Kaijet Taiwan conducting operations,"[14] and because "Kaijet US describes Kaijet US and Kaijet Taiwan operations to its potential and actual customers as if such operations were conducted by a single entity. Kaijet US holds itself out, as a single, unified entity with Kaijet Taiwan."[15] Sanho's allegations—all of them—are directed to Kaijet US and Kaijet Taiwan.

---

[11] ECF No. 89 (TAC) ¶ 22.
[12] ECF No. 89 (TAC) ¶11.
[13] ECF No. 89 (TAC) ¶16.
[14] ECF No. 89 (TAC) ¶12.
[15] ECF No. 89 (TAC) ¶13.

## B. The TAC's use of "Kaijet", "Defendant" or "Defendants" Creates No Ambiguity Because the TAC Directs All Allegations to Both Kaijet US and Kaijet Taiwan.

Although all allegations are directed to Kaijet US and to Kaijet Taiwan, Kaijet US claims it cannot admit or deny paragraphs in the TAC because the terms "Kaijet", "Defendant" and "Defendants" prevent Kaijet US from knowing "which actions it attributes to KaiJet US and which it attributes to Kaijet Taiwan."[16] This is meritless. Under Fed. R. Civ. P. 8(b), Kaijet US must admit or deny each part of the allegation. Nothing that prohibits Kaijet US from doing so.

Kaijet US draws back to the Second Amended Complaint to try to invent an ambiguity. For example, Kaijet US points to paragraph 56 to argue that Kaijet US is uncertain as to which allegations are directed to Kaijet US.[17] Paragraph 56 provides:

> Plaintiff provided actual notice to Defendant of its infringement, including without limitation the filing of the original complaint in the Northern District of California in 2018. An additional cease and desist letter was sent to the defendants on November 12, 2019. Notice was provided to Defendants through numerous other means.[18]

Again, Sanho alleges that there is no distinction between Kaijet US and Kaijet

---

[16] ECF No. 95, p. 9.

[17] ECF No. 95, at 9.

[18] ECF No. 89, ¶56.

Taiwan, and thus directs all allegations to both entities. Kaijet US is on notice of

which allegations are directed to it—all allegations—and must admit or deny them

in its answer.

### C. The Proposed TAC Submitted With the Parties' Motion for Leave to Amend Does Not "Differ Substantially" From the Filed TAC.

On September 30, 2019 the parties filed their joint motion to Modify

Scheduling Order and Permit Leave to Amend.[19]  The Court's Order granting the

joint motion ordered Sanho to "file a Third Amended Complaint substantially in

the same form submitted as a redline complaint amendment" that was submitted

with the Parties' joint motion for leave to amend.[20]  Kaijet US claims Sanho filed a

TAC that "differs substantially" from the redlined proposed TAC.  This is not true.

The only real change was to divide two (2) very long paragraphs (paragraphs

10 and 11 in the proposed pleading) into shorter paragraphs (paragraphs 11

through 27 in filed pleading).  This change allows for a more organized

presentation of allegations, indeed making it even easier for Kaijet US to answer

the TAC's allegations.  And the substance of the allegations remained the same,

and the theories and remedies are the same, in the proposed and filed pleadings.

Moreover, Sanho did not bring a fraud cause of action or any claim to which Rule

---

[19] ECF No. 75.
[20] ECF No. 87, p. 6.

9(a) higher particularity pleading requirement would apply. Kaijet US' claim that the pleading filed is not substantially the same as the proposed version lacks merit.

## **LEGAL ARGUMENT**

A. **Governing Law**.

Under Fed. R. Civ. P. Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Motions for more definite statements are disfavored under the liberal pleading approach of the Federal Rules.[21]  Fed. R. Civ. P. Rule 12(e) "provide[s] a remedy for unintelligible pleadings rather than as a correction for a lack of detail."[22] Fed. R. Civ. P. Rule 12(e) "is directed to the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading."[23] In the Northern District of Georgia, the class of pleadings for which a Fed. R. Civ. P. Rule 12(e) motion is appropriate

---

[21] <u>BB In Technology Co. v. JAF, LLC</u>, 242 F.R.D. 632, 640 (S.D. Fla. 2007).

[22] <u>Frazier v. Southeastern Pa. Transp. Auth.</u>, 868 F. Supp. 757, 763 (E.D. Pa. 1994).

