UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SANHO CORPORATION,<br><br>        Plaintiff,<br><br>vs.<br><br>KAIJET TECHNOLOGY INTERNATIONAL LIMITED, INC., and KAIJET TECHNOLOGY INTERNATIONAL CORPORATION, INC., doing business as "j5create;" and DOES 1-10,<br><br>        Defendants. | Case No. 1:18-cv-05385-SDG |

**KAIJET TECHNOLOGY INTERNATIONAL CORPORATION'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT AND SUPPORTING MEMORANDUM**

KaiJet Technology International Corporation ("KTIC") [1], separate and apart from all other Defendants, and pursuant to Rule 12(b)(2), (4), and (5) of the Federal Rules of Civil Procedure, moves to dismiss all claims of Plaintiff Sanho Corporation's ("Sanho") Third Amended Complaint directed to KTIC. As shown herein, Sanho has not made sufficient service of process upon KTIC, Sanho's process itself is insufficient, and KTIC is not subject to personal jurisdiction in this Court.

This Motion is supported by the Court filings referenced herein, and by the

---

[1] The correct English-language business name for KTIC does not include ", Inc." The pleading caption adds that term incorrectly.

1

Case 1:18-cv-05385-SDG    Document 146    Filed 02/12/20    Page 2 of 16

concurrently-filed Declarations of Yu-Chi Tai ("Tai Decl."), Shou Yuan Steven Lyu ("Lyu Decl."), and Yu Chia (Jessica) Liu ("Liu Decl.").

## I. FACTUAL BACKGROUND

In May 2018, Sanho filed its original Complaint against Defendant KaiJet Technology International Limited, Inc. ("KaiJet").[2] After two interim amendments, and approximately 18 months later, Sanho filed its Third Amended Complaint ("TAC") in which, for the first time, Sanho named KTIC as a defendant.[3] But in the time since filing its TAC, Sanho has made no effort to properly effect service upon KTIC. Instead, Sanho has delivered papers to managers or officers of KaiJet who are not authorized to accept service for KTIC.[4]

On December 27, 2019, Sanho filed a proof of service attesting Sanho served a Summons and the TAC upon Jared Schwartz, the Human Resources Manager for KaiJet, at KaiJet's office in Kennesaw, Georgia.[5] Neither Mr. Schwartz nor KaiJet as a corporate entity is authorized to accept service on behalf of KTIC[6]—a fact that Sanho has acknowledged by making additional (though ineffective) attempts at service as described in the following paragraph.

At the recent Consumer Electronics Show in Las Vegas, Sanho further served a

---

[2] ECF 1 (Complaint).
[3] ECF 89 (Third Amended Complaint).
[4] Lyu Decl. ¶¶ 3-4; Liu Decl. ¶¶ 3-4; Tai Decl. ¶¶ 3-4.
[5] ECF 113.
[6] Lyu Decl. ¶ 5.

2

Summons and the TAC on KaiJet's owners, Shou Yuan Steven Lyu and Yu Chia Jessica Liu.[7] Neither Mr. Lyu nor Ms. Liu is officer, director, or manager of KTIC, and neither has any ownership interest in KTIC.[8] Neither Mr. Lyu nor Ms. Liu is authorized to accept service on behalf of KTIC.[9] Sanho continues its misguided efforts to treat KaiJet and KTIC as a single corporation, but they are wholly separate corporate entities. This Court has invited Sanho to submit proofs in order to seek "a determination that that KaiJet US [KaiJet] and KaiJet Taiwan [KTIC] should be treated as alter egos or otherwise as overlapping entities."[10] Sanho has not responded to the Court's invitation, cannot prove its alter ego theory, and has not made any effort to properly serve a foreign corporation.

