# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

SANHO CORPORATION,

                Plaintiff,

    v.

KAIJET TECHNOLOGY
INTERNATIONAL LIMITED, INC.;
KAIJET TECHNOLOGY
INTERNATIONAL CORPORATION;
MAGIC CONTROL TECHNOLOGY;
STARVIEW GLOBAL LIMITED, each
doing business as "J5Create"; and DOES 1-
10,

                Defendants.

C.A. No.

**Jury Trial Demanded**

# **COMPLAINT**

COMES NOW Plaintiff SANHO CORPORATION ("Plaintiff"), by and through its undersigned counsel, and files this Complaint against Defendants J5CREATE, KAIJET TECHNOLOGY INTERNATIONAL LIMITED, INC., KAIJET TECHNOLOGY INTERNATIONAL CORPORATION, MAGIC CONTROL TECHNOLOGY, STARVIEW GLOBAL LIMITED, each doing business as j5Create, and DOES 1-10 (collectively "Defendants" or "Kaijet"), alleging as follows:

//

## INTRODUCTION

1.      This action arises from Kaijet's unlawful infringement and counterfeiting of plaintiff Sanho Corporation's intellectual property in contravention of federal law and Georgia law.

2.      Plaintiff is a small business located in Fremont, CA.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 1367.

4.      The Kaijet entities are alter egos.  They are referred to herein in the singular as a result. This Court has personal jurisdiction over Kaijet because, among other things, Kaijet resides within this judicial district, transacts business that constitutes the acts of infringement complained of in this judicial district, committed the tortious acts of infringement complained of in this judicial district, committed a tortious injury in Georgia caused by an act occurring outside this Georgia and Kaijet regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered Georgia.  Jurisdiction is present based on the Defendant's violation of 35 U.S.C. § 271(a) (direct infringement) and 35 U.S.C. §§ 271(b),(c) (indirect infringement).

5.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), (c), 1400(a), (b).

## THE PARTIES

6.     Plaintiff is a Delaware corporation with its principal place of business in Fremont, CA.

7.     Kaijet does business as j5create, which is a Delaware corporation that, according to its website, has corporate offices in Taiwan, Canada, the Netherlands, and in Kennesaw, Georgia.

8.     Kaijet is engaged in a scheme whereby it designs, developments, manufactures, markets, distributes, and sells the infringing devices in Georgia, throughout the United States, and around the world.  Kaijet sometimes allocates responsibility for carrying out the various aspects of this scheme amongst its alter egos.  But all of Kaijet's alter egos are owned, controlled and financed by the same persons.

9.     Upon information and belief, there is such unity of interest and ownership that separate personalities of Kaijet no longer exist and failure to disregard their separate identities would result in fraud and/or injustice.  For example, officers, directors, and owners of Kaijet entities are the same, and these overlapping individuals exercise control over the internal affairs and/or daily

operations of the various Kaijet entities. None of Kaijet's alter ego entities distinguish themselves when conducting operations, for example, when using the j5 logo, j5create name, brand or mark when manufacturing, marketing, sale, and offering for sale of j5create products.  Kaijet describes its operations to potential and actual customers as if such operations were conducted by a single entity.  The Kaijet entities interact with the USPTO and FCC and Kaijet holds itself out as a single, unified entity with its alter ego entities to distributors, and to retailers. None of the individual defendants are adequately capitalized, and the Kaijet entities share employees, equipment, office and warehouse space without paying for their individual use.  They share business departments.  To the extent any entity is a separately incorporated entity, it was caused by Kaijet.  Kaijet pays the salaries of the employees of its alter ego entities, and all other business expenses.  None of the Kaijet alter ego entities receive any business except that given to it by Kaijet.  To the extent any of the Kaijet alter ego entities have separate property, Kaijet uses it as its own.  All operations are joint, and the daily operations are not separately controlled.  The Kaijet alter ego entities do not observe basic corporate formalities, such as keeping separate books and records and holding shareholder and board meetings.

