IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SANHO CORPORATION,<br><br>             Plaintiff,<br><br>v.<br><br>KAIJET TECHNOLOGY INTERNATIONAL LIMITED, INC., ET AL.,<br><br>             Defendants. | Case No.  1:18-CV-05385-SDG |

**DECLARATION OF PEI-CHUNG (JAMES) LIU IN SUPPORT OF MAGIC
CONTROL TECHNOLOGY CORP.'S MOTION TO DISMISS**

I, Pei-Chung (James) Liu, declare as follows:

本人，劉培中(James)茲宣誓如下：

1.     I make this declaration based on my personal knowledge and, if called to testify as a witness, I would testify competently to the following.

本人茲根據個人所知之事實簽署本宣誓書，如經傳喚作證，願證明如下。

2.     I am President and Chief Executive Officer of Magic Control Technology Corp. ("MCT").  I have been President and Chief Executive Officer of MCT since its formation in 1998.

本人現任茂傑國際股份有限公司（以下簡稱「茂傑」）之總經理兼執行長；自茂傑於 1998 年成立起即擔任上述職務。

3.     MCT is a corporation organized under the laws of Taiwan and has its principal place of business at 10F, No. 123, Zhongcheng Rd., Tucheng Dist., New Taipei City 236, Taiwan, R.O.C.

茂傑為依台灣法律所組設之公司，主營業所設於中華民國台灣 236 新北市土城區忠承路 123 號 10 樓。

4.     MCT is a leading computer peripherals manufacturer based in Taiwan.  MCT currently has approximately 150 employees, all based in its Taiwan office or who spend some portion of their time working out of that office.  MCT provides customers with custom solutions in both product and technical development, including OEM/ODM services to customers for products ranging from USB peripherals to networking services solutions as well as revolutionary

multi-user platforms.

　　茂傑為台灣主要的電腦周邊設備製造商之一，目前員工約 150 人，除有部分員工需要在外工作之外，全數在台灣辦公室內工作。茂傑同時提供客戶在產品及技術研發方面的客製化解決方案，包括提供客戶製造及設計代工（OEM/ODM）服務，產品種類涉及 USB 的周邊產品、網絡服務解決方案以及創新的多使用者平台等。

　　5.　　MCT manufactures and sells its products on "FOB Taiwan" trade terms (Free On Board), which means MCT customers take legal title and physical possession of MCT products in Taiwan.  MCT manufactures the products in this litigation in Taiwan and sells them to KaiJet Technology International Corporation ("KaiJet Taiwan") and Star View Global Limited ("Star View") on its customary "FOB Taiwan" term.

　　茂傑依照「台灣離岸價（FOB 台灣）」的國際貿易條件製造並販賣產品；亦即，茂傑的客戶在台灣即取得產品的法律所有權並實際持有產品。茂傑係在台灣製造本訴訟所涉產品，並依慣例以「FOB 台灣」的貿易條件銷售予「凱捷國際科技股份有限公司」（以下簡稱「台灣凱捷」）以及 Star View Global Limited ("Star View")。

　　6.　　MCT does not make, use, offer to sell, sell, or import any products in Georgia and does not engage in any activities in Georgia.  MCT does not currently and has never owned, leased or maintained any real property in Georgia.  MCT

does not have employees, representatives or agents in Georgia. MCT is not (nor has ever) registered with the Georgia Secretary of State to act or transact business in Georgia. MCT has never paid or owed corporate income taxes to the State of Georgia and has never maintained (or needed to maintain) a taxpayer identification number. MCT does not have (and has never maintained) a business, mailing address, bank account, or telephone listing in Georgia.

