IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SANHO CORPORATION,<br>    Plaintiff,<br><br>                   v.<br><br>KAIJET TECHNOLOGY INTERNATIONAL LIMITED, INC., *et al.*,<br>    Defendants. | Civil Action No.<br>1:18-cv-05385-SDG |

### ORDER

This matter is before the Court on Defendant Kaijet Technology International Limited, Inc.'s (Kaijet) Notice of Final Written Decision by the Patent Trial Appeal Board (PTAB) [ECF 311]. The PTAB considered claims 1–6 and 13–17 of U.S. Patent No. 10,572,429 (the '429 Patent) on *inter partes* review. On October 25, 2022, the PTAB issued its Final Written Decision ordering that all instituted claims of the '429 Patent are unpatentable. On December 21, Plaintiff Sanho Corporation appealed the PTAB's Final Written Decision to the Federal Circuit Court of Appeals. *See Sanho Corp. v. Kaijet Tech. Int'l Ltd.*, No. 23-1336 (Fed. Cir.). Accordingly, the Court considers whether a stay of this matter pending the Federal Circuit's decision is warranted. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay

proceedings, including the authority to order a stay pending conclusion of a [PTAB] reexamination.").

When deciding whether to grant a stay pending *inter partes* review, courts apply the same framework applicable to motions to stay proceedings pending reexamination. *See Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030 (C.D. Cal. 2013). Under that approach, courts consider the totality of the circumstances with special attention to three factors: (1) whether a stay will simplify the case; (2) the stage of the proceeding; and (3) whether a stay would result in prejudice. *Id.* at 1030–31. The most important factor in deciding whether to stay a case in light of an appeal to the Federal Circuit of the PTAB's decision on *inter partes* review is whether the Federal Circuit's decision "will result in simplification of the issues before the Court." *In re Papst Licensing GmbH & Co. KG Pat. Litig.*, 320 F. Supp. 3d 132, 137 (D.D.C. 2018) (quoting *NFC Tech. LLC v. HTC Am., Inc.*, 2015 WL 1069111, at *4 (E.D. Tex. Mar. 11, 2015)).

At oral argument on pending motions, Kaijet's counsel explained: "If Sanho is unsuccessful in appealing that decision, the '429 Patent claims are invalid and can't be asserted against my clients or anybody else." Indeed, as the *Pabst* court persuasively explained in a near-identical case, "[a]mong other things, if the Federal Circuit sustains the decisions of the [PTAB], the [PTAB] will cancel the

asserted claims in . . . resolving that portion of the . . . litigation. If the Federal Circuit reverses the [PTAB] in whole or in part, moreover, it is likely to provide useful guidance for this Court." 320 F. Supp. at 136 (staying case during an appeal to the Federal Circuit of the PTAB's *inter partes* review). Thus, despite that discovery has closed and the parties' summary judgment motions are fully briefed, any discernable prejudice to the parties by staying this case is far outweighed by the potential for matters to be streamlined by the Federal Circuit's decision. *See, e.g.*, *Bos. Sci. Corp. v. Cook Grp. Inc.*, 2019 WL 2511162, at *3 (S.D. Ind. June 17, 2019) ("[W]aiting for Federal Circuit review would likely streamline the case. A stay will also assist the Court in avoiding inconsistent legal rulings, simplifying terms, and providing clarity on the scope of the issues to be litigated. Significantly, the Southern District of Indiana is one of the busiest districts in the nation, and this Court's workload dictates that every effort must be made to ensure the speedy and efficient administration of justice."); *Straight Path IP Grp., Inc. v. Verizon Commc'ns Inc.*, 2016 WL 6094114, at *3 (S.D.N.Y. Oct. 18, 2016) (staying action and finding "a decision in favor of either side is likely to carry at least some streamlining benefits for this action, whether because causes of action are reduced in their scope or foreclosed entirely or because the contours of the infringement inquiry are sharpened by the Federal Circuit's application of its recent claim

construction to prior art."). Like its sister court in the Southern District of Indiana, this Court too is one of the busiest district courts in the country, and managing its docket in the interest of judicial economy dictates that we await the Federal Circuit's decision on Sanho's appeal concerning the '429 patent.

Accordingly, the Court **STAYS CONSIDERATION** of all motions pending in this matter. Because it is unknown when the Federal Circuit will issue its decision, the Clerk is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case for docket management purposes, and terminate all pending motions until further notice.[1] This closure is not a dismissal and does not preclude the filing of documents.

Within three days of an issued decision by the Federal Circuit in *Sanho Corporation*, the parties are **ORDERED** to file a notification with the Court, and therein state their positions on how the decision impacts the pending motions and claims before this Court. This filing may be done jointly or individually by the

---

[1] Those pending motions include ECFs 318, 325, 328, 329, 337, 338, 363, 380, 381, 382, 383, 387, 393, and 396.

parties. The trial of this case beginning March 4, 2024 [ECF 412] **remains scheduled**.

**SO ORDERED** this 28th day of September, 2023.

                                                     Steven D. Grimberg
                                     United States District Court Judge