UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SANHO CORPORATION, | Case No. 1:18-cv-05385-SDG |
| Plaintiff, | |
| v. | |
| KAIJET TECHNOLOGY INTERNATIONAL LIMITED, INC., dba "j5create;" and DOES 1-100, | |
| Defendants, | |
| SANHO CORPORATION, | Consolidated with Case No. 1:20-cv-02150-TCB |
| Plaintiff, | |
| v. | **PUBLIC - REDACTED VERSION** |
| KAIJET TECHNOLOGY INTERNATIONAL LIMITED, INC.; KAIJET TECHNOLOGY INTERNATIONAL CORPORATION; MAGIC CONTROL TECHNOLOGY; STARVIEW GLOBAL LIMITED, each doing business as "J5Create;" and DOES 1-10, | |
| Defendants. | |

**KAIJET TECHNOLOGY INTERNATIONAL CORPORATION'S
REPLY TO SANHO'S L.R. 56.1 COUNTERSTATEMENT OF
MATERIAL FACTS WARRANTING TRIAL IN RESPONSE TO
KAIJET TECHNOLOGY INTERNATIONAL CORPORATION'S
MOTION FOR SUMMARY JUDGMENT (D.E. 446)**

## TABLE OF ABBREVIATIONS

| FULL NAME | ABBREVIATION |
|---|---|
| U.S. Design Patent No. D807,290 | '290 Patent |
| U.S. [Utility] Patent No. 10,572,429 | '429 Patent |
| U.S. Design Patent No. D844,618 | '618 Patent |
| Original Packaging for JCD382 Product | Accused Packaging |
| Copyright Reg. No. VA 2-103-336 | Copyrighted Registration or Copyrighted Packaging |
| "Eight Counterclaim for Relief" in Answer to Sanho's Third Amended Complaint (D.E. 115) | False Advertising Counterclaim |
| "Count Three" in Answer to Sanho's Second Action First Amended Complaint (D.E. 422) | False Marking Counterclaim |
| *Sanho Corp. v. KaiJet Technology Int'l Ltd.*, No. 1:18-cv-05385 (N.D. Ga.) | First Action |
| Defendants KaiJet Technology International Corporation and KaiJet Technology International Limited, Inc, collectively | KaiJet or Defendants |
| Defendant KaiJet Technology International Limited, Inc. | KaiJet US |
| Transcript and exhibits to the July 14, 2022 deposition of KaiJet Technology International Limited, Inc. | KaiJet US 30(b)(6) |
| Transcript and exhibits to the June 30, 2022 deposition of KaiJet Technology International Corporation | KTIC 30(b)(6) |
| Defendant KaiJet Technology International Corporation | KTIC or KaiJet Taiwan |
| Transcript and exhibits to the May 26, 2020 deposition of Jessica Liu | Liu Depo |

| FULL NAME | ABBREVIATION |
|---|---|
| Patent Trial and Appeal Board | PTAB |
| Red Points Solutions S.L. | Red Points |
| Plaintiff Sanho Corporation | Sanho |
| *Sanho Corp. v. KaiJet Technology Int'l Ltd.*, No. 1:20-cv-02150 (N.D. Ga.) | Second Action |
| Complaint, D.E. 204, filed May 19, 2020 | Second Action Complaint |
| First Amended Complaint, D.E. 418, filed Dec. 19, 2023 | Second Action FAC |
| KaiJet Technology International Limited, Inc.'s Reply to Plaintiff Sanho's L.R. 56.1 Counterstatement of Material Facts Warranting Trial (in Response to KaiJet Technology International Limited's Motion for Summary Judgment D.E. 450) | SUF Reply |
| Third Amended Complaint, D.E. 89, filed Nov. 14, 2019 | TAC or First Action TAC |

Defendant KaiJet Technology International Corporation ("KTIC" or "KaiJet Taiwan") respectfully submits this (1) Reply to Sanho's Counterstatement of Material Facts Warranting Trial in Response to KTIC's Motion for Summary Judgment (D.E. 462-1) filed by Sanho Corporation ("Sanho" or "Plaintiff"), pursuant to Local Rule 56.1(B)(2)(a), and (2) Statement of Additional Facts that the KaiJet entities contend are material and present a genuine issue for trial, pursuant to Local Rule 56.1(B)(2)(b).

1.     The former name of Kaijet Technology International Corporation ("Kaijet Taiwan") is Kaijet Technology International Limited—the same name as the other Kaijet defendant ("Kaijet U.S.") in this case. (D.E. 152-2, D.E. 165-16).

**Response**: Denied. The entity referred to as "KaiJet Taiwan" formerly went by the name of "KaiJet Technology International Limited" (without the appellation "Inc.") before it changed its name to KaiJet Technology International Corporation. *See* D.E. 152-2 at 5-9; D.E. 447 (Tai Decl.) at ¶ 7. The entity referred to as "KaiJet U.S." is named "KaiJet Technology International Limited, Inc." D.E. 1 at ¶ 8.

2.     Kaijet Taiwan changed its name to Kaijet Technology International Limited to Kaijet Technology International Corporation. (D.E. 165-16).

