UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SANHO CORPORATION, | Case No. 1:18-cv-05385-SDG |
| Plaintiff, | |
| v. | |
| KAIJET TECHNOLOGY INTERNATIONAL LIMITED, INC., dba "j5create;" and DOES 1-100, | |
| Defendants, | |
| SANHO CORPORATION, | Consolidated with Case No. 1:20-cv-02150-TCB |
| Plaintiff, | |
| v. | |
| KAIJET TECHNOLOGY INTERNATIONAL LIMITED, INC.; KAIJET TECHNOLOGY INTERNATIONAL CORPORATION; MAGIC CONTROL TECHNOLOGY; STARVIEW GLOBAL LIMITED, each doing business as "J5Create;" and DOES 1-10, | |
| Defendants. | |

**DEFENDANTS KAIJET TECHNOLOGY INTERNATIONAL LIMITED, INC. AND KAIJET TECHNOLOGY INTERNATIONAL CORPORATION'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNTS V – VIII OF THE THIRD AMENDED COMPLAINT**

# TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................... 1

II.   RELEVANT FACTS ........................................................................ 2

III.  ARGUMENT .................................................................................. 5

   A. Judgment on the Pleadings Is Appropriate When There Are no
      Material Facts in Dispute .......................................................... 5

   B. Relevant Legal Authority on Federal Preemption ................................. 7

      1. Copyright Act ...................................................................... 7

         (a)   State law claims are explicitly preempted by the Copyright
               Act. ......................................................................... 7

      2. Patent Act ......................................................................... 11

   C. Sanho's State Law Tort Claims are Preempted by Federal Law ............ 14

      1. Sanho's GUDTPA Claim Should Be Dismissed ............................. 14

         (a)   GUDTPA Claim is Preempted Under Copyright Act ............ 15

         (b)   GUDTPA Claim is Preempted Under Patent Law ................. 16

         (c)   Sanho's GUDTPA Claim with respect to trademark
               infringement is Moot. .............................................. 17

      2. Sanho's Georgia Unfair Competition Claim Should Be Partially
         Dismissed ......................................................................... 19

      3. Sanho's Common Law Misappropriation and Unfair Competition
         Claim Should Be Partially Dismissed ...................................... 20

   D. Punitive Damages are not a Cause of Action ......................................... 21

   E. Amendment of the Third Amended Complaint would be futile. ........... 22

IV.   CONCLUSION ............................................................................... 23

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Andrews v. D'Souza*,
    No. 1:22-cv-04259-SDG, 2023 U.S. Dist. LEXIS 176638 (N.D.
    Ga. Sept. 30, 2023) ...............................................................................21

*United States ex rel. Berge v. Bd. of Trs.*,
    104 F.3d 1453 (4th Cir. 1997) ...............................................................8

*Boyle v. Stephens Inc.*,
    No. 97 Civ. 1351 (SAS), 1998 U.S. Dist. LEXIS 15215 (S.D.N.Y.
    Sept. 29, 1998), *aff'd*, 21 F. App'x 76 (2d Cir. 2001).........................8

*Callrail, Inc. v. Phonewagon Inc.*,
    No. 1:18-CV-02207-AT, 2020 U.S. Dist. LEXIS 258423 (N.D. Ga.
    Jan. 24, 2020)...................................................................................7, 11

*Campbell v. Emory Clinic*,
    166 F.3d 1157 (11th Cir. 1999) ...........................................................22

*Carbone v. Cable News Network, Inc.*,
    910 F.3d 1345 (11th Cir. 2018) .............................................................5

*Cnty. of Los Angeles v. Davis*,
    440 U.S. 625 (1979)..............................................................................17

*Crow v. Wainwright*,
    720 F.2d 1224 (11th Cir. 1983) .............................................................8

*Dastar Corp. v. Twentieth Century Fox Film Corp.*,
    539 U.S. 23 (2003)..................................................................................9

*Duer v. Bensussen Deutsch & Assocs., Inc.*,
    No. 1:14-CV-01589-ELR, 2015 U.S. Dist. LEXIS 192255 (N.D.
    Ga. July 8, 2015).............................................................................*passim*

*Gary Friedrich Enters., LLC v. Marvel Enters., Inc.*,
    713 F. Supp. 2d 215 (S.D.N.Y. 2009) ...............................................8, 9

*Hawthorne v. Mac Adjustment, Inc.*,
    140 F.3d 1367 (11th Cir. 1998) .............................................................................6

*Heat Techs., Inc. v. Papierfabrik August Koehler SE*,
    No. 1:18-cv-01229-SDG, 2020 U.S. Dist. LEXIS 259954 (N.D.
    Ga. June 5, 2020) .................................................................................................21

*Heat Techs., Inc. v. Papierfabrik August Koehler SE*,
    No. 1:18-cv-01229-SDG, 2021 U.S. Dist. LEXIS 6699 (N.D. Ga.
    Jan. 13, 2021) ..............................................................................................*passim*

*Horsley v. Rivera*,
    292 F.3d 695 (11th Cir. 2002) .............................................................................6

*Hunter Douglas, Inc. v. Harmonic Design, Inc.*,
    153 F.3d 1318 (Fed. Cir. 1998) .....................................................................11, 12

