## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

SANHO CORPORATION,

                      Plaintiff,

    v.

KAIJET TECHNOLOGY
INTERNATIONAL LIMITED, INC.,
et. al.,

                      Defendants.

**C.A. No. 1:18-cv-05385-SDG**

Consolidated with
C.A. No. 1:20-cv-02150-TCB

**<u>Jury Trial Demanded</u>**

### PLAINTIFF SANHO CORPORATION'S RESPONSE TO TO DEFENDANTS KAIJET TECHNOLOGY INTERNATIONAL LIMITED, INC. AND KAIJET TECHNOLOGY INTERNATIONAL CORPORATION'S <u>MOTION FOR JUDGMENT ON THE PLEADINGS</u>

NOW COMES Plaintiff Sanho Corporation ("Sanho"), and its brief in opposition to the motion for judgment on the pleadings filed by defendants Kaijet Technology International Limited, Inc. and Kaijet Technology International Corporation ("Defendants") (D.E. 494).

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES…………………………………………………3-5

I.    INTRODUCTION…………………………………………………...7

II.   BACKGROUND AND SUMMARY OF ARGUMENT………………...…7

IV.   ARGUMENT …………………………………………………...12

    A. Governing Law on a Motion for Judgment on the Pleadings…………..12

    B. Plaintiff's State Law Causes of Action…………………………………14

    C. Copyright Preemption Does Not Apply…………………………….....19

    D. The Patent Act Does Not Preempt any Cause of Action……………….23

    E. Extrinsic Evidence Is Not Subject to Judicial Notice and Would Require Converting This Motion to One For Summary Judgment……………...26

    F. Kaijet Taiwan's Federal Trademark Registrations Do Not Moot Plaintiff's State Law Causes of Action…………………………………29

    G. Punitive Damages Are Available……………………………………….30

V.    CONCLUSION……………………………………………………31

# TABLE OF AUTHORITIES

**_Cases_**                                                                                                 **PAGE**

*Andrews v. D'Souza*, 2023 U.S. Dist. LEXIS 176638 (N.D. Ga. Sept. 30, 2023)……………………………………………………………………...29

*Atlanta Paper Co. v. Jacksonville Paper Co.*, 184 Ga. 205, 190 S.E. 777 (Ga. 1937)……………………………………………………………………...17

*Bailey v. Experian Info. Sols., Inc.*, 2016 U.S. Dist. LEXIS 206395, (N.D. Ga. Dec. 9, 2016)…………………………………………………………………………14

*Bateman v. Mnemonics, Inc.*, 79 F.3d 1532 (11th Cir. 1996)………………….….…19

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)…………………………………12

*Bonito Boats v. Thunder Craft Boats*, 489 U.S. 141 (1989)……………………7, 23

*Board of Regents of the Univ. Sys. of Georgia v. Buzas Baseball, Inc.*, 176 F. Supp. 2d 1338 (N.D. Ga. 2001)…………………………….………………………..7

*Brooks v. Midwest Hart Group,* 655 F.3d 796 (8th Cir. 2011)…………………...26

*Catrett v. Landmark Dodge, Inc.*, 253 Ga. App. 639, 560 S.E.2d 101 (Ga. Ct. App. 2002)……………………………………………………………………………14

*Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003)…23, 24

*Day v. Taylor*, 400 F.3d 1272 (11th Cir. 2005)…………………………………...26

*Diedrich v. Miller & Meier & Assocs.*, 254 Ga. 734, 334 S.E.2d 308, 1985 Ga. LEXIS 849 (Ga. 1985)...……………………………………………………..29

*Dieter v. B & H Industries of Southwest Florida, Inc*., 880 F.2d 322 (11th Cir. 1989)..……………………………………………………….………7

*Duer v. Bensussen Deutsch & Assocs., Inc.*, 2015 U.S. Dist. LEXIS 192255,

(N.D. Ga. July 8, 2015)……………………………………………………………..19

*Foley v. Luster*, 249 F.3d 1281 (11th Cir. 2001)………………………………19

*Fuss v. Bensch*, 601 F. Supp. 3d 1329 (N.D. Ga. May 4, 2022)…………..19, 21

*Giant Mart Corp. v. Giant Disct. Foods, Inc.*, 247 Ga. 775, 279 S.E.2d 683, 1981 Ga. LEXIS 877 (Ga. 1981)……………………………………....15, 20, 21

*Good Gateway, LLC v. NRCT, LLC (In re Bay Circle Props., LLC)*, 2022 Bankr. LEXIS 1902, (N.D. Ga. July 11, 2022)…………………………………...…27

*Gulf Coast Bank & Trust Co. v. Reder*, 355 F.3d 35 (1st Cir. 2004)…..…………25

*Heath Techs. v. Papierfabrik*, 2020 U.S. Dist. LEXIS 259954 (N.D. Ga June 5, 2020)………………………………………………………………………...29

*Homart Develop. Co. v. Sigman*, 868 F.2d 1556 (11th Cir. 1989)…………….12

*In re Mortg. Electronic Registration Systems, Inc.*, 754 F.3d 772 (9th Cir. 2014)………………………………………………………………………...26

*Jellibeans, Inc. v. Skating Clubs of Ga., Inc.*, 716 F.2d 833 (11th Cir. 1983)…………………………………………………………………...…..…..15

*Jiles v. United Parcel Serv., Inc.*, 413 F. App'x 173 (11th Cir. 2011)…...........12

*Johnson v. Reliance Std. Life Ins. Co.*, 2022 U.S. Dist. LEXIS 178225 (N.D. Ga. Sept. 29, 2022)………………………………………………………….12

*Kay Jewelry Co. v. Kapiloff*, 204 Ga. 209, 49 S.E.2d 19 (Ga. 1948)….…...16, 17

*King v. Akima Global Servs., LLC*, 775 Fed. Appx. 617 (11th Cir. 2019)………………………………………………………………………11, 12

