UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SANHO CORPORATION,

Plaintiff,

v.

KAIJET TECHNOLOGY INTERNATIONAL LIMITED, INC., dba "j5create;" and DOES 1-100,

Defendants,

Case No. 1:18-cv-05385-SDG

SANHO CORPORATION,

Plaintiff,

v.

KAIJET TECHNOLOGY INTERNATIONAL LIMITED, INC.; KAIJET TECHNOLOGY INTERNATIONAL CORPORATION; MAGIC CONTROL TECHNOLOGY; STARVIEW GLOBAL LIMITED, each doing business as "J5Create;" and DOES 1-10,

Defendants.

Consolidated with
Case No. 1:20-cv-02150-TCB

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF KAIJET TECHNOLOGY INTERNATIONAL CORPORATION'S MOTION FOR SUMMARY JUDGMENT**

# TABLE OF ABBREVIATIONS

| FULL NAME | ABBREVIATION |
|---|---|
| U.S. Design Patent No. D807,290 | ’290 Patent |
| U.S. [Utility] Patent No. 10,572,429 | ’429 Patent |
| U.S. Design Patent No. D844,618 | ’618 Patent |
| Original Packaging for JCD382 Product | Accused Packaging |
| Copyright Reg. No. VA 2-103-336 | Copyrighted Registration or Copyrighted Packaging |
| *Sanho Corp. v. KaiJet Technology Int’l Ltd.*, No. 1:18-cv-05385 (N.D. Ga.) | First Action |
| Defendants KaiJet Technology International Corporation and KaiJet Technology International Limited, Inc, collectively | KaiJet or Defendants |
| Defendant KaiJet Technology International Limited, Inc. | KaiJet US |
| Transcript and exhibits to the July 14, 2022 deposition of KaiJet Technology International Limited, Inc. | KaiJet US 30(b)(6) |
| Transcript and exhibits to the June 30, 2022 deposition of KaiJet Technology International Corporation | KTIC 30(b)(6) |
| Defendant KaiJet Technology International Corporation | KTIC or KaiJet Taiwan |
| Transcript and exhibits to the May 26, 2020 deposition of Jessica Liu | Liu Depo |
| Plaintiff Sanho Corporation | Sanho |
| *Sanho Corp. v. KaiJet Technology Int’l Ltd.*, No. 1:20-cv-02150 (N.D. Ga.) | Second Action |
| Complaint, D.E. 204, filed May 19, 2020 | Second Action Complaint |

| FULL NAME | ABBREVIATION |
|---|---|
| First Amended Complaint, D.E. 418, filed Dec. 19, 2023 | Second Action FAC |
| Third Amended Complaint, D.E. 89, filed Nov. 14, 2019 | TAC or First Action TAC |

Defendant KaiJet Technology International Corporation ("KTIC"), pursuant to Local Rule 56.1, submits this statement of material facts as to which there is no genuine dispute.

## I. THE DISPUTE

1. On May 25, 2018, Sanho filed its initial Complaint in the first case against KaiJet US. D.E. 1.

2. On November 14, 2019, Sanho filed its Third Amended Complaint in the First Action, adding KTIC as a named Defendant. D.E. 89 ("TAC").

3. On May 19, 2020, Sanho filed the Second Action against KaiJet US, MCT, and Starview Global Limited. D.E. 204. On December 19, 2023, Sanho filed its First Amended Complaint in the Second Action. D.E. 418 ("Second Action FAC").

4. Sanho alleges infringement of its intellectual property – namely patents, trademark, and copyright. Sanho's patent infringement claims allege only direct infringement. *See* TAC;; Second Action FAC.

5. Sanho's intellectual property rights were granted in the United States. *See* TAC; Second Action FAC.

6. Neither the First Action TAC nor the Second Action FAC pleads that KTIC, or any other party, had pre-suit knowledge of the Asserted Patents. TAC; Second Action FAC.

7. Sanho's two operative complaints fail to make any specific allegations about KTIC. *See* TAC; Second Action FAC.

8. Sanho's two operative complaints both allege that KTIC is responsible for infringement of its intellectual property under a theory of "alter ego liability." Sanho alleges that KTIC and KaiJet US are under such unity of interest and ownership that "[a]lter ego liability is appropriate." Sanho alleges that "KaiJet US was formed by KaiJet Taiwan," that "KaiJet Taiwan operates through a physical office located in Georgia," and that "officers, directors, and the shareholders or owners of the defendant entities are the same, and these overlapping individuals exercise control over the internal affairs and/or daily operations of both entity defendants." *See* TAC at ¶¶ 8, 10, 11-27, and 55-64; Second Action FAC at ¶¶ 7-11.

