UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SANHO CORPORATION, | Case No. 1:18-cv-05385-SDG |
| Plaintiff, | |
| v. | |
| KAIJET TECHNOLOGY INTERNATIONAL LIMITED, INC., dba "j5create;" and DOES 1-100, | |
| Defendants, | |
| SANHO CORPORATION, | Consolidated with Case No. 1:20-cv-02150-TCB |
| Plaintiff, | |
| v. | **PUBLIC - REDACTED VERSION** |
| KAIJET TECHNOLOGY INTERNATIONAL LIMITED, INC.; KAIJET TECHNOLOGY INTERNATIONAL CORPORATION; MAGIC CONTROL TECHNOLOGY; STARVIEW GLOBAL LIMITED, each doing business as "J5Create;" and DOES 1-10, | |
| Defendants. | |

**DEFENDANT KAIJET TECHNOLOGY INTERNATIONAL
CORPORATION'S REPLY IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**

# TABLE OF CONTENTS

I.    Sanho's assertions merit Extreme ScrutIny...................................................1

II.   KTIC and KaiJet US Are Not the Same Company .....................................2

   A. The FCC Letter is Inadmissible.....................................................................3

   B. CES documents do not create a fact issue. ....................................................4

III.  The Court Should Grant KTIC's Summary Judgment Motion ...................5

   A. No Dispute of Material Fact Regarding KTIC's Extraterritoriality
      Defenses.........................................................................................................5

   B. No Dispute of Material Fact Regarding Copyright Infringement ...............6

      1.  Sanho Does Not Raise a Genuine Dispute of Fact Regarding
         Access ...............................................................................................6

      2.  This Court May Grant Summary Judgment as to Substantial
         Similarity .........................................................................................8

      3.  Sanho Does Not Raise a Genuine Dispute of Fact Regarding Lack
         of Substantial Similarity .................................................................9

   C. No Dispute of Material Fact Regarding Sanho's False Advertising
      Claim.............................................................................................................12

   D. Sanho's Pleadings Did Not Assert Indirect Patent Infringement................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Screenworks, LLC v. Mosher*,
No. 2:19-cv-758-FtM-29MRM, 2020 U.S. Dist. LEXIS 2767
(M.D. Fla. Jan. 8, 2020) ................................................................... 15

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) .......................................................................... 1

*Baby Buddies, Inc. v. Toys "R" Us, Inc.*,
611 F.3d 1308 (11th Cir. 2010) ........................................................ 9

*Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*,
904 F. Supp. 2d 1260 (M.D. Fla. 2012) ........................................... 15

*Feuer-Goldstein, Inc. v. Michael Hill Franchise Pty. Ltd.*,
No. 16-cv-9987 (PKC), 2019 U.S. Dist. LEXIS 51980 (S.D.N.Y.
Mar. 27, 2019) .................................................................................. 8

*Goodman v. Kimbrough*,
718 F.3d 1325 (11th Cir.) ................................................................. 1

*Herzog v. Castle Rock Entm't*,
193 F.3d 1241 (11th Cir. 1999) (per curiam) .................................... 9

*Int'l Café, S.A.L. v. Hard Rock Cafe Int'l (U.S.A.), Inc.*,
252 F.3d 1274 (11th Cir. 2001) ........................................................ 6

*Intervest Constr., Inc. v. Canterbury Estate Homes, Inc.*,
554 F.3d 914 (11th Cir. 2008) .......................................................... 9

*McMillian v. Johnson*,
88 F.3d 1573 (11th Cir. 1996) .......................................................... 2

*Oravec v. Sunny Isles Luxury Ventures, L.C.*,
527 F.3d 1218 (11th Cir. 2008) ........................................................ 8

*Orlando Commc'ns LLC v. LG Elecs., Inc.*,
    No. 6:14-cv-1017-Orl-22KRS, 2015 U.S. Dist. LEXIS 33845
    (M.D. Fla. Mar. 16, 2015).......................................................................14

*Pritchard v. Southern Co. Servs.*,
    92 F.3d 1130 (11th Cir. 1996) ..............................................................2

*Ross v. Apple, Inc.*,
    741 F. App'x 733 (11th Cir. 2018)........................................................8

