## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| SANHO CORPORATION,<br><br>                Plaintiff,<br><br>    v.<br><br>KAIJET TECHNOLOGY INTERNATIONAL LIMITED, INC., dba "j5create"; and DOES 1-100,<br><br>                Defendants, | C.A. No. 1:18-cv-05385-SDG<br><br>**Pretrial Conf.: July 2, 2024, 2 p.m.** |
| SANHO CORPORATION,<br><br>                Plaintiff,<br><br>    v.<br><br>KAIJET TECHNOLOGY INTERNATIONAL LIMITED, INC.; KAIJET TECHNOLOGY INTERNATIONAL CORPORATION; MAGIC CONTROL TECHNOLOGY; STAR VIEW GLOBAL LIMITED, each dba "j5create"; and DOES 1-100,<br><br>                Defendants. | C.A. No. 1:20-cv-02150-TCB<br><br>(Consolidated Case) |

## CONSOLIDATED PRETRIAL ORDER

COME NOW the Plaintiff and Defendants and file this consolidated pretrial order, showing the Court the following:

1

**(1)    A statement of any pending motions or other matters.**

Sanho has filed two motions that are currently pending:

- Request for Reconsideration Regarding Summary Judgment Order

- Motion to Exclude Expert Testimony of Antonio Sarabia

The Kaijet Defendants have filed two motions that are currently pending:

- Motion for Leave to Update Expert Report of Kevin Shankwiler

- Motion to Exclude Expert Testimony of R. Jacob Baker and Peter Bressler

**(2)    A statement that, unless otherwise noted, discovery has been completed. Counsel will not be permitted to file any further motions to compel discovery. Provided there is no resulting delay in readiness for trial, depositions for the preservation of evidence and for use at trial will be permitted.**

Discovery has been completed.  The Plaintiff reserves the right to seek a preservation deposition of the following witnesses who may be unavailable during the Plaintiff's case:  Jessica Liu, Yuki Tai, and corporate representatives of DLS Logistics Service, LLC and EIW, Inc.

**(3)    A statement as to the correctness of the names of the parties and their capacity and as to any issue of misjoinder or non-joinder of parties.**

Plaintiff's position:

The names of the parties are correct.  Sanho Corporation n/k/a Hyper Products Inc.

Defendants Position:

Magic Control Technology was dismissed from the case in June 2021 (D.E. 267). DOES 1-100 have never been identified and are improperly named. Defendants have denied, and object to, Plaintiff's statement in the caption "each dba "j5create."

To the extent Sanho Corporation has standing to bring its patent claims, Targus International, LLC may be a necessary party but has never been joined.

**(4)    A statement as to any question of the Court's jurisdiction and the statutory basis of jurisdiction for each claim.**

Plaintiff's position:

The Court has subject matter jurisdiction over the patent, copyright and Lanham Act claims pursuant to 28 U.S.C. § 1338(a) and (b).  The Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

Defendants' Position:

Defendants do not contest that this Court generally has subject matter jurisdiction over federal question causes of action, including patent, copyright, and Lanham Act claims. Subject matter jurisdiction, however, is dependent upon a plaintiff's standing to bring its claims. Issues of subject matter jurisdiction may emerge at trial regarding whether Sanho has standing to bring its patent claims or its trademark claim under 15 U.S.C. § 1114.

**(5)    The individual names of lead counsel for each party.**

For Plaintiff:

Steven G. Hill

For Defendant Kaijet Technology International Limited, Inc.:

Robert J. Carlson

For Defendant Kaijet Technology International Corporation:

Robert J. Carlson

For Defendant Star View:

Charlena Thorpe

**(6)    A statement as to any reason why plaintiff should not be entitled to open and close arguments to the jury.**

Plaintiff will open and close arguments to the jury.

**(7)    A statement as to whether the case is to be tried to a jury, to the Court without a jury, or that the right to trial by jury is disputed.**

The case will be tried to a jury.

