IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SANHO CORPORATION,
   Plaintiff,

v.

KAIJET TECHNOLOGY INTERNATIONAL LIMITED, INC., *et al.*,
   Defendants.

Civil Action No.
1:18-cv-05385-SDG

### ORDER

This matter is before the Court on Plaintiff Sanho Corporation's motion for reconsideration [ECF 518]. Sanho asks the Court to reconsider its determination that Sanho withdrew its claim for infringement of the '290 Patent by the JCD382.[1] Sanho asserts that the Court's ruling was clear error and manifestly unjust.[2] The Court disagrees.

The Court determined that Sanho had withdrawn the '290/JCD382 claim in light of the fact that the operative complaint, filed on December 19, 2023, did not assert that claim. Sanho's counsel had no choice but to confirm this fact during a recent status conference.[3] The Court has scrutinized the operative complaint

---

[1] ECF 513, at 11 n.47. The factual and procedural context for this dispute is set forth in more detail in the Court's May 20, 2024 Order ruling on the parties' dispositive motions.

[2] ECF 518, at 3.

[3] ECF 534.

1

following the filing of the instant motion and has reached the same conclusion: It is impossible to rationally construe the operative complaint as asserting infringement of the '290 Patent by the JCD382.[4] The Court's determination that a claim was withdrawn when it was indisputably not asserted in an amended complaint was neither error (much less clear error) nor unjust (much less manifestly so).

Sanho's arguments to the contrary are meritless. Sanho argues that the normal legal standard governing a motion for reconsideration does not apply because the Court dismissed the '290/JCD382 claim "sua sponte."[5] But it was Sanho that dismissed the '290/JCD382 claim, not the Court. Sanho argues that Defendants acquiesced to the '290/JCD382 claim by failing to object to a discovery document served in 2022[6]—but what the parties did in 2022 is irrelevant to the effect of an amended complaint filed in 2023. Sanho argues that it followed the Local Patent Rules in introducing its '290/JCD382 claim[7]—but whether Sanho properly introduced a claim is irrelevant to whether it later withdrew it. Sanho

---

[4] *See* ECF 418.

[5] ECF 537, at 2. This argument, the Court notes, is improperly raised for the first time in Sanho's reply brief.

[6] *Id.* at 3.

[7] *Id.* at 6.

argues that its '290/JCD382 claim is viable[8] — but at issue here is whether the Court should ever reach the merits of that claim, not the merits themselves. Finally, Sanho argues that it should be permitted to amend its complaint under Federal Rule of Civil Procedure 15(b)[9] — but Rule 15(b), which applies to "Amendments During and After Trial," is not applicable to the instant pre-trial motion.

Sanho's motion for reconsideration [ECF 518] is **DENIED**.

**SO ORDERED** this 1st day of July, 2024.

_____
Steven D. Grimberg
United States District Judge

---

[8]   *Id.* at 8.

[9]   *Id.* at 9.