# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SANHO CORPORATION,<br><br>      Plaintiff,<br><br>v.<br><br>KAIJET TECHNOLOGY INTERNATIONAL LIMITED, INC., dba "j5create"; and DOES 1-100,<br><br>      Defendants, | C.A. No. 1:18-cv-05385-SDG |
| SANHO CORPORATION,<br><br>      Plaintiff,<br><br>v.<br><br>KAIJET TECHNOLOGY INTERNATIONAL LIMITED, INC.; KAIJET TECHNOLOGY INTERNATIONAL CORPORATION; MAGIC CONTROL TECHNOLOGY; STAR VIEW GLOBAL LIMITED, each dba "j5create"; and DOES 1-100,<br><br>      Defendants. | C.A. No. 1:20-cv-02150-TCB<br><br>(Consolidated Case) |

**PLAINTIFF SANHO CORPORATION'S
ADDITIONAL PROPOSED JURY INSTRUCTION 28a (STATE LAW
UNFAIR COMPETITION)**

In lieu of the first full paragraph under the heading "VI. STATE LAW CLAIMS. A. Georgia Unfair Competition Claim," Sanho proposes the following 11th Circuit Pattern instruction language:

**Sanho's Additional Proposed jury Instruction 28*a*:**

Sanho claims that the KaiJet Defendants' usage of "Ultradrive" on its products constituted unfair competition under Georgia law.

To prove its claim, Sanho must prove the following facts by a preponderance of the evidence:

1: Sanho owns a trademark that is entitled to protection; and

2: One or both of the Kaijet Defendants [has used] a trademark that infringes the HyperDrive trademark.

*Validity*

You must first find that Sanho owns protectable rights to a trademark. Sanho must prove by a preponderance of the evidence that the trademark is:

1: Used in commerce; and

2: Distinctive[.][1]

*Used in Commerce*

The right to a particular trademark grows out of the trademark's use. Use is sufficient to establish rights if it is public enough that it identifies the goods in

---

[1] Because it is undisputed that "HyperDrive" is not functional, Sanho suggests the Court not instruct the jury on functionality.

question as those of the person using the trademark. It is sufficient to establish valid rights if the trademark is used in genuine transactions in commerce and the use is consistent and continuous. Mere "token use" of the trademark – use made solely to reserve rights in the trademark – is not enough to establish valid rights. Wide public recognition of the trademark is not required, but secret or undisclosed use is not adequate.

A trademark is used in commerce and in connection with goods when it is placed on:

1. the goods or their containers or the associated displays,

2. the tags or labels affixed to the goods or their containers, or

3. the documents associated with the goods or their sale, and

4. the goods are sold or transported in commerce in more than one state, or in the United States and a foreign country.

## *Distinctiveness*

[A trademark is distinctive if it has either "acquired" or "inherent" distinctiveness. Distinctiveness has identical requirements to acquired distinctiveness in connection with Sanho's registered trademark infringement claim, on which I have previously instructed you.]

## *Infringement*

The determination of infringement has identical requirements to Sanho's registered trademark infringement claim. If Sanho proved that one or more of the KaiJet Defendants' products constituted registered trademark infringement, then that product or products also violate Georgia's unfair competition law. If you found that

Sanho was entitled to damages for registered trademark infringement, Sanho is entitled to the same damages here.

<u>Source:</u>  11th Circuit Pattern Jury Instructions, Section 10.2.

D.E. 513, at 30-31.

*Tarsus Connect, LLC v. Cvent, Inc.*, 452 F. Supp. 3d 1334, 1362–63 (N.D. Ga. 2020) ("Common law trademark infringement and unfair competition . . . is dependent on the success of [the] claims under the Lanham Act, as each claim requires the same analysis.")

This 16th day of July, 2024.

        Respectfully submitted,

      By: */s/ Steven G. Hill*
        Steven G. Hill
        GA Bar No. 354658
        David K. Ludwig
        GA Bar No. 616971
        HILL, KERTSCHER & WHARTON, LLP
        3625 Cumberland Blvd., SE, Suite 1050
        Atlanta, Georgia 30339-6406
        Tel:  (770) 953-0995
        Fax:  (770) 953-1358
        Email:  sgh@hkw-law.com
        Email:  dludwig@hkw-law.com

        **-and-**

        Ali A. Aalaei *(admitted pro hac vice)*
        CA Bar No. 254713
        Benjamin Martin *(admitted pro hac vice)*
        CA Bar No. 257452
        ARI LAW, P.C.,
        3130 Alpine Rd Ste 288 PMB 408
        Portola Valley, CA 94028-7541
        Tel:  (415) 830-9968
        Fax: (415) 520-9456
        Email:  ali@arilaw.com
        Email:  bmartin@arilaw.com

        *Attorneys for Plaintiff Sanho Corporation*

## **CERTIFICATE OF SERVICE**

I certify that on the 16th day of July, 2024, I filed a true and correct copy of the foregoing document with the CM/ECF filing system of this Court, which will serve an electronic copy to all attorneys of record.

*/s/Steven G. Hill*
GA Bar No. 354658

*Counsel for Plaintiff Sanho Corporation*