# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| SANHO CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>KAIJET TECHNOLOGY INTERNATIONAL LIMITED, INC., dba "j5create"; and DOES 1-100,<br><br>    Defendants, | C.A. No. 1:18-cv-05385-SDG |
| SANHO CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>KAIJET TECHNOLOGY INTERNATIONAL LIMITED, INC.; KAIJET TECHNOLOGY INTERNATIONAL CORPORATION; MAGIC CONTROL TECHNOLOGY; STAR VIEW GLOBAL LIMITED, each dba "j5create"; and DOES 1-100,<br><br>    Defendants. | C.A. No. 1:20-cv-02150-TCB<br><br>(Consolidated Case) |

## PLAINTIFF SANHO CORPORATION'S MOTION FOR IMPOSITION OF PREJUDGMENT INTEREST, POST-VERDICT ACCOUNTING, FINAL INJUNCTION, DECLARATORY RELIEF AND POST-JUDGMENT INTEREST AND BRIEF IN SUPPORT

## I.    The Court Should Add Prejudgment Interest to the Jury's Award.

### A.    The Jury Verdict

The copyright infringement action was filed on May 25, 2018.[1]  The jury in this matter returned a verdict that Kaijet U.S. owes $598,008, and Kaijet Taiwan owes $471,599.[2]  As shown herein, a further award of prejudgment interest is in order, and would be consistent with the goals of the Copyright Act.

### B.    The Court Should Award Prejudgment Interest

[R]egardless of who bears what burden, the jury system is the process by which courts typically determine facts, including the measure of copyright-related profits and attribution percentages.  A jury's verdict in a case like this one is an assessment of the degree to which the defendants have illegally enriched themselves.  Nothing about such a finding or the process through which it comes about contradicts the aims to be achieved through an award of prejudgment interest.[3]

In fact, "prejudgment interest is presumptively available to victims of federal law violations."[4]  The First Circuit has held that an award of prejudgment interest in such cases as a matter for the informed discretion of the district court.[5]

---

[1]  D.E. 1.

[2]  D.E. 597.

[3]  *William A. Graham Co. v. Haughey*, 646 F.3d 138, 145 (3d Cir. 2011).

[4]  *Gorenstein Enterprises, Inc. v. Quality Care–U.S.A., Inc*., 874 F.2d 431, 436 (7th Cir. 1989); *McRoberts Software, Inc. v. Media 100, Inc.*, 329 F.3d 557, 572–73 (7th Cir. 2003) (awarding $313,061 in prejudgment interest for copyright infringement damages and infringer's profits).

[5]  *TMTV, Corp. v. Mass Prods., Inc.*, 645 F.3d 464, 474–75 (1st Cir. 2011); *see also Yellow Pages Photos, Inc. v. Ziplocal, LP*, No. 8:12-CV-755-T-26EAJ, 2014 WL 2778356, at *2 (M.D. Fla. June 18, 2014) (same).

*William A. Graham Co.* analyzed whether the Copyright Act's silence on the matter should impact the Court's willingness to award prejudgment interest to victims of copyright infringement.  "Although Congress has not enacted express statutory authorization for prejudgment interest … its silence is of no moment."[6] "Far from indicating a legislative determination that prejudgment interest should not be awarded, ... the absence of a statute merely indicates that the question is governed by traditional judge-made principles."[7]  Thus, "congressional silence [in the Copyright Act] favors permitting prejudgment interest awards."[8]

Prejudgment interest is consistent with furthering the goals of the Copyright Act in cases where infringer's profits have been awarded.  "According to the relevant House Report, the aims of the Copyright Act's damages-plus-profits provision are two-fold: 'Damages are awarded to compensate the copyright owner for losses from the infringement, and ***profits are awarded to prevent the infringer from unfairly benefiting from a wrongful act***.'"[9]  "Far from being contrary to

---

[6]  *William A. Graham Co.*, 646 F.3d at 144–46 (citing S. Rep. 97–275, at 1112, 1982 U.S.C.C.A.N. 11 (1981) and *Monessen Sw. Ry. Co. v. Morgan*, 486 U.S. 330, 339 n. 8, 108 S.Ct. 1837, 100 L.Ed.2d 349 (1988)).

[7]  *Id.* (quoting *City of Milwaukee v. Cement Div., Nat'l Gypsum Co.*, 515 U.S. 189, 194 (1995)).

