# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SANHO CORPORATION,<br>    Plaintiff,<br><br>            v.<br><br>KAIJET TECHNOLOGY INTERNATIONAL LIMITED, INC., *et al.*,<br>    Defendants. | Civil Action No.<br>1:18-cv-05385-SDG |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Sanho Corporation's motion for post-judgment relief [ECF 606], following a jury verdict in its favor on copyright and patent infringement claims against Defendants KaiJet Technology International Corporation (KaiJet Taiwan), KaiJet Technology International Limited, Inc. (KaiJet US), and Starview Global Limited.[1] Specifically, Sanho asks for (1) pre-judgment interest for copyright infringement; (2) disgorgement of profits for '618 Patent infringement; (3) declaratory relief that its intellectual property registrations are not invalid; (4) post-judgment interest on all damages; and (5) injunctive relief for '618 Patent infringement. For the following reasons, Sanho's motion is **GRANTED** as to pre- and post-judgment interest and injunctive relief as to '618 Patent infringement, but **DENIED** as to all else.

---

[1]   ECF 597.

**I.     Sanho Is Entitled to Pre-Judgment Interest for Copyright Infringement.**

Sanho requests pre-judgment interest for copyright infringement, which the KaiJet Defendants[2] oppose. The award of pre-judgment interest is an equitable matter of district court discretion. *Blasland, Bouck & Lee, Inc. v. City of N. Miami*, 283 F.3d 1286, 1297–98 (11th Cir. 2002). The Eleventh Circuit does not seem to have opined on pre-judgment interest in copyright cases, but courts around the country have found pre-judgment interest appropriate for copyright violations. *See, e.g.*, *Kleier Advert., Inc. v. Premier Pontiac, Inc.*, 921 F.2d 1036, 1041–42 (10th Cir. 1990) (relying on Seventh and Ninth Circuit precedent to hold that a denial of pre-judgment interest for copyright infringement was an abuse of discretion). *Kleier* is particularly instructive on the propriety of copyright pre-judgment interest where, as here, the jury has awarded infringer's profits. As *Kleier* explained, the purposes of the Copyright Act are undermined by permitting recovery of profits without also permitting recovery of "revenue generated by the *use* of the profits" through pre-judgment interest. *Id.* at 1042 (emphasis in original).

Sanho's *entitlement* to pre-judgment interest is one matter; the *amount* of its entitlement is another. The parties have, between them, submitted three proposals for the amount of pre-judgment interest, each flawed in its own way:

---

[2]     That is, KaiJet US and KaiJet Taiwan.

1. Sanho's damages expert Daniel Cenatempo proposes an award of $389,528, based on an October 26, 2017 start date for the accrual of damages.

That figure is too high, because the start date is too early. The Court agrees with Defendants that, if the jury had accepted Sanho's theory that damages began to accrue on October 26, 2017, the jury would have awarded all or most of Sanho's requested $910,141 in damages as to KaiJet US.[3] In fact, the jury awarded $598,008, which closely tracks a start date of May 4, 2018—the effective date of Sanho's copyright registration.[4]

2. The KaiJet Defendants' damages expert proposes an award of $224,913, based on a May 20, 2017 start date for the accrual of damages.[5]

The problem with the KaiJet Defendants' proposal is twofold. First, it ends its calculations too early: at the end of 2022, in a case that went to trial in 2024. Second, it uses the wrong interest rate: 4.86%, which is the applicable rate for *post*-judgment interest, but which cannot be squared with the instructions for calculating *pre*-judgment interest set forth in 26 U.S.C. § 6621(a)(2).

---

[3]  ECF 615-1, ¶ 8.

[4]  *Id.*

[5]  *Id.* ¶ 11.

      3. Cenatempo alternatively proposes an award of $315,902, based on a start date of July 1, 2019—the approximate date on which the KaiJet Defendants' infringement ceased.[6]

This proposal tends to *under*compensate Sanho for two reasons: first, because interest on damages began to accrue when the infringement occurred, in large part before July 1, 2019; and second, because Sanho only calculates interest through July 22, 2024.

Of these three, Cenatempo's alternative proposal of $315,902 is the most equitable. Sanho can hardly object to the calculations of its own expert, set forth in a declaration it attached to its own motion. Any under-compensation to Sanho from a truncated date range is, at least partially, offset by the arguable overcompensation attributable to Cenatempo's use of compound interest.[7] The Court sees no need to prolong entry of judgment by asking the parties to resubmit their calculations, and those calculations are fact-intensive enough that the Court is comfortable deferring to Cenatempo's report, nits included. Finally, the Court declines the KaiJet Defendants' invitation to adjust the pre-judgment interest award downward for Sanho's allegedly dilatory conduct:[8] The Court cannot say that six years is an unreasonable length of time in which to litigate and try an

---

[6]    ECF 606-1, ¶ 8.

[7]    ECF 615-1, ¶ 10.

[8]    ECF 615, at 27.

international, factually intricate, legally complex case like this one, and the Court further credits *Sanho*'s 2023 motion to lift stay[9] as an important factor in ensuring timely scheduling of the recent trial. Sanho is accordingly awarded pre-judgment interest, as calculated by Cenatempo, of $315,902.00 in total: $176,618.00 from KaiJet US, and $139,284.00 from KaiJet Taiwan.[10]

## II.     Sanho Is Not Entitled to Disgorgement of Profits for Patent Infringement.

In an act of brazen gamesmanship, Sanho requests disgorgement of profits as an equitable remedy for infringement of its '618 Patent,[11] after expressly disavowing its pursuit of that remedy at trial.[12] The Court will hold Sanho to its open-court representation: Sanho's request for disgorgement of profits is denied.