[23] <u>Schaedler v. Reading Eagle Publ'n, Inc.</u>, 370 F.2d 795, 798 (3d Cir. 1967); see also see also <u>Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure</u> § 1377 (3d ed.).

is "quite small."[24]

Fed. R. Civ. P. Rule 12(e) is read in conjunction with Fed. R. Civ. P. Rule 8(a)(2), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. To satisfy this standard, a plaintiff must "state a claim to relief that is plausible on its face."[25] A plausible claim requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim.[26]  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the…claim is and the ground upon which it rests.'"[27] A complaint satisfies the notice pleading standard if it "contain[s] enough information regarding the material elements of a cause of action to support recovery under some 'viable legal theory.'"[28] In the patent infringement context, the disclosures and allegations in the complaint must be "sufficient to provide [a defendant] fair notice of

---

[24] Butler v. Matsushita Communication Industrial Corp. of U.S., 203 F.R.D. 575, 584 (N.D. Ga. 2001).

[25] Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

[26] Twombly, 550 U.S. at 556.

[27] Erickson v. Pardus, 551 U.S. 89, 93 (2007), quoting Twombly, 550 U.S. at 555).

[28] AFL-CIO v. City of Miami, 637 F.3d 1178, 1186 (11th Cir. 2011), quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683-84 (11th Cir. 2001).

infringement of the asserted patents."[29]

B. **Application of Governing Law**.

Kaijet US' Fed. R. Civ. P. Rule 12(e) motion is improper because Sanho's TAC clearly meets the liberal pleading standard under the Federal Rules. This is not a situation where Sanho's failure to more precisely parcel out and identify the facts relevant to each count make it impossible for Kaijet US to understand the factual allegations underlying each count. The TAC is neither vague nor ambiguous and provides short and plain statements of Sanho's claims.

1. Since All the TAC's Allegations are Directed to Kaijet US and Kaijet Taiwan, Kaijet US' "Vague and Ambiguous" Argument is Meritless.

Kaijet US argues the TAC's use of the singular-plural possessive "its" and "theirs", the use of "and/or", its use of "Kaijet"/"Defendant"/"Defendants" to refer to the Kaijet defendants precludes Kaijet US from admitting or denying the allegation because Kaijet US cannot know whether an allegation is directed to it or to Kaijet Taiwan. Kaijet US' argument fails because the TAC clearly alleges Kaijet US and Kaijet Taiwan collectively acted in a single operation

---

[29] Disc Disease Sols. Inc. v. VGH Sols., Inc., 888 F.3d 1256, 1260 (Fed. Cir. 2018).

and that there is no distinction between them.[30]  Kaijet US' motion quotes and

cites to the TAC's paragraphs containing these allegations—and the second

sentence of Kaijet US' motion makes clear that Kaijet US disputes Sanho's

"unity of interest" allegation.[31]  It is perplexing that Kaijet US acknowledges

Sanho's "single, unified entity"[32] allegations while demanding a more

definitive statement on which Kaijet entity undertook which unlawful act.  The

TAC prominently alleges that Kaijet US and Kaijet Taiwan together committed

all unlawful acts as a single operation.  Under Fed. R. Civ. P. 8(b)(1)(B), Kaijet

US must admit or deny every allegation in the TAC since every allegation is

directed to it.  And Fed. R. Civ. P. 8(b)(4) and (5) do not obligate Kaijet US to

entirely admit or deny an allegation if it lacks sufficient information to do so—

further demonstrating the needlessness of this motion.

## 2. Sanho's Alter Ego Allegations are Not Conclusory.

Kaijet US argues the TAC's alter ego allegations in paragraph 11 are

"conclusory" and "it is unclear what facts are being used to support that

conclusion."[33]  But paragraph 11 specifically provides: "There is such unity of

---

[30] TAC ¶¶11-24.
[31] ECF No. 95, p. 1.
[32] TAC ¶13.
[33] ECF No. 95, p. 4.

interest and ownership that separate personalities of Kaijet US and Kaijet Taiwan no longer exist and failure to disregard their separate identities would result in fraud and/or injustice. For example officers, directors, and the shareholders or owners of the defendant entities are the same, and these overlapping individuals exercise control over the internal affairs and/or daily operations of both entity defendants and profit from the infringement. Alter ego liability is appropriate." Kaijet US' "conclusory" alter ego allegations claim is meritless because the allegations in paragraph 11 <u>alone</u> sufficiently set forth alter ego liability. "An alter ego or agency relationship is typified by parental control of the subsidiary's internal affairs or daily operations."[34] "To establish that a corporation is an alter ego, a party must show that the shareholders disregarded the corporate entity and made it a mere instrumentality for the transaction of their own affairs, that the corporation and its owners have such unity of interest and ownership that they lack separate personalities, and that to observe the corporate form would work an injustice or promote fraud."[35]

---

[34] <u>Doe v. Unocal Corp.</u>, 248 F.3d 915, 926 (9th Cir. 2001), relying on "discussion of alter ego as merger and agency as attribution in <u>In re Telectronics Pacing Systems, Inc.</u>, 953 F. Supp. 909 (S.D. Ohio 1997)."
[35] <u>United States v. Fidelity Capital Corp.</u>, 920 F.2d 827, 837, (11th Cir. 1991).