**Summary of Argument**

KTIC is a corporation organized under the laws of the Republic of China ("R.O.C.", commonly known as Taiwan), and has its principal place of business at 8F, No. 109, Zhongcheng Rd., Tucheng Dist., New Taipei City 236, Taiwan R.O.C.[11] Service of process on a foreign corporation such as KTIC is governed by Rule 4(h), Federal Rules of Civil Procedure.[12] Rule 4(h) requires service upon "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process"[13] or "as

---

[7] ECF 118, 119.
[8] Lyu Decl. ¶ 4; Liu Decl. ¶ 4; Tai Decl. ¶¶ 3-5.
[9] *Id.*
[10] ECF 111.
[11] Tai Decl. ¶ 2.
[12] Fed. R. Civ. P. 4(h).
[13] Fed. R. Civ. P. 4(h)(1).

prescribed by the foreign country's law for service."[14] Plaintiff Sanho Corporation ("Sanho") has not accomplished service under either method authorized by the Rule, and therefore service of process is insufficient. Secondly, Sanho failed to translate the summons and accompanying documents into Mandarin Chinese, and as a result the process itself was insufficient. Lastly, Sanho has not pled a *prima facie* case of personal jurisdiction against KTIC in its Third Amended Complaint. For these reasons, Sanho's Third Amended Complaint should be dismissed against KTIC.

## II. SANHO'S INSUFFICIENT SERVICE OF PROCESS UNDER FED. R. CIV. P. 12(B)(5)

### A. Legal Standard

Federal courts cannot properly exercise personal jurisdiction over a defendant without proper service of process.[15] "Thus, before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum."[16] "Although patent infringement cases are grounded in federal law and thus present federal questions, Congress has not enacted a statute governing personal jurisdiction in such cases . . . . Thus, there is no federal statute authorizing service of summons for patent infringement cases. Therefore, a federal court must look to the law of the state in which the federal court

---

[14] Fed. R. Civ. P. 4(h)(2).
[15] *Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97 (1987) (citing *Mississippi Publ'g Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946)).
[16] *Id.* at 104.

4

sits to determine whether jurisdiction may be asserted over an out-of-state defendant."[17]

When the sufficiency of service is contested under Rule 12(b)(5) FRCP, it is the plaintiff's burden to establish sufficient service of process.[18]

### 1.     Rule 4

Service of process is addressed in Rule 4 of the Federal Rules of Civil Procedure. Rule 4(h) governs service of process on a corporation such as KTIC. Rule 4(h)(1) allows service in "a judicial district of the United States . . . by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."[19]

Rule 4(h)(2) governs service of process on a corporation "at a place not within any judicial district of the United States" and provides that such service must be done "in any manner prescribed by Rule 4(f)."[20] In turn, Rule 4(f)(1) provides for service "by any internationally agreed means of service . . . such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Because Taiwan is not a signatory to the Hague Convention, however, Section (f)(1) of Rule 4 does not apply here.[21] Rule 4(f)(2)(A) and (B) provide that if there is no internationally agreed

---

[17] *L.H. Carbide Corp. v. Piece Maker Co.*, 852 F. Supp. 1425, 1428 (N.D. Ind. 1994) (internal citations omitted).
[18] *Emine Tech. Co., Ltd. v. Aten Int'l Co.*, No. C 08-3122 PJH, 2008 U.S. Dist. LEXIS 95136, at *3-4 (N.D. Cal. Nov. 21, 2008).
[19] Fed. R. Civ. P. 4(h)(1).
[20] Fed. R. Civ. P. 4(h)(2).
[21] *SignalQuest, Inc. v. Tien-Ming Chou & Oncque Corp.*, 284 F.R.D. 45 (D.N.H. 2012).

means, then service may be effected by a method reasonably calculated to give notice "as prescribed by the foreign country's law for service in that country"[22] or in response to a letter rogatory. As explained below, U.S. courts recognize that Taiwanese law requires that service of process be effected by the clerk of a Taiwanese court.

### 2. Service of Process under the laws of Taiwan

U.S. courts acknowledge that the Taiwan Code of Civil Procedure sets forth the Taiwanese procedures for effecting service in Taiwan.[23] "Article 123 states that '[e]xcept as otherwise provided, service of process will be administered by the court clerk on his/her own authority.'"[24] Article 124 of the Taiwan Code of Civil Procedure further states that "[s]ervice of process shall be effectuated by an execution officer or post office delegated by the court clerk."[25] Thus, in "both Articles 123 and 124, Taiwanese law clearly requires the involvement of the Taiwanese courts to effect proper service.[26] Additionally, if enforcement of a judgment is anticipated the U.S. Department of State cautions that "Taiwan may not consider service by registered mail or by agent acceptable and may require that service be effected pursuant to letters rogatory."[27]