10.     Kaijet conducts activities in the United States and Georgia through and in concert with its alter ego entities.  The overlapping officers, directors, and owners directly exercise control of Kaijet and its alter ego entities, and vice versa, and directly control affiliated Kaijet entities in Europe, Canada, and elsewhere abroad.  Steven Lyu and Jessica Liu are partners, with the other defendants and doe defendants, and are the owners, officers, and directors of Kaijet. Upon information and belief, at all times relevant hereto, Kaijet and its alter ego entities were acting as the agents, ostensible agents, employees, servants, partners, aiders and abettors, co-conspirators, and/or joint venturers of one another, and in performing the acts and course of conduct set forth herein, Kaijet and its alter ego entities were acting within the course and scope of such agency or employment, and Kaijet and its alter ego entities approved, ratified, permitted, condoned and/or affirmed the acts and course of conduct set forth herein.  Kaijet and its alter ego entities through their owners, officers, directors, and affiliates, jointly crafted and executed a plan to unlawfully exploit the consumer markets in the United States and in Georgia and specifically directed their unfair business practices at plaintiff.

11.     If and to the extent that Kaijet US, Kaijet Taiwan, MCT, Star View and its owners, officers, directors are separate, then they are co-conspirators in carrying out the plan and each performed several overt acts in furtherance of that

plan. For example, Kaijet Taiwan contends that it manufactures the infringing devices; Star View, MCT, Kaijet US and Kaijet Taiwan import the infringing devices into Georgia; and MCT, Kaijet Taiwan and Kaijet US sell and offer to sell the infringing devices in the United States and in Georgia.  All of them participated in the various concept and development phases and all aided and abetted the other in fulfilling their responsive roles in executing the joint plan.  Kaijet and its alter ego entities directly and indirectly infringed on Plaintiff's intellectual property.

12.    Kaijet and its alter ego entities directed the marketing and sale of the infringing j5create devices at Best Buy Stores and other retail outlets in the United States, abroad, and in Georgia, and specifically targeted Plaintiff's business in the United States and in the State of Georgia.  The infringing devices were actually imported into and sold in Georgia, which was the intention of Kaijet and its alter ego entities.

13.    The objective of the plan was to infringe willfully on Plaintiff's intellectual property, misappropriate Plaintiff's market share and interfere with its economic advantage, and unlawfully palm Plaintiff's property off to consumers while eroding Plaintiff's market position.  Kaijet and its alter ego entities had a mutual understanding that they would together accomplish the plan's objective. Kaijet and its alter ego entities each knew or should have known that the activities

in furtherance of the plan would have an effect in the United States and in Georgia, specifically.  Upon information and belief, Kaijet US, Kaijet Taiwan, MCT and Star View are not the only parties performing overt acts in furtherance of the plan.

14.     Plaintiff does not know the true names and capacity of defendants sued herein as DOES 1-10, and therefore sues these defendants by such fictitious names.  Plaintiff is informed and believes, and on the basis of that information and belief alleges, that each of the defendants was in some manner legally responsible for the events and happenings alleged in this complaint and for Plaintiff's damages.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

## **THE CONTROVERSY**

15.     Plaintiff owns all rights, title and interest in the following patents:

- United States Utility Patent No. US 10,572,429 (the "429 Patent");

- United States Design Patent No. US D844,618 (the "618 Patent");

- United States Design Patent No. US D807,290 (the "290 Patent").

A true and correct copy of the 429 Patent, the 618 Patent, and the 290 Patent, are attached hereto as **Exhibit A**, **Exhibit B**, **and Exhibit C**, respectively ("Asserted Patents").

16.   Kaijet designed, developed manufactured, sold, offered for sale and imported the following infringing devices: JDD320 [ULTRADRIVEMINIDOCK for Surface Pro 4/5/6], JDD320B [ULTRADRIVEMINIDOCK For Surface Pro 4, 5 And 6], JCD324 [ULTRADRIVEMINIDOCK for Surface Pro 7], JCD348 [USB-C 5-in-1 UltraDrive Mini Dock], JCD382 [USB-C ULTRADRIVE MINIDOCK for MacBook Pro/MacBook Air], JCD386 [USB-C 7-in-1 UltraDrive Mini Dock], JCD388 [USB-C 6-in-1 UltraDrive Mini Dock], JCD389 [ULTRADRIVE Kit USB-C Multi-Display Modular Dock], ("Accused Devices"). The Accused Devices infringe as follows:

| Patent | Accused Products Infringing Patent |
|---|---|
| 429 Patent | JCD382, JDD320, JDD320B, JCD389, JCD324 |
| 618 Patent | JCD382, JCD389 |
| 290 Patent | JCD348, JCD386, JCD388 |

17.   Without permission, and against Plaintiff's express direction not to infringe and request to cease and desist, Kaijet sells the Accused Devices on their website, at Best Buy in the United States, in Georgia, and throughout other distributors and retailers throughout the world.