　　茂傑並未在美國喬治亞洲製造、使用、為販賣要約、販賣或進口任何產品，亦未在喬治亞洲從事任何其他活動。茂傑在美國喬治亞洲並無任何不動產，亦未曾持有、租用或維持保有任何不動產。茂傑並未（亦未曾）向喬治亞州州務卿註冊登記以在喬治亞州進行營業活動或交易。茂傑從未向喬治亞州支付或積欠任何公司營業稅，且從未持有（亦不需持有）納稅人稅籍編號。茂傑在喬治亞州並無（亦未曾有）營業所、郵寄地址、銀行帳戶或在電話簿上刊登電話。

　　7.　　Although MCT maintains a website accessible worldwide (www.mct.com.tw), that website is not interactive and cannot be used by Georgia customers to purchase any accused products. MCT does not operate or promote the j5Create website www.j5create.com.

　　雖然茂傑持有一個世界各地都可連結觸及的網站(www.mct.com.tw)，該網站並非可互動的，且喬治亞州的顧客亦不能透過該網站購買任何本訴系爭產品。茂傑並未經營或推廣 j5Create 的網站 www.j5create.com。

8.    MCT is not related to KaiJet Technology International Ltd., Inc. ("KaiJet US"), KaiJet Taiwan, or Star View (collectively "Co-Defendants") and there is no common ownership between MCT and any of the Co-Defendants. MCT does not own any shares of Co-Defendants.  Likewise, none of the Co-Defendants owns any shares in MCT.  MCT does not exercise control over any of the Co-Defendants nor does any of them exercise any control over MCT.  MCT has maintained its own corporate practices, including maintaining bank accounts in its own name, preparing financial statements independent of those of its shareholders, and filing its own tax returns.

茂傑並非 KaiJet Technology International Ltd., Inc.（美國凱捷）、台灣凱捷或 Star View (以下合稱「共同被告」)的關係企業；茂傑與上述任一共同被告間也無共同所有權。茂傑並未持有上述共同被告之任何股份；同樣地，上述任一共同被告亦未持有茂傑的任何股份。茂傑並不能控管上述任一共同被告，上述任一被告亦不能控管茂傑。茂傑保有其獨立所有之公司營運方式，包括持有以其自己公司名義開立之銀行帳戶、獨立於其他股東之財務報表以及獨立提出納稅申報。

9.    MCT and KaiJet US do not "share employees, equipment, office and warehouse space without paying for their individual use" or "share business departments" as alleged by Sanho in its Complaint.  MCT does not supervise KaiJet US's finance or budget decisions, or articulate its general policies and procedures.  MCT does not conduct board meetings or prepare minutes of those meetings with KaiJet US and KaiJet US's books and records are not located at

MCT.  Each company has employees and MCT has never jointly owned
intellectual property with KaiJet US.

茂傑與美國凱捷並未如 Sanho 在其起訴書中所指控的「共同雇用員

工、分享設備、辦公室及倉庫空間，而未支付其個別單獨的使用」或是「分

享營業部門」。茂傑並未監督美國凱捷的財務或預算決策，或明確傳達其公

司基本政策及程序。茂傑並未參與美國的董事會會議或為其董事會會議準備

議事記錄；美國凱捷的帳冊及記錄也並未存放在茂傑處。兩家公司各自雇用

員工且茂傑從未與美國凱捷共同持有智慧財產權。

10.    MCT is sufficiently capitalized.  No one, not even the Taiwanese
government, has ever questioned the sufficiency of MCT's capitalization since it
was incorporated in 1998.

茂傑的資本額確實足額到位。自 1998 年公司成立以來，茂傑從未受到

任何人，甚或台灣政府單位，質疑過資金是否有所短缺。

11.    Although MCT is aware that KaiJet US sells certain products that it
manufactures in the U.S., KaiJet US is not a direct customer of MCT.

雖然茂傑知悉美國凱捷在美國銷售由其製造的部分產品，美國凱捷卻
並非茂傑的直接客戶。

12.    The CEO of KaiJet US, Jessica Liu, is my daughter.

美國凱捷的執行長 Jessica 劉是本人的女兒。

13.    Ms. Liu owns a non-controlling less than 5% stake in MCT.  From

- 5 -

time to time, Ms. Liu and I informally talk about our companies and we occasionally seek each other's input on our respective businesses.  Ms. Liu has never been an officer of MCT.