**Response**: Admitted. The entity referred to as KaiJet Taiwan changed its name to KaiJet Technology International Corporation in 2017. D.E. 447 at ¶ 7; D.E. 160-6; D.E. 152-2 at 5; Ex. 24 (KAIJET_017141-45). ████████████

4

████████████████████████████████████████ Ex. 24

(KAIJET_017141-45); D.E. 152-2 at 5. D.E. 165-16 shows only that KTIC corrected

its corporate name on its J5CREATE trademark application on July 12, 2019, when

it responded to an Office Action. *See* D.E. 165-16 at 4-5; D.E. 447 at ¶ 8. The

J5CREATE trademark had just been filed in February 2019. D.E. 447-2.

3.    The structure of Kaijet Taiwan is organized, at least in part, based on

geographical divisions within the company. (**Sanho Ex. 1** -- 09/18/21 Tai Dep., at

63:1-25).

**Response**: Denied as misleading. This statement only cites Ms. Tai's

deposition testimony. ███████████████████████████████

████████████████████████████████████████ D.E. 463-1

(Yuki Tai 9/18/21 Dep.) at 63:1-25. ████████████████████

██████████████████████████████ KTIC only operates

in Taiwan. D.E. 160-5 at ¶ 44; D.E. 146-3 at ¶¶ 2, 6; D.E. 440-1 (KaiJet US 30(b)(6)

Dep.) at 20:7-14, 75:4-18.

4.    Kaijet Technology International Corporation's United States division

is composed of Kaijet Technology International Limited, Inc. (*Id*., 63:23-25).

**Response**: Denied. This statement only cites Ms. Tai's deposition testimony.

Ms. Tai did not testify KaiJet Technology International Limited, Inc. was a division

of KTIC. D.E. 463-1 (Yuki Tai 9/18/21 Dep.) at 63:1-25. ██████████████████

███████████████████████████████████████████████████

███████████████████████████████████████ *Id*.

5.      Kaijet Taiwan has applied for and maintained registrations with the Federal Communications Commission since at least 2015, therein designating Jessica Liu, also Kaijet U.S.' CEO, as Kaijet Taiwan's manager. (D.E. 152-2). Yu-Chi ("Yuki") Tai has signed FCC-related documents as a manager of both Kaijet Taiwan and Kaijet U.S. (*Id*.).

**Response**: Admitted that KaiJet Taiwan has applied for and maintained registrations with the FCC since 2015. Admitted that Ms. Liu was listed as the contact person for KTIC at the FCC and her position was mistakenly listed as manager. *See* D.E. 152-2 at 6-8. Denied that Ms. Tai has signed FCC-related documents for both KaiJet Taiwan and KaiJet U.S. D.E. 152-2. As established above, KTIC previously used the name KaiJet Technology International Limited and FCC documents that pre-date the 2017 name change use the previous name. *Compare id*. at 6-9 *with id*. at 5.

6.      Kaijet Taiwan has filed hundreds if not thousands of documents and applications with the Commission through FCC Registration Nos. 0027333897 and 0024241143 through more than 45 separate applications and has maintained a regular relationship with the FCC since at least 2015 through the present. (**Sanho Ex. 2** - OET Authorization Search Results).

**Response**: Admitted that D.E. 459-2 shows that KTIC has filed 46 applications with the FCC since 2015. *See* D.E. 459-2. It is impossible to determine the number of pages filed from this document nor would KTIC categorize this as a "regular relationship."

7.    For the accused products in question including the JCD382 UltraDrive, █████████████████████████████████████████████████████ █████████████████████████████ (**Sanho Ex. 3** - KAIJET_025838-Email attaching FCC Materials, including KAIJET_025842, 025844).

**Response**: Admitted ██████████████████████████████████ ███████████████████████. D.E. 459-3.

8.    In response to a FOIA inquiry, the FCC determined that "Kaijet International Technology Corporation (FCC Registration No. 0027333897) and Kaijet International Technology Limited, Inc. (FCC Registration No. 0024241143) are the "same company," with the former based in New Taipei City, Taiwan and the latter based in Kennesaw, GA." (D.E. 168-1, fn. 1).

**Response**: Denied. An FCC employee tasked with responding to a FOIA request from Sanho's counsel mistakenly assumed that these two entities (despite each having a different FCC Registration No.) were the "same company." Ex. 23 at 19, fn. 1. The FCC employee incorporated that error into a footnote in a letter seeking information regarding whether the FOIA request permitted the FCC to disclose

confidential information under the Commission rules. *Id*. The FCC never "determined" that these two are the same company. On April 14, 2020, FCC attorney Howard Griboff wrote Ms. Tai of KTIC stating "[w]e apologize if we mischaracterized" the relationships of the relevant entities. Ex. 23 at 26.

9.      Kaijet Taiwan also declared to the United States Patent and Trademark Office ("USPTO") under penalty of perjury that it is engaged in commerce in the United States, attaching photographs of the accused products, including the UltraDrive JCD382, with its federal government filings. (D.E. 152-22; **Sanho Ex. 5** - Declaration of Statement of Use for "j5Create").

**Response**: Denied. The declaration for the J5CREATE trademark filing states that "[t]he mark is in use in commerce or in connection with the goods/services in the application," not that KaiJet Taiwan is itself engaged in commerce in the United States. *See* D.E. 459-5 at 6.