*Katz Dochrermann & Epstein, Inc. v. Home Box Office*,
    No. 97 Civ. 7763 (TPG), 1999 U.S. Dist. LEXIS 3971 (S.D.N.Y.
    Mar. 31, 1999) ......................................................................................................8

*King v. Akima Glob. Servs., LLC*,
    775 F. App'x 617 (11th Cir. 2019) ...................................................................5, 6

*Law Bulletin Publ'g Co. v. LRP Publ'ns., Inc.*,
    No. 98-8122-CIV-RYSKAMP, 1998 U.S. Dist. LEXIS 11345
    (S.D. Fla. June 18, 1998) ......................................................................................9

*Moore-Davis Motors, Inc. v. Joyner*,
    556 S.E.2d 137 (Ga. Ct. App. 2001) ..................................................................17

*Nat'l Basketball Ass'n v. Motorola, Inc.*,
    105 F.3d 841 (2d Cir. 1997) ................................................................................8

*Powell v. McCormack*,
    395 U.S. 486 (1969)............................................................................................17

*Scott v. Taylor*,
    405 F.3d 1251 (11th Cir. 2005) ...........................................................................2

*Tri-State Consumer Ins. Co. v. LexisNexis Risk Sols., Inc.*,
    823 F. Supp. 2d 1306 (N.D. Ga. 2011)...............................................................17

*Ultra-Precision Mfg., Ltd. v. Ford Motor Co.*,
   411 F.3d 1369 (Fed. Cir. 2005) ...........................................................13

*United States v. Jones*,
   29 F.3d 1549 (11th Cir. 1994) ...............................................................6

*Univ. of Colo. Found., Inc. v. Am. Cyanamid Co.*,
   342 F.3d 1298 (Fed. Cir. 2003) ..........................................................13

*Utopia Provider Sys., Inc. v. Pro-Med Clinical Sys., LLC*,
   596 F.3d 1313 (11th Cir. 2010) ......................................................8, 16

*WHO Will Know, LLC v. Marche, Inc.*,
   No. 1:19-cv-04422-SDG, 2020 U.S. Dist. LEXIS 272732 (N.D.
   Ga. Sept. 1, 2020) .................................................................................6

## Statutes

17 U.S.C. § 301(a) ...................................................................................7, 16

35 U.S.C. § 271, *et seq.* .................................................................................4

O.C.G.A. § 10-1-370, *et seq.* .................................................................*passim*

O.C.G.A. § 10-1-373(a) .................................................................................17

O.C.G.A. § 23-2-55, *et seq.* .......................................................................1, 19

## Other Authorities

21 C. Wright & K. Graham, Federal Practice and Procedure: Evidence
   § 5104 (1977 & Supp. 1994) ..................................................................6

Fed. R. Civ. P. 12 ...................................................................................1, 2, 5

Fed R. Civ P. 15(a) ......................................................................................22

Fed. R. Evid. 201(b) ......................................................................................6

L.R. 5.1 ..........................................................................................................26

## I.   INTRODUCTION

Defendants Kaijet Technology International Limited, Inc. and Kaijet Technology International Corporation (collectively, "KaiJet Defendants") jointly submit this Memorandum in Support of their Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) as to Counts V-VIII of the Third Amended Complaint ("First Action TAC")[1].

In this Action, Plaintiff Sanho Corporation ("Sanho") claims that the KaiJet Defendants violated federal statutes protecting intellectual property: infringement of design patents, a copyright registration, and trademark registration under the Lanham Act. But Sanho has also alleged claims based on Georgia state law that are preempted by corresponding federal claims and, therefore, are subject to dismissal. Even if these state law claims are only subject to partial dismissal, limiting these causes of action to only the allegations not preempted by federal law will conserve the Court's resources and reduce the burden laid on the jury.

In addition to its federal intellectual property claims, Sanho alleges (i) violation of Georgia's Uniform Deceptive Trade Practices Act (O.C.G.A. § 10-1-370, *et seq.*) (Count V); (ii) Unfair Competition under Georgia statute (O.C.G.A. § 23-2-55, *et seq.*) (Count VI); (iii) unfair competition under Georgia common law (Count VII); (iv) and a non-specific allegation that Sanho is due punitive damages

---

[1] ECF No. 89, filed Nov. 14, 2019.

(Count VIII) (collectively, the "State Law Claims"). These State Law Claims are preempted by relevant federal law.

Moreover, to the extent Sanho's Georgia Uniform Deceptive Trade Practices Act claim is premised on trademark infringement by the KaiJet Defendants' use of "Ultradrive," Sanho's claim, which injunctive relief is the sole remedy, is moot. Additionally, "punitive damages" are not a separate cause of action, and because the relief sought is cumulative of that available under federal law, the State Law Claims are moot.

Finally, because there are no additional facts Sanho can plead to save its State Law Claims from preemption, any amendment would be futile and would, at this stage in the action, prejudice KaiJet Defendants. Thus, KaiJet Defendants respectfully request this Court enter judgment granting KaiJet Defendants' motion for judgment on the pleadings and dismissing the State Law Claims with prejudice, as provided by Federal Rules of Civil Procedure 12(c).

## II.   RELEVANT FACTS[2]

In May 2018, Sanho filed its original Complaint against Defendant KaiJet Technology International Limited, Inc ("First Action").[3] After two prior amended

---

[2] For purposes of the Court's evaluation of this Motion only, KaiJet Defendants acknowledge that "[a]ll facts alleged in the complaint must be accepted as true and viewed in the light most favorable to the nonmoving party." *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005).