*Lipscher v. LRP Publs., Inc.*, 266 F.3d 1305 (11th Cir. 2001)………..…....18, 19

*Lindsey v. Clinch County Glass, Inc*., 312 Ga. App. 534 (Ga. 2011)………….28

*L-7 Designs, Inc. v. Old Navy, LLC,* 657 F.3d 419 (2nd Cir. 2011)………..…25

*Mallard v. Jenkins*, 186 Ga. App. 167, 366 S.2d 775, 1988 Ga. App. LEXIS 298 (Ga. 1998)……………………………………………………………………...30

*Massey v. Ojanit*, 759 F.3d 343 (4th Cir. 2014)………………………………25

*OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344 (11th Cir. 2008)…………………………………………………………………..…29

*Ohai v. Delta Cmty. Credit Union (In re Ohai)*, 2023 Bankr. LEXIS 1646, (N.D. Ga. June 27, 2023)………………………………………………………27

*Palin v New York Times Co.*, 940 F.3d 804 (2nd Cir. 2019)………………..26

*Rubert-Torres v. Hospital San Pablo, Inc.*, 205 F.3d 472 (1st Cir. 2000)…….26

*S. Enterprises, Inc. v. Burger King of Fla., Inc.*, 419 F.2d 460 (C.C.P.A. 1970)……………………………………………………………………11, 28

*Storer Cable Communications v. City of Montgomery,* 806 F. Supp. 1518 (M.D. Ala. 1992)……..................................................................................7, 18

*SRI Int'l v. Matsushita Elec. Corp.*, 775 F.2d 1107 (Fed. Cir. 1985)……………..16

*Rodime PLC v. Seagate Tech., Inc.*, 174 F.3d 1294 (Fed. Cir. 1999)……………24

*Zuffa, LLC v. Justin.tv, Inc.*, 838 F. Supp. 2d 1102 (S.D.N.Y. 2014)………….....18

## **_Federal Statutes_**

15 U.S.C. § 1064(3)…………………………………………………………11
15 U.S.C. § 1051……………………………………………………………18
17 U.S.C. § 106……………………………………………………………..18
17 U.S.C. § 101……………………………………………………………...18
35 U.S.C. § 101 ………………………………………………...……………24

## **_Federal Rules_**

Fed. R. Civ. P. 12(c)…………………………………………………...…11, 12
Fed. R. Civ. P. 12(d)………………………………………………….…… 25, 26
Fed. R. Civ. P. 56 …………………………………………………………….25

Fed. R. Evid. § 401…………………………………………………………………..27
Fed. R. Evid. § 802…………………………………………………………………..27

## *Local Rules*

7.1(A)(2)…………………………………………………………….………9, 25
56.1…………………………………………………………………………..25

## *Georgia Statutes*

O.C.G.A. § 10-1-372……………………………………………..……………..14
O.C.G.A. § 10-1-45…………………………………………………………….22
O.C.G.A. § 23-2-55……………………………………………………………21
O.C.G.A. § 51-12-5……………………………………………………………30
O.C.G.A. § 51-12-5.1………………………………………………....28, 30
O.C.G.A. § 51-12-6……………………………………………………………30

## I.    INTRODUCTION

The present motion is a transparent attempt by the Kaijet Defendants to circumvent the rules and delay the trial in this case which is scheduled for July 9, 2024.  As shown herein, bringing a motion for judgment on the pleadings now, at this belated stage, is procedurally infirm and would have the practical effect of delaying trial.  Moreover, the notion that federal copyright and patent law preempt state law trademark and unfair competition causes of action is both novel and fundamentally unsound.  Although not mentioned in the motion at bar, Defendants previously raised this same preemption defense in connection with their Rule 12(b)(6) motion to dismiss plaintiff's original complaint, many years ago.[1]  Defendants, however, abandoned or waived that argument, and now seek to prejudice Sanho by raising it over two years **after** the close of discovery through an improper motion vehicle.  The motion does not contain notice under Rule 56, does not comply with the Federal Rules of Civil Procedure or the Local Rules, and entertaining it now without good cause would delay the trial and prejudice Sanho.  The motion should be denied.

## II.    BACKGROUND AND SUMMARY OF ARGUMENT

---

[1] Doc. 18, Mot. to Dismiss, p. 2 and 16 of 26.

**Any preemption is fundamentally unsound.** On November 14, 2019, plaintiff filed its Third Amended Complaint (the "TAC").[2] The TAC alleges, *inter alia*, Count V, for Violation of Georgia's Uniform Deceptive Trade Practices Act (O.C.G.A. § 10-1-370, *et. seq.*), Count VI for Unfair Competition (O.C.G.A. § 23-2-55, *et. seq.*), Count VII for Common Law Misappropriation and Unfair Competition, and Count VIII for Punitive Damages.[3] Contrary to Defendants' belated arguments, neither copyright nor patent preemption apply to state law claims for unfair and deceptive trade practices, unfair competition, and common law trademark infringement because each of the causes of action has an extra element – the application of the multifactor test[4] for likelihood of consumer confusion[5] – which is not a requirement of actions for copyright infringement or patent infringement.[6] Plaintiff's Third Amended Complaint ("TAC") and the

---

[2] Doc. 88, Third Am. Compl., Filed 11/14/19.

[3] *Id.*

[4] "Determination of likelihood of confusion requires analysis of the following seven factors: (1) type of mark, (2) similarity of mark, (3) similarity of the products [or services] the marks represent, (4) similarity of the parties' retail outlets and customers, (5) similarity of advertising media used, (6) defendant's intent and (7) actual confusion." *Dieter v. B & H Industries of Southwest Florida, Inc.*, 880 F.2d 322, 326 (11th Cir. 1989).

[5] *See also Board of Regents of the Univ. Sys. of Georgia v. Buzas Baseball, Inc.*, 176 F. Supp. 2d 1338, 1350-51 (N.D. Ga. 2001) (federal trademark infringement, federal and common law unfair competition, and deceptive trade practices claims require showing of likelihood of confusion).