## II. KTIC

9. KTIC is a Taiwanese corporation operating entirely and solely in Taiwan. KTIC is organized under the laws of the Republic of China ("R.O.C.," commonly known as Taiwan). It has a principal place of business at 8F, No. 109, Zhongcheng Rd., Tucheng Dist., New Taipei City 236, Taiwan R.O.C. D.E. 160-5 at ¶ 2; Ex. 2 ("KaiJet US 30(b)(6) Dep."), 20:7-14, 75:4-18; D.E. 146-3 at ¶¶ 2, 6.

10. KTIC does not operate in the United States. D.E. 146-3 at ¶¶ 8-9.

11. KTIC is not responsible for advertising in the United States or directing advertisements to the United States. Ex. 3 (KTIC 30(b)(6) Dep.), 71:22-72:4; Ex. 4 (Liu Dep.), 62:11-13, 64:23-25.

12. KTIC does not participate in marketing in the United States beyond providing KaiJet US with sample products. Ex. 3 (KTIC 30(b)(6) Dep.), 71:22-72:15; Ex. 4 (Liu Dep.), 62:11-13, 64:23-25.

13. KTIC's employees do not visit the United States for business. Tai Dec. at ¶ 5.

14. KTIC does not make, use, offer to sell, or sell products in the United States. KTIC does not participate in sales of products within the United States. D.E. 146-3 at ¶ 9; Ex. 4 (Liu Dep.), 61:18-22; Ex. 3 (KTIC 30(b)(6) Dep.), 69:13-14.

15. KTIC's primary contact at KaiJet Technology International Limited, Inc. ("KaiJet US") is its CEO, Jessica Liu. Negotiations between KTIC and KaiJet US primarily take place between Ms. Liu and KTIC's CEO, Yuki Tai. Both Ms. Tai and Ms. Liu are based in Taiwan. Ex. 3 (KTIC 30(b)(6) Dep.), 30:24-25; 79:15-25; Ex. 4 (Liu Dep.), 10:11-13, 78:7-18, 84:5-18, 108:15-109:9; Ex. 2 (KaiJet US 30(b)(6) Dep.), 16:17-24, 22:4-7, 87:4-14.

16. KaiJet US and KTIC have executed contracts outlining their respective responsibilities. These contract outline the supplier-buyer relationship between KTIC and KaiJet US and are written in Chinese. These contracts mandate that all

disputes between KTIC and KaiJet US be resolved in Taiwan. D.E. 146-1 at ¶ 7; Ex. 7 (KAIJET003393-95); Ex. 4 (Liu Dep.), 118:6-13; Tai Dec. at ¶ 4.

17. When a purchase agreement is reached between KaiJet US and KTIC, Ms. Liu then forwards the pricing information to KaiJet US employees in the United States. Ex. 8 (KAIJET4481); Ex. 9 (KAIJET3822-24); Ex. 10 (KAIJET3829-31).

18. KaiJet US purchases products from KTIC in Taiwan. D.E. 146-1 at ¶ 7.

19. KTIC delivers the product purchased by KaiJet US FOB in Taiwan. D.E. 146-1 at ¶ 7; Ex. 11 (EWI DZ1-5081678-0); Ex. 12 (EWI DZ1-5083104-5).

20. KTIC does not import any products into the United States. After taking title in Taiwan, KaiJet US is responsible for shipping and importing products into the United States. D.E. 146-3 at ¶ 9; D.E. 146-1 at ¶ 7; Ex. 11 (EWI DZ1-5081678-0); Ex. 12 (EWI DZ1-5083104-5).

21. KTIC is not involved with products after they are delivered in Taiwan. Ex. 3 (KTIC 30(b)(6) Dep.), 69:13-14; Ex. 4 (Liu Dep.), 92:2-4.

22. While KTIC hosts the j5create.com website, it is KaiJet US who is responsible for its English language content. Ex. 3 (KTIC 30(b)(6) Dep.), 71:22-72:15; Ex. 2 (KaiJet US 30(b)(6) Dep.), 147:5-12; Ex. 4 (Liu Dep.), 123:22-25.