*Swinford v. 360 Booth Inc.*,
    No. 8:21-cv-2993-MSS-JSS, 2022 U.S. Dist. LEXIS 210785
    (M.D. Fla. Nov. 21, 2022) ....................................................................15

## Other Authorities

Fed. R. Evid. 803(8).........................................................................................3

Fed. R. Evid. 902(1)-(2)..................................................................................3

U.S. Copyright Office, Compendium of U.S. Copyright Office
    Practices § 313.3(E) (3d ed. 2021) ......................................................10

U.S. Copyright Office, Compendium of U.S. Copyright Office
    Practices § 313.4(C) (3d ed. 2021)§ 313.4(C)....................................11

U.S. Copyright Office, Compendium of U.S. Copyright Office
    Practices § 313.4(E) (3d ed. 2021) ......................................................10

**TABLE OF ABBREVIATIONS**

| FULL NAME | ABBREVIATION |
|---|---|
| U.S. Design Patent No. D807,290 | '290 Patent |
| U.S. [Utility] Patent No. 10,572,429 | '429 Patent |
| U.S. Design Patent No. D844,618 | '618 Patent |
| Original Packaging for JCD382 Product | Accused Packaging |
| Copyright Reg. No. VA 2-103-336 | Copyrighted Registration or Copyrighted Packaging |
| "Eighth Counterclaim for Relief" in Answer to Sanho's Third Amended Complaint (D.E. 115) | False Advertising Counterclaim |
| "Count Three" in Answer to Sanho's Second Action First Amended Complaint (D.E. 422) | False Marking Counterclaim |
| *Sanho Corp. v. KaiJet Technology Int'l Ltd.*, No. 1:18-cv-05385 (N.D. Ga.) | First Action |
| Defendants KaiJet Technology International Corporation and KaiJet Technology International Limited, Inc, collectively | KaiJet or Defendants |
| Defendant KaiJet Technology International Limited, Inc. | KaiJet US |
| Transcript and exhibits to the July 14, 2022 deposition of KaiJet Technology International Limited, Inc. | KaiJet US 30(b)(6) |
| Transcript and exhibits to the June 30, 2022 deposition of KaiJet Technology International Corporation | KTIC 30(b)(6) |
| Defendant KaiJet Technology International Corporation | KTIC or KaiJet Taiwan |
| Transcript and exhibits to the May 26, 2020 deposition of Jessica Liu | Liu Depo |

| FULL NAME | ABBREVIATION |
|---|---|
| Patent Trial and Appeal Board | PTAB |
| Red Points Solutions S.L. | Red Points |
| Plaintiff Sanho Corporation | Sanho |
| *Sanho Corp. v. KaiJet Technology Int'l Ltd.*, No. 1:20-cv-02150 (N.D. Ga.) | Second Action |
| Complaint, D.E. 204, filed May 19, 2020 | Second Action Complaint |
| First Amended Complaint, D.E. 418, filed Dec. 19, 2023 | Second Action FAC |
| KaiJet Technology International Corporation's Reply to Sanho's L.R. 56.1 Counterstatement of Material Facts Warranting Trial in Response to KaiJet Technology International Corporation's Motion for Summary Judgment (D.E. 446) | SUF Reply |
| Third Amended Complaint, D.E. 89, filed Nov. 14, 2019 | TAC or First Action TAC |

To defeat KTIC's motion for summary judgment, Sanho "must adduce specific evidence from which a jury could reasonably find in its favor."[1] "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."[2] Here, Sanho has presented no credible evidence that creates a genuine issue of material fact. Sanho attempts to paint a narrative that suits its needs. But its story is not supported by the evidence when properly read in full context and should be ignored.

## I.    SANHO'S ASSERTIONS MERIT EXTREME SCRUTINY

Sanho's Counterstatement of Material Facts misrepresents evidence and includes statements that are demonstrably false. In an egregious example, ████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████

---

[1] *Goodman v. Kimbrough*, 718 F.3d 1325, 1332 (11th Cir.)
[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).
[3] D.E. 460-1 at 14; SUF Reply at ¶ 54.
[4] SUF Reply at ¶ 54.