**(8)    An expression of the parties' preference, supported by reasons, for a unified or bifurcated trial.**

The Parties prefer a unified trial of all issues except for punitive damages. As to Plaintiff's claim for punitive damages under Count VIII in the 1:18-cv-05385 action, the Parties contemplate the procedure recited in O.C.G.A. § 51-12-5.1. The first stage of trial should include the question as to whether punitive damages will be awarded. If punitive damages will be awarded, there will be a second stage of trial consisting of a separate argument as to the amount of punitive damages to be awarded.

**(9)    A joint listing of the questions which the parties wish the Court to propound to the jurors concerning their legal qualifications to serve.**

*See* Exhibit A.

**(10)    A listing by each party of requested general voir dire questions to the jurors. The Court will question prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Follow-up questions by counsel may be permitted. The determination of whether the district judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.**

*See* Exhibit B (Parties' Proposed General Voir Dire Questions).

The Parties request that the Court propound the general voir dire questions to the panel, and then permit counsel for each party a reasonable opportunity to ask follow-up questions to individual jurors based on their responses to the panel questions.

**(11)    A statement of each party's objections, if any, to another party's general voir dire questions.**

*See* Exhibit B-1 (Kaijet Defendants' Objections to Proposed General Voir Dire Questions.)

*See* Exhibit B-2 (Star View's Objections to Proposed General Voir Dire Questions.)

**(12)    A statement of the reasons supporting a party's request, if any, for peremptory challenges in addition to those allowed by 28 U.S.C. § 1870.**

No party requests challenges in addition to those allowed by 28 U.S.C. § Section 1870.

**(13)  A brief description, including style and civil action number, of any pending related litigation.**

Not applicable.

**(14)  An outline of plaintiff's case which shall include:**

**(a)  A succinct factual statement of plaintiff's cause of action which shall be neither argumentative nor recite evidence.**

*See* Exhibit C-1.

**(b)  A separate listing of all rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff.**

*See* Exhibit C-1.

**(c)  A separate listing of each and every act of negligence relied upon in negligence cases.**

Not applicable.

**(d)  A separate statement for each item of damage claimed containing a brief description of the item of damage, dollar amount claimed, and citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.**

*See* Exhibit C-1.

**(15)  An outline of defendant's case which shall include:**

**(a)  A succinct factual summary of defendant's general, special, and affirmative defenses which shall be neither argumentative nor recite evidence.**

*See* Exhibits C-2 (Kaijet Technology International Limited, Inc.), C-3 (Kaijet Technology International Corporation) and C-4 (Star View Global Limited).

**(b)  A separate listing of all rules, regulations, statutes, ordinances, and illustrative case law creating a defense relied upon by defendant.**

*See* Exhibits C-2 (Kaijet Technology International Limited, Inc.), C-3 (Kaijet Technology International Corporation) and C-4 (Star View Global Limited)

**(c)  A separate statement for each item of damage claimed in a counterclaim which shall contain a brief description of the item of damage, the dollar amount claimed, and citation to the law, rule, regulation, or any decision which authorizes a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.**

Not applicable.

**(16)  A listing of stipulated facts which may be read into evidence at trial. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.**

The parties are continuing the process of determining which relevant facts can be stipulated to for trial.

**(17)  A statement of the legal issues to be tried.**

For Plaintiff:

1. Whether and to what extent the Defendants' Ultradrive units have infringed the '290 Patent.

2. Whether the claim of the '290 Patent is valid.

3. Whether and to what extent the Defendants' Ultradrive units have infringed the '618 Patent.

4. Whether the claim of the '618 Patent is valid.

5. Whether and to what extent the Defendants' Ultradrive units have infringed the '616 Patent.

6. Whether the claim of the '616 Patent is valid.

7.  Whether and to what extent the Defendants' Ultradrive units have infringed the '875 Patent.

8.  Whether the claim of the '875 Patent is valid.

9.  Whether and to what extent the Defendants' packaging of the Ultradrive units has infringed the Plaintiff's copyright in its own packaging of the HyperDrive.