[8]  *Id.* at 144.

[9]  *Id.* at 145 (quoting H.R.Rep. No. 94–1476, at 161, 1976 U.S.C.C.A.N. 5659, 5777 (1976)) (emphasis added).

these goals, the purposes of prejudgment interest — 'making the claimant whole and preventing unjust enrichment' — parallel them exactly."[10]

Consistent with the Copyright Act's goal that infringers not enrich themselves at the expense of the copyright owner, prejudgment interest is necessary. "Although interest may allow an injured party to recoup the time-value of his loss, *its usefulness is not*, as the defendants would have it, *confined to the provision of just compensation*. *Requiring only that a losing defendant pay back the principal amount of a wrongfully obtained sum permits him to retain the money's time-value as a windfall in the form of an interest-free loan*."[11] "The defendants' insistence that a plaintiff seeking to recover an infringer's profits, as Graham does, should not receive interest because he 'has suffered no loss at all' is therefore unpersuasive, for interest is just as appropriate to achieve full disgorgement as to ensure just compensation."[12]

### C.    The Prejudgment Interest Calculation

"Any award of prejudgment interest should generally cover the time period from the beginning of the infringement to the date of the judgment."[13] "Where a

---

[10] *Id.* (internal citation omitted).

[11] *Id.* (internal citation omitted).

[12] *Id.*

[13] *Goodwall Constr. Co. v. Beers Constr. Co.*, 824 F. Supp. 1044, 1058 (N.D. Ga. 1992) (citing *Nickson Indus., Inc. v. Rol Mfg. Co.*, 847 F.2d 795, 800 (Fed. Cir. 1988)).

jury awards a lump-sum amount as compensation for infringement, the

prejudgment interest is properly applied to the entire amount beginning on the first

date of infringement."[14]

In this case, the infringement began with the release of the copyright-

infringing packaging at Best Buy stores in late October 2017.[15]  The copyright

infringement claim was alleged in the original suit filed May 25, 2018.[16]  Both Mr.

Cenatempo and Mr. Pellegrino agreed in their testimony at trial that by June 30,

2019, sales of the JCD382 in the copyright-infringing packaging ceased.

Mr. Cenatempo considered prejudgment interest on the copyright award

from the date of first infringement in October 2017 through July 26, 2024.[17]

---

[14]  *Schwendimann v. Arkwright Advanced Coating*, 959 F.3d 1065, 1076 (Fed. Cir.
2020); *see also Comcast IP Holdings I LLC v. Spring Commc'ns Co*., L.P., 850
F.3d 1302, 1315 (Fed. Cir. 2017) (affirming the "district court's assessment of
prejudgment interest against [an infringer] based on the entire royalty award"
where the jury awarded a lump-sum amount).

[15]  Plaintiff Trial Exhibit 2; Trial Testimony of D. Chin, R. Akins and A. Miller.
Once infringement was proved, Sanho is entitled to recover "actual damages and
any additional profits of the infringer ... that are attributable to the infringement
and are not taken into account in computing the actual damages." 17 U.S.C. §
504(a)(1) & (b).

[16]  D.E. 1.

[17]  Cenatempo Dec., ¶6.  Note that Mr. Cenatempo previously used the interest rate
from 26 U.S.C. § 6621(a)(2), which he applies here, for the calculation of
prejudgment interest that was awarded by Judge Totenberg in *Glock, Inc. v. Wuster*,
No. 1:14-CV-00568-AT, 2020 WL 11025586, at *10–11 (N.D. Ga. Sept. 15, 2020).
Cenatempo Dec., ¶4.

These calculations track to the methodology previously used by Mr. Cenatempo and approved in this district.[18] Consistent with these calculations, Sanho respectfully requests that the Court add prejudgment against Kaijet U.S. in the amount of ***$211,928***, and against Kaijet Taiwan in the amount of ***$177,600***.

## II.    Post-Verdict Remedies for Willful Infringement of the '618 Patent

As the Court's jury instructions explained, Sanho alleged willful infringement of the '618 Patent by all Defendants as to the sales of the JCD382 and the JCD389 devices.[19]  The Court's instructions also correctly noted that "Sanho can recover damages only for infringement that occurred after it filed the complaint accusing each party of infringing each patent."  For the '618 Patent, the correct date is May 19, 2020.[20]  The Court's instructions to the jury stated, "If you find that any of the Defendants infringed either of those patents and return a verdict for Sanho, ***I will determine an appropriate remedy for that***

---

[18]   *See Glock, Inc. v. Wuster*, No. 1:14-CV-00568-AT, 2020 WL 11025586, at *10–11 (N.D. Ga. Sept. 15, 2020).