## III.    Sanho Is Not Entitled to Declaratory Relief for Patent Infringement.

Sanho requests declaratory relief as to the non-non-validity (that is, the validity) of its intellectual property at issue in this case.[13] That request is denied, for Sanho's failure to specifically seek declaratory relief in its operative

---

[9]   ECF 419.

[10]  ECF 606-1, ¶ 8.

[11]  ECF 606, at 7.

[12]  ECF 589 (representing that Sanho would be seeking "only" injunctive relief for '618 Patent infringement).

[13]  ECF 606, at 12.

complaints,[14] and for its failure to identify case law indicating that a declaration might be appropriate here.

## IV. Sanho Is Entitled to Post-Judgment Interest for Copyright Infringement.

Sanho requests post-judgment interest on all damages.[15] That request is granted under 28 U.S.C. § 1961 and as unopposed by the KaiJet Defendants.[16] Sanho is awarded post-judgment interest (on its copyright infringement claim only) in accordance with 28 U.S.C. § 1961, at a rate equal to the weekly average 1-year constant maturity Treasury yield for the calendar week preceding the date of the judgment, computed daily and compounded annually.

## V. Sanho Is Entitled to Injunctive Relief for Patent Infringement.

Sanho requests injunctive relief for Defendants' infringement of its '618 Patent: either a permanent injunction against the sale of those products accused of infringing the '618 Patent—the JCD382 and JCD389[17]—or, alternatively, an order

---

[14] The catchall clauses in the operative complaints for "such other and further relief," ECF 89, at 35; ECF 418, at 21, are an insufficient basis on which to award declaratory relief requested for the first time after trial.

[15] ECF 606, at 12.

[16] ECF 615, at 28.

[17] The Court will refer to the JCD382 and JCD389 as the "accused products"—not the "infringing products"—because Defendants question whether the jury found the JCD389 to infringe the '618 Patent. *Id.* at 15. The Court need not rule on that question now, because Defendants voluntarily represented that they would stop selling *both* the JCD382 and JCD389 effective immediately—and it is that voluntarily representation on which the Court premises its grant of Sanho's request for an equitable accounting. Nevertheless, the Court agrees

that Defendants provide a quarterly accounting of their sales of and profits from the accused products.[18] As a preliminary matter, Sanho would be entitled to injunctive relief only for *future* harm: To the extent that Sanho has suffered *past* harm for '618 Patent infringement, "that harm is neither imminent nor irreparable at law and is not the appropriate subject matter for injunctive relief."[19] *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1134 (11th Cir. 2005).

The Court rules that a quarterly accounting of Defendants' future sales and profits of the accused products is an appropriate injunctive remedy here. In so ruling, the Court relies on Defendants' following representation:

> [The accused products] are no longer for sale. These products were at the end of their product cycle, and have been replaced with newer products. In view of the jury's verdict and out of an abundance of caution, KaiJet US removed these products from their website and are pulling all existing inventory from third-party sellers. KaiJet US has no intention of selling these products anymore, because of both the jury verdict of

---

with Sanho that Defendants failed to timely object to the form of the verdict as to patent infringement. ECF 617, at 10. The Court also agrees with Sanho that because "all underlying factual disputes [are resolved] in favor of the verdict," *Cyntec Co., Ltd. v. Chilisin Elecs. Corp.*, 84 F.4th 979, 987 (Fed. Cir. 2023), a dispute over whether the JCD389 infringes the '618 Patent would presumptively be resolved in favor of infringement. ECF 606, at 7.

[18]   ECF 606, at 14.

[19]   The Court reiterates that Sanho unambiguously disclaimed its pursuit of monetary damages as compensation for past infringement of the '618 Patent at trial. *Supra* at 5.

7

>infringement and the lack of demand in the marketplace for these older product models.[20]

The Court takes Defendants at their word, finds that they have no intent to continue selling the accused products in the United States, and concludes that a permanent injunction against their future sale is unnecessary.

However, despite Defendants' best intentions, the accused products are apparently still available online for purchase and shipment to the United States.[21] In other words, it is possible that some accused products will be sold before they can be pulled off the market, Defendants' good-faith efforts notwithstanding. It is equitable to require Defendants to pay Sanho for any profits attributable to such sales—sales which, the Court trusts, will be very limited in number and limited in duration.

. . .

Sanho's motion for post-judgment relief [ECF 606] is **GRANTED** as to pre- and post-judgment interest and an accounting of future sales of the JCD382 and JCD389, and **DENIED** as to all else.

---

[20] ECF 615, at 12–13.

[21] ECF 617, at 12 nn.43–44.

Defendants are **ORDERED** to provide an accounting to the Court and to Sanho of any sales and profits attributable to the JCD382 and JCD389, on a quarterly basis, starting from the date of entry of judgment and ending with a final accounting in January 2026. To the extent Sanho believes it has good cause to continue to receive accounting reports beyond January 2026, it may file a motion with the Court at that time seeking same. Any accounting documents filed to the docket may be filed under seal. A final judgment will be entered separately.

**SO ORDERED** this 27th day of September, 2024.

_____
Steven D. Grimberg
United States District Judge