In any event, a complaint's allegations are considered as a whole[36], and paragraphs 11 through 24 all set forth detailed allegations underlying Sanho's alter ego claim—not merely paragraph 11.

### 3. The Phrase "Not Adequately Capitalized" is Not Ambiguous.

Kaijet US argues "It is also unclear what Sanho means by 'not adequately capitalized,' and what upon what [*sic*] factual basis Sanho makes this conclusory statement."[37]  The allegation "not adequately capitalized" is not ambiguous because it is clear from the plain meaning.   Kaijet US is simply using this motion to conduct fact discovery, which is improper.[38]

### 4. The Phrase 'Family Members" is Not Ambiguous.

Next, Kaijet US makes the improper Fed. R. Civ. P. Rule 12(e) argument "US does not know who Sanho intends to refer to under the names of Steven Liao and Jessica Liao and must speculate as to whether Sanho intends to refer to Steven Lyu and Jessica Liu. It is also unclear what Sanho means by the

---

[36] Abrams v. Ciba Specialty Chems. Corp., 2008 U.S. Dist. LEXIS 68897, *14-15 (S.D. Ala. 2008), quoting Herman v. Continental Grain Co., 80 F. Supp.2d 1290, 1297 (M.D. Ala. 2000) ("[A] motion for a more definite statement must be denied if the complaint attacked thereby, considered as a whole, fairly gives notice of the claim or claims asserted therein so as to permit the filing of a responsive answer.")
[37] ECF No. 95, p. 5.
[38] Rule 12(e) motion "is not to be used as a substitute for discovery." Campbell v. Miller, 836 F. Supp. 827, 832 (M.D. Fla. 1993).

statement "are family members."[39]  If Kaijet US insists on taking the untenable position that it does not know who Steven and Jessica are—the C-level executives of both Kaijet US and Kaijet Taiwan—then Kaijet US can appropriately respond under Fed. R. Civ. P. Rule 8(b)(5), and propound discovery.  Steven and Jessica spell their last names differently in different places and it is unknown what names are reflected on their drivers' license or birth certificate.  Beyond the pale, and encroaching into Rule 11 territory, are Kaijet US' claims that it must "speculate" as to whom Steven and Jessica are, and that the phrase "family members" is unclear.

5. <u>The Phrase "Plan" and 'Scheme' are Not Ambiguous.</u>

Kaijet US also argues that Kaijet US and Kaijet Taiwan's joint plan and scheme are ambiguous. "Sanho refers abstractly to a 'plan' or 'scheme' without specifying what act or conduct it considers part of said 'plan' or 'scheme.' For that reason, it is impossible for KaiJet US to admit or deny these paragraphs[.]"[40]  Kaijet US ignores paragraphs 22-26, 37, 38, 42, 44, 45, which set forth the "acts" and "course of conduct" alleged to comprise the plan and scheme.  Further, paragraph 18 includes the phrase "at all times relevant," and

---

[39] ECF No. 95, p. 5.
[40] ECF No. 95, p. 6.

paragraph 37 identifies "October 2017," which satisfies the liberal pleading standard as to time.

      6. <u>The TAC Brings No Fraud Claim Subject to Fed. R. Civ. P. Rule 9</u>.

Kaijet US conflates the fraud and/or injustice prong in alter ego liability with a stand-alone fraud count to claim that the TAC does not plead fraud with the elevated particularity required by Fed. R. Civ. P. Rule 9(a). Fraud is not alleged; only alter ego is, which is not subject to Fed. R. Civ. P. Rule 9(a).[41]

      7. <u>The Paragraph Numbering Does Not Create an Ambiguity</u>.