---

[22] Fed. R. Civ. P. 4(f)(2)(A).
[23] *Emine Tech.*, 2008 U.S. Dist. LEXIS 95136 at *8.
[24] *Id.*
[25] *Trueposition, Inc. v. Sunon, Inc.*, No. 05-3023, 2006 U.S. Dist. LEXIS 39681, *14 (E.D. Pa. June 14, 2006).
[26] *Twin Rivers Eng'g, Inc. v. Fieldpiece Instruments, Inc.*, No. CV 16-04502-BRO (MRWx), 2016 U.S. Dist. Lexis 186805, *13 (C.D. Ca. Sept. 8, 2016).
[27] https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Taiwan.html

**B.      Sanho has not served KTIC in a manner specified by Rules 4(h) and 4(f)**

It is undisputed that Sanho has not attempted service upon KTIC in Taiwan, and Sanho has not invoked the courts of Taiwan, as Taiwan law requires.

Sanho apparently contends it has made three attempts, all within the United States, to serve KTIC. But in each case, Sanho has done nothing other than to deliver papers to an employee or officer of co-defendant KaiJet.[28] None of the persons served by Sanho are <u>KTIC</u> officers, <u>KTIC</u> managing or general agents, or any other agent authorized by appointment or law to receive service of process on behalf of KTIC.[29] The contrary assertions in the Proofs of Service filed by Sanho are demonstrably false, as the recipients of those papers attest.[30] Sanho therefore has not achieved proper service on KTIC under section (h)(1) of F.R.C.P. 4.

KTIC is unaware of any attempts by Sanho to effect proper service in Taiwan through Taiwanese courts or any other method, and Sanho has not asserted service by such proper means. Thus, Sanho has also not achieved service on KTIC under section (h)(2) of FRCP 4.

In summary, the Federal Rules of Civil Procedure specify the only path by which Sanho can complete service upon KTIC.  Sanho cannot show that it has effected proper service under Rules 4(h) and 4(f).

---

[28] ECF 113, 118, 119.
[29] Lyu Decl. ¶¶ 4-5; Liu Decl. ¶ 4; Tai Decl. ¶¶ 3-4.
[30] Lyu Decl. ¶ 3; Liu Decl. ¶ 3.

### III. SANHO'S INSUFFICIENT PROCESS UNDER FED. R. CIV. P. 12(B)(4)

Even if Sanho had properly served its documents through the Taiwanese courts, as required by Taiwanese law, the documents themselves are defective and thus do not constitute sufficient process under Rule 12(b)(4). The U.S. State Department makes clear that letters rogatory and similar process for use in Taiwan must comply with certain requirements, including that the "accompanying documents should be in English **with certified translations in Mandarin Chinese**."[31] The documents Sanho caused to be delivered to Mr. Lyu and Ms. Liu (the Summons, TAC and attached exhibits) were only in English; they did not include certified translations into Mandarin Chinese of Sanho's TAC, the Summons, or any accompanying documents.[32] For that reason, Sanho's process itself is insufficient, justifying remedies under FRCP 12(b)(4).

### IV. LACK OF PERSONAL JURISDICTION COMPELS DISMISSAL UNDER FED. R. CIV. P. 12(B)(2)

#### A. Legal Standard

A court's exercise of personal jurisdiction, at a minimum, must comport with Constitutional due process. "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially

---

[31] https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Taiwan.html; emphasis supplied.
[32] Lyu Decl. ¶ 3; Liu Decl. ¶ 3.

at home in the forum State."[33] "Specific jurisdiction, on the other hand, depends on an 'affiliation between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum state."[34] Thus, "specific jurisdiction is confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'"[35] To maintain an action against KTIC in this Court, Sanho must establish either general or specific jurisdiction.