18.     The Accused Devices have caused, and continue to cause, confusion among Plaintiff's current and future customers.

19.     Kaijet has no authorization, excuse or justification for designing, developing, manufacturing, selling, offering for sale and importing the Accused Devices into the United States and Georgia.

20.     As a result of Kaijet's conduct, Plaintiff is suffering irreparable harm. Plaintiff's third-party relationships are being interfered with along with loss of market share and sale of related products.  Additionally, Plaintiff has suffered financial losses and injury to its intellectual property and goodwill.  Plaintiff's injuries include, but are not limited to, increased marketing and advertising costs, research and development costs, time, and lost market share, revenue and profits that would have been realized but for Kaijet's conduct.  Kaijet's Accused Devices are inferior products, causing further harm to Plaintiff, its goodwill, its brand reputation, and continue to threaten to cause irreparable harm on an ongoing basis including during the pendency of this lawsuit.

21.     Kaijet advertises, sells, and offers for sale the Accused Devices within this judicial district.

22.     Kaijet does not have any license, authorization, permission or consent to use Plaintiff's intellectual property.

23.     Kaijet intended to willfully sell products that infringed upon Plaintiff's intellectual property rights and good will.

24.     Kaijet has and continues to refuse to cease and desist.

25.     Plaintiff is entitled to injunctive relief and redress for Kaijet's willful, intentional and purposeful use and exploitation of Plaintiff's intellectual property with full knowledge that such use constitutes infringement of, and is in disregard of, Plaintiff's rights, also constituting unfair business practices.

26.     Kaijet's conduct caused Plaintiff irreparable harm, caused lost profits, price erosion, lost sales of other products, and has deprived Plaintiff of the capacity to control its own reputation since the Accused Devices are inferior to Plaintiff's product.  Furthermore, by selling the Accused Devices, Kaijet has interfered with Plaintiff's business relationships and has unlawfully misappropriated and converted Plaintiff's intellectual property to its own being unjustly enriched through its unfair and unlawful – indeed intentional – conduct.  The harm includes, in addition, some categories of irreparable harm which may be difficult to calculate.

/ / /

## CLAIMS FOR RELIEF

### COUNT I
**(Infringement of Patent No. US 10,572,429)**
**(35 U.S.C. § 271, *et seq.*)**

27.     Plaintiff incorporates by reference the allegations contained in paragraph 1-26 above.  Plaintiff alleges direct and indirect infringement and in the alternative infringement under the doctrine of equivalents.

28.     Plaintiff provided actual notice to Kaijet of its infringement.

29.     In spite of such repeated notices, Kaijet has engaged in a pattern of conduct demonstrating: Kaijet's awareness of the 429 Patent; the objectively high likelihood that Kaijet's actions constitute infringement of the valid and enforceable 429 Patent; and that this objectively-defined risk was so obvious that Kaijet knew or should have known it.

30.     Kaijet has infringed and continues to infringe the 429 Patent by, *inter alia*, making, importing, offering to sell, or selling, and aiding and abetting each other in the process, in the United States, including in the State of Georgia, within this District, and in California, among other places, products infringing the Asserted Patents in violation of 35 U.S.C. § 271, *et seq*.

31.     Defendants infringe at least claim 1 of the 429 Patent.   Attached hereto as **Exhibit D** is a claim chart illustrating a non-exclusive basis for claiming

that the JCD382 product which is made, imported into the U.S., offered for sale and sold in the U.S. infringes at least claim 1.  The other products at issue infringe at least claim 1 for at least the same reasons presented in the claim chart.

32.     Kaijet's infringement has damaged and continues to damage and injure Plaintiff.  The injury to Plaintiff is irreparable and will continue unless and until Kaijet is enjoined from further infringement.

33.     Plaintiff is entitled to a complete accounting of all revenue and profits derived by Kaijet from the unlawful conduct alleged herein, as well as, a permanent injunction, and Kaijet's total profit and/or statutory damages pursuant to 35 U.S.C. § 289.

34.     Kaijet has engaged and is engaged in willful and deliberate infringement of the 429 Patent.  Such willful and deliberate infringement rises to the level of egregious conduct which justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorney's fees pursuant to 35 U.S.C. § 285.