劉女士持有茂傑低於百分之五的股份。劉女士經常與本人非正式的討論彼此的公司，我們也偶爾會就各自的事業交換意見。劉女士從未擔任過茂傑的代表人。

14.    Ms. Liu also helps me in other ways.  For example, when dealing with customers who communicate in English, I sometimes rely on my daughter to be an ad hoc interpreter and to read and respond to emails that require prompt attention. Although I gave her an MCT email account for that purpose, I never granted her the authority to act on MCT's behalf without specific authorization from me and I am not aware of any instance in which she acted on MCT's behalf without authorization from me.

劉女士也會以其他方式協助本人。例如，當需要與客戶以英文進行溝通時，本人有時會倚賴我的女兒擔任即席的口譯，並且協助本人讀取並回覆需要立即回覆的電子郵件。雖然本人因此設立了一個茂傑的電子郵箱給她，卻從未授權她可以在未經本人特別同意的前提下對外代表茂傑，據我所知，她未曾在任何場合未經本人的授權代表茂傑。。

15.    Despite this non-corporation relationship, all corporate formalities are strictly maintained in that regard.  Moreover, any relevant assistance provided from one company to another is accounted for, charged to, and paid by each company.

儘管有這層非公司的關係，所有關於公司的正式手續和程序都嚴格遵循上述原則。而且，由一家公司提供給另一家公司的任何相關協助均由各公司負責，收費並支付。

16.    I was shown by my counsel a document purportedly showing that I was registered as the "President" of j5Create" in a list of attendees/registrants spreadsheet from the 2019 Las Vegas Consumer Electronics Show ("CES"). ECF 152-5 (CES SUBP_0268-0270). I do not recognize this document.

本人的律師曾經提交一份文件給本人過目，據稱該文件顯示本人在2019 年拉斯維加斯消費電子展（CES）的參與者/註冊者電子名單中被註冊為 j5Create 的「總經理」。 ECF 152-5（CES SUBP_0268-0270）。本人並不認知該文件。

17.    MCT was an exhibitor at CES that year.  However, I do not know who created this document, but I can see that there are several errors on this document regarding MCT.  First, I do not know why I am identified as the "President" of j5Create.  I have never been "President" of or employed by j5Create.  Second, as far as I know, "j5Create" is a registered trademark and a brand promoted by KaiJet US and KaiJet Taiwan.  Besides, I do not believe there is actually a company named "j5Create."  Third, I do not know why Ms. Liu was identified as the CEO of MCT.  That is clearly wrong.  Ms. Liu has never been the CEO of MCT.  In fact, I have been the President and CEO of MCT since its founding in 1998.

茂傑是當年 CES 的參展商。然而，上述文件究係由誰製作本人並不知

情，但本人發現該份文件有許多錯誤的訊息。首先，本人並不知道為何本人被列名為 j5Create 的總經理。本人從未擔任 j5Create 的總經理，更從未受雇於 j5Create。第二，據我所知，「j5Create」是由 Kaijet US 和 Kaijet Taiwan 推廣的註冊商標和品牌，本人不相信實際上有一家名為「j5create」的公司存在。第三，本人不知道為何劉女士被列名為茂傑的執行長；這顯然是錯誤的。劉女士從未擔任過茂傑的執行長。實際上，本人自茂傑於 1998 年成立以來一直擔任總經理兼執行長。

I certify and declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed in New Taipei City, Taiwan on February 26, 2021.

本人，在明知根據美國相關法律進行偽證將受到處罰的前提下，茲證明並宣誓前述所言皆屬實。為證明起見，於 2021 年 2 月 26 日於台灣新北市簽署本宣誓書。

Pei-Chung (James) Liu

- 8 -