10.      For example, Kaijet Taiwan, under the direction of Liu, filed trademark applications for the enterprise's trademark "j5Create," and for a mark using (in part) "UltradriveMinidock." (D.E. 152-22, Sanho Ex. 5; **Sanho Exhibit 6** — KAIJET_021634, █████████████████████████████ █████████).

**Response**: Admitted that KaiJet Taiwan filed trademark applications and obtained registrations for its j5create brand and its Ultradriveminidock brand.

Denied that Ms. Liu directed the actions of KaiJet Taiwan. ███████████████

████████████████████████████████████████████████████████████

██████████████████. D.E. 464-2. ██████████████████████████████.

D.E. 453-5 at 30:17-31:6; Liu Decl. at ¶ 5; D.E. 160-2 at ¶¶ 7-8.

11.     By the time Kaijet Taiwan filed at least one of these applications, Sanho had already filed suit against Kaijet Taiwan alleging that the use of "UltraDrive" represents unfair competition. (D.E. 1, Complaint, Filed 05/25/18).

**Response**: Denied. Sanho first filed suit against KaiJet Taiwan on November 14, 2018. *See* D.E. 89. KaiJet Taiwan obtained a registration for its "j5 create" brand in 2011. Ex. 27 (J5 CREATE Trademark Registration). KaiJet Taiwan filed applications for ULTRADRIVEMINI and ULTRADRIVEMINIDOCK on September 20, 2018, before Sanho filed suit against it. Ex. 28 (ULTRADRIVEMINI Registration); Ex. 29 (ULTRADRIVEMINIDOCK Registration). KaiJet Taiwan admits that Sanho's Exhibit 5 shows a trademark application for "j5create" represented in a stylized font, which was applied for in 2019, after Sanho had filed suit against KaiJet Taiwan. *See* D.E. 459-5 at 7.

12.     Plaintiff alleged in November 2017 that "UltraDrive" was an infringing mark because of its common law trademark rights in HyperDrive. (**Sanho Exhibit 7** — Cease and Desist Letters, SAN0059797-59783).

**Response**: KaiJet Taiwan admits that in November 2017, Sanho sent KaiJet US a cease-and-desist letter alleging that "naming of the Unlawful Product 'UltraDrive' appears and sounds confusingly similar to Sanho's name and mark of the 'HyperDrive.'" D.E. 459-7 at 3. While Sanho uses the term "mark" in the cease-and-desist letter, the asserted '707 Trademark was not registered until April 10, 2018. D.E. 452-1.

13.    Kaijet Taiwan's specimen to demonstrate its use of "UltraDrive" in interstate commerce in the United States shows photographs of the accused UltraDrive products in the present litigation. (D.E. 152-22, at 6-8).

**Response**:    Admitted    that    the    specimen    in    KaiJet    Taiwan's ULTRADRIVEMINIDOCK Trademark registration is composed of photos of the JCD382, which is an Accused Product in this case. D.E. 152-22 at 6-7. Denied that the specimen shows or declares that KaiJet Taiwan itself uses the mark in commerce in the United States. *See id*.

14.    Kaijet Taiwan owns and controls the website, www.j5create.com. (D.E. 440-1 (KaiJet US 30(b)(6) Dep.), 146:17-147:2).

**Response**: ███████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████. D.E. 453-5 at 71:22-72:17; D.E. 440-1 (KaiJet US 30(b)(6) Dep.) at 64:2-25, 146:17-148:23.

███████████████████████████████████████

███████████████████████. *Id.*

15.    Kaijet Taiwan's website at the time of inception of this lawsuit represented to the public that j5Create has an office located in the State of Georgia. (D.E. 153-1, p. ¶¶ 4, 8; D.E. 152-4, j5Create Company Profile)

**<u>Response</u>**: Denied. The www.j5create.com website represents that the **j5create® brand** has "4 corporate offices around the world." Ex. 30 at 1. It does not currently specify where the corporate offices are located. *Id*. D.E. 152-4 is an unauthorized "Prezi" presentation prepared by a short-lived member of KaiJet US' marketing team as a demonstration of the technology. D.E. 152-4; D.E. 160-7 at ¶¶ 3-10. The presentation was made by that employee solely as a demo of the "Prezi" platform. *Id*. The employee was at KaiJet US for less than three months and the presentation was never reviewed to ensure the accuracy of its information, as evidenced by the fact that it is replete with errors. *Id*. The Prezi presentation was never intended to be published to the public and KaiJet US is unaware how it ended up being publicly available. D.E. 451 ("Akins Decl.") at ¶ 7. As of February 2023, the presentation is listed as having only four views which includes one each by attorneys for both KaiJet US and Sanho. Supplemental Declaration of Ryan Gentes ("Suppl. Gentes Decl.") at ¶ 11; Ex. 31 (Company Profile 2019 by DeAnna Harris).

16.    Kaijet Taiwan's website states: "The five founders of j5create met while working together …. We've gone from a one-room office space to now with 4 corporate offices around the world." (ECF 152-8, printout of https://en.j5create.com/pages/about-us).

**Response**: Admitted.

17.    On the j5create.com website, customers are directed by a "Where to buy" feature which directs web traffic to an affiliated site to purchase Kaijet Taiwan's products from the United States, including from Georgia. (D.E. 444-1 (09/09/21 Lyu Dep.), 114:10-16).