[3] ECF No. 1.

complaints, Sanho filed its Third Amended Complaint ("TAC") on November 14, 2019, adding Kaijet Technology International Corporation as a defendant.[4] On October 19, 2020, Case No. 1:18-cv-05385-SDG was consolidated with Case No. 1:20-cv-02150-TCB ("Second Action").[5]

Sanho's TAC alleges Sanho "invested substantial money, resources, and time in the creation and invention" of a multi-function docking station sold under the HYPERDRIVE mark.[6] Sanho also alleges it owns U.S. Design Patent Nos. D813,875 S (the "'875 Patent") and D855,616 S (the "'616 Patent") and contends the product embodies these patents.[7] The TAC further alleges Sanho's product packaging is the subject of a United States copyright registration, and alleges the term HYPERDRIVE is a registered trademark under U.S. Trademark Reg. No. 5,442,707.[8]

Sanho's TAC alleges KaiJet Defendants "copied, misappropriated, and began selling a counterfeit versions" of the Sanho product, under the mark "ULTRADRIVE."[9] Sanho specifically accuses the JCD382 product ("Accused Product"). Specifically, Sanho alleges KaiJet Defendants targeted Sanho and

---

[4] ECF No. 89.

[5] ECF No. 196.

[6] ECF No. 89 at ¶¶ 29-30.

[7] *Id.* at ¶ 31.

[8] *Id.* at ¶¶ 32-36.

[9] *Id.* at ¶ 37.

obtained access to its product through the product's wide dissemination.[10] Sanho alleges KaiJet Defendants "intended to interfere" with Sanho's intellectual property rights in its product "by attempting to trick consumers into purchasing a counterfeit product," which, it is alleged, KaiJet Defendants "intentionally counterfeited, labeled, and packaged in a confusing manner to resemble" the Sanho product.[11] Sanho accuses the version of the JCD382 packaging shown in the complaint ("Accused Packaging") of copyright infringement.[12] The KaiJet Defendants use of the term "ULTRADRIVE" standing alone was discontinued in mid-2019, when the KaiJet Defendants began using its own registered marks: ULTRADRIVEMINIDOC and ULTRADRIVEKIT.[13]

Based on these allegations, the TAC asserts claims for patent infringement under 35 U.S.C. § 271, *et seq.* against the Accused Product;[14] trademark infringement and unfair competition under the Lanham Act;[15] and copyright

---

[10] *Id.*

[11] *Id.* at ¶¶ 38-42.

[12] *Id.* at ¶¶ 83-93.

[13] Declaration of Ryan P. Gentes in Support of Defendants Kaijet Technology International Limited, Inc. and Kaijet Technology International Corporation's Motion for Judgment on the Pleadings as to Counts V – VIII of the Third Amended Complaint ("Gentes Dec.") at Ex. A at ¶¶ 76-77; Exs. B-C.

[14] ECF No. 89 at ¶¶ 55-64.

[15] *Id.* at ¶¶ 65-81.

infringement under the federal Copyright Act ("Federal Intellectual Property Claims").[16]

Sanho's State Law Claims are based on the exact same set of facts, and the identical conduct alleged to support the Federal Intellectual Property Claims. Sanho did not plead any additional facts to support its State Law Claims. Indeed, it was never Sanho's intent the state law claims incorporate different facts or damages because during expert discovery, Sanho's own damages expert, Dan Cenatempo's, rebuttal report supports that damages for the state law claims were the same as the Federal Intellectual Property Claims.[17]

## III.   ARGUMENT

### A. <u>Judgment on the Pleadings Is Appropriate When There Are no Material Facts in Dispute</u>

Pursuant to Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." "A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."[18] As such, judgment on the pleadings is "appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the

---

[16] *Id.* at ¶¶ 82-93.

[17] Ex. D at 56, 73-75 to Gentes Dec.

[18] *King v. Akima Glob. Servs., LLC*, 775 F. App'x 617, 620 (11th Cir. 2019) (citing *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018)).

pleadings and any judicially noticed facts."[19] "If it is clear from the pleadings that the plaintiff is not entitled to relief under any set of facts consistent with the complaint, the district court should dismiss the complaint."[20] This Court has recognized that the rule permits judgment on the pleadings as to fewer than all claims asserted in a complaint.[21]

Under Rule 201(b) of the Federal Rules of Evidence, a court may take judicial notice of an adjudicative fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably be questioned." "In order for a fact to be judicially noticed under Rule 201(b), indisputability is a prerequisite."[22] "[T]he effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and in effect, directing a verdict against him as to the fact noticed …"[23] Here, the KaiJet Defendants attach excerpts from Sanho's own expert report of Mr.

---

[19] *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).

[20] *King*, 775 F. App'x at 620 (citing *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002)).

[21] *See e.g.*, *WHO Will Know, LLC v. Marche, Inc.*, No. 1:19-cv-04422-SDG, 2020 U.S. Dist. LEXIS 272732, at *3, *7 (N.D. Ga. Sept. 1, 2020) (granting partial judgment on the pleadings on partial claim).

[22] *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (citing 21 C. Wright & K. Graham, Federal Practice and Procedure: Evidence § 5104 at 485 (1977 & Supp. 1994).