[6] *Bonito Boats v. Thunder Craft Boats*, 489 U.S. 141, 154 (1989); *Storer Cable Communications v. City of Montgomery* 806 F. Supp. 1518, 1540-42 (M.D. Ala. 1992).

facts and record in this case establish deceptive and unfair business practices that are independently wrongful, outside of any federal copyright, patent, or federal trademark infringement.

The Court entered a Rule 16 Scheduling Order in this case and modified it numerous times.[7] On May 23, 2022, the Court established the date of December 16, 202, for "Summary Judgment Motions."[8] On December 15, 2022, the Court further continued the deadline for summary judgment motions, until December 23, 2023.[9] The parties appeared to have timely filed motions for summary judgment in accordance with the scheduling order, and Defendants did not challenge the third through eighth causes of action, when the parties had invested significant time in presenting summary judgment motions with the required statements of facts and for oral argument to the Court, on the remaining issues.[10]

On January 16, 2024, the Court set January 31, 2024, as the deadline for a new round of summary judgment motions.[11] In connection therewith, the Court continued the original March 4, 2024 trial date to July 9, 2024, which Defendants

---

[7] *See* Docs. 42, 87, 208, 256, 258, 285, 287, 301, 304, 429.
[8] Doc. 304.
[9] Doc. 316.
[10] *See* Docs. 439 – 493 (omitting the fifth through eight causes of action from consideration under Rule 56.)
[11] Doc. 429.

had requested the Court to do.[12]   The Court's further modification of the scheduling order, held, "The Court orders that the parties tailor their briefs, exhibits, and sealing motions **to the issues that remain in this case**."[13]

**The motion is procedurally infirm.**  Approximately two months after the Court's scheduling order deadline and the submission of summary judgment briefs to the Court, on March 26, 2024, Defendants Kaijet Technology International Limited, Inc. and Kaijet Technology International Corporation filed the current motion.[14]   The motion is yet another summary judgment motion masquerading as a Rule 12(c) motion, for it attaches documents that are not judicial noticeable, disputed expert reports, and other extrinsic evidence in support.[15]   The motion is also not timely and violates the Court's scheduling orders and Local Rule 7.1(A)(2), which states, "Specific filing times for some motions are set forth below. **All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery** unless the filing party has obtained prior permission of the Court to file later."[16]   Because this motion was filed years after the commencement (and conclusion) of discovery, would delay trial, and because the Defendants did not seek leave of court, the motion

---

[12] Doc. 425 at 10-11 (requesting continuance of March 4, 2024 trial date).

[13] Doc. 429 (emphasis added).

[14] Docs. 494-495.

[15] *Id*.

[16] Northern District of Georgia Local Rule 7.1(A)(2) (emphasis added).

should be denied because it is procedurally inconsistent with the Federal Rules of Civil Procedure and the Court's Local Rules.

**The Defendants' Remaining Arguments Miss the Mark**.  Among other things, the motion claims that because Defendants are **now** selling a different set of goods – goods not accused of patent or copyright infringement and that are not accused of being counterfeit goods under the Lanham Act –using Kaijet Taiwan's intervening federal trademarks for ULTRADRIVE KIT® and ULTRADRIVEMINIDOC®, all of Defendants' past usage of "Ultradrive" on counterfeit goods is **incapable** of infringing plaintiff's Hyperdrive® trademark.[17] Defendants' position is not well-reasoned.  The parties have already briefed the likelihood of confusion factors in the summary judgment brief as it relates to the counterfeit products at issue in the case.[18]  The proper analysis of the factors demonstrates that there are multiple triable issues of fact relating to whether the Defendants' are liable for infringement when the likelihood of confusion test is applied.[19]

Likewise, the post-hoc registration of trademark does not provide a defense *per se* to an unfair competition or trademark infringement argument premised on

---

[17] Doc. 494.

[18] Docs. 439 – 493 (summary judgment briefing).

[19] *See* Doc. 471 (Pl.'s Response to Statement of Material Facts); Doc. 472 (Pl.'s Unredacted Counterstatement of Material Facts); *see also* Doc. 470 (Pl.'s Brief In Response to MSJ)

the likelihood of confusion.  Defendants never pleaded or raised Kaijet Taiwan's own trademark registrations in their Answer, thereby waiving it.   Furthermore, no case holds that the Court may eschew or short-circuit the likelihood of confusion factors where an allegedly competing mark or facsimile thereof is later registered.   Indeed, the Lanham Act itself provides a mechanism for the cancellation of federal registrations if they are used to misrepresent the source of the goods.[20]

## III.    ARGUMENT

### A. Governing Law on a Motion for Judgment on the Pleadings

A motion for judgment on the pleadings may be brought after the pleadings are closed, "but early enough not to delay trial."[21]  Here, the Defendants have inexplicably waited until nearly two months after the summary judgment deadline, at a time when the Court is reviewing no less than four motions for summary judgment, to file the instant motion.  The trial in this case is set for July 9.  Defendants, who previously asked the Court to delay the trial, offer no

---

[20] *See* 15 U.S.C. 1064(3) (cancellation of a registration is appropriate "if the registered mark is being used by, or with the permission of, the registrant so as to misrepresent the source of the goods or services on or in connection with which the mark is used"); *S. Enterprises, Inc. v. Burger King of Fla., Inc*., 419 F.2d 460, 461–62 (C.C.P.A. 1970) (upholding cancellation of registered mark due to likelihood of confusion).

[21] Fed. R. Civ. P. 12(c); *see King v. Akima Global Servs., LLC*, 775 Fed. Appx. 617, 620 (11th Cir. 2019).

explanation for further delays given the lengthy history of this case for waiting so late to bring the instant motion, without any meet and confer or a reasonable opportunity for plaintiff to respond, and for failing to include these issues in the presently-pending summary judgment motions or at oral argument last July.[22]

The Court analyzes a motion for judgment on the pleadings using "the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."[23] "Dismissal is not appropriate unless the complaint lacks sufficient factual matter to state a facially plausible claim for relief that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct."[24] As with Rule 12(b)(6) motions, if matters outside the pleading are presented to and not excluded by the court, the motion for judgment on the pleadings can be converted into a Rule 56 summary judgment motion. *See* Fed. R. Civ. P. 12(d). If it appears that the court is reliant on evidence rather than the pleadings in reaching its conclusions in resolving a Rule 12(c) motion, conversion of the motion to a summary judgment motion is appropriate.[25]  Upon such conversion,

---

[22] Doc. 413 (Sealed Minute Entry for motion hearing held 7/19/2023.)