23. KTIC is a separate company from KaiJet Technology International Limited, Inc. ("KaiJet US"). D.E. 160-5 at ¶¶ 4-5; D.E. 160-4 at ¶ 7; Ex. 2 (KaiJet US 30(b)(6) Dep.), 20:7-14, 75:4-18; D.E. 146-1 at ¶ 6; D.E. 146-3 at ¶ 6.

24. KTIC does not operate out of or use KaiJet US's offices. D.E. 146-3 at ¶ 8; D.E. 146-1 at ¶ 9.

25. KaiJet US is not a subsidiary of KTIC and KTIC does not have the ability to control the operations of KaiJet US. D.E. 146-3 at ¶ 6; D.E. 146-1 at ¶¶ 6-10; D.E. 160-5 at ¶¶ 4-5; D.E. 160-4 at ¶ 7.

26. KTIC and KaiJet US have no owners in common. Jessica Liu, an owner and the CEO of KaiJet US, has not had an ownership stake in KTIC since 2014. D.E. 146-3 at ¶ 5; Ex. 3 (KTIC 30(b)(6) Dep.), 28:15-29:3; D.E. 146-2 at ¶ 4; D.E. 146-2 at ¶ 4; Ex. 4 (Liu Dep.), 48:9-17; D.E. 160-5 at ¶ 5.

27. Decisions regarding KTIC operations are made by Ms. Tai. Ex. 3 (KTIC 30(b)(6) Dep.), 30:17-31:6.

28. Decisions regarding KaiJet US's operations are made by KaiJet US employees. D.E. 146-1 at ¶¶ 6, 8; D.E. 146-3 at ¶¶ 5-6.

29. KTIC and KaiJet US do not commingle any funds. They do not have any shared bank accounts or commonly owned assets. Tai Dec. at ¶ 6.

30. When products are purchased by KaiJet US, KTIC issues an invoice and KaiJet US transmits payment, no differently than any of KTIC's other distributors. *Id*.

31. KaiJet US files its own annual report with the Georgia Secretary of State, independently of KTIC. D.E. 146-1 at ¶ 10; Ex. 22 (KAIJET_003426, KAIJET3444-49).

32. Sanho has provided no evidence that KTIC and KaiJet US are "the same company," except for a single letter sent by an employee of the FCC in regard to a FOIA request from Sanho's counsel. There is no history of agency action or factfinding by the FCC. D.E. 168-1.

## III. ACCUSED PACKAGING

33. After receiving the JCD382 product design from a third-party manufacturer, KTIC designed the packaging for the product:



("Accused Packaging"). Ex. 3 (KTIC 30(b)(6) Dep.), 77:17-79:25; Ex. 13 (KAIJET_007966-71); Ex. 4 (Liu Dep.), 38:2-6.

34. KaiJet US had no involvement in the design of the Accused Packaging beyond proofreading language on the backside of the packaging. Ex. 2 (KaiJet US 30(b)(6) Dep.), 148:24-149:17.

35. A first draft of the packaging design was completed on September 14, 2017, and the Accused Packaging was finalized on September 18, 2017. Ex. 14 (KAIJET_007923-24); Ex. 13 (KAIJET_007966-71).

36. KTIC used its standard style and representative colors on the Accused Packaging. Ex. 3 (KTIC 30(b)(6) Dep.), 78:4-11.

37. No other companies' packaging, including any Sanho packaging, was considered when the Accused Packaging was created. Ex. 3 (KTIC 30(b)(6) Dep.), 80:1-13; Ex. 2 (KaiJet US 30(b)(6) Dep.), 149:18-23.

## IV. COPYRIGHT CLAIM

38. Sanho alleges that the Accused Packaging infringes its copyright registration for "Retail Packaging of Hyperdrive TB3 USB-C Hub for MacBook Pro (Model:GN28B)," (the "Copyrighted Packaging") reproduced below:




("Copyrighted Packaging"). TAC at ¶¶ 82-93; D.E. 89-2.

39. Sanho never advertised its product online with the Copyrighted Packaging aside from a single comment on its Kickstarter campaign. Ex. 5 (Sanho 30(b)(6) Dep.) at 137:5-138:22; 138:24-139:20; Ex. 18 (Kickstarter).