"[6]

These are only a few examples, but they illustrate Sanho's proclivity for misrepresenting evidence; its statements of "fact" merit careful scrutiny.

## II.   KTIC AND KAIJET US ARE NOT THE SAME COMPANY

Much of Sanho's argument rests on Sanho's patently false contention that KTIC and KaiJet US are "the same company."[7] Sanho cites no factual evidence to support this supposition. Instead, Sanho tries to manufacture an agency relationship that does not exist relying on hearsay documents from the FCC, a process server, and the Consumer Electronics Show.[8]

Eleventh Circuit authority makes clear that an unverifiable hearsay statement cannot be relied on to show the existence of a material dispute of fact.[9] In this case, just as in *Pritchard*, Sanho is attempting to defeat summary judgment with out-of-

---

[5] *See* SUF Reply at ¶ 60.

[6] *Id.*

[7] *E.g.* D.E. 460-1 at 2-8.

[8] *Id.*

[9] *Pritchard v. Southern Co. Servs.*, 92 F.3d 1130, 1135 (11th Cir. 1996) (citing *McMillian v. Johnson*, 88 F.3d 1573 (11th Cir. 1996)) (Plaintiff "cannot use inadmissible hearsay to defeat summary judgment when that hearsay will not be reducible to admissible form at trial.")

court statements that lack foundation and cannot be reduced to admissible testimony at trial.

## A. The FCC Letter is Inadmissible

Sanho blithely asserts that the statement an FCC employee made in a letter "is excepted from the rule against hearsay as a public record under Federal Rule of Evidence 803(8).[10]" Sanho has done nothing to authenticate the document, which is not self-authenticating because it is not a public document under seal, nor is it certified.[11] Absent authentication, the letter cannot be admitted.

Moreover, the letter does not meet the strict requirements for exception from hearsay. Rule 803(8) excepts "a record or statement of a public office if" it sets out office activities, a matter observed while under a legal duty to report, or the findings from a legally authorized investigation, but only if there are no circumstances to indicate a lack of trustworthiness. Sanho has done nothing to show that this offhand statement from an FCC employee constitutes the finding of an investigation; it would be absurd to suggest that the FCC is tasked with analyzing whether two corporations (KaiJet US and KTIC) are the same company. Nor is there any indication that the agency has any duty to report corporate relationships. Sanho has done nothing more than show a letter from an FCC employee who has no knowledge of the business of

---

[10] D.E. 460-1 at 4.
[11] Fed. R. Evid. 902(1)-(2).

either KTIC or KaiJet US and who incorrectly concluded that these entities were the same company because they once had similar names.[12] This mistaken conclusion is completely at odds with the sworn testimony of those who actually know the nature of these corporations, making the FCC employee's statement untrustworthy. Indeed, the circumstances of Sanho's communication regarding the FOIA request with the person at the FCC suggest that Sanho, through its counsel, likely pointed the FCC worker toward that inaccurate conclusion.[13] This statement is not exempt from exclusion as hearsay.

**B. CES documents do not create a fact issue.**

Sanho's reliance on documents produced by CES is similarly inapposite.[14] Having a common email domain name is not evidence of a corporate alter ego.

Sanho's false assertions are directly contradicted by the testimony of those who know the facts. █████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████    ████████████

---

[12] SUF Reply at ¶ 8.
[13] SUF Reply at ¶ 8.
[14] *See* D.E. 460-1 at 5.
[15] SUF Reply at ¶¶ 3-4, 8, 15, 19, 24, 32, and 35.

████████████████████████████████S████████████ ██ ██

███████████████████████████████████████████████████ ■ At

this stage in the litigation, with discovery closed, the only admissible evidence

establishes without question that KTIC and KaiJet US are separate companies, with

no common ownership, no common management, and neither company has the

authority to direct or control the other. Sanho's baseless contention is evidence only

of Sanho's desperation. Because it is not supported by evidence admissible at trial,

Sanho has failed to show a genuine dispute of material fact as to this issue.