10. Whether and to what extent the Defendants' usage of "Ultradrive" on its Ultradrive units, and in conjunction with the efforts at marketing and sales of said units, have infringed the Plaintiff's HyperDrive trademark within Section 32 of the Lanham Act.

11. Whether the Plaintiff's registered "HyperDrive" trademark is valid.

12. Whether and to what extent the Defendants' usage of "Ultradrive" on its Ultradrive units, and in conjunction with the marketing and sales of said units, constitutes unfair competition within Section 43 of the Lanham Act.

13. Whether and to what extent the Defendants' trade dress for its Ultradrive units constitutes unfair competition by virtue of infringing the trade dress of the HyperDrive within Section 43 of the Lanham Act.

14. Whether and to what extent the Defendants' usage of "Ultradrive" on its Ultradrive units, and in conjunction with the marketing and sales of said units, constitutes unfair competition under OCGA. §23-2-55.

15. Whether and to what extent the Defendants' usage of "Ultradrive" on its Ultradrive units, and in conjunction with the marketing and sales of said units, constitutes common law trademark infringement and unfair competition under Georgia common law.

16. Whether and to what extent Plaintiff is entitled to infringer's profits against the Defendants, pursuant to its federal claims of design patent infringement, registered and unregistered trademark infringement, trade dress infringement, copyright infringement and related unfair competition.

17. Whether and to what extent Plaintiff is entitled to disgorge infringer's profits against the Defendants, pursuant to its state law claims under OCGA. §23-2-55 for unfair competition.

18. Whether and to what extent Plaintiff is entitled to infringer's profits against the Defendants, pursuant to its state law claims under Georgia common law for unfair competition, trade dress and trademark infringement.

19. Whether and to what extent Plaintiff is entitled to recover statutory damages against the Defendants pursuant to its federal claims of registered trademark infringement, and if so, the amount of said statutory damages to be awarded.

20. Whether and to what extent Plaintiff is entitled to recover punitive damages against the Defendants pursuant to its state common law claims of unfair competition and trademark infringement, and if so, the amount of said punitive damages.

21. Whether any design patent infringement, registered trademark infringement, unregistered trademark infringement or other unfair competition under federal law was willful by one or more of the Defendants.

22. Whether and to what extent Plaintiff is entitled to a trebling or other enhancement of its damages by the Court at the conclusion of the action provided it is successful on one or more of its claims for willful infringement of design patent, registered or unregistered trademark or other unfair competition under federal law at trial, and if so, the amount of said enhanced damages.

23. Whether and to what extent Plaintiff is entitled to prejudgment interest on any amounts awarded in the case, and if so, the manner of computation of prejudgment interest.

24. Whether and to what extent Plaintiff is entitled to recover its costs at the conclusion of the action provided it is successful on one or more of its claims at trial, and the amount of said costs which are recoverable.

25. Whether and to what extent Plaintiff is entitled to recover its attorney's fees at the conclusion of the action provided it is successful on one or more of its claims at trial, and the amount of said fees which are recoverable.

26. Whether and to what extent Plaintiff is entitled to injunctive relief at the conclusion of the action provided it is successful on one or more of its claims at trial, and the amount of said fees which are recoverable.

<u>For Defendants:</u>

A. Design patent noninfringement

1. Whether Sanho is the exclusive licensee of the '290 Patent, '618 Patent, '616 Patent, and '875 Patent.

2. Whether Sanho has standing to assert infringement of the '290 Patent, '618 Patent, '616 Patent, and '875 Patent.

3. '290 Patent

   a. Whether the JCD348, JCD386, and/or JCD388 infringe the claim of the '290 Patent.

   b. Whether the claim of the '290 Patent is invalid.

   c. If the '290 Patent is valid and infringed, the amount of Defendants' profits on infringing products after Defendants' received notice of alleged infringement.

   d. Whether the court has jurisdiction over Star View and does Star View's acts constitute infringement in the U.S.