[19]   Because the jury verdict form did not make separate findings for the JCD382 an the JCD389, the liability finding applies to both devices.  *See Invento AG v. Otis Elevator Co.*, 497 F. App'x 37, 40 (Fed. Cir. 2012) ("Because a special verdict or interrogatories were not used, this court must review the jury's implicit factual findings for substantial evidence and assume that the jury found all factual questions in favor of Inventio.")).

[20]   *See* the Complaint originally filed in *Sanho Corporation v. Kaijet Technology International Limited, Inc. d/b/a j5create et al*., NDGA-1-20-cv-02150, D.E. 1, filed May 19, 2020, first raising the infringement of the '618 Patent.

*infringement*."[21]  Disgorgement of profits is an equitable undertaking within the power of the Court to determine.[22]

The jury verdict found liability for '618 Patent infringement.  "We presume the jury resolved *all* underlying factual disputes in favor of the verdict."[23]

## A.    Accounting

"An accounting is a method for assessing damages that the jury does not assess. …  Accountings … generally address the problem that there is a time period that the jury's determination of infringement has left out."[24]

The jury's verdict in the case reflects a finding that each Defendant willfully infringed the '618 Patent the JCD382 *and* JCD389.[25]  Sanho now requests that the

---

[21]  Trial Transcript, 7/18/24 morning session (emphasis added).

[22]  *Shure Incorporated v. ClearOne, Inc*., 2021 WL 4991083, at *1 (D. Del. Nov. 27, 2021) ("I find that disgorgement is an equitable remedy.").

[23]  *Cyntec Co., Ltd. v. Chilisin Elecs. Corp*., 84 F.4th 979, 987 (Fed. Cir. 2023) (emphasis added).

[24]  *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 711 F.3d 1348, 1380–81 (Fed. Cir. 2013).  *See also Apple, Inc. v. Samsung Elecs. Co*., 67 F. Supp. 3d 1100, 1118 (N.D. Cal. 2014) (Accountings may occur "where the jury did not consider certain periods of infringing activity.") (internal quotation marks and citation omitted); *Contour IP Holding, LLC v. GoPro, Inc*., No. 3:17-CV-04738-WHO, 2021 WL 1022854, at *5 (N.D. Cal. Mar. 17, 2021).

[25]  D.E. 597.  "Because the jury returned a verdict in favor of [Sanho], we must presume that all factual disputes were resolved in its favor."  *Siemens AG v. Seagate Tech.*, 369 F. App'x 118, 120 (Fed. Cir. 2010) (quoting *SIBIA Neurosciences, Inc. v. Cadus Pharm. Corp*., 225 F.3d 1349, 1356 (Fed. Cir. 2000)).

Court enter an equitable accounting[26] of the infringer's profits against each of the Defendants by (1) adding to the award against each Defendant the total profits known from the sales of the JCD382 and JCD389 *after May 19, 2020*[27]; (2) requiring Defendant Kaijet U.S. to provide the Court and Sanho with sales and costs of goods sold information for the JCD382 and JCD389 since *July 1*, *2022*, the last date for which Kaijet U.S. provided sales data; (3) requiring Kaijet Taiwan to provide the Court and Sanho with sales and costs of goods sold information for the JCD382 and JCD389 since *January 1*, *2022*, the last date for which Kaijet Taiwan provided any sales data; and (4) requiring Star View to provide the Court and Sanho with sales and costs of goods sold information for the JCD382 and JCD389 since *November 13, 2020*, the last date for which Star View provided any sales data.[28]

> **B.    Adding the Total JCD382 and JCD389 Profits <u>after</u> May 19, 2020 to the Amounts Awarded by the Jury for Copyright Infringement.**

Section 289 of the Patent Act[29] permits the recovery of the total profit of the infringing devices when design patent infringement is proven.  Here, the Court's

---

[26] *See Red Carpet Studios v. Midwest Trading Group, Inc*., 2021 WL 1172218, at 2-3 (S.D. Ohio March 29, 2021) (under 35 U.S.C. §289, disgorgement is an equitable remedy, to be decided by the Court).