Some of the TAC's incorporation by reference paragraph numbering is off (paragraphs 55, 65, 94, 111, and 116), which incorporate the prior allegations into each count. Kaijet US cites no authority for, and does not actually contend, that misnumbering incorporating by reference paragraphs renders a pleading hopelessly vague. The U.S. Supreme Court has explained that under Fed. R. Civ. P. Rule 12(e), "a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon

---

[41] <u>Montoya v. Richesin (In re Richesin)</u>, 2007 Bankr. LEXIS 3391 *23 (Bankr. D.N.M. 2007) ("Fraud can serve as the basis for alleging alter ego, but other improper purpose or injustice may also suffice. Thus the specificity required under Rule 9(b), Fed.R.Civ.P. does not apply to claims based on theory of alter ego. Rather, the more liberal notice pleading standards of Rule 8, Fed.R.Civ.P. applies to claims based on the alter ego doctrine.")

which it rests.'"[42] Paragraph numbering is wholly divorced from providing Kaijet US notice of the infringement claims brought in the TAC. The numbering of incorporating by reference paragraphs goes to form, not substance, and thus such a typographical error cannot be subject to Rule 12(e)'s "more definitive statement" standard.

Kaijet US' motion makes clear that the misnumbering causes no confusion as to the substance of Sanho's allegations.  Nor does Kaijet US contend that it intends to admit or deny any incorporation by reference paragraphs—indeed, Kaijet US had no difficulty in responding to the same type of allegations in its Answer to Sanho's Second Amended Complaint.[43]

## CONCLUSION

Kaijet US cannot meet the high bar of Fed.R.Civ.P. 12(e) because the TAC sets forth the bases for Sanho's infringement allegations that are easily connected to Sanho's counts.  Moreover, Kaijet US has already answered essentially the same allegations in its prior pleading.  Sanho respectfully requests that Kaijet US's motion for a more definitive statement be denied.

---

[42] Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).
[43] ECF No. 53, ¶36.

Dated: December 13, 2019          **ARI LAW, P.C.,**
                                  **HILL, KERTSCHER & WHARTON, LLP**


                                  By: /s/ Steven G. Hill

                                  **HILL, KERTSCHER & WHARTON, LLP**
                                  STEVEN G. HILL, GA Bar No. 354658
                                  MARTHA L. DECKER, GA Bar No. 420867
                                  3350 Riverwood Parkway, Suite 800
                                  Atlanta, Georgia 30339
                                  Telephone: (770) 953-0995
                                  Facsimile: (770) 953-1358

                                  **ARI LAW, P.C.,**
                                  ALI A. AALAEI, CA Bar No. 254713
                                      *(admitted pro hac vice)*
                                  BENJAMIN MARTIN, CA Bar No. 257452
                                      *(admitted pro hac vice)*
                                  90 New Montgomery St., Suite 900
                                  San Francisco, CA 94105
                                  Tel:  415-830-9968
                                  Fax:  415-520-9456

                                  Attorneys for Plaintiff
                                  SANHO CORPORATION

## CERTIFICATION OF COMPLIANCE

I hereby certify that the forgoing brief has been prepared with one of the font and point selections approved by the Court in LR 5.1(B) [Times New Roman 14-point] and does not exceed the page limit set forth in LR 7.1(D).

Dated: December 13, 2019  **ARI LAW, P.C.,**
             **HILL, KERTSCHER & WHARTON, LLP**

             By: /s/ Steven G. Hill

             **HILL, KERTSCHER & WHARTON, LLP**
             STEVEN G. HILL, GA Bar No. 354658
             MARTHA L. DECKER, GA Bar No. 420867
             3350 Riverwood Parkway, Suite 800
             Atlanta, Georgia 30339
             Telephone: (770) 953-0995
             Facsimile: (770) 953-1358

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| SANHO CORPORATION,<br><br>                Plaintiff,<br><br>    v.<br><br>KAIJET TECHNOLOGY<br>INTERNATIONAL LIMITED, INC., and<br>KAIJET TECHNOLOGY<br>INTERNATIONAL CORPORATION,<br>INC., doing business as "J5Create"; and<br>DOES 1-10,<br><br>                Defendants. | C.A. No. 1:18-cv-05385-SDG<br><br>**Jury Trial Demanded** |

## CERTIFICATE OF SERVICE

I certify that on the 13th day of December 2019, I caused to be electronically transmitted the foregoing document to the Clerk of the Court using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following participants and law firm who are registered CM/ECF users, and will be served by the CM/ECF system.

Bob Carlson
LEE & HAYES, P.C.
701 Pike Street, Ste. 1600
Seattle, WA 98101
bob@leehayes.com

Robert A. Madayag, III
Ryan P. Gentes
LEE & HAYES, P.C.
1175 Peachtree Street, NE
100 Colony Square, Suite 2000
Atlanta, Georgia 30361
RobM@leehayes.com
Ryan.Gentres@leehayes.com

This 13th day of December, 2019

By: */s/* Steven G. Hill
STEVEN G. HILL
GA Bar No. 354658
*Counsel for Sanho Corporation*

---