When evaluating specific jurisdiction over a non-resident defendant, courts consider a two-part test: (1) whether the applicable state long-arm statute is satisfied, and (2) whether the exercise of personal jurisdiction is consistent with the Constitution's due process clause.[36] The Georgia long-arm statute, O.C.G.A. § 9-10-91, allows jurisdiction over a non-resident defendant where the cause of action arises out of a non-resident's transaction of business within Georgia.[37] As to the second part of the test, the issue of personal jurisdiction (for cases, such as this one, intimately involved with the substance of U.S. patent laws) is governed by Federal Circuit law on due process.[38] The Federal Circuit applies a three-prong test to determine whether the exercise of personal jurisdiction over a

---

[33] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)).
[34] *Id.*
[35] *Id.*
[36] *See Breckenridge Pharm., Inc. v. Metabolite Lab.'s, Inc.*, 444 F.3d 1356, 1361 (Fed. Cir. 2006).
[37] *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1264 (11th Cir. 2010).
[38] *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1329 (Fed. Cir. 2008).

defendant satisfies the requirements of due process, considering whether: "(1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair."[39]

To establish personal jurisdiction over a defendant, the plaintiff bears the initial burden of pleading "sufficient material facts to establish the basis for personal jurisdiction."[40] "The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits."[41] The parties' respective burdens of proof on personal jurisdiction have been explained as follows:

> First, the plaintiff must allege sufficient facts in his complaint to initially support long arm jurisdiction before the burden shifts to the defendant to make a prima facie showing of the inapplicability of the statute. If the defendant sustains this burden, the plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint.[42]

### B. General Jurisdiction

Sanho has not made a *prima facie* showing that this Court has general jurisdiction over KTIC. Sanho does not contend that KTIC itself has continuous and systematic contacts to support general jurisdiction over KTIC in Georgia. Instead, Sanho contends that

---

[39] *Breckenridge*, 444 F.3d at 1363.
[40] *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000); *see also Performance Sys. Group, Inc. v. Kroy IP Holdings, LLC*, No. 1:11-CV-02161-RWS, 2012 U.S. Dist. LEXIS 118725, *6 (N.D. Ga. Aug. 21, 2012).
[41] *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 255 (11th Cir. 1996).
[42] *Future Tech.*, 218 F.3d at 1249.

because co-defendant KaiJet has continuous and systematic contacts with Georgia, this Court's general jurisdiction flows from KTIC's association with KaiJet. But Sanho cannot show any relationship between KaiJet and KTIC that confers general jurisdiction over KTIC. KaiJet is not a subsidiary or corporate affiliate of KTIC; KTIC does not have the ability to control the activities of KaiJet, and the day-to day operations of these two companies do not overlap.[43] KTIC does not provide financing for KaiJet, and KTIC neither owns nor leases any property in the State of Georgia or elsewhere in the U.S.[44] Except for its untrue allegations of corporate connection between KaiJet and KTIC, Sanho has not alleged any other basis for general jurisdiction over KTIC, thus Sanho cannot establish jurisdiction.

In fact, even if KaiJet were a subsidiary of KTIC, that would not convey personal jurisdiction over KTIC. It is well recognized that companies will not be subjected to personal jurisdiction in every state in which their subsidiaries conduct business.[45] Here, the evidence of record establishes that KTIC and KaiJet operate as separate corporate entities. Contrary to the allegations in Sanho's TAC, KaiJet's officers Jessica Liu and Steven Lyu are <u>not</u> officers or directors of KTIC, nor are either of them owners, directors, managers, managing or general agents, or any other agent authorized to receive process for KTIC.[46]

---

[43] Tai Decl. ¶ 6.
[44] *Id.* ¶¶ 7-8.
[45] *Consol. Dev. Corp. v. Sherrit, Inc.*, 216 F.3d 1286, 1293 (11th Cir. 2000).
[46] Tai Decl. ¶¶ 3-4.

11

None of the owners or directors of KTIC are owners or employees of KaiJet.[47] KaiJet files its own tax returns and maintains bank accounts apart from KTIC.[48] KTIC does not have control over KaiJet's operations; only KaiJet makes determinations regarding its location, stock, and employees.[49] Employees of KTIC do no work in or visit the offices of KaiJet, and KTIC does not instruct KaiJet regarding the purchase or sale of product.[50] In short, KTIC has no presence in Georgia, does not own or lease property in Georgia, has no operations and no personnel in Georgia; moreover, KTIC does not exert control over KaiJet, and KaiJet's contacts with Georgia cannot be imputed to KTIC to establish general jurisdiction over KTIC.

### C. Specific Jurisdiction

Sanho has not alleged this Court has specific jurisdiction over KTIC and has failed to allege a *prima facie* showing that specific jurisdiction exists. Sanho's TAC alleges only that "defendants reside within this judicial district and the acts of infringement complained of herein occurred in the State of Georgia and in this judicial district."[51] As shown above, there is no evidence that KTIC resides in Georgia, or has any form of business operation in Georgia.