35.     Plaintiff is entitled to a permanent injunction preventing Kaijet from further infringing the 429 Patent.

## COUNT II
### (Infringement of United States Patent No. D844,618)
### (35 U.S.C. § 271, *et seq.*)

36.     Plaintiff incorporates by reference the allegations contained in paragraph 1-35 above.  Plaintiff alleges direct and indirect infringement and in the alternative infringement under the doctrine of equivalents.

37.     Plaintiff provided actual notice to Kaijet of its infringement.

38.     In spite of such repeated notices, Kaijet has engaged in a pattern of conduct demonstrating: Kaijet's awareness of the 618 Patent; the objectively high likelihood that Kaijet's actions constitute infringement of the valid and enforceable 618 Patent; and that this objectively-defined risk was so obvious that Kaijet knew or should have known it.

39.     Kaijet has infringed and continues to infringe the 618 Patent by, *inter alia*, making, importing, offering to sell, or selling, and aiding and abetting each other in the process, in the United States, including in the State of Georgia, within this District, and in California, among other places, products infringing the Asserted Patents in violation of 35 U.S.C. § 271, *et seq*.

40.     Defendants infringe the 618 Patent because, *inter alia*, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the design of the 618 Patent and the design of the JCD382 and JCD389 products are

substantially the same, the resemblance being such as to deceive or confuse such

an ordinary observer, inducing him or her to purchase supposing it to be the other.

For example, juxtaposed below, the top image is the drawing from the 618 Patent

and the bottom image is the JCD382 accused product.





41.     Kaijet's infringement has damaged and continues to damage and

injure Plaintiff.  The injury to Plaintiff is irreparable and will continue unless and

until Kaijet is enjoined from further infringement.

42.     Plaintiff is entitled to a complete accounting of all revenue and profits

derived by Kaijet from the unlawful conduct alleged herein, as well as, a permanent injunction, and Kaijet's total profit and/or statutory damages pursuant to 35 U.S.C. § 289.

43.     Kaijet has engaged and is engaged in willful and deliberate infringement of the 618 Patent.  Such willful and deliberate infringement rises to the level of egregious conduct which justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorney's fees pursuant to 35 U.S.C. § 285.

44.     Plaintiff is entitled to a permanent injunction preventing Kaijet from further infringing the 618 Patent.

## COUNT III
**(Infringement of United States Patent No. US D807,290)**
**(35 U.S.C. § 271, *et seq.*)**

45.     Plaintiff incorporates by reference the allegations contained in paragraph 1-44 above.  Plaintiff alleges direct and indirect infringement and in the alternative infringement under the doctrine of equivalents.

46.     Plaintiff provided actual notice to Kaijet of its infringement.

47.     In spite of such repeated notices, Kaijet has engaged in a pattern of conduct demonstrating: Kaijet's awareness of the 290 Patent; the objectively high

likelihood that Kaijet's actions constitute infringement of the valid and enforceable 290 Patent; and that this objectively-defined risk was so obvious that Kaijet knew or should have known it.

48.    Kaijet has infringed and continues to infringe the 290 Patent by, *inter alia*, making, importing, offering to sell, or selling, and aiding and abetting each other in the process, in the United States, including in the State of Georgia, within this District, and in California, among other places, products infringing the Asserted Patents in violation of 35 U.S.C. § 271, *et seq*.

49.    Defendants infringe the 290 Patent because, *inter alia*, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the design of the 290 Patent and the design of the JCD348, JCD386, and JCD388products are substantially the same, the resemblance being such as to deceive or confuse such an ordinary observer, inducing him or her to purchase supposing it to be the other. For example, juxtaposed below, the top image is the drawing from the 290 Patent and the bottom image is the JCD388 accused product.



50.    Kaijet's infringement has damaged and continues to damage and injure Plaintiff.  The injury to Plaintiff is irreparable and will continue unless and until Kaijet is enjoined from further infringement.

51.     Plaintiff is entitled to a complete accounting of all revenue and profits derived by Kaijet from the unlawful conduct alleged herein, as well as, a permanent injunction, and Kaijet's total profit and/or statutory damages pursuant to 35 U.S.C. § 289.

52.     Kaijet has engaged and is engaged in willful and deliberate infringement of the 290 Patent.  Such willful and deliberate infringement rises to the level of egregious conduct which justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorney's fees pursuant to 35 U.S.C. § 285.