**Response**: Denied as misleading. The j5create.com website does not sell any products and its "Where To Buy" section directs viewers to various geographical areas. Ex. 32. The j5create.com website can direct U.S. viewers to the en.j5create.com website, controlled by KaiJet US. *Id*.; *see supra* para. 14. Orders placed on the en.j5create.com website are received and filled by KaiJet US. D.E. 451 at ¶ 8.

18.    Melody Kuo, a Kaijet Taiwan employee, ███████████████████

███████████████████████████████████████████████

████████████████████████████████████s. (D.E. 165- 1, 04/02/20 Martin Decl., D.E. 165-12 (commercial invoice), D.E. 165-13 (commercial

invoice), and D.E. 166-2, Dec. 6, 2018 email; *see also* D.E. 153-4, 152-19, 152-20; **Sanho Ex. 1** - 09/18/21 Tai Dep., 37:14).

> **Response**:  Denied. ███████████████████████
>
> ███████████████████████. D.E. 459-1 at 37:6-24. ███████
>
> ████████████████████████████████████████. D. E.
>
> 165-12; D.E. 153-4; D.E. 152-19; D.E. 152-20. ████████████
>
> ██████████████. D.E. 165-13. █████████████████
>
> ████████████████████████████████████
>
> ████████████████████████████████████
>
> ███████████. *See* D.E. 166-2; D.E. 446-2 at ¶¶ 10-12; D.E. 146-3 at ¶ 9; D.E. 146-
>
> 1 at ¶ 7; D.E. 453-9; D.E. 453-10.



19.     A Kaijet representative prepared a slide deck touting the fact that the products of Kaijet Taiwan are "designed, developed and made in USA and Taiwan." (D.E. 152-4, j5Create Company Profile).

> **Response**: Denied. D.E. 152-4 is the unauthorized "Prezi" demo prepared by a KaiJet US employee, replete with inaccurate and unverified information. *See supra* para. 15.

20.     Kaijet U.S. previously declared that Kaijet Taiwan is the manufacturer of the accused UltraDrive products in question. (D.E. 165-7; D.E. 96-2, ¶ 7).

**Response**: Admitted, but immaterial. Prior to this litigation, KaiJet US's Mr. Akins was generally unfamiliar with the internal operations of KaiJet Taiwan, from whom KaiJet US acquired products. D.E. 451 at ¶ 9. Mr. Akins mistakenly assumed that KaiJet Taiwan designed and manufactured products. *Id.* ████████████████

████ ██████ ███████ ███████ ███ ██████ █████ ███████ ████████ ████

████████████ . *Id.*

The cited interrogatory response states that KTIC is responsible for the design and manufacture of the relevant products while objecting to the term "responsible for" as vague and undefined. D.E. 165-7. KTIC is responsible for the design and manufacture of the relevant products in so far as it contracts with the third party who designed and manufactured them.

21.    Kaijet Taiwan is an annual exhibitor at the Consumer Electronics Show in Las Vegas, Nevada. (ECF 153-1, 03/04/20 Martin Decl., ¶ 5, describing CES Involvement; D.E. 152-5, Response to CES Subpoena)

**Response**: Denied. KaiJet Taiwan has not exhibited at CES since is contracted with KaiJet US as its US distributor. D.E. 447 at ¶ 9. The full communication shows the KaiJet US employee, referring to himself as representing the brand j5create, clarifying that he and "KaiJet" were two different entities, one "here in the states" and the other "located in Taiwan." D.E. 451 at ¶ 10; D.E. 152-5 at 6.

22.     The CES materials produced in response to subpoena show that @j5create.com email domains were used to register Kaijet U.S., Kaijet Taiwan, and MCT together at CES. D.E. 152-5 (CES SUBP_0030, 0168-0172).

**Response**: Denied. KaiJet Taiwan is not registered at CES in these documents. *See* D.E. 152-5 at 32, 167-174.

23.     Thus, Kaijet Taiwan and Kaijet U.S. personnel use j5create.com as their common domain and website. (D.E. 152-5, at CES SUBP_0234-0236, 268-271, 305-307 (showing Kaijet Taiwan employees including Cindy Lin attended CES and entered their address information as Georgia)).

**Response**: Admitted that employees for both KaiJet US and KTIC have @j5create.com email addresses.

24.     Kaijet Taiwan represented to CES that: MCT and Kaijet U.S. are "Alias, Brand Names, Subsidiary Companies and Parent Companies" (D.E. 152-5 (CES SUBP_0030).

**Response**: Denied. KTIC did not submit any of the cited documents to CES. D.E. 152-5 at 30, 32, 139.

25.     ██████████████████████████████████████

██████████████████████████████████████████████

████████████" (D.E. 166-4, Martin Decl. ¶ 20, Ex. 19 (Akins' Aug. 6, 2018 email).)

**<u>Response</u>**: Admitted. ███████████████████████████████

███████████████████████████████████████████. *See* D.E. 172-

1 at ¶¶ 6-7.

26.    He later ███████████████████████████." (D.E. 166-5,

Martin Decl. ¶ 21, Ex. 20 (Akins' Jul. 11, 2019 email).)