[23] *Id.*

Cenatempo, as well as copies of registration certificates from the United States Patent and Trademark Office, neither of which can be disputed by Sanho.

## B. Relevant Legal Authority on Federal Preemption.

As a threshold matter, because intellectual property rights are primarily within the purview of the federal government, federal law is often held to preempt corresponding state law claims. Federal law, including the federal Copyright Act and the Patent Act, allow this Court to rule Sanho's state law claims are preempted.[24]

### 1. Copyright Act

#### (a) State law claims are explicitly preempted by the Copyright Act.

"The Copyright Act explicitly preempts 'legal or equitable rights under state law that are equivalent to any of the exclusive rights within the general scope of' the Copyright Act."[25] The Eleventh Circuit applies a two-part test in copyright preemption cases: "[p]reemption occurs if the 'rights at issue (1) fall within the subject matter of copyright … and (2) are equivalent to the exclusive rights of

---

[24] *See e.g., Duer v. Bensussen Deutsch & Assocs., Inc.*, No. 1:14-CV-01589-ELR, 2015 U.S. Dist. LEXIS 192255, at *15 (N.D. Ga. July 8, 2015); *Callrail, Inc. v. Phonewagon Inc.*, No. 1:18-CV-02207-AT, 2020 U.S. Dist. LEXIS 258423, at *5 (N.D. Ga. Jan. 24, 2020).

[25] *Duer*, 2015 U.S. Dist. LEXIS 192255, at *15 (quoting 17 U.S.C. § 301(a)).

section 106.'"[26] The scope of the Copyright Act's preemptive effect is much broader than the scope of copyright protection.[27] As such, because copyrightable material can include elements that do not receive copyright protection, both the noncopyrightable material and the copyrightable material are subject to preemption under the Copyright Act. For example, while the Copyright Act does not protect uncopyrightable elements such as words or short phrases, basic shapes, and colors, preemption under the Copyright Act can.[28]

Because the Copyright Act's preemptive effect is broader than its protection, a state law cause of action for reverse passing-off is routinely found by courts to be

---

[26] *Utopia Provider Sys., Inc. v. Pro-Med Clinical Sys., LLC*, 596 F.3d 1313, 1325 (11th Cir. 2010) (quoting *Crow v. Wainwright*, 720 F.2d 1224, 1225-26 (11th Cir. 1983))).

[27] *See Gary Friedrich Enters., LLC v. Marvel Enters., Inc.*, 713 F. Supp. 2d 215, 226 (S.D.N.Y. 2009) (citing *United States ex rel. Berge v. Bd. of Trs.*, 104 F.3d 1453, 1463 (4th Cir. 1997)).

[28] *Gary Friedrich*, 713 F. Supp. 2d at 226; *see, e.g.*, *Nat'l Basketball Ass'n v. Motorola, Inc.*, 105 F.3d 841, 849 (2d Cir. 1997) ("Copyrightable material often contains uncopyrightable elements within it, but Section 301 preemption bars state law misappropriation claims with respect to uncopyrightable as well as copyrightable elements."); *Katz Dochrermann & Epstein, Inc. v. Home Box Office*, No. 97 Civ. 7763 (TPG), 1999 U.S. Dist. LEXIS 3971, at *6 (S.D.N.Y. Mar. 31, 1999) (finding unfair competition claim preempted where alleged misappropriation of "idea" for advertising campaign could not "meaningfully be separated from [its] tangible expression"); *Boyle v. Stephens Inc.*, No. 97 Civ. 1351 (SAS), 1998 U.S. Dist. LEXIS 15215, at *14 (S.D.N.Y. Sept. 29, 1998), *aff'd*, 21 F. App'x 76 (2d Cir. 2001) ("[T]he preemptive reach of the Copyright Act extends beyond those copyrightable, and therefore protected, elements of an eligible work, encompassing as well its uncopyrightable elements.").

preempted by relevant federal law.[29] "Reverse passing off is when a defendant 'sells plaintiff's product as its own.'"[30] "Passing off … occurs when a producer misrepresents his own goods or services as someone else's. Reverse passing off, as its name implies, is the opposite: The producer misrepresents someone else's goods or services as his own."[31] Reverse passing off claims are "generally preempted by the Copyright Act."[32] "The fact that the defendants were selling the allegedly infringing works under their own names—and, hence, implicitly misrepresenting the origin of the works or causing confusion in the consuming public cannot alter the finding of preemption."[33]

Courts in this District have found the federal Copyright Act preempts state law unfair competition claims where those claims are premised on trade dress and copyright. In *Duer*, the plaintiff was "in the business of designing, developing, manufacturing, marketing, and selling medicine dosage adherence tools suitable

---

[29] *Duer*, 2015 U.S. Dist. LEXIS 192255, at *16.

[30] *Id.* (quoting *Gary Friedrich*, 713 F. Supp. 2d at 220).

[31] *Duer*, 2015 U.S. Dist. LEXIS 192255, at *16 (quoting *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 27 n.1 (2003)).

[32] *Duer*, 2015 U.S. Dist. LEXIS 192255, at *16 (quoting *Gary Friedrich*, 713 F. Supp. 2d at 220).