[23] *King v. Akima Glob. Servs., LLC*, 775 F. App'x 617, 620 (11th Cir. 2019) (per curiam).

[24] *Jiles v. United Parcel Serv., Inc*., 413 F. App'x 173, 174 (11th Cir. 2011) (*per curiam*) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *see also Johnson v. Reliance Std. Life Ins. Co*., 2022 U.S. Dist. LEXIS 178225, *3 (N.D. Ga. Sept. 29, 2022).

[25] *See Homart Develop. Co. v. Sigman*, 868 F.2d 1556, 1561-62 (11th Cir.

then all parties shall be given a reasonable opportunity to present all material

made pertinent to such motion by Rule 56."[26]

### B. Plaintiff's State Law Causes of Action.

Plaintiff's state law causes of action include trademark and tradename

infringement, fraud, and interference with contractual relations and economic

advantage, each of which involves an "extra element" not found under the federal

law causes of action.

For example, Plaintiff's fifth Cause of Action is for Violation of Georgia's

Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-372, *et. seq.*[27]  This

state law, established by the State of Georgia pursuant to its police powers and

determinations of its state legislature, provides, in pertinent part:

10-1-372. When trade practices are deceptive; common-law and other
remedies unaffected.

(a) A person engages in a deceptive trade practice when, in the
course of his business, vocation, or occupation, he:

(1) Passes off goods or services as those of another;
(2) Causes likelihood of confusion or of misunderstanding as to the
source, sponsorship, approval, or certification of goods or services;
(3) Causes likelihood of confusion or of misunderstanding as to
affiliation, connection, or association with or certification by another;
…
(5) Represents that goods or services have sponsorship, approval,

---

1989).

[26] *See* Fed. R. Civ. P. 12(c); *Homart Develop. Co.*, 868 F.2d at n.4.

[27] Doc. 88, ¶¶94-103.

characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he does not have;

…

(7) Represents that goods or services are of a particular standard, quality, or grade or that goods are of a particular style or model, if they are of another;

(8) Disparages the goods, services, or business of another by false or misleading representation of fact;

…

(11) Makes false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions; or

(12) Engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.

Defendants conduct violates the foregoing statutory deceptive practices and elements.[28] Under subsection (b) of § 10-1-372, to prevail in an action under this part, a complainant need not prove actual confusion or misunderstanding.[29] Further, under subsection (c) of § 10-1-372, it states that "This Code section does not affect unfair trade practices otherwise actionable at common law or under other statutes of this state."[30]

The TAC expressly pleads deceit and interference with contractual relations, and violations of subsections (a)(1), (a)(2), (a)(3), and (a)(5) of Section 10-1-372.[31] "The GUDTPA prohibits an exhaustive list of other practices involving the misrepresentation of goods or services, *see* O.C.G.A. § 10-1-

---

[28] Doc. 88, Third Am. Compl., ¶¶ 3, 35, 36, 44, 53, 54, 94-118.
[29] O.C.G.A. § 10-1-372(b).
[30] *Id*., § 10-1-372(c).
[31] Doc. 88, Third Am. Compl., ¶¶ 3, 22, 38 44, 45, 51, 53, 94-118.

372(a)(1)-(12)."[32]    Claims for service mark infringement under the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 *et seq*., and the Georgia law of unfair competition turn on the same question — confusion of similar names.[33]  What is required to make the requisite showing under Georgia state law is that that use of name cause confusion to others despite *using reasonable care*.[34]  Georgia state law thus requires some intention, fraud or neglect to support the unfair practices, as distinct from federal law for trademark, copyright or patent infringement.[35]  Therefore, the fifth cause of action is not preempted on its elements, as the gravamen of the cause of action is different. The extra question on the verdict form serves to fundamentally distinguish plaintiff's state law causes of action from the federal ones.

Plaintiff also alleges that Defendants interfered with plaintiff's contractual relationships with Best Buy and consumers at Best Buy by attempting to trade on plaintiff's tradename and trademark for the purpose of interfering with plaintiff's economic advantage and contractual relationships, which caused plaintiff to

---

[32] O.C.G.A. § 10-1-372; *Bailey v. Experian Info. Sols., Inc.*, 2016 U.S. Dist. LEXIS 206395, *18 (N.D. Ga. Dec. 9, 2016) (citing *Catrett v. Landmark Dodge, Inc.*, 253 Ga. App. 639, 560 S.E.2d 101, 106 (Ga. Ct. App. 2002)).

[33] *See Jellibeans, Inc. v. Skating Clubs of Ga., Inc*., 716 F.2d 833, 839, n. 14 (11th Cir. 1983).

[34] *Giant Mart Corp. v. Giant Disct. Foods, Inc.*, 247 Ga. 775, 279 S.E.2d 683, 1981 Ga. LEXIS 877 (1981) (emphasis added).

[35] *Id*.

suffer damages in the form of, *inter alia*, lost sales, expenses, and increased marketing and advertising costs, as a result of the deceptive practices.[36] Defendants' motion provides no legal support for the argument that because plaintiff lost sales due to Defendants' inequitable conduct, and because lost profits are a remedy under federal law, that this means the state law causes of action for deceptive trade practices are unnecessarily duplicative. Plaintiff's state law causes of action are inherently different than the federal claims because the very conduct giving rise to the legal liability is different, the elements of the causes of action, and the potential remedies are different. That there may be harm suffered as the result of both types of violations does not necessarily preclude the claim.[37] Defendants' argument is an illogical fallacy and ignores that there are differing elements on the causes of action.[38] Notably, plaintiff's state law claims are not based exclusively on federal law.[39]

Pursuant to plaintiff's sixth cause of action for unfair competition in violation of O.C.G.A. § 23-2-55, *et seq.*, "Any attempt to encroach upon the business of a trader or other person by the use of similar trademarks, names, or

---

[36] Doc. 88, ¶¶ 43, 44.