40. There is no evidence that anyone at KTIC ever accessed the Sanho's Kickstarter campaign or viewed the comment containing photos of the Copyrighted Packaging. Gentes Dec. at ¶ 25.

41. Other than the Kickstarter comment, the only way one could view the Copyrighted Packaging was in retail stores or after purchasing the product. Ex. 5 (Sanho 30(b)(6) Dep.) at 137:5-20; 138:24-139:20; Ex. 18 (Kickstarter).

42. There is no evidence that KTIC viewed the Copyrighted Packaging in a retail store, and it is unlikely given that Sanho did not sell the product with the Copyrighted Packaging in Taiwan. Gentes Dec. at ¶ 25.

43. There is no evidence that KaiJet US viewed the Copyrighted Packaging and conveyed it to KTIC. Gentes Dec. at ¶ 25.

44. KaiJet US did not become aware of Sanho or its products until the summer of 2017. Ex. 2 (Kaijet US 30(b)(6) Dep.), 151:10-16; Ex. 15 (KAIJET4216); Akins Dec. at ¶ 3.

45. By the summer of 2017, Sanho had stopped using the Copyrighted Packaging and began using a new packaging design. Ex. 5 (Sanho 30(b)(6) Dep.), 112:24-113:9.

46. Exhibit B to Sanho's November 2017 cease-and-desist letter shows the Accused Packaging beside Sanho's packaging design which replaced the Copyrighted Packaging. Ex. 16 (KAIJET_015131).

47. There is no evidence that KaiJet US conveyed any Sanho packaging design to KTIC prior to completion of the Accused Packaging design. Gentes Dec. at ¶ 25.

48. There are at least 180 differences between Sanho's Copyright Registration and the Accused Packaging. These differences include the color, font, wording, and layout. Ex. 19 (Sarabia Rpt.) at 9-10, Exs. 20-21 (Sarabia Rpt. Exs. D-E).

## V. LANHAM ACT CLAIMS

49. Sanho alleges that the JCD382 packaging that displayed an "8-in-1" label "misrepresents the nature, characteristics, and qualities of the JCD382 device as having . . . 8 port modules, despite the fact that there are only 7 on the JCD382 device." Second Action FAC, at ¶ 46.

50. The "8-in-1" label on a version of the JCD382 packaging counts the number of functions of the JCD382, not the number of ports. The eight functions are numbered on the back of the packaging:




## EN

- Supports a Thunderbolt™ 3 display up to 5K @ 60 Hz or dual 4K @ 60 Hz, 40 Gbps data and max 100W power delivery
- USB-C™ 3.1 Gen 1 downstream 5 Gbps data transfer
- HDMI™ resolution up to 4K @ 30 Hz
- USB™ 3.1 Gen 1 Type-A SuperSpeed backwards compatible with USB™ 2.0
- USB™ 3.0 Card reader/writer slots for external memory cards up to 2 TB

**System Requirements**

- MacBook Pro® 2016/ 2017/ 2018 13-inch or 15-inch/MacBook Air® 2018

## FR

- Soutient l'affichage Thunderbolt™ 3 affichez jusqu'à 5K @ 60 Hz ou double 4K @ 60 Hz, 40 Gbps de données et une alimentation maximale de 100W
- Transfert de données USB-C™ 3.1 Gen 1 en aval de 5 Gbps
- Résolution HDMI™ jusqu'à 4K @ 30 Hz
- USB™ 3.1 Gen 1 Type A SuperSpeed retrograde avec USB™ 2.0
- Lecteur de cartes USB™ 3.0 pour carte de memoire externe jusqu'à 2 TB

**Environnement requis**

- MacBook Pro® 2016/ 2017/ 2018 13 pouces ou 15 pouces / MacBook Air® 2018

## DE

- Unterstützt Thunderbolt™ 3 Display bis zu 5K bei 60 Hz oder Dual 4K bei 60 Hz, 40 Gbps Daten und max 100W Stromversorgung
- USB-C™ 3.1 Gen 1 Downstream 5 Gb ps Datenübertragung
- HDMI™-Auflösung bis zu 4K bei 30 Hz
- USB™ 3.1 Gen 1 Typ-A SuperSpeed rückwärtskompatibel mit USB™ 2.0
- USB™ 3.0 Kartenleser/schreiber Steckplätze für externen Speicherkarte bis zu 2 TB