## III.    THE COURT SHOULD GRANT KTIC'S SUMMARY JUDGMENT MOTION

### A. No Dispute of Material Fact Regarding KTIC's Extraterritoriality Defenses

Sanho falsely asserts that KTIC declared to the USPTO "that it is engaged in

commerce in the United States," solely because (as required by trademark rules)

KTIC filed a statement of use showing that its trademarks "j5create" and

"UltradriveMinidock" are used in United States commerce.[18]

Remarkably, Sanho then goes on to claim "[o]ther than importation and sales

of UltraDrive into the U.S., there is no way for KaiJet's Taiwan's sworn statements

---

[16] SUF Reply at ¶ 3-4, 8.
[17] SUF Reply at ¶¶ 3-4.
[18] D.E. 460-1 at 4; *see* SUF Reply at ¶ 9.

to the USPTO to be true."[19] But nothing in the Lanham Act or the Trademark Rules requires that KTIC be the importer or seller in the United States; instead, the marks can be used in U.S. commerce by virtue of the importation into the U.S. by KaiJet U.S., and U.S. sales, of products bearing these trademarks.[20]

A foreign entity's mere ownership of U.S. intellectual property rights is not a factor in determining the extraterritorial application of the Lanham Act.[21] Sanho's circular argument does not establish a genuine issue of material fact as to whether KTIC's activities outside the United States subject KTIC to extraterritorial application of U.S. law, whether as to claims of copyright, trademark, or patent.

**B. No Dispute of Material Fact Regarding Copyright Infringement**

**1. Sanho Does Not Raise a Genuine Dispute of Fact Regarding Access**

First, contrary to Sanho's argument, it is not reasonable to conclude there was access to Sanho's copyright packaging via Best Buy stores or at bestbuy.com. ████

███████████████████████████████████████████████

██████████████████████████████████ ████████████

---

[19] D.E. 460-1 at 20.

[20] SUF Reply at ¶ 9.

[21] *Int'l Café, S.A.L. v. Hard Rock Cafe Int'l (U.S.A.), Inc.*, 252 F.3d 1274, 1278 (11th Cir. 2001) (Factors to be considered are whether Defendant is a United States corporation; whether the foreign activity had substantial effects in the United States; and whether exercising jurisdiction would interfere with the sovereignty of another nation).

[22] D.E. 461-1 at ¶ 39.

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██ █████

Next, Sanho relies on e-mails from Ms. Liu and Mr. Akins, but these do not

support an inference of access. ██████████████████████████

████████████████████████████ ███████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██ ███

Finally, Sanho alleges that the Copyrighted Packaging was displayed at the

CES conference in January 2017, but cannot corroborate that with supporting

evidence.[26] Photos and videos of the Hyperdrive display at CES 2017 do not show

the Copyrighted Packaging displayed.[27] Even if Sanho did display the Copyrighted

---

[23] SUF Reply at ¶ 54.
[24] SUF Reply at ¶ 63.
[25] D.E. 461-1 at ¶ 35.
[26] D.E. 460-1 at 22.
[27] SUF Reply at ¶ 53.

Packaging somewhere at CES 2017, that does not impute access to the designers of the Accused Packaging. ███████████████████████████████

████████████████████████████████████████████

███    ████████████████████████████████████████

████████████████████████████. Courts have found that merely showing that an employee of a Defendant was at the same trade show where a copyrighted work is displayed is insufficient to prove access.[29] Sanho's allegations regarding CES 2017 do not rise above the insufficient level of speculation, conjecture, and "bare possibility."[30] There is no genuine dispute of fact that Kaijet Taiwan did not have access to the Accused Packaging.

### 2. This Court May Grant Summary Judgment as to Substantial Similarity

"'[N]on-infringement may be determined as a matter of law on a motion for summary judgment, either because the similarity between two works concerns only non-copyrightable elements of the plaintiff's work, or because no reasonable jury, properly instructed, could find that the two works are substantially similar.'"[31] "In

---

[28] *See* SUF Reply at ¶ 41.
[29] *Feuer-Goldstein, Inc. v. Michael Hill Franchise Pty. Ltd.*, No. 16-cv-9987 (PKC), 2019 U.S. Dist. LEXIS 51980, at *16-17 (S.D.N.Y. Mar. 27, 2019).
[30] *Ross v. Apple, Inc.*, 741 F. App'x 733, 737 (11th Cir. 2018) ("To establish access to the copyrighted work, the plaintiff must show that the defendant had a reasonable possibility of viewing it — speculation, conjecture or 'bare possibility' are not sufficient").
[31] *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1223 (11th Cir. 2008)

many copyright infringement cases … once the court separates out the protectable elements of a work, it can become clear that no reasonable jury could find the defendant's work infringing."[32]

Here, any alleged similarity between Sanho's copyrighted packaging and KTIC's packaging involves only non-copyrightable elements, and no reasonable juror could find the minimally protectable elements of the two works substantially similar. It is proper for this court to grant summary judgment in this matter.