4. '618 Patent

   a. Whether the JCD382 and/or JCD389 infringe the claim of the '618 Patent.

   b. Whether the claim of the '618 Patent is invalid.

   c. If the '618 Patent is valid and infringed, the amount of Defendants' profits on infringing products after Defendant's received notice of alleged infringement.

   d. Whether the court has jurisdiction over Star View and does Star View's acts constitute infringement in the U.S.

5. '616 Patent

   a. Whether the JCD382 infringes the claim of the '616 Patent based on a preponderance of the evidence.

   b. Whether the claim of the '616 Patent is invalid.

   c. If the '616 Patent is valid and infringed, the amount of Defendants'

profits on infringing products after Defendants' received notice of alleged infringement.

6. '875 Patent

   a. Whether the JCD382 infringes the claim of the '875 Patent based on a preponderance of the evidence.

   b. Whether the claim of the '875 Patent is invalid.

   c. If the '875 Patent is valid and infringed, the amount of Defendants' profits on infringing products after Defendants' received notice of alleged infringement.

B. Trademark noninfringement

   1. Whether the registration for the 707 Mark for "HyperDrive" is void *ab initio*.

      a. Whether Plaintiff sold a "HyperDrive"-branded product that is colloquially known as a "power adapter" as of the date of the Specimen submitted for the 707 Mark registration.

      b. Whether Plaintiff used the "HyperDrive" Mark for the goods and services listed on the mark before filing its application for the 707 Mark registration.

   2. Whether Plaintiff is the exclusive licensee of the 707 Mark.

   3. Whether there is a likelihood of confusion between the 707 Mark and "Ultradrive" as used with JCD382 product.

      a. Whether the infringement, if any, was willful.

      b. If the '707 Mark is valid and infringed, the amount of Defendants' profit on sales of the JCD382 with "Ultradrive" after registration of the 707 Mark

   4. Whether there is a likelihood of confusion between the 707 Mark and ULTRADRIVEMINIDOCK® as used with the JCD382

      a. Whether the infringement, if any, was willful

      b. If the '707 Mark is valid and infringed, the amount of Defendants' profit

10

on sales of the JCD382 with ULTRADRIVEMINIDOCK® after registration of the 707 Mark

5. Whether there is a likelihood of confusion between the 707 Mark and ULTRADRIVEMINIDOCK® as used with JCD324 product.

   a. Whether the infringement, if any, was willful.

   b. If the '707 Mark is valid and infringed, the amount of Defendants' profit on sales of the JCD324 with ULTRADRIVEMINIDOCK® after registration of the 707 Mark

6. Whether there is a likelihood of confusion between the 707 Mark and "Ultradrive Mini Dock" as used with JCD348 product.

   a. Whether the infringement, if any, was willful.

   b. If the '707 Mark is valid and infringed, the amount of Defendants' profit on sales of the JCD348 with "Ultradrive Mini Dock" after registration of the 707 Mark

7. Whether there is a likelihood of confusion between the 707 Mark and ULTRADRIVEMINIDOCK® as used with JCD348 product.

   a. Whether the infringement, if any, was willful.

   b. If the '707 Mark is valid and infringed, the amount of Defendants' profit on sales of the JCD348 with ULTRADRIVEMINIDOCK® after registration of the 707 Mark

8. Whether there is a likelihood of confusion between the 707 Mark and ULTRADRIVEMINIDOCK® as used with JCD386 product.

   a. Whether the infringement, if any, was willful.

   b. If the '707 Mark is valid and infringed, the amount of Defendants' profit on sales of the JCD386 with ULTRADRIVEMINIDOCK® after registration of the 707 Mark

9. Whether there is a likelihood of confusion between the 707 Mark and ULTRADRIVEKIT® as used with the JCD387

   a. Whether the infringement, if any, was willful

     b. If the '707 Mark is valid and infringed, the amount of Defendants' profit on sales of the JCD387 with ULTRADRIVEKIT® after registration of the 707 Mark

10. Whether there is a likelihood of confusion between the 707 Mark and "Ultradrive Mini Dock" as used with JCD388 product.