[27]  Sanho is only permitted to recover for infringement of the '618 Patent occurring after May 19, 2020.  *See* Trial Tr., 7/18 AM, at 22:2-11.

[28]  Cenatempo Dec., ¶2 (citing Plaintiff Trial Exhibits 363, 369, 378-381 and 437).

[29]  35 U.S.C. §289.

instructions to the jury explained that the Defendants' "total profit" means the entire profit from the infringing devices, and not just the portion of profit attributable to the design or ornamental aspects of the patent.[30] "Total profit" does not include profit attributable to other products that may be sold in association with the accused product. A design patent owner can recover the profit not only of the manufacturer or producer of the infringing devices, but also of other sellers in the chain of distribution.[31]

Total profit is determined by subtracting deductible expenses from gross revenue. Gross revenue is all of the Defendants' receipts from using Sanho's design in the sale of each infringing device. Sanho has the burden of proving the Defendants' gross revenue by a preponderance of the evidence. Deductible expenses can include costs incurred in producing the gross revenue, such as the cost of goods.[32]

Kaijet U.S., Kaijet Taiwan and Star View's sales of these devices are known.[33] Mr. Cenatempo has summarized these sales and subtracted costs, including cost of goods and any sales commissions, to arrive at the profits

---

[30] Trial Tr., 7/18 AM, at 22:18-21.
[31] *Id.*, at 22:22-23:2.
[32] *Id.*, at 23:3-10.
[33] Cenatempo Dec., ¶¶2-3 (citing Plaintiff's Trial Exhibits 363, 369, 378-381 and 437).

associated with these devices.[34]  To aid the Court, he has applied the May 19, 2020

date and only examined sales and profits after that date.  His results follow:

**The Defendants' Incremental Profits from '618 Patent Infringement (Starting May 19, 2020)**

| Product | Line Item | Kaijet U.S. through June 30, 2022 | Kaijet Taiwan through 2021 | Star View through 2020 | Total Profits |
|---------|-----------|-----------------------------------|----------------------------|------------------------|---------------|
| JC382 | Sales | $206,395 | -$84,104 | $0 | |
| | Profits | $37,464 | -$3,606 | $0 | $33,858 |
| JC389 | Sales | $907,829 | $474,505 | $167,832 | |
| | Profits | $91,405 | $48,921 | $16,632 | $156,959 |
| Total | Sales | $1,114,224 | $390,401 | $167,832 | |
| | Profits | **$128,869** | **$45,316** | **$16,632** | **$190,817** |

[35]

These amounts are in no way cumulative with the copyright infringement award.

For the copyright damages, the period of infringement ended June 30, 2019 (due to

the change of packaging for the JCD382).[36]  Therefore, Sanho respectfully requests

that the Court include as part of a post-verdict accounting that (a) Kaijet U.S. be

ordered to pay Sanho an additional **$128,869** ($37,464 for profits of the JCD382

and $91,405 for profits of the JCD389); (b) Kaijet Taiwan be ordered to pay Sanho

an additional **$48,921** for profits of the JCD389; and (c) Star View be ordered to

---

[34] *Id.*, ¶3.
[35] Cenatempo Dec., ¶3.
[36] Trial Tr., 7/11 PM (Cenatempo), at 26:22-29:1 (counting of infringing units ended June 30, 2019 for copyright infringement claim).

pay Sanho an additional **$16,632** for profits of the JCD389 during the period of post-suit infringement.

### C. The Court Should Impose Prejudgment Interest on the Profits Awarded for Patent Infringement.

"Prejudgment interest on a damages award for patent infringement 'is the rule' under 35 U.S.C. § 284."[37]  Prejudgment interest "serves to make the patent owner whole, for damages properly include the forgone use of money of which the patentee was wrongly deprived."[38]  "[N]ow that the Court has resolved the issue of total profits, the calculation of prejudgment interest is appropriate."[39]

Based on the foregoing profits to be disgorged, Mr. Cenatempo has calculated that the following prejudgment interest should also be added:

**Prejudgment Interest on the Defendants' Profits From '618 Patent Infringement (May 19, 2020 through July 26, 2024)**

| Defendant | Prejudgment Interest |
|---|---|
| Kaijet U.S. | $27,747 |
| Kaijet Taiwan | $10,727 |
| Star View | $3,811 |
| **Total** | **$42,285** |

[40]

Therefore, Sanho respectfully requests that the Court include as part of its final judgment that: (a) Kaijet U.S. be ordered to pay Sanho additional prejudgment

---

[37] *Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1574 (Fed. Cir. 1996).
[38] *Id.*
[39] *Red Carpet Studios*, at *8.
[40]  Cenatempo Dec., ¶4.

interest of *$27,747*; (b) Kaijet Taiwan be ordered to pay Sanho additional

prejudgment interest of *$10,727*; and (c) Star View be ordered to pay Sanho

prejudgment interest of *$3,811*.