The Georgia long-arm statute, O.C.G.A. § 9-10-91, allows jurisdiction over a non-

---

[47] *Id.* ¶ 5; Lyu Decl. ¶ 8 (no "cross-over in ownership").
[48] Lyu Decl. ¶ 10.
[49] *Id.* ¶ 8.
[50] *Id.*
[51] TAC (ECF 89), ¶ 5.

resident defendant where the cause of action arises out of a non-resident's transaction of business in Georgia.[52] To make a *prima facie* case of specific jurisdiction the plaintiff must plead that "(1) the nonresident defendant has purposefully done some act or consummated some transaction in this state" and "(2) if the cause of action arises from or is connected with such act or transaction."[53] Sanho's TAC does not include those allegations. Instead, in paragraph 10 of the TAC, Sanho alleges that "Kaijet Taiwan [KTIC] operates through a physical office located in Georgia in which State its officers and directors also operate on the ground in Georgia."[54] This statement is false.[55] But even if it was true, Sanho does not allege that its causes of action are connected with any alleged office, officers, and directors in Georgia. Thus, Sanho has not made a *prima facie* showing that this Court has specific jurisdiction over KTIC under the Georgia Long-Arm Statute.

Moreover, in this case, the exercise of specific jurisdiction over KTIC would be inconsistent with due process. A defendant must have "certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."[56] Courts have found that a defendant must be functioning in the forum

---

[52] *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1264 (11th Cir. 2010).
[53] *Aero Toy Store, LLC v. Grieves*, 631 S.E.2d 734, 739 (Ga. Ct. App. 2006).
[54] ECF 89, ¶ 10.
[55] Lyu Decl. ¶ 8.
[56] *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007).

so substantially as to be "at home" there.[57] Here, KTIC does not make, use, design, or sell any products in Georgia.[58] KTIC does not import any products into Georgia.[59] KTIC completes all of its transactions with KaiJet in Taiwan.[60] KTIC has not purposefully availed itself of the privilege of conducting business in Georgia, nor could KTIC have reasonably expected to be subject to jurisdiction in Georgia. Thus, asserting specific jurisdiction over KTIC would be inconsistent with due process.

Because Sanho has not made a *prima facie* case that this Court has either general or specific personal jurisdiction over KTIC, Sanho's Third Amended Complaint should be dismissed with respect to KTIC.

## V.   **CONCLUSION**

For all the above reasons, KTIC requests that Sanho Corporation's Third Amended Complaint against it be dismissed in full under Rules 12(b)(2), 12(b)(4) and 12(b)(5).

///

---

[57] *See Daimler AG v. Bauman*, 571 U.S. 117, 136-37 (2014); *Goodyear*, 564 U.S. at 927-28.
[58] Lyu Decl. ¶ 7.
[59] *Id.*
[60] *Id.*

14

DATED this 12th day of February, 2020.

                s/Ryan P. Gentes
                Ryan P. Gentes
                GA Bar No. 421695
                LEE & HAYES, P.C.
                1175 Peachtree Street NE
                100 Colony Square, Suite 2000
                Atlanta, GA 30361
                Telephone: (404) 815-1900
                Email: ryan.gentes@leehayes.com
                Email: robm@leehayes.com

                s/ Robert J. Carlson
                Robert J. Carlson
                WSBA Number 18455
                *Admitted Pro Hac Vice*
                LEE & HAYES, P.C.
                701 Pike Street, Ste. 1600
                Seattle, WA 98101
                Telephone: (206) 315-4001
                Email: bob@leehayes.com

                *Attorneys for Defendant KaiJet Technology*
                  *International Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of February, 2020, I caused to be filed the **KAIJET TECHNOLOGY INTERNATIONAL CORPORATION'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT AND SUPPORTING MEMORANDUM** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Ali A. Aalaei

Alexander Chen

Benjamin Martin

Steven G. Hill

Martha L. Decker

s/ Robert J. Carlson
WSBA Number 18455
*Admitted Pro Hac Vice*
Attorneys for Defendant Kaijet Technology International Limited, Inc.

LEE & HAYES, P.C.
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001
Fax: (509) 323-8979
Email: bob@leehayes.com