53.     Plaintiff is entitled to a permanent injunction preventing Kaijet from further infringing the 290 Patent.

### COUNT IV
### (Lanham Act False Advertising)
### (15 U.S.C. § 1125, *et seq.*)

54.     Plaintiff incorporates by reference the allegations contained in paragraph 1-53 above.

55.     Kaijet's commercial advertising or promotion, for example on its JCD382 packaging, shown below, misrepresents the nature, characteristics, and

qualities of the JCD382 device as having 8-in-1 or 8 port modules, despite the fact that there are only 7 on the JCD382 device.



56.     Kaijet's use of false or misleading representations of fact has the tendency to deceive a substantial portion of the target consumer audience, or actually deceives the target consumers.

57.     Kaijet's false or misleading representations of fact are material because they are likely to influence the purchasing decision of the target consumers.

58.     Kaijet's falsely or misleadingly represented products are advertised, promoted, sold and distributed in interstate commerce.

59.     Plaintiff has been and continues to be injured by Kaijet's false or misleading representations of fact through the diversion of sales or loss of goodwill.

60.     Kaijet knows that its representations of fact are false or misleading.

61.     Kaijet's false or misleading representations of fact were done with bad faith and malice or reckless indifference to Plaintiff's and consumers' interests.

62.     Kaijet's bad faith false or misleading representations of fact regarding the nature, characteristics, and qualities of the JCD382 device make this an exceptional case within the meaning of 15 U.S.C. § 1117.

62.     Kaijet continues to make false or misleading representations of fact regarding the nature, characteristics, and qualities of the JCD382 device and will continue to do so unless enjoined by this Court as provided by 15 U.S.C. § 1116.

63.     Plaintiff is entitled to an award of Kaijet's profits due to sale of the falsely or misleadingly represented products, any damages sustained by Plaintiff,

and the costs of the action, pursuant to 15 U.S.C. § 1117.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment in its favor and against Kaijet as follows:

1.     That judgment be entered in favor of Plaintiff against Kaijet;

2.     That Kaijet be declared to have infringed, induced others to infringe, and/or committed acts of contributory infringement, with respect to the Asserted Patents;

3.     That Kaijet, its officers, agents, servants, employees, attorneys, parents, subsidiaries, affiliates, successors, and all others in active concert or participation with them or acting on their behalf be permanently enjoined from further infringement of the Asserted Patents;

4.     That Plaintiff be awarded compensatory, lost profits, and special damages for the infringement in an amount to be determined at trial; the extent of Kaijet's total profit and revenue realized and derived from its infringement of the Asserted Patents, and actual damages to Plaintiff in an amount not less than a reasonable royalty for Kaijet's infringement and/or as provided pursuant to 35 U.S.C. § 289;

5.     Treble damages pursuant to 35 U.S.C. § 284 for Kaijet's willful and

deliberate infringement, and as permitted under other applicable laws;

6.     An award of costs together with Plaintiff's reasonable attorney's fees

pursuant to 35 U.S.C. § 285 for this case being exceptional, and as permitted under

other applicable laws;

7.     All damages and remedies available under the Lanham Act, including, but

not limited to, under 35 U.S.C. § 1116, 1117, 1125, costs and attorney's fees.

8.     That Plaintiff be awarded pre-judgment interest;

9.     For an accounting of, and the imposition of a constructive trust with respect

to, Kaijet's profits attributable to their infringements of intellectual property;

10.     That each defendant be found to be the alter ego of the other; and

11.     For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: May 19, 2020

**HILL, KERTSCHER & WHARTON, LLP**
**and ARI LAW, P.C.**


*/s/ Steven G. Hill*
STEVEN G. HILL, GA Bar No. 354658
MARTHA L. DECKER, GA Bar No. 420867
**HILL, KERTSCHER & WHARTON, LLP**
3350 Riverwood Parkway, Suite 800
Atlanta, Georgia 30339

Telephone: (770) 953-0995
Facsimile: (770) 953-1358
Email:     sgh@hkw-law.com
           md@hkw-law.com

    OF COUNSEL:

**ARI LAW, P.C.**
ALI A. AALAEI, CA Bar No. 254713
BENJAMIN MARTIN, CA Bar No. 257452
ALEXANDER CHEN, CA Bar No. 245798

90 New Montgomery St., Suite 900
San Francisco, CA 94105
Tel:  415-830-9968
Fax:  415-520-9456
Email:     ali@arilaw.com
           bmartin@arilaw.com
           alex@arilaw.com


Attorneys for Plaintiff SANHO
CORPORATION

SANHO'S COMPLAINT