**<u>Response</u>**: Admitted. ███████████████████████████████

██████████████████████. *See* D.E. 172-1 at ¶¶ 6-7.

27.    Mr. Akins ████████████████████████████████████

█████████████████████████████████████████████████

███████████████. (D.E. 166-13, September 13, 2017 Email Chain; **<u>Sanho Ex. 14</u>** –

9/10/21 Akins Dep., 41:22-24, 73:16-74:4, 76:11-14.)

**<u>Response</u>**: Admitted that ██████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████. D.E. 466-1 (Akins 9/10/21 Dep.) at 41:22-42:17.

28.    Akins also testified █████████████████████████████████

██████████████████████████████████████ (D.E. 440-1 (KaiJet US

30(b)(6) Dep.), 87:10-15, 88:2-4, 95:1-4; D.E. 166-14, Cindy Lin sending Product

Schedules).

**Response**: Admitted ████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████. D.E. 440-1 (KaiJet

US 30(b)(6) Dep.) at 82:3-8; 87:8-18; 88:2-15; 95:1-22.

29.    Moreover, Kaijet U.S.'s 30(b)(6) representative testified that Kaijet

U.S. does not design or develop any products; rather it is merely an exclusive

distributorship for Kaijet Taiwan. (D.E. 440-1 (KaiJet US 30(b)(6) Dep.), 73:24-

74:5, 77:1-4, 87:1, 88:24-89:2).

**Response**: Admitted.

30.    Kaijet Taiwan develops its own products using its own components.

D.E. 96-2, ¶ 7.

**Response**: Denied. *See supra* para. 20.

31.    Liu is Kaijet U.S.'s CEO, MCT's CEO, and Kaijet Taiwan's

"Manager" per the records of the FCC. D.E. 146-2, ¶ 2 (Kaijet U.S.'s CEO); D.E.

152-5 (CES SUBP_0203) (MCT's CEO); D.E. 152-2, at p. 2 (Kaijet Taiwan's

"Manager").

**Response**: Admitted that Ms. Liu is KaiJet US's CEO. Denied that Ms. Liu is

MCT's CEO. D.E. 236-1 at ¶ 17. Denied that Ms. Liu is KaiJet Taiwan's manager.

D.E. 160-2 at ¶¶ 4-8.

32.    Liu holds herself out as j5create's CEO, and all the j5create Affiliates do business as j5create. (D.E. 152-5 (CES SUBP_0268-0269) (j5create CEO); (D.E. 165-12 (commercial invoice), (D.E. 165-13 (commercial invoice), and D.E.166-2 (Dec. 6, 2018 Email); *see also* ECF 153-4, 152-19, 152-20).

**Response**: The term "j5create Affiliates" is undefined and, on that basis, is denied. Admitted that Liu is the CEO of KaiJet US which sells under the brand name j5create. "j5create" is a brand and does not have a CEO. D.E. 451 (Akins Decl.) at ¶ 10; D.E. 466-1 (Akins 9/10/21 Dep.) at 18:2-5. KaiJet US uses the brand name "j5create" when registering for CES. *Id.*

33.    Liu testified ███████████████████████████████ ████████████████████████████████████████████████ ██████████████████████████████████████.

**Response**: Admitted that ███████████████████████████ ███████████████████████████████████████████████. Ex. 43 (KAIJET_003463-67).

34.    The rest of Kaijet U.S. is owned ████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ██████████.



**Response**: Admitted that ████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

████████████████████████. *Compare* D.E. 453-5 at 74:1 *with* Ex. 33 at

3.

35.    Both Jessica Liu and Steven Lyu identified themselves to the process

server in this case as managing members of Kaijet Taiwan. D.E. 118, 119.

**Response**: Denied. The process server in question only swore under penalty

of perjury that he served the summons. D.E. 118, 119. His statement's regarding the

affiliation of Mr. Lyu and Ms. Liu is contained in unsworn "additional information."

*Id.* The process server only asked Ms. Liu and Mr. Lyu their names. D.E. 146-2 at

¶ 3; D.E 146-1 at ¶ 3. The process server did not ask them what entity they worked

for or any other information. *Id.*

36.    Despite discovery request from Sanho, no defendant has produced ████

████████████████████████████████████. **Sanho Exhibit 9**

– Aalaei Declaration, ¶¶ 2-4.

**Response**: Denied as immaterial. Ms. Liu has provided a ████████████

████████████████████████. D.E. 453-5 at 16:4-29:3.

37.    Liu receives ████████████████████████. (**Sanho Ex. 15** —

(05/26/20 Liu Dep.), 43:23-24.)

**Response**: Admitted.

38.    Cindy Lin, Ms. Liu's assistant, is an employee of Kaijet Taiwan. (D.E. 453-5 (Kaijet Taiwan 30(b)(6) Dep.), 74:2-4; **Sanho Ex. 14** — (09/10/21 Akins Dep.), 41:22-24, 73:16-74:4, 76:11-14; **Sanho Ex. 1** — 09/18/21 Tai Dep., 68:19.).

**Response**: Admitted that Ms. Lin was an employee of KaiJet Taiwan. Denied that she was ever Ms. Liu's assistant. Liu Decl. at ¶ 6.

39.    Kaijet Taiwan ███████████████████████████████████

███████████████████████. **Sanho Ex. 4** - KAIJET_4053.