[33] *Gary Friedrich*, 713 F. Supp. 2d at 220 (internal quotation and citation omitted) (dismissing Illinois' UDTPA claims consisting of reverse passing off allegations as preempted by the Copyright Act); *see also Law Bulletin Publ'g Co. v. LRP Publ'ns., Inc.*, No. 98-8122-CIV-RYSKAMP, 1998 U.S. Dist. LEXIS 11345, at *18 (S.D. Fla. June 18, 1998) (stating the Court cannot find "any 'extra element' that qualitatively changes the nature of the UDTPA action as compared to the copyright infringement action").

for affixing to pill bottles."[34] The plaintiff "market[ed] her product under the trademark 'Take-n-Slide,' and her product [was] allegedly covered by a patent she own[ed]: U.S. Patent No. 7,614,358."[35]

With allegations remarkably similar to what Sanho asserts against the KaiJet Defendants, the *Duer* plaintiff filed suit against the defendants alleging the defendants "copied" the plaintiff's product and package materials, i.e. an "insert sheet."[36] The first amended complaint alleged multiple federal claims including patent, copyright, and trade dress infringement. And, like Sanho, the *Duer* plaintiff also asserted violation of Georgia's Uniform Deceptive Trade Practices Act ("GUDTPA").[37]

The district court found that plaintiff's GUDTPA claim relied "on the same conduct alleged in her patent, copyright, and trade dress infringement claims."[38] The court further determined the plaintiff's GUDTPA claim was preempted, stating: "the conduct alleged amounts to an allegation that [d]efendants took [p]laintiff's intellectual property and represented to the public that the actual product was [d]efendants."[39] Thus, the claim was preempted.[40] The district court

---

[34] *Duer*, 2015 U.S. Dist. LEXIS 192255, at *3-4.

[35] *Id.* at *4.

[36] *Id.*

[37] *Id.* at *2.

[38] *Id.* at *15.

[39] *Id.* at *17.

also determined the plaintiff's tortious interference claim was preempted because it was essentially an allegation that the [d]efendants told the distributor they had the right to infringe the plaintiff's patent, copyright, and trade dress rights, and that "[r]everse passing off claims involving patent, copyright, and trade dress are preempted by federal law."[41] Thus, even where the plaintiff's claims involved more than protectible elements under the Copyright Act, the district court found the Copyright Act still preempted the state GUDPTA claim based on the work as a whole.

### 2. Patent Act

State law claims that overlap with patent claims are also frequently held to be preempted. While patent law does not explicitly preempt state law, "federal law preempts a conflicting state law claim that 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'"[42] For example, "[i]f a plaintiff bases its tort action on conduct that is protected or

---

[40] *Id.*; s*ee also Callrail*, 2020 U.S. Dist. LEXIS 258423, at *5 (Copyright Act preempted the plaintiff's GUDTPA claim).

[41] *Duer*, 2015 U.S. Dist. LEXIS 192255, at *19.

[42] *Id.* at *15-16 (quoting *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1332 (Fed. Cir. 1998)).

governed by federal patent law, then the plaintiff may not invoke the state law remedy, which must be preempted for conflict with federal patent law."[43]

This Court itself has found state law tort claims preempted by federal patent law.[44] In *Heat Techs*, this Court denied the plaintiff's motion for leave to amend its complaint where the plaintiff's supplemented factual allegations failed to resurrect its state law tort claims for unjust enrichment and conversion.[45] This Court first determined the plaintiff's unjust enrichment claim was premised on "defendants receiving a benefit from [the plaintiff] in their improper taking, possession, and use of [the plaintiff's] proprietary information and intellectual property" that was not disclosed in a patent publication.[46] The plaintiff's conversion claim was also

> similarly based on allegations that [the plaintiff] disclosed proprietary information about its technology and drying systems … to [d]efendants who wrongfully and without justification possessed and interfered with that property by obtaining a patent and access to [the plaintiff's] confidential information that was not disclosed in [a patent publication].[47]

This Court further determined the new facts alleged by the plaintiff were not sufficient to save the plaintiff's tort claims, reasoning:

---

[43] *Hunter Douglas*, 153 F.3d at 1335.

[44] *Heat Techs., Inc. v. Papierfabrik August Koehler SE*, No. 1:18-cv-01229-SDG, 2021 U.S. Dist. LEXIS 6699 (N.D. Ga. Jan. 13, 2021).

[45] *Id.* at *11-13.

[46] *Id.* at *12 (internal quotations marks omitted).

[47] *Id.* (internal quotation marks omitted).

> [t]he new allegations do not change the fact that [the plaintiff] is seeking to garner "patent-like protection" over information it cannot patent and freely disclosed to the public. Although [the plaintiff] points to alleged breaches of implied or express duties of confidentiality, these only constitute continued efforts to recover damages "over and above the benefit the general public received" when [the patent publication was published.][48]

This Court further distinguished the facts in *Heat Techs* from other Federal Circuit decisions finding no preemption of state law tort claims, stating,

> [i]n one iteration of *American Cyanamid*, the Federal Circuit found that the plaintiffs' state law unjust enrichment claim was not preempted by the Patent Act because the claim was "not patent-like at all" and "sprung not from an attempt to enforce intellectual property rights, but instead from Cyanamid's alleged wrongful use of the Doctor's research result."[49]

This Court then reasoned,

> [p]ut another way, the at-issue unjust enrichment claim was "not simply an attempt to enforce property rights," but "a legal claim to remedy the breach of a contract implied in law for disclosure of their confidential manuscript in exchange for a promise not to disseminate the idea without the Doctor's consent."[50]

In *Heat Techs.*, this Court concluded the plaintiff was "seeking to vindicate its intellectual property rights through tort claims for monetary damages" based on

---

[48] *Id.* at *13 (quoting *Ultra-Precision Mfg., Ltd. v. Ford Motor Co.*, 411 F.3d 1369, 1380 (Fed. Cir. 2005)).