[37] *See Bonito Boats v. Thunder Craft Boats*, 489 U.S. 141, 154 (1989); *Storer Cable Communications v. City of Montgomery* 806 F. Supp. 1518, 1540-42 (M.D. Ala. 1992).

[38] *Id.*

[39] *See* Doc. 88, Third Am. Compl., ¶¶ 3, 22, 38 44, 45, 51, 53, 94-118.

devices, with the intention of deceiving and misleading the public, is a fraud for which equity will grant relief."[40]    Under Georgia state law, the "passing off" rule (**not "reverse passing off," which is different, and which is not at issue in this case**) is sufficient to afford a test as to whether there is unfair competition.[41] The test under this rule is whether the goods or business of one are in fact "passed off" as the goods or business of another, and it has been said, in cases between litigants in actual and direct market competition, that nothing less than such conduct will constitute unfair competition.[42]

Further, any conduct, the nature and probable tendency and effect of which is to deceive the public so as to pass off the goods or business of one person as and for the goods or business of another, constitutes actionable unfair competition.[43] The essence thereof consists in the sale of the goods of one manufacturer or vendor for those of another.[44]    Under the law of the State of Georgia, the goodwill and reputation of a business is as much an asset as its physical properties, and it may as well be the subject of a fraudulent

---

[40] Doc. 88, ¶¶104-110, Third Am. Compl.; *see* O.C.G.A. § 23-2-55.

[41] *Kay Jewelry Co. v. Kapiloff*, 204 Ga. 209, 209-210, 49 S.E.2d 19, 20 (Ga. 1948).

[42] *Id*.

[43] *Atlanta Paper Co. v. Jacksonville Paper Co.*, 184 Ga. 205, 213, 190 S.E. 777, 782-783 (Ga. 1937).

[44] *Id*.

encroachment by an infringer.[45]

Plaintiff's state law claims target defendants' bad faith actions constituting unfair competition, which are independently wrongful deceptive trade practices, apart from any federal violations, and the remedies are different.  On this record, and on this motion for judgment on the pleadings, Plaintiff respectfully submits that it would be reversible error to dismiss the Plaintiff's fifth, sixth, seventh (and eighth) causes of action.

### C. Copyright Preemption Does Not Apply

The Eleventh Circuit applies a two-part test in copyright pre-emption cases:  preemption occurs if the rights at issue (1) fall within the subject matter of copyright and (2) are equivalent to the exclusive rights of 17 U.S.C. 106.[46] While the Copyright Act, 17 U.S.C. § 101 *et seq*., governs original works of authorship, the Lanham Act, 15 U.S.C. § 1051 *et seq*., governs trademark at the federal level, protecting consumers from false and deceptive marks and advertising practices, and preventing consumer confusion in the marketplace.[47] The Copyright Act expressly preempts parallel state-law copyright protections, but the Lanham Act's preemption clause is much narrower and does **not** preempt

---

[45] *See Kay Jewelry*, 204 Ga. at 215, 49 S.E.2d at 23.

[46] *Lipscher v. LRP Publs., Inc.*, 266 F.3d 1305, 1311 (11th Cir. 2001).

[47] *See Storer Cable Communications v. City of Montgomery*, 806 F. Supp. 1518, 1540-41 (M.D. Ala. 1992).

state trademark protections.[48]  The Copyright Act and the Lanham Act protect different types of intellectual property and redress different types of harm.[49]

Defendants nevertheless contend that state law causes of action for "reverse passing-off" are routinely found by courts to be preempted by relevant federal law, relying upon the case of *Duer*.[50]  But plaintiff does *not* allege reverse passing-off like in *Duer*.[51]  Plaintiff does *not* contend that Kaijet misrepresents *someone else's goods* or services as its own.[52] Therefore, because plaintiff does not allege reverse passing-off, the holding of *Duer* does not apply.  Nevertheless, the ruling in *Duer* did not involve claims for trademark infringement under Georgia state law or federal law, like the case at bar.[53]  As such, Defendants' argument that the Copyright Act preempts more than protectible elements under the Copyright Act based on the holding in *Duer* is not pertinent here and fails.

"The Eleventh Circuit applies an 'extra element' test to determine whether a plaintiff's state law claims are qualitatively different from violations of the

---

[48] *Id.* at 1541.

[49] *Zuffa, LLC v. Justin.tv, Inc.*, 838 F. Supp. 2d 1102, 1104-1105 (S.D.N.Y. 2014).

[50] Mot., Doc. 494-1 at 8-9.

[51] *See* Doc. 88, Third Am. Compl. (no "reverse" passing off).

[52] *Id*.

[53] *Duer v. Bensussen Deutsch & Assocs., Inc.*, No. 1:14-CV-01589-ELR, 2015 U.S. Dist. LEXIS 192255, *26 (N.D. Ga. July 8, 2015) (granting leave to amend to add trademark claim).

bundle of copyright rights protected by 17 U.S.C. § 106."[54] "Under this test, a plaintiff's state law claims are preempted if there is "no extra element" that would remove the plaintiff's claims 'from the general scope of copyright.'"[55] Here, the plaintiff's state law claims are not equivalent to the exclusive rights under Section 106, and therefore are not preempted.  Rather, plaintiff's state law claims involve at least one "extra element" that "changes the nature of the action so that it is qualitatively different from a copyright infringement claim.[56]

In the instant case, plaintiff's fifth, sixth, and seventh causes of action are qualitatively different than federal copyright or trademark infringement, and sound in deceptive trade practices such as fraud and interference with plaintiff's contractual relationships with Best Buy and economic advantage, and are based on disparagement, misrepresentations, and fraud, including but not limited to trademark and tradename infringement, and thus contain the extra elements which distinguish the facts are bar from the federal intellectual property claim.