**Systemvoraussetzungen**

- MacBook Pro® 2016/ 2017/ 2018 13-Zoll oder 15-Zoll / MacBook Air® 2018

## ES

- Compatible con puerto Thunderbolt™ 3 transmite hasta 5K @ 60 Hz o de manera simultánea 4K @ 60 Hz, transferencia rápida de datos de hasta 40 Gbps entrega de potencia maxima 100W
- Conector USB-C™ 3.1 Gen 1 con conexión decendiente y velocidad de transferencia de 5 Gbps
- Resolución HDMI™ de hasta 4K @ 30 Hz
- Conector USB™ 3.1 Gen 1 Type -A suministro de potencia y transmisión de datos de alta velocidad compatibilidad regresiva con puertos USB™ 2.0
- USB™ 3.0 lector de tarjetas lector / grabador de tarjetas de memoria para memoria externa tarjeta de hasta 2 TB

**Requisitos del Sistema**

- MacBook Pro® 2016/ 2017/ 2018 de 13 pulgadas o 15 pulgadas / MacBook Air® 2018

MacBook Pro is a trademark (or registered trademark) of Apple Inc., registered in the U.S. and other countries. Thunderbolt is a trademark (or registered trademark) of Intel Corporation, in the U.S. and other countries. HDMI is a trademark (or registered trademark) of HDMI Licensing Administrator, Inc., registered in the U.S. and other countries. USB and USB Type-C are trademarks (or registered trademarks) of USB Implementers Forum, Inc., in the U.S. and other countries. Other trademarks and trade names may be used in this document to refer to either the entities claiming the marks and/or names or their products and are the property of their respective owners. All company, product and service names used are for identification purposes only. Use of these names, logos, and brands does not imply endorsement. We disclaim any interest in the marks of others.

EN Package Contents
FR Contenu de l'emballage
DE Packungsinhalt
ES Contenido del paquete








Ex. 17 (KAIJET_023195); Ex. 3 (KTIC 30(b)(6) Dep.), 80:11-81:2; Ex. 4 (Liu Dep.), 120:15-121:4; Ex. 6 (Akins Dep.) 120:22-121:2.

51. Sanho has not presented any survey evidence, expert testimony, or a single instance of consumer deception related to the "8-in-1" label on the JCD382 packaging. Gentes Dec. at ¶ 27.

52. Sanho did not provide any expert report or analysis regarding its allegations of trademark infringement against KTIC. Sanho has not provided evidence that KTIC's actions in Taiwan have a substantial effect on U.S. commerce. Gentes Dec. at ¶ 26.

Respectfully submitted, this 31st day of January, 2024.

/s/ *Ryan P. Gentes*
Ryan P. Gentes
GA Bar No. 421695
Robert A. Madayag, III
GA Bar No. 123699
William B. Dyer III
GA Bar No. 236915
LEE & HAYES, P.C.
75 14th Street NE, Suite 2500
Atlanta, GA 30309
Telephone: (404) 815-1900
Email: ryan.gentes@leehayes.com
Email: robm@leehayes.com
Email: bill.dyer@leehayes.com

Robert J. Carlson
WSBA Number 18455
*Admitted Pro Hac Vice*
LEE & HAYES, P.C.
701 Pike Street, Ste. 1600

Seattle, WA 98101
Telephone: (206) 315-4001
Email: carlson@leehayes.com

Rhett V. Barney
WSBA Number 44764
*Admitted Pro Hac Vice*
Johanna Tomlinson
WSBA Number 57582
*Admitted Pro Hac Vice*
LEE & HAYES, P.C.
601 W. Riverside Ave., Ste. 1400
Spokane, WA 99201
Telephone: (509) 324-9256
Email: rhettb@leehayes.com
johanna.tomlinson@leehayes.com

*Attorneys for Defendants KaiJet Technology International Limited, Inc. and KaiJet Technology International Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2024, I filed a true and correct copy of the foregoing document with the CM/ECF filing system of this Court, which will serve an electronic copy to all attorneys of record.

/s/ *Ryan P. Gentes*

Ryan P. Gentes (GA Bar No. 421695)
LEE & HAYES, P.C.
75 14th Street NE, Suite 2500
Atlanta, GA 30309
Telephone: (404) 815-1900
Email: ryan.gentes@leehayes.com

*Attorney for Defendants KaiJet Technology International Limited, Inc. and KaiJet Technology International Corporation*