### 3. Sanho Does Not Raise a Genuine Dispute of Fact Regarding Lack of Substantial Similarity

Sanho contends there are protectable elements in the Sanho Copyrighted Packaging.[33] KTIC agrees, but these minimal protectable elements are not substantially similar to KTIC's Accused Packaging.

Sanho contends the shape and alignment of the window cutout, and the location of descriptive wording on the two packages, constitute substantial similarities.[34] None of these elements are protectable under copyright law.

First, Sanho's window cutout—in the shape of its USB-C device—is not

---

(quoting *Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1247 (11th Cir. 1999) (per curiam)); *see also Intervest Constr., Inc. v. Canterbury Estate Homes, Inc.*, 554 F.3d 914, 919-21 (11th Cir. 2008) (explaining that summary judgment is appropriate in copyright infringement cases in which there are no disputes as to the material facts relating to the protected expression).

[32] *Baby Buddies, Inc. v. Toys "R" Us, Inc.*, 611 F.3d 1308, 1314 (11th Cir. 2010).

[33] D.E. 460-1 at 24.

[34] D.E. 460-1 at 24-25; D.E. 459-8 at ¶ 38.

eligible for copyright protection. The window cutout merely serves the functional purpose of allowing consumers to view the product. There is no copyright protection in the universally used idea of cutting out a window in the shape of a product, nor for the general placement of a window on the packaging.[35]

Even if the design of the window was eligible for minimal copyright protection, the works are not substantially similar. A reasonable jury would observe the Accused Packaging's window is not only a different shape but is also significantly wider and shorter than that of the Copyrighted Packaging.[36] Additional differences are detailed in Mr. Sarabia's expert report, which Sanho does not rebut.[37] No properly instructed juror would find the windows substantially similar.

Next, the alignment of the windows to the left edge of a 2016 MacBook Pro, as well as the general placement and image of the MacBook Pro, is not eligible for copyright protection.[38] The law is clear: Sanho cannot monopolize the general format or layout of its copyrighted packaging.[39] Furthermore, the photo of the MacBook Pro with Sanho's product serves the functional purpose of showing consumers how Sanho's product is displayed, as well as explaining the different

---

[35] *See* U.S. Copyright Office, Compendium of U.S. Copyright Office Practices § 313.3(E) (3d ed. 2021).
[36] SUF Reply at ¶ 58.
[37] SUF Reply at ¶¶ 58-59.
[38] To save page-space, and for the Court's convenience, Sanho's contentions (b) and (c) will be discussed together.
[39] Compendium § 313.4(E).

ports contained in Sanho's product.

But again, even if alignment of the window and the photo of the MacBook Pro had some minimal protection, the works are not substantially similar. The computers are different sizes and colors.[40] The respective products are positioned differently relative to the windows.[41] Additional differences are described in detail in Mr. Sarabia's expert report.[42] No properly instructed juror would find the alignment, the computer photos, or the photos themselves, substantially similar.

It is not disputed that Sanho cannot copyright the general placement of HYPERDRIVE, nor the word HYPERDRIVE itself,[43] no properly instructed juror would find the placement of HYPER ++ DRIVE and J5create ULTRADRIVE substantially similar. Sanho uses different fonts, different words, and different placement, just to name a few differences.[44] Additional differences are described in detail in Mr. Sarabia's expert report.[45] Sanho failed to raise a genuine issue of material fact regarding substantial similarity of the front of its packaging.