     a. Whether the infringement, if any, was willful.

     b. If the '707 Mark is valid and infringed, the amount of Defendants' profit on sales of the JCD388 with "Ultradrive Mini Dock" after registration of the 707 Mark

11. Whether there is a likelihood of confusion between the 707 Mark and ULTRADRIVEMINIDOCK® as used with JCD388 product.

     a. Whether the infringement, if any, was willful.

     b. If the '707 Mark is valid and infringed, the amount of Defendants' profit on sales of the JCD388 with ULTRADRIVEMINIDOCK® after registration of the 707 Mark

12. Whether there is a likelihood of confusion between the 707 Mark and ULTRADRIVEKIT® as used with the JCD389

     a. Whether the infringement, if any, was willful

     b. If the '707 Mark is valid and infringed, the amount of Defendants' profit on sales of the JCD389 with ULTRADRIVEKIT® after registration of the 707 Mark

13. O.C.G.A. § 23-2-55

     a. Whether Defendants had an intent to deceive.

     b. Whether to award punitive damages, and if so, how much.

     c. Whether Plaintiff has proved actual damages as required to award punitive damages.

C. Trade Dress noninfringement

1. Whether Sanho has trade dress rights in its HyperDrive product packaging.

    a. Whether the similar features of Defendants' accused product packages and Sanho's original (copyrighted) HyperDrive product packaging are primarily non-functional.

    b. Whether Plaintiff proved its original HyperDrive product packaging is inherently distinctive.

    c. Whether Plaintiff proved its original  HyperDrive product packaging ever acquired secondary meaning.

2. Whether each of the Defendants' accused product packages is confusingly similar to the packaging of Sanho's HyperDrive product.

3. Whether the infringement, if any, was willful.

4. If Sanho has valid trade dress rights that have been infringed, the amount of Defendants' profits on infringing sales.

D. Copyright noninfringement

1. Whether Sanho is the author of the copyrighted work.

2. What portions of the copyrighted work were authored by Sanho

3. Whether KaiJet Taiwan had access to the copyrighted work prior to the creation of the accused JCD382 packaging.

4. Whether the original product packaging of the JCD382 infringes the Plaintiff's copyright.

    a. Whether the infringement was willful.

5. If the copyright registration is valid and infringed, the amount, if any, of Defendants' profits on the JCD382 attributable to Defendants' infringement of Plaintiff's copyright.

**(18)**

    **(a)** **A separate listing, by each party, of all witnesses (and their addresses) whom that party will or may have present at trial, including expert (any witness who might express an opinion under Federal Rule of Evidence 702), impeachment and rebuttal witnesses whose use can or should have been reasonably**

> **anticipated. Each party shall also attach to the party's list a reasonably specific summary of the expected testimony of each expert witness.**

For Plaintiff, *see* Exhibit D-1 (Will Call and May Call list).

For Defendant Kaijet Technology International Limited, Inc., *see* Exhibit D-2 (Will Call and May Call list).

For Defendant Kaijet Technology International Corporation, *see* Exhibit D-3 (Will Call and May Call list).

For Defendant Star View Global Limited, *see* Exhibit D-4 (Will Call and May Call list).

> **(b)    A representation that a witness will be called may be relied upon by other parties unless notice is given fourteen (14) days prior to trial to permit other parties to subpoena the witness or obtain the witness' testimony by other means.**

> **(c)    Witnesses not included on the witness list will not be permitted to testify, unless expressly authorized by Court order based upon a showing that the failure to comply was justified. The attorneys may not reserve the right to add witnesses.**

**(19)**

> **(a)    A separate, typed, serially numbered listing, beginning with one (1) and without the inclusion of any alphabetical or numerical subparts, of each party's documentary and physical evidence. Adequate space must be left on the left margin of each list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the district judge. Learned treatises which counsel expect to use at trial shall not be admitted as exhibits but must be separately listed on the party's exhibit list.**

For Plaintiff, *see* Exhibit E-1 (Exhibit list).