## III.    Declaratory Relief

The Kaijet Defendants sought declaratory judgment that, among other

things:

(a)    the '707 Trademark is invalid.  D.E. 115, ¶¶75-85.

(b)    the '336 Copyright is invalid.  D.E. 115, ¶¶86-88;

(c)    the '875 Patent is invalid.  D.E. 115, ¶¶56-63;

(d)    the '618 Patent is invalid. D.E. 422, ¶¶7-16; and

(e)    the '290 Patent is invalid. D.E. 422, ¶¶17-21.

The jury rejected each of these claims.  D.E. 597.  As such, Sanho is entitled to a

final order of declaratory relief that each of these items of intellectual property is

*not* invalid.[41]

## IV.    The Court Should Award Post-Judgment Interest on the Final
## Judgment Amount.

Post-judgment interest is required under 28 U.S.C. § 1961, which provides

"[i]nterest shall be allowed on any money judgment in a civil case recovered in a

district court."[42]  "Such interest shall be calculated from the date of the entry of the

---

[41]  *See* F.R.C.P. 57; 28 U.S.C. §2201(a).
[42]  28 U.S.C. § 1961(a).

judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment."[43]  Further, post-judgment interest on judgments is "computed daily to the date of payment."[44]

Accordingly, Sanho respectfully requests the Court to order post-judgment interest, computed daily, at a rate equal to the weekly average 1-year constant maturity Treasury yield.  Mr. Cenatempo has computer the amounts as follows:

**For copyright infringement:**

The resulting post-judgment interest in the first year is **$107.94 per day** for Kaijet U.S., **$86.44 per day** for Kaijet Taiwan, and $194.38 per day in total.  At a constant rate of 4.86%, the daily interest would increase by 4.86% each year (to $203.83 in the second year ($194.38 x 1.0486, rounded), $213.73 in the third year ($194.38 x $1.0486^2$, rounded)).[45]

**For willful infringement of the '618 Patent:**

The post-judgment interest in the first year is **$20.85 per day** for Kaijet U.S., **$7.46 per day** for Kaijet Taiwan, **$2.72 per day** for Star View, and $31.04 per day in total.  At a constant rate of 4.86%, the daily interest would increase by

---

[43] *Id.*
[44] 28 U.S.C. § 1961(b).
[45] Cenatempo Dec., ¶7.

4.86% each year (to $32.55 in the second year ($31.04 x 1.0486, rounded), $34.13

in the third year ($31.04 x $1.0486^2$, rounded)).[46]

## V. The Court Should Order a Final Injunction, or otherwise Order the Defendants to Produce Documents on an Ongoing Basis Accounting for their Additional Sales.

"The several courts having jurisdiction of cases under this title may grant

injunctions in accordance with the principles of equity to prevent the violation of

any right secured by patent, on such terms as the court deems reasonable."[47]  Here,

the jury determined that the JCD382 and JCD389 infringe the '618 Patent.[48]

Accordingly, a final injunction should issue in favor of Sanho and against the

Defendants.

In addition to the fact that Sanho sold more than 750,000 units of the

HyperDrive®, there was substantial evidence that the design of the adapter, as

shown in the JCD 382 and JCD 389 drove demand.[49]   Defendants repeatedly

testified that Sanho was their competitor,[50] that Defendants were the established

---

[46]  Cenatempo Dec., ¶5.

[47]  35 U.S.C. 283.

[48]  D.E. 597.

[49]  *See e.g.*, Pl.'s Exs. 24, 30, 32, 44, 50, 57, 72, 76, 77, 79, 87, 96, 101, 102, 112, 116, 118, 352-359; 7/9 PM Chong Testimony, 107:14-108:3, 110:15-19, 112:24-18; 7/10 AM Chong Testimony, 5:12-6:1; 7/10AM Chin Testimony, 68:2-71:24; 7/10 PM, Chin Testimony, 122:9-21.