**Response**: Admitted.

40.    In response to an email ██████████████████████████████



(*Id.*)

**Response**: Denied as misleading. ████████████████████ ██

████████████████████████████

41.    Liu was present at the same technology conference in January 2017 where the HyperDrive® was on display in its packaging. (D.E. 152-5, CES SUBP_0257 – CES SUBP_0261, showing Jessica Liu checked in to CES in Las Vegas, Nevada, on January 4, 2017 at 5:25:18 PM); *See* **Sanho Exhibit 8** — Chin Dec., ¶ 19 (Sanho showed the HyperDrive® and packaging at CES in Jan. 2017).)

**Response**: Admitted that Ms. Liu attended the 2017 CES conference in Las Vegas. Admitted that the Hyperdrive was on display at the 2017 CES conference. Denied that the Hyperdrive <u>device</u> was displayed in packaging at the 2017 CES conference. *See infra* para. 53. Ms. Liu was not involved in the design of the JCD382 packaging. *See* D.E. 466-2 (Liu 5/26/20 Dep.) at 37:14-38:6.

42.    Liu emailed renderings of the Accused Device to the j5create group, including Kaijet U.S., in July 2017, showing involvement in its design and development. (D.E. 165-1, Martin Decl. ¶ 26, D.E. 166-7 (Liu's July 21, 2017 email).)

**Response**: Admitted that Ms. Liu emailed renderings of the JCD382 to KaiJet US employees in July 2017. The "j5create group" is ambiguous and undefined, and

on that basis the remainder of the statement is denied. Denied that this shows Ms.

Liu was involved in the design and development of the JCD382. Liu Decl. at ¶ 4.

43.    Lin ███████████████████████████████████████

████████████████████████████████████████████████████

(D.E. 165-1, Martin Decl., ¶¶ 30-31; D.E. 166-11 (quick installation guide email);

D.E. 166-12 (packaging email).)

**Response**: Admitted that Ms. Lin ████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████

44.    As the accused UltraDrive was being finalized, ████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████

**Response**: Denied. ████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████

45.    The product ███████████████████████████████████████

(D.E. 165-1, Martin Decl., ¶ 32; D.E. 166-13 (September 14 and 15, 2017 emails).)

**Response**: Admitted.

46.    The first ever UltraDrive was imported into the US for sale in October 2017. (D.E. 98-1, ¶ 9 ("KaiJet has been selling the Ultra Drive product to Best Buy since October, 2017."); D.E. 91-2, ¶ 13.)

**Response**: Admitted.

47.    During that time, Kaijet Taiwan ████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████.

**Response**: Denied. ██████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████

48.    Kaijet U.S. operates as the authorized agent of Kaijet Taiwan. (D.E. 453-5 (06/30/22 Kaijet Taiwan 30(b)(6) Dep.), at 73:11-14.

**Response**: Denied. D.E. 447 at ¶ 3, 5-6.

49.    Kaijet U.S. paid Kaijet Taiwan for the accused products at issue in this case ████████████████████████████████████████. (D.E. 153-6).

**Response**: Admitted.

50.    Kaijet Taiwan is shown as the "shipper" of goods to the U.S. from Taiwan for receipt by Kaijet U.S. The air waybills designate Kaijet Taiwan as the "shipper" and Kaijet U.S. is the "consignee." (D.E. 152-19; **Sanho Exs. 10-11** – Exhibits B-C to the Aalaei Declaration (Ex. 9), shipping and air waybill records).

**Response**: Admitted.

51.    Kaijet Taiwan directly shipped the Accused Product by air from China to Atlanta. (D.E. 152-19; **Sanho Ex. 10-11** – Ex. B-C to the Aalaei Declaration (Ex. 9), air waybill records).

**Response**: Denied. KTIC delivers the products purchased by KaiJet US FOB Taiwan and KaiJet US is responsible for shipping and importing the products to the United States. D.E. 146-1 at ¶ 7; D.E. 146-3 at ¶ 9; D.E. 453-9; D.E. 453-10.

52.     Kaijet Taiwan is ████████████████████████

████████████████████████████████████████████████

████████████████████████. (**Sanho Ex. 12** — StarView_00193, StarView_00225,

StarView_00288, StarView_00317, StarView_00394.)

**Response**: Admitted.

53.     Sanho displayed HyperDrive and its standard packaging at the CES

trade show in Las Vegas in 2017. (**Sanho Ex. 8** – Chin Dec., ¶ 19.)

**Response**: Denied. Sanho does not provide evidence that the Copyrighted

Packaging was displayed at CES 2017. Conclusory allegations without specific

supporting facts have no probative value.[1] The Copyrighted Packaging is not present

in a photo or video of Sanho's Hyperdrive display at CES 2017. *See* Ex. 37

(Hyperdrive Booth Instagram Post) and Ex. 38 (Screenshot of Video Interview on

Hyperdrive https://www.youtube.com/watch?v=UpVjcSFaEj8).

54.     Sanho began selling HyperDrive® at every Best Buy retail store and on

bestbuy.com in April 2017. (**Sanho Ex. 8** – Chin Dec., ¶¶ 22-24.)