[49] *Heat Techs.*, 2021 U.S. Dist. LEXIS 6699, at *14 (quoting *Univ. of Colo. Found., Inc. v. Am. Cyanamid Co.*, 342 F.3d 1298, 1306 (Fed. Cir. 2003)).

[50] *Id.*

information the plaintiff voluntarily made public.[51] The Court concluded that "the tort claims are preempted by the Patent Act" and denied the plaintiff's motion to amend.[52] Thus, where a claim essentially reasserts a claim for federal patent infringement, it should be preempted under federal patent law.

## C. <u>Sanho's State Law Tort Claims are Preempted by Federal Law</u>

Sanho's state law claims for violations of the GUDTPA, Unfair Competition, and Common Law Misappropriation and Unfair Competition rely on the same conduct alleged in Sanho's patent and copyright claims, are essentially claims for reverse passing off, and are therefore preempted by federal law.

### 1.  Sanho's GUDTPA Claim Should Be Dismissed

Sanho's GUDTPA claim alleges KaiJet Defendants are misrepresenting Sanho's HYPERDRIVE product as its own. Specifically, the TAC alleges:

> 95. This count is for **intellectual property infringement** and unfair competition and deceptive trade practices under Georgia's Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370, *et. seq.*

> 96. The knowingly and willfully misappropriation and use by Defendant of Sanho's **multi-function docking station packaging, trade dress, and the copyright,** trademark, **and patent relating thereto**, in the State of Georgia for the accused product constitutes a deceptive trade practice …

> 97. By Defendant's conduct, including but not limited to its unauthorized misappropriation of Plaintiff's HYPERDRIVE

---

[51] *Heat Techs.*, 2021 U.S. Dist. LEXIS 6699, at *15.

[52] *Id.*

invention and product, Defendant will unfairly receive the benefit of Plaintiff's rights under the law, and the goodwill achieved over time and at great labor and <u>expense</u> by Plaintiff. Defendant's use of Plaintiff's HYPERDRIVE will unjustly enrich Defendant and will place Plaintiff's valuable reputation and goodwill in the hands of Defendant, over whom Plaintiff has no control.

98. Defendant's use of Plaintiff's HYPERDRIVE causes a likelihood of confusion or of misunderstanding as to the source of Defendant's goods, or a likelihood or confusion or misunderstanding as to the sponsorship, approval, or certification of Defendant's goods by Plaintiff.

99. Defendant's activities cause a likelihood of confusion or of misunderstanding as to the affiliation, connection, or association with Plaintiff, and a likelihood of confusion or of misunderstanding as to the certification by Plaintiff of Defendant's goods.[53]

Sanho's pleading explicitly states that its GUDTPA claim is based on "intellectual property infringement" including copyright and patent.[54] Therefore, Sanho's GUDTPA claim is preempted, and should be dismissed to the extent it relies on the Accused Packaging or the Accused Product design. Even if Sanho's GUDTPA claim is not preempted by its Lanham act claim for trademark infringement, this limited GUDTPA claim should be dismissed as moot.

### (a) GUDTPA Claim is Preempted Under Copyright Act

As recited above, the Copyright Act explicitly preempts any state law claim purporting to assert legal or equitable rights "equivalent to any of the exclusive

---

[53] ECF No. 89 at ¶¶ 95-99 (emphasis added).

[54] *Id.* at ¶¶ 95-96.

rights within the general scope of copyright…."[55] Sanho's GUDTPA claim satisfies both prongs of the test for copyright preemption. First, it falls within the subject matter of the Copyright Act.[56] As described above, the Copyright Act preempts the claims going toward the copyrighted material as a whole, which includes the entirety of Sanho's product packaging. It also satisfies the second prong because Sanho's assertions under the GUDTPA are equivalent to the exclusive rights of section 106.[57] Specifically, Sanho's GUDPTA claims explicitly incorporates the copyright in its product packaging. Thus, Sanho's GUDTPA claim, to the extent it within the scope of copyright protection, is preempted, not cognizable, and must be dismissed.

### (b) GUDTPA Claim is Preempted Under Patent Law

To the extent Sanho alleges conduct similar to its patent infringement claims, Sanho's GUDTPA claim is also preempted under federal patent law. As this Court previously analyzed in *Heat Techs.*, Sanho is seeking to vindicate its patent rights by means of state tort claims based in part on the exact same conduct alleged in its federal patent infringement causes of action.[58] As such, federal patent

---

[55] 17 U.S.C. § 301(a).

[56] *Utopia Provider*, 596 F.3d at 1325.

[57] *Id.*

[58] *Heat Techs.*, 2021 U.S. Dist. LEXIS 6699, at *15.

law preempts Sanho's GUDTPA state law claim to the extent the GUDPTA claim is reasserting elements of patent infringement.