Under the Georgia state law claims, relief may depend upon a showing of intent to deceive (or negligence).[57]  Such a requirement is not an essential element

---

[54] *Foley v. Luster*, 249 F.3d 1281, 1285 (11th Cir. 2001) (*citing Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1549 (11th Cir. 1996)).

[55] *Lipscher v. LRP Publ'ns, Inc.*, 266 F.3d 1305, 1312 (11th Cir. 2001).

[56] *Fuss v. Bensch*, 601 F. Supp. 3d 1329, 1333-1334 (N.D. Ga. May 4, 2022)

[57] *Giant Mart Corp. v. Giant Disct. Foods, Inc*., 247 Ga. 775, 776, 279 S.E.2d 683, 685, 1981 Ga. LEXIS 877 (Ga. 1981).

of plaintiff's federal trademark or copyright claims. Thus, plaintiff's fifth, sixth, seventh (and eighth), causes of action have this "extra element" of intent to deceive that is absent from the federal intellectual property claims. The state law claims may also apply to products that are not the subject of plaintiff's federal patent or copyright registration claims, or products sold before Defendants received "notice" under the Patent Act or Copyright Act which are not governed by federal law. Defendants' Rule 12(c) motion fails to challenge the allegations that Defendants' trademark and tradename infringement were a fraud on the market and interfered with the Best Buy relationship, which is a different type of claim that plaintiff's claims under federal law.

In *Fuss v. Bensch*, 601 F. Supp. 3d 1329, the Northern District of Georgia held that fraud claims may not be preempted by the Copyright Act.[58] The Court held,

> The same is true in this case. Although, as Defendants note, Plaintiff's fraud claim centers upon 'a dispute over the right to use copyrighted works and the terms of such use,' that does not change the fact that Plaintiff must prove an additional element to establish his fraud claim that is not required to establish copyright infringement. Accordingly, Plaintiff's fraud claim qualitatively differs from a copyright infringement claim and is not preempted.[59]

Similarly here, plaintiff's claims are based on O.C.G.A. § 23-2-55, which

---

[58] *Fuss v. Bench*, 601 F. Supp. 3d 1329, 1335-1336 (N.D. Ga. 2022).
[59] *Id.* at 1336.

provides that "[a]ny attempt to encroach upon the business of a trader or other person by the use of similar trademarks, names, or devices, **with the intention of deceiving and misleading the public**, is a fraud for which equity will grant relief."[60] Under Georgia law, specifically O.C.G.A. § 10-1-453, "Any firm, person, corporation, or association who shall use the name or seal of any other person, firm, corporation, or association, in and about the sale of goods or otherwise, not being authorized to use the same, knowing that such use is unauthorized, **with intent to deceive** the public in the sale of goods, shall be guilty of a misdemeanor."[61]

Defendants' Rule 12(c) motion does not touch upon the gist of plaintiff's Georgia unfair business practices claims and therefore should be denied.

### D. The Patent Act Does Not Preempt any Cause of Action

Defendants further contend, "where a claim essentially reasserts a claim for federal patent infringement, it should be preempted under federal patent law."[62]   However, no support is provided for this statement.[63]   While this

---

[60] O.C.G.A. § 23-2-55 (emphasis added); *see also Giant Mart Corp*., 247 Ga. at 776 (relief under OCGA § 23-2-55 "depends upon a showing of intent to deceive[,]" which "may be presumed if encroachment is done with knowledge of prior right").

[61] O.C.G.A. § 10-1-453.

[62] Doc. 494-1, Page 19 of 31, line three.

[63] *Id*.

statement may have been true in unrelated cases, with different incidents and facts, Defendants are citing limited rules that have no applicability to the facts of the present case. Plaintiff's state law causes of action are not merely reasserting patent infringement claims which are directed exclusively to the design of specific products of the Defendants. Rather, they are claims based on Defendants' deceptive business practices which interfered with plaintiff's private contractual relationships with Best Buy and economic advantage and which sound in fraud (intent to deceive), by attempting to trade on plaintiff's tradename, disparage plaintiff, and target to harm plaintiff specifically at Best Buy.[64]

In *Bonito Boats*, the United States Supreme Court held that the federal Patent Act does not preempt state law unfair business practices causes of action based on trademark.[65] There, the Supreme Court opined:

> States "may protect businesses in the use of their trademarks, labels, or distinctive dress in the packaging of goods so as to prevent others, by imitating such markings, from misleading purchasers as to the source of the goods." Trade dress is, of course, potentially the subject matter of design patents." Yet our decision in *Sears* clearly indicates that the States may place limited regulations on the circumstances in which such designs are used in order to prevent consumer confusion as to source. Thus, while *Sears* speaks in absolutist terms, its conclusion that the States may place some conditions on the use of trade dress indicates an implicit recognition that all state regulation of potentially patentable but unpatented subject matter is not *ipso facto* pre-empted by the federal patent laws.[66]

---

[64] Doc. 88, Third Am. Compl., ¶¶ 3, 35, 36, 44, 53, 54, 94-118.
[65] *Bonito Boats v. Thunder Craft Boats*, 489 U.S. 141, 154 (1989).
[66] *Id.*

In *Dastar Corp. v. Twentieth Century Fox Film Corp.* the Supreme Court further opined about the fundamental difference between invention or discovery, which is protected under the Patent Act, as opposed to the protection of a company's source of identification and good will and the protection of the consumer public from confusion, which is at the heart of trademark and unfair competition law.[67]  Defendants' conflation of intellectual property does not find support under the law. "Federal trademark law has no necessary relation to invention or discovery, but rather, by preventing competitors from copying a source-identifying mark, reduces the customer's costs of shopping and making purchasing decisions, and helps assure a producer that it (and not an imitating competitor) will reap the financial, reputation-related rewards associated with a desirable product."[68]  In *Rodime PLC v. Seagate Tech., Inc.*, the Federal Circuit held:

> The patent laws will not preempt such claims if they include additional elements not found in the federal patent law cause of action and if they are not an impermissible attempt to offer patent-like protection to subject matter addressed by federal law… Unfair competition prevents unethical and oppressive business practices. Neither of these regimes purport to extend protection to the classes of invention protected by Title 35. *See* 35

---

[67] *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 32-34 (2003).