Regarding the informational callouts on the front and reverse side of its packaging, Sanho again tries to generally claim copyright protection in the general

---

[40] SUF Reply at ¶ 58.
[41] *Id.*
[42] D.E. 446-22.
[43] Compendium § 313.4(C).
[44] SUF Reply at ¶ 58.
[45] SUF Reply at ¶¶ 58-59.

format or layout, words and short phrases, and basic information. These are unprotectable functional aspects: factual information, a photo of a computer, and how the product connects to the computer.[46]

No reasonable juror would find KTIC's packaging substantially similar. As outlined in detail in Mr. Sarabia's expert report, there are numerous differences between the reverse sides of the parties' packaging, including color, font, size, and placement, to name a few.[47]

Sanho admits the cases cited by KTIC in its opening brief would be analogous to the instant case if Sanho were alleging the HyperDrive and UltraDrive packaging were similar merely because each is a box with numbers and letters thereon.[48] But that is precisely what Sanho is alleging. Sanho cannot obtain a monopoly on a basic box with a window, the product name, and informational callouts.

No properly instructed juror would find KTIC's packaging is "substantially similar" to the minimally protectable elements in Sanho's copyrighted packaging. Sanho fails to raise a genuine issue of material fact to defeat summary judgment.

## C. No Dispute of Material Fact Regarding Sanho's False Advertising Claim

Sanho did not substantively respond to KTIC's Motion to Dismiss its False Advertising Claim in its Response, but instead referred the Court to the Response to

---

[46] *See* D.E. 446-1 (KTIC Memo ISO MSJ) at 24-32.
[47] SUF Reply at ¶ 59.
[48] D.E. 460-1 at 21.

Defendant Star View's Motion for Summary Judgment.[49] In that Response, Sanho cites paragraphs 38-40 of its respective Counterstatement of Material Facts.[50] Those paragraphs are identical to paragraphs 60-62 of the Counterstatement of Material Facts attached to this Response.[51] As such, KTIC has not separately responded to Sanho's Counterstatement of Material Facts for the Starview Motion.

Sanho has not shown that the "8-in-1" indicator on the JCD382 packaging is literally false. Sanho does not dispute that the JCD382 in fact has 8 different functions which are numbered on the back of the packaging at issue.[52] Therefore, at most, Sanho can only allege that the "8-in-1" designation is misleading. But the evidence cited by Sanho does not even support that allegation.



[54] Sanho next asserts that an automated Amazon advertising email

---

[49] D.E. 460-1 at 32.
[50] *See* D.E. 479-1 (Sanho Opp to Starview) at 21-24; D.E. 481-1 (Sanho Counterstatement to Starview MSJ SUF) at ¶¶ 38-40.
[51] *Compare* D.E. 481-1 (Sanho Counterstatement to Starview MSJ SUF) at ¶¶ 38-40 *with* D.E. 462-1 (Sanho Counterstatement to KTIC MSJ SUF) at ¶¶ 60-62.
[52] *See* D.E. 479-1 (Sanho Opp to Starview) at 21-24.
[53] *See* D.E. 479-1 (Sanho Opp to Starview) at 22-23; SUF Reply at ¶ 60; *see* D.E. 479-22 (Ex. 26 to Sanho Opp to Starview (KAIJET_026899-914)) at 6.
[54] SUF Reply at ¶ 60.

is "market research" when it is clear the email came from Amazon and there was no

evidence it was ever read.[55] ████████████████████████████████████

██████████████████████████████████████ ███████████████████

██████████████████████████████████████████████████████████

███████ █████████████████████████████████████████████████

██████████████████████████████████ █ █████████████████████

████████████████████████████████████████████

## D. Sanho's Pleadings Did Not Assert Indirect Patent Infringement

While Sanho accuses KTIC of making a "*post hoc* motion to dismiss," it does

not point to any portion of any of its Complaints where is pled **indirect** infringement

of the Asserted Patents.[59] Defendants never needed to file a motion to dismiss

Sanho's indirect infringement claims because they never existed.[60] It is undisputed

that Sanho only made one, **direct** infringement claim for each Asserted Patent.[61]

Eleventh Circuit precedent holds that lumping direct and indirect infringement

theories together is an impermissible shotgun pleading.[62] And Sanho never asserted

---

[55] *Id.*

[56] *Id.*

[57] *Id.*

[58] D.E. 461-1 at ¶ 50;  SUF Reply at ¶ 64.