For Defendant Kaijet Technology International Limited, Inc., *see* Exhibit E-2 (Exhibit list).

For Defendant Kaijet Technology International Corporation, *see* Exhibit E-2 (Exhibit list).

(b)     **Prior to trial counsel shall affix stickers numbered to correspond with the party's exhibit list to each exhibit. Plaintiffs shall use yellow stickers; defendants shall use blue stickers; and white stickers shall be used on joint exhibits. The surname of a party must be shown on the numbered sticker when there are either multiple plaintiffs or multiple defendants.**

(c)     **A separate, typed listing of each party's objections to the exhibits of another party. The objections shall be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties, and such documents will be admitted at trial without further proof of authenticity.**

For Plaintiff's Objections:  *see* Exhibit F-1.

For Defendant Kaijet Technology International Limited, Inc.'s Objections:  *see* Exhibit F-2.

For Defendant Kaijet Technology International Corporation's Objections:  *see* Exhibit F-2.

For Defendant Star View Global Limited's Objections:  *see* Exhibit F-3.

(d)     **A statement of any objections to the use at trial of copies of documentary evidence.**

No objections.

(e)     **Documentary and physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the Court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.**

(f)     **Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed herein.**

**(20)  A listing of all persons whose testimony at trial will be given by deposition and designation of the portions of each person's deposition which will be introduced. Objections not filed by the date on which the case is first scheduled for trial shall be deemed waived or abandoned. Extraneous and unnecessary matters, including non-essential colloquy of counsel, shall not be permitted to be read into evidence. No depositions shall be permitted to go out with the jury.**

For Plaintiff:  *see* Exhibit G-1.

For Defendant Kaijet Technology International Limited:  *see* Exhibit G-2.

Kaijet Technology International Corporation:  *see* Exhibit G-2.

For Defendant Star View Global Limited:  see Exhibit G-3.

**(21)  Any trial briefs which counsel may wish to file containing citations to legal authority on evidentiary questions and other legal issues. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.**

For Plaintiff:  none.

For Defendant Kaijet Technology International Limited, Inc.:  *see* Exhibit H-1.

For Defendant Kaijet Technology International Corporation:  *see* Exhibit H-1.

For Defendant Star View Global Limited:  *see* Exhibit H-2.

**(22)  Counsel are directed to prepare, in accordance with LR 51.1(A), a list of all requests to charge in jury trials. These charges shall be filed no later than 9:30 a.m. on the date the case is calendared (or specially set) for trial. A short, one (l)-page or less, statement of the party's contentions must be attached to the requests. Requests should be drawn from the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions whenever possible. In other instances, only the applicable legal principle from a cited authority should be requested.**

The Court has ordered the parties to submit the proposed jury instructions on June 28, 2024.

**(23)  A proposed verdict form, if counsel desire that the case be submitted to the jury in a manner other than upon general verdict.**

The Court has ordered the parties to submit the proposed verdict form on June 28, 2024.

**(24)  A statement of any requests for time for argument in excess of thirty (30) minutes per side as a group and the reasons for the request.**

Due to the complexity of the case, the Parties request 90 minutes of closing argument per side.

**(25)  Counsel are directed to submit a statement of proposed Findings of Fact and Conclusions of Law in nonjury cases, which must be submitted no later than the opening of trial.**

Not applicable.

**(26)  A statement of the date on which lead counsel and persons possessing settlement authority to bind the parties met personally to discuss settlement, whether the Court has discussed settlement with counsel, and the likelihood of settlement of the case at this time.**

The settlement meeting took place on May 24, 2024.  There is little likelihood of settlement at this time.

**(27)  A statement of any requests for a special setting of the case.**

The Court has specially set this case for jury trial starting July 8, 2024.