[50]  *See Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 702 F.3d 1351, 1363 (Fed. Cir. 2012) (noting "competition in the same market is certainly one factor suggesting strongly the potential for irreparable harm without enforcement of the right to exclude").

brand, and that Sanho was a new company.[51]  Plaintiff filed suit against defendants in May 2020 for infringement of its '618 patent.  A side-by-side of the 618 patent, and the JCD 382 product, was shown as follows:



On October 29, 2019, Jessica Liu, the CEO of Kaijet US, sent an email to Kaijet Taiwan's Cindy Lin, requesting that Kaijet US' JCD382 product be updated to include a local area network connection.[52]  The JCD382 was an infringing good.[53]  Liu attached to her email screen shots of plaintiff's products designs, requesting to modify the JCD382.[54]  This was not the first time that Liu had

---

51  Trial Tr., 7/15 PM, at 105:17-20.
52  Trial Tr., 7/15 PM, at 112:20-117:11; Plaintiff Ex. 112 (Oct. 29, 2019 Email from Liu to Lin, entitled: Request JCD 382 + LAN).
53  *Id.*, 7/10 AM, at 80:5-81:4; 92:15-23 (Chin Testimony).
54  Pl. Ex. 112.

attached screen shots of plaintiff's products to her associates, in connection with the release of new products intended to compete with Plaintiff's products.[55]

Liu testified that she was concerned that plaintiff had eroded her organization's market share.[56]  Kaijet U.S.'s sales agent Andy Miller testified that he "loved stealing" sales of the infringement products from Plaintiff.[57]  Miller also testified that there was "animosity" towards Sanho after 2018.[58]

After suit was filed, Defendants did not stop selling the infringing goods, including the JCD389.  Comparing the JCD389[59] with the '618 Patent[60] yields the following:




---

[55] *See*, e.g., Pl. Ex. 79, 54, 52, 39.
[56] Pl. Ex. 77; Trial Tr., 7/16 AM, at 6:1-24.
[57] Trial Tr., 7/12 PM (Miller), 27:24-28-28:2.
[58] *Id*., 7/12 PM, at 28:18-20.
[59] Pl. Ex. 6.
[60] Pl. Ex. 12.



At trial, Defendants' CEOs waffled about whether they were continuing to sell the infringing goods as of the time of trial.[61]  Ms. Tai offered to provide an accounting of sales, in light of the fact that she did not know whether her companies were continuing to sell the goods, that were the subject of the trial.[62]

A plaintiff seeking a permanent injunction must demonstrate:

(1) that it has suffered an irreparable injury;

(2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury;

(3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and

(4) that the public interest would not be disserved by a permanent injunction."[63]

---

[61]  *Id.*, 7/15 AM (Tai), 61:4-7; 7/16 AM (Liu), 7:15-16.

[62] *Id.*, 7/12 AM (Tai), at30:1-9.

[63]  *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

As set forth below, the facts of this case between competitors warrant a permanent injunction. The four factors necessary for a permanent injunction are present. Defendants' infringement of plaintiff's patent could be viewed by a reasonable juror to have been in bad faith (willful).

## A.    Irreparable Injury and Inadequate Remedy at Law.

Sanho does not monetize its design patents through licensing of third parties.[64] And it is undisputed that the parties are competitors.[65]

Loss of market share and loss of access to customers are pertinent to the irreparable harm inquiry.[66] Defendants infringed the '618 patent based on the sales of the JCD382 and JCD389, and thus interfered with Sanho's market advantage for its own products. In turn, Plaintiff lost its exclusive right to the '618 Patent design for years, as well as market share and access to customers.[67]

"From at least the early 19th century, courts have granted injunctive relief upon a finding of infringement in the vast majority of patent cases. This 'long tradition of equity practice' is not surprising, given the difficulty of protecting a

---

[64] *See Acumed LLC v. Stryker Corp*., 551 F.3d 1323, 1327-1329 (Fed. Cir. 2008) (patentees who do not monetize patent through licensing more vulnerable to suffering irreparable harm).
[65] *See Presidio Components, Inc*., 702 F.3d at 1363-64 (the fact that the parties' are competitors increases the likelihood of irreparable harm).
[66] *Trebro Mfg. v. FireFly Equip., LLC*, 748 F.3d 1159, 1170 (Fed. Cir. 2014).
[67] *Novozymes A/S v. Genencor Int'l, Inc*., 474 F. Supp. 2d 592, 613 (D. Del. 2007) (finding monetary damages to be inadequate and noting the patentee "has a right, granted by Congress, not to assist its rival with the use of proprietary technology").