**Response**: Denied. ████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

---

[1] *Leigh v. Warner Bros.*, 212 F.3d 1210, 1217 (11th Cir. 2000).

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████

55.    HyperDrive® products offered for sale on Best Buy store shelves at all Best Buy stores (and for products purchased online at bestbuy.com) in the U.S. from April-September 2017 used the original copyrighted packaging. (**<u>Sanho Ex. 8</u>** – Chin Dec., ¶ 26.)

**<u>Response</u>**: Denied. *See supra* para. 54.

56.    Sanho produced 30 photos of Kaijet "j5create" products returned to Sanho from the Best Buy Product Review Center (PRC), which mis-labeled the Kaijet products as "Sanho" and/or "HyperDrive." Of the misdirected returns received by Sanho, at least four of the mis-returned products Sanho received are the JCD382 UltraDrive product. (**<u>Sanho Ex. 8</u>** – Chin Dec., ¶¶ 74-79.)

**<u>Response</u>**: Denied. Sanho does not provide evidence beyond Mr. Chin's declaration. Conclusory allegations without specific supporting facts have no probative value.[2] Admitted that Sanho produced 29 photos of j5create branded products that appear to have been returned to Sanho by Best Buy. *See* Ex. 40 (SAN0059798-827). Two of the photos are of JCD382 products. *Id.* at

---

[2] *Leigh*, 212 F.3d at 1217.

SAN0059826-27. One of the photos shows two USB-C hubs like the JCD382, but they are missing the "j5create" logo printed on the top of the device. *Compare id.* at SAN0059826 *with id.* at SAN0059803. It is impossible to determine from the produced photo whether these are JCD382 products. *Id*.

57.    Best Buy has returned several of the accused UltraDrive products mistakenly to Sanho, which has cost Sanho financially. (**Sanho Ex. 8** – Chin Dec., ¶ 74-77.)

**Response**: Denied. Two JCD382 products mistakenly returned to Sanho cannot be fairly categorized as several. *See supra* para. 56. Best Buy often returns products to the wrong supplier or vendor. D.E. 451 (Akins Decl.) at ¶ 12; D.E. 344 at 122:6-123:8. Sanho's CEO has speculated that consumers may be buying a Hyperdrive device then deliberately returning a different device to Best Buy. D.E. 344 at 123:2-8.

Sanho does not provide evidence that mistaken returns of KaiJet US products to Sanho has cost Sanho financially beyond the conclusory statements of Mr. Chin. Conclusory allegations without specific supporting facts have no probative value.[3] Additionally, Best Buy has a process for rejecting returns that are mistakenly sent to the wrong vendor. D.E. 451 (Akins Decl.) at ¶ 12; Ex. 41 (Best Buy Return

---

[3] *Leigh*, 212 F.3d at 1217.

Authorization Guide) at 2-3. Sanho was aware it could dispute returns with Best Buy and receive a refund. Ex. 42 (SAN0046615).

58.    The front side of the original and copyrighted HyperDrive® packaging and the original UltraDrive packaging reveals substantial similarities, including a similar-shaped window cutout placed adjacent to a photograph of the edge of a 2016 MacBook Pro, and the similar use of "HyperDrive" and "UltraDrive," placed in similar locations, shown as follows:



(**Sanho Ex. 8** – Chin Dec., ¶ 38.)

**Response**: Denied. Sanho does not provide evidence that Accused Packaging and the Copyrighted Packaging is substantially similar besides the conclusory

statements of Mr. Chin. Conclusory allegations without specific supporting facts have no probative value.[4]

The expert witness, Mr. Sarabia, describes how the two packaging designs are not substantially similar. *See* D.E. 450-22. Sanho does not rebut Mr. Sarabia's report with its own expert. A reasonable jury would observe the Accused Packaging's window is not only a different shape, but is also significantly wider and shorter than the Copyrighted Packaging's window on its copyrighted packaging. *Id*. The computers are a different size and a different color. *Id*. The respective products are positioned differently relative to the windows. *Id*. For the product names HYPER++ DRIVE and J5create ULTRADRIVE, Sanho uses different fonts, different words, and different placement, just to name a few differences. *Id*.

59.    A comparison of the reverse side of the copyrighted original packaging of the HyperDrive® and the original UltraDrive packaging reveals that each used very similar perspective views of the products connected to a 13" MacBook Pro, shown at a very similar angle, with similar callouts used to indicate the female ports of the device, shown as follows:

---

[4] *Leigh*, 212 F.3d at 1217.



(**Sanho Ex. 8** – Chin Dec., ¶ 39.)

**Response**: Denied. Sanho does not provide evidence that Accused Packaging and the Copyrighted Packaging are substantially similar besides the conclusory statements of Mr. Chin. Conclusory allegations without specific supporting facts have no probative value.[5]

The expert witness, Mr. Sarabia, describes how the two packaging designs are not substantially similar. *See* D.E. 450-22. Sanho does not rebut Mr. Sarabia's report with its own expert. There are numerous differences between the reverse sides of the parties' packaging, including color, font, size, and placement, to name a few. *Id.*

---

[5] *Leigh*, 212 F.3d at 1217.