### (c) Sanho's GUDTPA Claim with respect to trademark infringement is Moot.

Sanho's GUDTPA is limited by federal preemption to only allegations related to its trademark claims independent of its Accused Packaging. But even that limited GUDTPA claim should be dismissed as moot.

A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."[59] A claim for injunctive relief may become moot if:

> (1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur … and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.[60]

The only "remedy available under the [G]UDTPA is injunctive relief."[61] The GUDTPA authorizes injunctive relief for a person "likely to be damaged by a deceptive trade practice … under the principles of equity."[62]

---

[59] *Powell v. McCormack*, 395 U.S. 486, 496 (1969).

[60] *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (internal quotations and citations omitted).

[61] *See Tri-State Consumer Ins. Co. v. LexisNexis Risk Sols., Inc.*, 823 F. Supp. 2d 1306, 1326-27 (N.D. Ga. 2011) (quoting *Moore-Davis Motors, Inc. v. Joyner*, 556 S.E.2d 137, 140 (Ga. Ct. App. 2001).

[62] O.C.G.A. § 10-1-373(a).

Here, the facts supporting Sanho's claim for violations of the GUDTPA as to infringement of Sanho's trademark are premised on the KaiJet Defendants' use of the term, "Ultradrive" by itself. However, the KaiJet Defendants' expert, Mike Pellegrino, pointed out that in 2019, the KaiJet Defendants began selling products under marks the trademark office deemed not confusingly similar to Sanho's HYPERDRIVE trademark ULTRADRIVEMINIDOC and ULTRADRIVE kit.[63] The United States Patent and Trademark Office demonstrates the KaiJet defendants have obtained registrations for these marks.[64] Sanho's own damages expert does not dispute Mr. Pellegrino's opinion that the KaiJet Defendant's ceased use of the term "Ultradrive" standing alone in 2019, and agrees in his rebuttal report that the date is correct.[65] There is also no evidence, nor any assertion in the TAC, that the KaiJet Defendants intend to use the term "Ultradrive" standing alone in the future. The KaiJet Defendants' use of their new marks have completely and irrevocably eradicated the effects of their alleged infringement of Sanho's HYPERDRIVE trademark. Thus, because the only relief under the GUDTPA is injunctive relief, and because the KaiJet Defendants have ceased their allegedly infringing conduct, Sanho's claim for violation of the GUDTPA based on alleged trademark infringement is moot.

---

[63] Gentes Dec. Ex. A at ¶¶ 76-77; Exs. B-C.

[64] Gentes Dec. Exs. B-C.

[65] Gentes Dec. Ex. D at 56, 73-75.

## 2.  Sanho's Georgia Unfair Competition Claim Should Be Partially Dismissed

Sanho's Georgia Unfair Competition claim also overlaps entirely with its federal intellectual property allegations:

> 105. Defendant's unauthorized use of Plaintiff's **patent** and the HYPERDRIVE, its packaging, design, and marking, is likely to cause confusion, to cause mistake, or to deceive purchasers and customers as to the source, origin, affiliation, or sponsorship of Defendant. The consuming public is likely to believe Defendant's product originates from, or is sponsored or affiliated with, the source of products bearing **Plaintiff's marks and designs**, and that Defendant's use of **Plaintiff's intellectual property** is authorized when, in fact, Defendant has no such authorization.
>
> 106. Defendant's unauthorized use of imitations of **Plaintiff's inventions and marks and copyright registrations** has been intentionally, deliberately, willfully, and wantonly undertaken with a view and purpose of trading on and benefiting from the substantial reputation and goodwill associated with Plaintiff's products.
>
> 107. Defendant's conduct constitutes unfair competition in violation of O.C.G.A. § 23-2-55 and the common law of the State of Georgia.[66]

Just as with Sanho's GUDPTA claim, and as in the cases illustrated above, Sanho alleges no conduct that differs from its federal patent and copyright infringement claims, and Sanho is merely seeking federal intellectual property protection and additional monetary damages under the guise of its state law unfair competition claims. Indeed, Sanho's damages expert, Mr. Cenatempo, admits in is

---

[66] ECF No. 89 at ¶¶ 105-107.

rebuttal expert report that damages are the same for Sanho's federal claims versus Sanho's state law claims.[67] As such, to the extent Sanho seeks federal patent and copyright protection through state law tort claims, federal law preempts Sanho's Georgia Unfair Competition state law claim. Therefore, Sanho's Georgia Unfair Competition should be dismissed with respect to the Accused Packaging and the Accused Product design.

### 3. Sanho's Common Law Misappropriation and Unfair Competition Claim Should Be Partially Dismissed

Finally, Sanho's Common Law Misappropriation and Unfair Competition claim pleads no additional conduct that differs from Sanho's federal intellectual property claims:

> 112. The Defendant's aforesaid acts constitute misappropriation of **Plaintiff's** trademarks, **trade dress, copyrights, patent**, and goodwill and are in violation of Georgia's Common Law of Unfair Competition since the Defendant's infringement of the HYPERDRIVE is likely to cause confusion, mistake, and/or deception.[68]

Again, Sanho is attempting to garner additional monetary damages and attorney fees through state law tort claims dressed up as something other than federal intellectual property protection. But its claims are explicitly based on infringement of claimed federal patent and copyright intellectual property rights.

---

[67] Gentes Dec. Ex. D at 56, 73-75.

[68] ECF No. 89 at ¶ 112.