[68] *Dastar Corp.,* 539 U.S. at 32.

U.S.C. § 101 (1994).[69]

Here, plaintiff's state law claims are not seeking "patent-like" protection. Plaintiff's claims are seeking to stop deceptive practices, deter the use of product names calibrated by Kaijet intentionally to deceive potential customers, and interfere with the contractual relationship with Best Buy, and related damages.[70] Accordingly, Defendants' Patent Act preemption arguments fail.

### E.  Extrinsic Evidence Is Not Subject to Judicial Notice and Would rConvert This Motion to One For Summary Judgment.

Defendants' arguments rely on disputed expert testimony and disputed trademarks to support their motion to dismiss Sanho's GUDTPA Claim as moot.[71]  Similar to a Rule 12(b)(6) motion, in resolving a Rule 12(c) motion, the court can consider (without converting the motion to a summary judgment) (a) the complaint and answer; (b) any documents attached … and (d) matters subject to judicial notice.[72]  But Defendants' extrinsic evidence does not fit into any of the established categories of pleadings attachments or matters subject to judicial notice.   The expert reports are disputed by plaintiff for the purpose that

---

[69] *Rodime PLC v. Seagate Tech., Inc.*, 174 F.3d 1294, 1306 (Fed. Cir. 1999).
[70] Doc. 88, Third Am. Compl., ¶¶ 22, 44, 45, 51 (referencing interference with contractual relationship with Best Buy).
[71] Doc. 494-1, Mot. at 17.
[72]  *L-7 Designs, Inc. v. Old Navy, LLC* (2nd Cir. 2011) 657 F.3d 419, 422; *Massey v. Ojanit*, 759 F.3d 343, 347-348 (4th Cir. 2014).

Defendants offer them to show.  Defendants also did not raise or attach their purported trademarks to the pleadings, and to the extent they are deemed relevant, plaintiff will ask the jury to cancel them.  Essentially, Defendants shirk their obligations to bring the motion properly before the Court as one for summary judgment, instead labeling it as one for judgment on the pleadings, to circumvent the rules, and to deceptively try to game a less rigorous legal standard.[73]

When a court converts a motion for judgment on the pleadings into one for summary judgment, it shall provide "[a]ll parties . . . reasonable opportunity to present all the material that is pertinent to the motion."[74]  Conversion is generally disfavored if the nonmovant does not have reasonable notice that a conversion might occur.[75]  Under Rule 12(d) of the Federal Rules of Civil Procedure, on a motion to dismiss if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."[76]  In such a case, the opposing party must be made aware of the district judge's election to treat the 12(b)(6) motion as converted and must be

---

[73] *See, e.g.*, Fed. R. Civ. P. 56, L.R. 7.1(A)(2), L.R. 56.1, *et seq*.

[74] FRCP 12(d); *Gulf Coast Bank & Trust Co. v. Reder* 355 F.3d 35, 38(1st Cir. 2004).

[75] *Rubert-Torres v. Hospital San Pablo, Inc.*, 205 F.3d 472, 475 (1st Cir. 2000).

[76] Fed. R. Civ. P. 12(d); *see also Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005) (same).

given a "reasonable opportunity" to present rebutting evidence.[77]

There has been no notice to Plaintiff that this motion would be considered one under Rule 56, in fact quite the opposite, and plaintiff has not been given a reasonable opportunity to respond to the extrinsic matters outside the pleadings. The expert reports relied upon by Kaijet are not a proper subject of judicial notice, because the testimony is disputed for the purpose it is offered by Kaijet to show, *i.e.*, the an expert had an interpretation of the law or the intent of the drafters of the pleadings filed in this case.[78] Defendants' pleadings and Answer to the Third Amended Complaint do not raise any defense of extrinsic trademarks, which appear to have been filed by Kaijet Taiwan, after the commencement of this action. Plaintiff objects to all of Defendants' evidence in support of the motion on the grounds that the proffered evidence violates Rule 401 (relevance) and Rule 802 (hearsay) of the Federal Rules of Evidence, and are not the proper subject of a request for judicial notice.[79]

---

[77]  FRCP 12(d); *Brooks v. Midwest Hart Group,* 655 F.3d 796, 800 (8th Cir. 2011); *In re Mortg. Electronic Registration Systems, Inc.,* 754 F.3d 772, 781 (9th Cir. 2014); *Palin v New York Times Co.* 940 F.3d 804, 810-12 (2nd Cir. 2019).

[78] *See Ohai v. Delta Cmty. Credit Union (In re Ohai),* 2023 Bankr. LEXIS 1646, *7 (N.D. Ga. June 27, 2023); *Good Gateway, LLC v. NRCT, LLC (In re Bay Circle Props., LLC),* 2022 Bankr. LEXIS 1902, *22-23 (N.D. Ga. July 11, 2022) (judicial notice limited in 11th Circuit).

[79] Docs. 494-2 (Gentes Decl.), 494-4 (U.S. Reg. No. 576836), 494-5 (U.S. Reg. No. 6086955), Doc. 495-1 (excerpts of 9.28.22 Pellegrino report), 495-2 (excerpts of 10.10.22 Centempo report).

Plaintiff will be prejudiced by having to oppose another motion for summary judgment now, given that the parties are well past the expiration of the summary judgment filing deadline, and are busy preparing for trial to begin on time and on schedule. Defendants violated the Scheduling Order, have not obtained leave of Court either as to time or as to the number of excess briefing pages so as to present this motion properly. No statement of undisputed material facts has been provided obviating any reasonable opportunity to respond. Defendants' motion would delay the trial in this case, and is therefore improper.