[59] D.E. 460-1 at 27-29.

[60] TAC at ¶¶ 55-64; Second Action FAC at ¶¶ 27-44.

[61] *Id.*

[62] *Orlando Commc'ns LLC v. LG Elecs., Inc.*, No. 6:14-cv-1017-Orl-22KRS, 2015 U.S. Dist. LEXIS 33845, at *27-28 (M.D. Fla. Mar. 16, 2015) ("If post-suit

indirect infringement in any of its contentions required by the local patent rules.[63]

Sanho's Response is the first time it asserts a theory of indirect patent infringement.

Additionally, while Sanho alleges it provided "actual notice to KaiJet of its

infringement" with its complaints, there are no allegations that Defendants had **pre-suit knowledge** of the Asserted Patents or the infringement allegations. Pre-suit

knowledge is required for a claim of indirect infringement.[64] Because Sanho cites to

nothing in its pleadings to show pre-suit knowledge of the asserted patents, Sanho

has not properly pled and cannot make a case for indirect infringement.

Respectfully submitted, this 21st day of February, 2024.

/s/ *Ryan P. Gentes*
Ryan P. Gentes
GA Bar No. 421695
Robert A. Madayag, III
GA Bar No. 123699
William B. Dyer III
GA Bar No. 236915
LEE & HAYES, P.C.
75 14th Street NE, Suite 2500
Atlanta, GA 30309
Telephone: (404) 815-1900

---

notification were permissible, then the knowledge / willful blindness requirement
would be meaningless – **of course** alleged infringers have actual knowledge of the
patent(s) at issue once they have received the complaint") (citation omitted)
(emphasis in original); *see also Brandywine Commc'ns Techs., LLC v. T-Mobile
USA, Inc.*, 904 F. Supp. 2d 1260, 1265-66 (M.D. Fla. 2012); *Advanced Screenworks,
LLC v. Mosher*, No. 2:19-cv-758-FtM-29MRM, 2020 U.S. Dist. LEXIS 2767, at *2-
3 (M.D. Fla. Jan. 8, 2020); *Swinford v. 360 Booth Inc.*, No. 8:21-cv-2993-MSS-JSS,
2022 U.S. Dist. LEXIS 210785, at *4 (M.D. Fla. Nov. 21, 2022).
[63] SUF Reply at ¶ 63.
[64] *See* D.E. 446-1 at 29-30.

Email: ryan.gentes@leehayes.com
Email: robm@leehayes.com
Email: bill.dyer@leehayes.com

Robert J. Carlson
WSBA Number 18455
*Admitted Pro Hac Vice*
LEE & HAYES, P.C.
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001
Email: carlson@leehayes.com

Rhett V. Barney
WSBA Number 44764
*Admitted Pro Hac Vice*
Johanna Tomlinson
WSBA Number 57582
*Admitted Pro Hac Vice*
LEE & HAYES, P.C.
601 W. Riverside Ave., Ste. 1400
Spokane, WA 99201
Telephone: (509) 324-9256
Email: rhettb@leehayes.com
johanna.tomlinson@leehayes.com

*Attorneys for Defendants*
*KaiJet Technology International*
*Limited, Inc. and KaiJet Technology*
*International Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2024, I filed a true and correct copy of the foregoing document with the CM/ECF filing system of this Court, which will serve an electronic copy to all attorneys of record.

/s/ *Ryan P. Gentes*

Ryan P. Gentes (GA Bar No. 421695)
LEE & HAYES, P.C.
75 14th Street NE, Suite 2500
Atlanta, GA 30309
Telephone: (404) 815-1900
Email: ryan.gentes@leehayes.com

*Attorney for Defendants KaiJet Technology International Limited, Inc. and KaiJet Technology International Corporation*

17

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document is written in 14-point Times New Roman font in accordance with Local Rule 5.1.

/s/ *Ryan P. Gentes*

Ryan P. Gentes (GA Bar No. 421695)
LEE & HAYES, P.C.
*Attorney for Defendants KaiJet Technology*
*International Limited, Inc. and KaiJet*
*Technology International Corporation*