**(28)  A statement of each party's estimate of the time required to present that party's evidence and an estimate of the total trial time.**

Plaintiff's Estimate:  4.5 days

Defendant Kaijet Technology International Limited, Inc.'s Estimate:  3.5 days

Defendant Kaijet Technology International Corporation's Estimate: 1 day

Defendant Star View's Estimate:  0.5 days

Estimate of total trial time (including rebuttal witnesses):  9.5 days

**(29)  IT IS HEREBY ORDERED** that the above constitutes the pretrial order for the above captioned case (_____) submitted by stipulation of the parties or (_____) approved by the court after conference with the parties. **IT IS FURTHER ORDERED** that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the  pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

**IT IS SO ORDERED this ___  day of _____, 2024.**

_____
**UNITED STATES DISTRICT JUDGE**

**(30)  The signature of lead counsel for each party on the last page below the district judge's signature.**

By:   ***/s/ Steven G. Hill_____***
Steven G. Hill
GA Bar No. 354658
David K. Ludwig
GA Bar No. 616971
**HILL, KERTSCHER & WHARTON, LLP**
3625 Cumberland Blvd., SE, Suite 1050
Atlanta, Georgia 30339-6406
Tel:  (770) 953-0995
Fax:  (770) 953-1358
Email:  sgh@hkw-law.com
Email:  dludwig@hkw-law.com

**-and-**

Ali A. Aalaei *(admitted pro hac vice)*

18

CA Bar No. 254713
Benjamin Martin *(admitted pro hac vice)*
CA Bar No. 257452
Tuan Tiet *(admitted pro hac vice)*
CA Bar No. 330004
Alexander Chen *(admitted pro hac vice)*
CA Bar No. 245798

**ARI LAW, P.C.,**
317 University Ave., Suite 100
Palo Alto, CA  94301
Tel:  (415) 830-9968
Fax: (415) 520-9456
Email:  ali@arilaw.com
Email:  bmartin@arilaw.com
Email:  tuan@arilaw.com
Email:  alex@arilaw.com

*Attorneys for Plaintiff Sanho Corporation*


By:    ***/s/ Robert J. Carlson (with permission)***
Ryan P. Gentes (GA Bar No. 421695)
Robert A. Madayag, III (GA Bar No. 123699)
William B. Dyer III (GA Bar No. 236915)
Steven Philbin (GA Bar No. 516724)
James Avery Rollins (GA Bar No. 776439)
**LEE & HAYES, P.C.**
75 14TH Street, NE, Suite 2500
Atlanta, GA 30361
Telephone:  (404) 815-1900
Facsimile:  (404) 815-1700
Email:  ryan.gentes@leehayes.com
Email:  robm@leehayes.com
Email:  bill.dyer@leehayes.com
Email:  steven.philbin@leehayes.com
Email:  james.rollins@leehayes.com

**-and-**

19

Robert J. Carlson *(admitted pro hac vice)*
WSBA Number 18455
**LEE & HAYES, P.C.**
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001
Email:  carlson@leehayes.com

**-and-**

Rhett V. Barney *(admitted pro hac vice)*
WSBA Number 44764
Johanna Tomlinson *(admitted pro hac vice)*
WSBA Number 57582
**LEE & HAYES, P.C.**
601 W. Riverside Ave., Ste. 1400
Spokane, WA 99201
Telephone: (509) 324-9256
Email: rhettb@leehayes.com

*Attorneys for Defendant KaiJet
Technology International Limited, Inc. and
Defendant KaiJet Technology International
Corporation*

By:    ***/s/ Charlena Thorpe (with permission)***
Charlena Thorpe
GA Bar No. 760954
**INCORPORATING INNOVATION LLC**
6340 Sugarloaf Parkway Suite 200
Duluth, GA 30097
Tel: 770-325-2741
Fax: 770-325-2741
Email: charlena@incorporatinginnovation.com

*Attorney for Defendant Star View Global Limited*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 4th day of June, 2024, I filed a true and correct copy of the foregoing document with the CM/ECF filing system of this Court, which will serve an electronic copy to all attorneys of record.


<u>*/s/Steven G. Hill*</u>
Ga Bar No. 354658

*Counsel for Plaintiff Sanho Corporation*