right to *exclude* through monetary remedies that allow an infringer to *use* an invention against the patentee's wishes--a difficulty that often implicates the first two factors of the traditional four-factor test."[68]

Plaintiff Sanho was the newer entrant to Best Buy.  Sanho was first to market with its products, and time to market is a distinct advantage.[69]  Plaintiff's manager Valerie Chong testified that plaintiff's sales at Best Buy were comprised of almost 3x its total sales of other products.[70]  Defendants have infringed Plaintiff's patent since 2020.  For a patent owner like Sanho, there is no adequate remedy for the loss of exclusivity that it should have had in its designs.[71]  And there is no way to know how much market advantage the Defendants eroded by infringing the '618 Patent with the JCD382 and JCD389 products.[72]

---

[68] *eBay Inc.,* 547 U.S. at 395.

[69]  Pl. Exhibit 74 (Kaijet trailing Sanho's performance due to Sanho's first-to-market advantage).

[70]  7/9 AM, PM, Chong Testimony.

[71] *Douglas Dynamics, LLC v. Buyers Products Co*., 717 F.3d 1336, 1345 (Fed. Cir. 2013) ("Exclusivity is closely related to the fundamental nature of patents as property rights. It is an intangible asset that is part of a company's reputation, and here, [patent holder's] exclusive right to make, use, and sell the patented inventions is under attack by [the] infringement.").

[72]  *See Douglas Dynamics, LLC v. Buyers Prods. Co*., 717 F.3d 1336, 1344 (Fed. Cir. 2013) (granting permanent injunction, and stating that irreparable injury encompasses different types of losses that are often difficult to quantify, including lost sales and erosion in reputation and brand distinction).

**B.    Balance of Hardships.**

The Court must consider whether the balance of equities tips in the favor of granting the injunction. Rather than fair competition, Sanho was forced to compete against its own patented design.[73]  Courts are not sympathetic to any hardship self-inflicted by undertaking knowing infringement.[74]

**C.    Public Interest.**

The final factor requires the patentee to show that "the public interest would not be disserved by a permanent injunction."[75] "[T]he public interest nearly always weighs in favor of protecting property rights in the absence of countervailing factors, especially when the patentee practices his inventions."[76]  Here there are no countervailing factors.  This factor weighs in favor of Plaintiff.

**D.    Alternative to Injunctive Relief.**

Unless the Defendants are prepared to stipulate to a final judgment of injunctive relief barring the JCD382 and JCD389, there should be a continuing

---

[73] *Robert Bosch LLC v. Pylon Mfg. Corp*., 659 F.3d 1142, 1156 (Fed. Cir. 2011) ("requiring [patentee] to compete against its own patented invention...places a substantial hardship on [the patentee]").

[74] *See Pfizer, Inc. v. Teva Pharms. USA*, 429 F.3d 1364, 1382 (Fed Cir. 2005) ("Simply put, an alleged infringer's loss of market share and customer relationships, without more, does not rise to the level necessary to overcome the loss of exclusivity experienced by a patent owner due to infringing conduct.").

[75] *Apple Inc. v. Samsung Elecs. Co.*, 809 F.3d 633, 646 (Fed. Cir. 2015) (quoting *eBay*, 547 U.S. at 391).

[76] *Id*. at 647.

duty to account to the Court and to Sanho for any sales and profits.  Sanho submits that these sales should be accounted for quarterly.

**VI.    The Final Judgment.**

For the foregoing reasons, Sanho respectfully requests that the Court enter final judgment as follows:

As and for its final judgment, the Court declares as follows:

1.    Within thirty days of the date of this judgment, Defendants Kaijet International Technology Limited ("Kaijet U.S."), Kaijet International Technology Corporation ("Kaijet Taiwan"), and Star View Global Limited ("Star View") must provide a final accounting to the Court and to Sanho of all sales and profits attributable to the JCD382 and JCD389 Ultradrive products, and shall pay Sanho Corporation ("Sanho") the entirety of such profits plus prejudgment and post-judgment interest on any additional amounts.