60.    The advertising statement on the packaging sold by Starview representing the JCD382 product to have the characteristic of "8-in-1" is false because the product has only 7 ports. (Martin Decl. in Opp. to Starview Motion, ¶ 27, Ex. 26 (packaging email), Ex. 27 (Kaijet employee amazon search results showing products described based on number of ports), Ex. 28 (photo from Japan showing Kaijet packaged its same product but with 7-in-1 on the front of the packaging), Ex. 30, 123:7.)

**Response**: Denied. The "8-in-1" designation refers to the number of functions, not the number of ports. D.E. 448-14; D.E. 453-5 at 80:11-81:2; D.E. 466-2 (Liu 5/26/20 Dep.) at 120:15-121:4; D.E 466-1 (Akins 9/10/21 Dep.) at 120:22-121:1. Sanho cannot dispute the fact that the rear of the package has labels 1 through 8 identifying one port as "2/3 Thunderbolt$^{TM}$ 3/PD Charging." D.E. 461-1 at ¶ 42.

Sanho asserts that Defendant internally referred to the JCD382 as a 7-in-1 product. It did not. Sanho's only basis for that allegation is the file name for a jpeg attached to an email. The "7-1" is clearly a way of numbering sequential photos and, as explained in the email, "JCD382-7-1.jpg" was a mislabeled photo a different product. *See* D.E. 479-22 at 6.

Sanho next asserts that an automated Amazon advertising email is "KaiJet employee amazon search results" when it is clear the email came from Amazon and

there was no evidence it was generated by anyone at any KaiJet entity. *See* D.E. 479-23.

Lastly, Sanho asserts that Mr. Akins stated that he did not believe that the JCD382 had 8 functions, citing a single line of the relevant deposition. However, a review of the entire relevant exchange shows that Mr. Akins did not recall the number of functions at the time. D.E. 466-1 (Akins 9/10/21 Dep.) at 122:14-124:5.

61.     The number of ports advertised in connection with the JCD382 type of product is material. (Martin Decl. in Opp. to Starview Motion, ¶ 28, Ex. 29 (Best Buy webpage screen shot, captured 01-19-23), Ex. 30 (120:22 – 124:5 (consumer would interpret functions based on "amounts of these ports")).)

**Response**: Admitted.

62.     Sanho suffered harm based on Starview's sale of goods packaged with the 8-in-1 false advertising statement. (Martin Decl. In Opp. to Starview Motion, ¶ 29, Ex. 31 (89:25 – 91:15).)

**Response**: Denied. None of the cited deposition testimony discusses the "8-in-1" designation on the JCD382 packaging. *See* D.E. 479-25 at 89:25-91:15. Additionally, conclusory allegations without specific supporting facts have no probative value.[6] Lastly, allegations regarding Starview are immaterial to any claims against KTIC.

---

[6] *Leigh*, 212 F.3d at 1217.

63.    In an email to Chuck Akins  ██████████

██████████████████████████████████████████

███████████████████



(**Sanho Ex. 13**. — KAIJET_000240.)

**<u>Response</u>**: Admitted but immaterial. ████████████████████

██████████████████████████. Liu Decl. at ¶ 7.

**DEFENDANT KTIC'S STATEMENT OF ADDITIONAL FACTS**

64.    Sanho never asserted a theory of indirect infringement in any of its contentions required by the local patent rules. *See* Exs. 25-26 (11.18.20 and 7.01.22 Infringement Contentions).

65.    The Best Buy listing for the JCD382 discloses the correct number of port. *See* D.E. 476-30 (Ex. 29 Sanho Opp to Starview – bestbuy.com j5create pages).

Respectfully submitted, this 21st day of February, 2024.

*/s/ Ryan P. Gentes*
Ryan P. Gentes
GA Bar No. 421695
Robert A. Madayag, III
GA Bar No. 123699
William B. Dyer III
GA Bar No. 236915
LEE & HAYES, P.C.
75 14th Street NE, Suite 2500
Atlanta, GA 30309
Telephone: (404) 815-1900
Email: ryan.gentes@leehayes.com
Email: robm@leehayes.com
Email: bill.dyer@leehayes.com

Robert J. Carlson
WSBA Number 18455
*Admitted Pro Hac Vice*
LEE & HAYES, P.C.
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001
Email: carlson@leehayes.com

Rhett V. Barney
WSBA Number 44764
*Admitted Pro Hac Vice*
Johanna Tomlinson

WSBA Number 57582
*Admitted Pro Hac Vice*
LEE & HAYES, P.C.
601 W. Riverside Ave., Ste. 1400
Spokane, WA 99201
Telephone: (509) 324-9256
Email: rhettb@leehayes.com
johanna.tomlinson@leehayes.com

*Attorneys for Defendants*
*KaiJet Technology International*
*Limited, Inc. and KaiJet Technology*
*International Corporation*

# CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2024, I filed a true and correct copy

of the foregoing document with the CM/ECF filing system of this Court, which

will serve an electronic copy to all attorneys of record.

/s/ *Ryan P. Gentes*

Ryan P. Gentes (GA Bar No. 421695)
LEE & HAYES, P.C.
75 14th Street NE, Suite 2500
Atlanta, GA 30309
Telephone: (404) 815-1900
Email: ryan.gentes@leehayes.com

*Attorney for Defendants KaiJet*
*Technology International Limited, Inc.*
*and KaiJet Technology International*
*Corporation*