This Court, and other courts in this District, have disapproved of such claims.[69] Sanho's state law claims do not plead any additional conduct or extra elements not required by relevant federal law. Indeed, Sanho's damages expert, Mr. Cenatempo, admits in his rebuttal expert report that damages are the same for Sanho's federal claims versus Sanho's state law claims.[70] As such, federal law preempts Sanho's Common Law Misappropriation and Unfair Competition state law claim to the extent Sanho is reasserting claims for patent and copyright infringement. Therefore, Sanho's Common Law Misappropriation and Unfair Competition claim should be dismissed with respect to the Accused Packaging and the Accused Product design.

### D. Punitive Damages are not a Cause of Action

Sanho's Count VIII alleges "Punitive Damages." However, this Court has already determined that punitive damages cannot be a separate and independent cause of action.[71] Moreover, should this Court determine that Sanho's state law tort claims are preempted or moot, there are no grounds for punitive damages.[72] Thus,

---

[69] *Heat Techs.*, 2021 U.S. Dist. LEXIS 6699, at *14; *Duer*, 2015 U.S. Dist. LEXIS 192255, at *17.

[70] Gentes Dec. Ex. D at 56, 73-75.

[71] *See e.g., Andrews v. D'Souza*, No. 1:22-cv-04259-SDG, 2023 U.S. Dist. LEXIS 176638, at *38 n.147 (N.D. Ga. Sept. 30, 2023); *Heat Techs., Inc. v. Papierfabrik August Koehler SE*, No. 1:18-cv-01229-SDG, 2020 U.S. Dist. LEXIS 259954, at *22-23 (N.D. Ga. June 5, 2020).

[72] *See id.*

KaiJet Defendants respectfully request this Court grant KaiJet Defendants' motion for judgment on the pleadings and dismiss Sanho's Count VIII for Punitive Damages.

### E. <u>**Amendment of the Third Amended Complaint would be futile.**</u>

Under Rule 15(a), a party may amend its complaint only by leave of court or written consent of the adverse party more than 21 days after service of a responsive pleading or motion. The rule also provides, "[t]he court should freely give leave when justice so requires."[73] But the Court has "extensive discretion" in deciding whether to permit an amendment, and need not do so when it "would prejudice the defendant, follows undue delays, or is futile."[74]

Here, any amendment by Sanho to its TAC would prejudice KaiJet Defendants and would be futile. This case has been ongoing for years. Discovery is complete. Sanho cannot plead any facts to save its state law claims from dismissal a second time. If there are newly alleged facts and information, amendment of Sanho's TAC would require additional discovery into the new allegations and therefore extend this case another year at best. Moreover, additional facts to resurrect Sanho's state law tort claims would be unrelated to the present litigation based entirely on federal intellectual property allegations and are better served in a

---

[73] Fed R. Civ P. 15(a)(2).

[74] *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (citation omitted).

separate litigation. Thus, this Court should deny any leave to amend as futile and prejudicial.

## IV.    CONCLUSION

For the foregoing reasons, KaiJet Defendants respectfully request this Court grant KaiJet Defendants' motion for judgment on the pleadings and dismiss Sanho's State Law Claims with prejudice.

Respectfully submitted, this 26th day of March, 2024.

*/s/Ryan Gentes*

Ryan P. Gentes (GA Bar No. 421695)
William B. Dyer III
(GA Bar No. 236915)
Robert A. Madayag, III
(GA Bar No. 123699)
LEE & HAYES, P.C.
75 14th Street NE, Suite 2500
Atlanta, GA 30309
Telephone: (404) 815-1900
Email: ryan.gentes@leehayes.com
Email: bill.dyer@leehayes.com
Email: robm@leehayes.com

Robert J. Carlson
(WSBA Number 18455)
*Admitted Pro Hac Vice*
LEE & HAYES, P.C.
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001
Email: carlson@leehayes.com

Rhett V. Barney (WSBA #44764)
*Admitted Pro Hac Vice*
Johanna Tomlinson (WSBA #57582)

*Admitted Pro Hac Vice*
LEE & HAYES, P.C.
601 W. Riverside Ave., Ste. 1400
Spokane, WA 99201
Telephone: (509) 324-9256
Email:  rhettb@leehayes.com
   johanna.tomlinson@leehayes.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2024, I caused to be filed Defendants KaiJet Technology International Limited, Inc. and KaiJet Technology International Corporation's Motion for Judgment on the Pleadings as to Counts V-VIII of the Third Amended Complaint with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record.

/s/ *Ryan Gentes*

Ryan P. Gentes (GA Bar No. 421695)
LEE & HAYES, P.C.
75 14th Street NE, Suite 2500
Atlanta, GA 30309
Telephone: (404) 815-1900
Email: ryan.gentes@leehayes.com

*Attorney for Defendants*
*KaiJet Technology International*
*Limited, Inc. and KaiJet Technology*
*International Corporation*

## CERTIFICATE OF COMPLIANCE WITH LR 5.1

I hereby certify that the foregoing document is written in 14 point Times New Roman font in accordance with Local Rule 5.1.

/s/ *Ryan Gentes*

Ryan P. Gentes (GA Bar No. 421695)
LEE & HAYES, P.C.

*Attorney for Defendants*
*KaiJet Technology International*
*Limited, Inc. and KaiJet Technology*
*International Corporation*