### F. Kaijet Taiwan's Federal Trademark Registrations Do Not Moot Plaintiff's State Law Causes of Action.

Defendants contend that because they have filed federal trademarks that they are immune from suit for trademark infringement. First, under Georgia state law, a plaintiff is not limited to only injunctive relief but may also seek damages.[80] Further, registration is not an end run around the likelihood of confusion factors.[81] In *S. Enterprises, Inc. v. Burger King of Fla., Inc.*, the former U.S. Court of Customs and Patent Appeals affirmed the cancellation of a registered mark that was found to be confusingly similar to another registered

---

[80] *Diedrich v. Miller & Meier & Assocs.*, 254 Ga. 734, 736, 334 S.E.2d 308, 311, 1985 Ga. LEXIS 849, *6 (1985).
[81] Fed. R. Evid. §§ 401, 802.

mark.[82]  The same holding – that a mark which causes a likelihood of confusion may be cancelled, and that the U.S. Patent and Trademark Office is not the final arbiter or infallible -- undermines Kaijet's argument.[83]  In any event, Sanho reserves its right to, and indeed intends to file a petition with the USPTO seeking to cancel Kaijet Taiwan's registrations prior to the trial of this case on the basis of the likelihood of consumer confusion.[84]

### G. Punitive Damages Are Available.

In Georgia, "[p]unitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences."[85]  Plaintiff establishes this based on the allegations of Defendants' intentional scheme to interfere with its private contractual relationship with Best Buy and economic advantage through fraud and trickery.[86] Defendants point out that this Court has noted in a different case that punitive

---

[82] *S. Enterprises, Inc. v. Burger King of Fla., Inc.*, 419 F.2d 460, 461-62 (C.C.P.A. 1970).

[83] *See id.*

[84] *Id.*

[85] O.C.G.A. § 51-12-5.1(b); *Lindsey v. Clinch County Glass, Inc.*, 312 Ga. App. 534, 535 (Ga. 2011).

[86] Doc. 88, Third Am. Compl., ¶¶ 3, 22, 35, 38, 44, 45, 51, 53; *see also* Doc. 111 (12/20/2019 Order denying Defs.' Rule 12(e) mot.)

damages is not a stand-alone claim by citing to the case of *Andrews v. DeSouza*.[87]
In *Andrews*, despite the critique of the pleading practice in federal court, the
Court did not dismiss the cause of action for punitive damages.[88]    Therefore
*Andrews* supports plaintiff, not Defendants.[89]

Defendants also cite *Heat Techs*."[90]    But *Heat Techs.* suggests that
punitive damages can be a stand-alone cause of action.[91]    Here the third amended
complaint specifically pleads the underlying tort claims with facts, including the
contractual relationship with Best Buy, as well as Defendants' *intentional*
conduct.[92] Georgia law specifically provides for the remedy of punitive damages
to curb such deceptive and unfair trade practices.[93]    Defendants provide no good
reason why they should be immune from the law.  Dismissal is not proper.

---

[87] Doc. 494-1 at Page 216 of 31, Defs.' Memorandum (citing *Andrews v. D'Souza*, No. 1:22-cv-04259-SDG, 2023 U.S. Dist. LEXIS 176638 (N.D. Ga. Sept. 30, 2023)).

[88] *Andrews*, 2023 U.S. Dist. LEXIS 176638, *40 (N.D. Ga. Sept. 30, 2023).

[89] *Id*. ( "allegations are sufficient to plead punitive damages").

[90] Doc. 494-1, Defs.' Memorandum, at Page 26 of 31 (citing *Heath Techs*, 2020 U.S. Dist. LEXIS 259954 at *22-23).

[91] *Heath Techs. v. Papierfabrik*, 2020 U.S. Dist. LEXIS 259954, *22 (N.D. Ga June 5, 2020) (punitive damages claim can survive with award of relief on an underlying claim, citing *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1357 n. 8 (11th Cir. 2008)).

[92] Doc. 88, Third Am. Compl., ¶¶ 3, 22, 35, 38, 44, 45, 51, 53, 70, 89, 106,116-118.

[93] O.C.G.A. §§ 51-12-5, 51-12-5.1, 51-12-6; *Mallard v. Jenkins*, 186 Ga. App. 167, 169, 366 S.2d 775, 777, 1988 Ga. App. LEXIS 298, *6 (Ga. 1998).

## IV.    CONCLUSION

The motion should be denied.

Respectfully submitted this 16th day of April, 2024.

By:    **/s/ Ali Ari Aalaei**

Ali A. Aalaei (admitted *pro hac vice*)
CA Bar No. 254713
**ARI LAW, P.C.**
3130 Alpine Road Suite 288 PMB 408
Portola Valley CA 94028
Tel:  (415) 235-2069
Fax:  (415) 520-9456
Email: ali@arilaw.com
   -and-
Steven G. Hill
GA Bar No. 354658
**HILL, KERTSCHER & WHARTON, LLP**
3625 Cumberland Blvd., SE, Suite 1050
Atlanta, Georgia 30339-6406
Tel:  (770) 953-0995
Fax:  (770) 953-1358
Email:  sgh@hkw-law.com

*Attorneys for Plaintiff Sanho Corporation*

## <u>TYPE AND FONT CERTIFICATION</u>

I hereby certify that the foregoing document is written in 14 point Times

New Roman font in accordance with Local Rule 5.1.

*<u>/s/ Ali A. Aalaei</u>*
(admitted *pro hac vice*)
CA Bar No. 254713

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

SANHO CORPORATION,

                              Plaintiff,

      v.

KAIJET TECHNOLOGY
INTERNATIONAL LIMITED, INC., and
KAIJET TECHNOLOGY
INTERNATIONAL CORPORATION,
INC., doing business as "J5Create"; and
DOES 1-10,

                            Defendants.

**C.A. No. 1:18-cv-05385-SDG**

Consolidated with
C.A. No. 1:20-cv-02150-TCB

**<u>Jury Trial Demanded</u>**

## <u>CERTIFICATE OF SERVICE</u>

    I certify that on the 16th day of April, 2024, I caused to be electronically transmitted the foregoing document to the Clerk of the Court using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following participants and law firm who are registered CM/ECF users, and will be served by the CM/ECF system.

                         **<u>*/s/ Ali A. Aalaei*</u>**
                         (admitted *pro hac vice*)
                         CA Bar No. 254713
                         *Counsel for Plaintiff Sanho Corporation*