2.    Subject to any additional profits found in the accounting, Defendant Kaijet U.S. is liable to Sanho Corporation and shall pay Sanho Corporation **$967,266**, comprised of the following amounts:

    a.    For copyright infringement: **$809,990**  ($598,008 in infringer's profits, plus prejudgment interest of $211,982); and

      b.  For willful patent infringement of the '618 Patent: **$156,616**

($128,869 in infringer's profits, plus prejudgment interest of

$27,747).

3.  Subject to any additional profits found in the accounting, Defendant

Kaijet Taiwan is liable to Sanho Corporation and shall pay Sanho

Corporation **$708,847**, comprised of the following amounts:

      a.   For copyright infringement: **$649,199**  ($471,599 in infringer's

profits, plus prejudgment interest of $177,600); and

      b.  For willful patent infringement of the '618 Patent: $**59,648**

($48,921 in infringer's profits, plus prejudgment interest of

$10,727).

4.  Subject to any additional profits found in the accounting, Defendant Star

View is liable to Sanho Corporation and shall pay Sanho Corporation

**$20,443,** comprised of **$16,632** in infringer's profits and **$3,811** in

prejudgment interest for willful infringement of the '618 Patent.

5.  Pursuant to 35 U.S.C. 283 and Federal Rule of Civil Procedure 65,

because the Court determines in this case that Defendants Kaijet U.S.,

Kaijet Taiwan and Star View are liable for willful infringement of the

'618 Patent, and that an order of final injunctive relief is appropriate in

light of the judgment of infringement given that Sanho and the

Defendants are competitors in the market for computer accessories, Defendants, their officers, agents, servants, employees, and attorneys; and any other persons who are in active concert or participation with them[77], are hereby permanently enjoined from (a) making, using, offering to sell, or selling[78] the JCD382 and JCD389 model Ultradrive products, or any other products bearing designs which are substantially the same as the JCD382 and/or JCD389, in the United States; and (b) importing into the United States[79] the JCD382 and JCD389 model Ultradrive products, or any other products bearing designs which are substantially the same as the JCD382 and/or JCD389, in the United States.[80]

6.  Subject to any additional profits found in the accounting, post-judgment interest shall accrue at the following rates:

    a.  For Kaijet U.S.: $128.79 per day;

    b.  For Kaijet Taiwan: $93.90 per day; and

    c.  For Star View: $2.72 per day.

---

[77] F.R.C.P 65(d)(2).

[78] 35 U.S.C. 271(a).

[79] *Id.*

[80] As an alternative to a final injunction, Defendants are subject to a continuing duty to account to the Court and to Sanho for any sales and profits of the JCD382 and JCD389 model Ultradrive products, as well as other product designs which infringe the '618 Patent, with such sales and profits accounted for quarterly for immediate disgorgement of profits to Sanho.

7.  The Court also issues declaratory judgment as follows:

    a.  the '707 Trademark is not invalid.

    b.  the '336 Copyright is not invalid.

    c.  the '875 Patent is not invalid.

    d.  the '618 Patent is not invalid; and

    e.  the '290 Patent is not invalid.

This 24th day of July, 2024.

Respectfully submitted,

By:   */s/ Steven G. Hill*
        Steven G. Hill
        GA Bar No. 354658
        David K. Ludwig
        GA Bar No. 616971
        HILL, KERTSCHER & WHARTON, LLP
        3625 Cumberland Blvd., SE, Suite 1050
        Atlanta, Georgia 30339-6406
        Tel:  (770) 953-0995
        Fax:  (770) 953-1358
        Email:  sgh@hkw-law.com
        Email:  dludwig@hkw-law.com

        **-and-**

        Ali A. Aalaei *(admitted pro hac vice)*
        CA Bar No. 254713
        ARI LAW, P.C.,
        3130 Alpine Rd Ste 288 PMB 408
        Portola Valley, CA 94028-7541

        Tel:  (415) 830-9968
        Fax: (415) 520-9456
        Email:  ali@arilaw.com

        *Attorneys for Plaintiff Sanho Corporation*

## **CERTIFICATE OF SERVICE**

I certify that on the 24th day of July, 2024, I filed a true and correct copy of the foregoing document with the CM/ECF filing system of this Court, which will serve an electronic copy to all attorneys of record.

*/s/Steven G. Hill*
GA Bar No. 354658

*Counsel for Plaintiff Sanho Corporation*