UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SANHO CORPORATION,<br><br>        Plaintiff,<br><br>   v.<br><br> KAIJET TECHNOLOGY<br>INTERNATIONAL LIMITED, INC.,<br>dba "j5create;" and DOES 1-100,<br><br>       Defendants, | Case No. 1:18-cv-05385-SDG |
| SANHO CORPORATION,<br><br>        Plaintiff,<br><br>   v.<br><br>KAIJET TECHNOLOGY<br>INTERNATIONAL LIMITED, INC.;<br>KAIJET TECHNOLOGY<br>INTERNATIONAL CORPORATION;<br>MAGIC CONTROL TECHNOLOGY;<br>STARVIEW GLOBAL LIMITED, each<br>doing business as "j5create;" and DOES<br>1-10,<br><br>       Defendants. | Consolidated with<br>Case No. 1:20-cv-02150-TCB |

**DEFENDANTS KAIJET TECHNOLOGY INTERNATIONAL LIMITED, INC. AND KAIJET TECHNOLOGY INTERNATIONAL CORPORATION'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW; AND KAIJET TECHNOLOGY INTERNATIONAL CORPORATION'S MOTION TO DISMISS COPYRIGHT CAUSE OF ACTION AND VACATE JUDGMENT THEREON**

## <u>TABLE OF CONTENTS</u>

I.     LEGAL STANDARD. .................................................................................1

II.    ARGUMENT. ..........................................................................................3

   A. This Court lacks Subject Matter Jurisdiction over Sanho's Copyright
      Claims against KaiJet Taiwan. .........................................................3

      1.   No direct infringement by KaiJet Taiwan and therefore no subject
           matter jurisdiction. ............................................................3

      2.   No allegation and no proof of contributory infringement by
           KaiJet Taiwan...................................................................6

   B. KaiJet Defendants Renew their Motion for JMOL as to Sanho's
      Copyright Claim. .............................................................................9

      1.   No evidence related to deposit copy. ....................................9

      2.   No reasonable juror could find substantial similarity..........14

   C. KaiJet Defendants Renew their Motion for JMOL of Noninfringement
      of the '618 Patent...........................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ABC Corp. I v. The P'ship*,
   52 F.4th 934 (Fed. Cir. 2022) ...................................................................15, 16

*Arbaugh v. Y & H Corp.*,
   546 U.S. 500 (2006).........................................................................................2

*Basso v. Utah Power & Light Co.*,
   495 F.2d 906 (10th Cir. 1974) .......................................................................2

*Casella v. Morris*,
   820 F.2d 362 (11th Cir. 1987) .......................................................................6

*Chapman v. AI Transp.*,
   229 F.3d 1012 (11th Cir. 2000) .....................................................................1

*Christopher v. Fla.*,
   449 F.3d 1360 (11th Cir. 2006) .....................................................................2

*Coles v. Wonder*,
   283 F.3d 798 (6th Cir. 2002) .......................................................................12

*Data Gen. Corp. v. Grumman Sys. Support Corp.*,
   36 F.3d 1147 (1st Cir. 1994), *abrogated on other grounds by Reed
   Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010)................................11

*Eagerton v. Valuations, Inc.*,
   698 F.2d 1115 (11th Cir. 1983) .....................................................................2

*Egyptian Goddess, Inc. v. Swisa, Inc.*,
   543 F.3d 665 (Fed. Cir. 2008) ................................................................15, 16

*GB Mktg. USA Inc. v. Gerolsteiner Brunnen GmbH & Co.*,
   782 F. Supp. 763 (W.D.N.Y. 1991)................................................................7

*Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*,
   443 F.2d 1159 (2d Cir. 1971) .........................................................................6

*Herzog v. Castle Rock Ent.*,
193 F.3d 1241 ...............................................................................................12

*Hobbs v. Georgia DOT*,
785 F. Supp. 980 (N.D. Ga. Oct. 18, 1991) (*vacated in part on
other grounds as Hobbs v. Roberts*, 999 F.2d 1526, 1528 (11th Cir.
1993))............................................................................................................2

*London v. Fieldale Farms Corp.*,
No. Civ. 2:01-CV-202-WCO, 2003 WL 23750660 (N.D. Ga. Dec.
22, 2003), *aff'd,* 410 F.3d 1295 (11th Cir. 2005) .................................2

*Merrell v. Tice*,
104 U.S. 557 (1881)....................................................................................11

*Palmer v. Braun*,
376 F.3d 1254 (11th Cir. 2004) ..............................................................3, 4, 7

*Reeves v. Sanderson Plumbing Prod., Inc.*,
530 U.S. 133 (2000)......................................................................................1

*Skidmore v. Led Zeppelin*,
952 F.3d 1051 (9th Cir. 2020) ................................................11, 12, 13

*Subafilms, Ltd. v. MGM-Pathe Commc'ns*,
24 F.3d 1088 (9th Cir. 1994) ................................................................3

*Swoope v. CSX Transp., Inc.*,
666 F. App'x 820 (11th Cir. 2016) ....................................................2

**Statutes**

17 U.S.C. § 106(1) .......................................................................................3

17 U.S.C. § 106(3) .......................................................................................3

17 U.S.C. § 407(a) .......................................................................................11

17 U.S.C. § 602(a)(1) ...................................................................................3

28 U.S.C. § 1338 ..........................................................................................3

**Other Authorities**

Fed. R. Civ. Proc. 12(h)(3) ............................................................1, 2, 5, 9

Fed. R. Civ. Proc. 50(b) ................................................................1

## <u>TABLE OF ABBREVIATIONS</u>

| Full Name | Abbreviations |
|---|---|
| U.S. Design Patent No. D807,290 | '290 Patent |
| U.S. [Utility] Patent No. 10,572,429 | '429 Patent |
| U.S. Design Patent No. D855,616 | '616 Patent |
| U.S. Design Patent No. D844,618 | '618 Patent |
| U.S. Design Patent No. D813,875 | '875 Patent |

Pursuant to Federal Rule of Civil Procedure 50(b), Defendants Kaijet Technology International Limited, Inc. and Kaijet Technology International Corporation (respectively "KaiJet US" and "KaiJet Taiwan" or collectively, "KaiJet Defendants") renew their motion for Judgment as a Matter of Law ("JMOL") on Plaintiff Sanho Corporation's ("Sanho") claims for infringement of copyright and infringement of the '618 Patent.

Additionally, pursuant to Federal Rule of Civil Procedure 12(h)(3), Kaijet Taiwan moves the Court to dismiss Sanho's claims against it for infringement of copyright, and further to vacate Judgment against KaiJet Taiwan as void, because the Court lacks subject matter jurisdiction over Sanho's claim that the sale in Taiwan of product in specific packaging would infringe Sanho's United States copyright registration.

## I.    LEGAL STANDARD.

The standard for granting judgment as a matter of law mirrors that of the standard for granting summary judgment.[1] Therefore, "judgment as a matter of law 'is appropriate when a plaintiff presents no legally sufficient evidentiary basis for a

---

[1] *Chapman v. AI Transp.*, 229 F.3d 1012, 1025 n.11 (11th Cir. 2000) (citing *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 148-150 (2000)).

reasonable jury to find for him on a material element of his cause of action.'"[2] Purely legal questions may be resolved by a motion for judgment as a matter of law.[3]

Regarding subject matter jurisdiction, "[i]f the Court determines *at any time* that it lacks subject-matter jurisdiction over a claim, the court must dismiss the action."[4] The want of "subject matter jurisdiction cannot be waived";[5] indeed, it can be raised after a verdict has been entered,[6] and even for the "first time on appeal."[7]

A court which lacks subject matter jurisdiction over a claim cannot render judgment on that claim; thus, any such purported judgment must be vacated.[8]

---

[2] *Swoope v. CSX Transp., Inc.*, 666 F. App'x 820, 822 (11th Cir. 2016) (quoting *Christopher v. Fla.*, 449 F.3d 1360, 1364 (11th Cir. 2006)).

[3] *London v. Fieldale Farms Corp.*, No. Civ. 2:01-CV-202-WCO, 2003 WL 23750660, at *1 (N.D. Ga. Dec. 22, 2003), *aff'd,* 410 F.3d 1295 (11th Cir. 2005).

[4] Fed. R. Civ. Proc. 12(h)(3) (emphasis added).

[5] *Eagerton v. Valuations, Inc.*, 698 F.2d 1115, 1118 (11th Cir. 1983).

[6] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-07 (2006).

[7] *Hobbs v. Georgia DOT*, 785 F. Supp. 980, 985 (N.D. Ga. Oct. 18, 1991) (*vacated in part on other grounds as Hobbs v. Roberts*, 999 F.2d 1526, 1528 (11th Cir. 1993)).

[8] *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (attack on subject matter jurisdiction for want of diversity not raised until after final judgment; cause remanded with directions to vacate judgment.).

## II.    ARGUMENT.

### A. This Court lacks Subject Matter Jurisdiction over Sanho's Copyright Claims against KaiJet Taiwan.

#### 1.  No direct infringement by KaiJet Taiwan and therefore no subject matter jurisdiction.

The Copyright Statute granted Sanho, as the owner of a copyrighted work, the exclusive right to reproduce the copyrighted work,[9] and the exclusive right to distribute copies of the work.[10] Moreover, the statute provides that importation of copies of a work without the authorization of the copyright owner is an infringement of the exclusive right to distribute copies.[11]

Title 28, United States Code, Section 1338 gives the district courts original jurisdiction over civil actions arising under federal copyright law. It is beyond cavil that United States copyright law "has no extraterritorial effect," and for that reason it "cannot be invoked to secure relief for acts of infringement occurring outside the United States."[12]

The Eleventh Circuit standard, articulated in *Palmer v. Braun*, provides that "it is only where an infringing act occurs in the United States that the infringement is actionable under the federal Copyright Act, giving the federal courts [subject

---

[9] 17 U.S.C. § 106(1).

[10] 17 U.S.C. § 106(3).

[11] 17 U.S.C. § 602(a)(1).

[12] *Palmer v. Braun*, 376 F.3d 1254, 1258 (11th Cir. 2004) (citing *Subafilms, Ltd. v. MGM-Pathe Commc'ns*, 24 F.3d 1088, 1091 (9th Cir. 1994)).

matter] jurisdiction over the action."[13] Put another way, where an act that would infringe, if it occurred within the U.S., occurs outside U.S. territory, it is not an act of infringement actionable under U.S. copyright law, and federal courts have no subject matter jurisdiction over said act. In this action, the only acts of KaiJet Taiwan that Sanho proved in support of its allegations of copyright infringement were sales of products in packaging that allegedly copied Sanho's copyrighted work. The sole evidence is that those sales occurred <u>in Taiwan</u> to KaiJet US, and KaiJet US then imported the products into the United States. This bears repeating: Sanho's only evidence of accused acts by KaiJet Taiwan were the production of product boxes <u>in Taiwan</u> that were then distributed <u>in Taiwan</u> to KaiJet US.

Sanho contended for years that KaiJet US and KaiJet Taiwan were alter egos of one another, but Sanho abandoned its alter ego theory, and made no effort to prove that contention at trial.[14] Thus, the evidence Sanho introduced at trial permits only one conclusion: that KaiJet Taiwan sold product bearing the accused packaging in Taiwan, and thereafter KaiJet US imported the products from Taiwan to the United States.[15] The undisputed evidence at trial further established that while KaiJet

---

[13] *Id.*

[14] ECF 567 (Pretrial Hearing Tr.) at 165:6-166:11.

[15] ECF 527-13 at PTX-133 through PTX-332; ECF 621-16 through ECF 621-133; ECF 624-1 through ECF 624-64; *see also*, ECF 511-9; ECF 511-11; and ECF 511-12.

Taiwan owns the domain www.j5create.com, it is KaiJet US who operates the U.S.-facing website – not KaiJet Taiwan.[16] The only evidence Sanho submitted to support its copyright infringement claim against KaiJet Taiwan, was that KaiJet Taiwan created the accused packaging – <u>in Taiwan</u>, and then sold the products in such packaging to KaiJet US – <u>in Taiwan</u>.[17] The shipping documents submitted by Sanho demonstrate KaiJet Taiwan did not ship the products directly to the United States, and the importer ID listed on the shipping documents is KaiJet US.[18] Sanho did not prove any acts of infringement by KaiJet Taiwan in the U.S. The evidence Sanho introduced at trial is insufficient to provide this Court subject matter jurisdiction over KaiJet Taiwan.

Thus, because the alleged copying by KaiJet Taiwan was outside of U.S. territory, such copying is not actionable under U.S. law, and this Court never had subject matter jurisdiction over Sanho's cause of action against KaiJet Taiwan. Under Federal Rules of Civil Procedure 12(h)(3), therefore, this Court must dismiss that Sanho cause of action, and must vacate the Judgment[19] it entered upon that cause

---

[16] 7/9/24 Trial Tr. (afternoon), 43:12-44:6.

[17] *Id.*; ECF 527-13 at PTX-133 through PTX-332; ECF 621-16 through ECF 621-133; ECF 624-1 through ECF 624-64; *see also*, ECF 511-9; ECF 511-11; and ECF 511-12.

[18] ECF 527-13 at PTX-133 through PTX-332; ECF 621-16 through ECF 621-133; ECF 624-1 through ECF 624-64; *see also*, ECF 511-9; ECF 511-11; and ECF 511-12.

[19] ECF 635 ("the amount of $610,883.00 plus post-judgment interest against

of action.

### 2. No allegation and no proof of contributory infringement by KaiJet Taiwan.

To be sure, Eleventh Circuit authority provides that, in limited circumstances, a foreign actor can have liability under U.S. copyright law under a theory of contributory infringement.[20] But proof of this cause of action requires many additional elements besides unauthorized copying or distribution. At a minimum, one must prove (i) direct infringement by another; (ii) that the accused contributory infringer "induc[ed], cause[d] or materially contribute[d] to the infringing conduct" of the direct infringer; (iii) that the accused contributory infringer had actual knowledge, "or reason to know" of the infringement.[21]

But Sanho did not plead contributory infringement by KaiJet Taiwan, and more important, Sanho did not introduce any evidence whatsoever that KaiJet Taiwan met the additional elements: inducing, causing or materially contributing to

---

Defendant KaiJet Technology International Corporation.") There is no dispute that the only money judgment entered against KaiJet Taiwan was based upon Sanho's cause of action for infringement of Sanho's U.S. copyright registration.

[20] *E.g., Casella v. Morris*, 820 F.2d 362, 365 (11th Cir. 1987) ("The test for contributory infringement has been formulated as 'one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another.'" (quoting *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971))); *see* 11th Cir. Pattern Jury Instruction 9.20 Copyright – Infringement – Contributory Infringement 9.20; and annotations and comments thereto.

[21] *Id.*

infringing conduct, or knowledge of the copyrighted work or conduct that would constitute copyright infringement.

Had Sanho pleaded and proven the elements of contributory infringement, it would be able to contend that the jurisdictional threshold has been met. The Eleventh Circuit in *Palmer* relied upon a district court's analysis in an action filed in the Western District of New York[22] wherein a foreign water bottler labeled its products "for marketing in the United States, the bottles were packaged for shipment to the United States, and the bottler sold them to a company which imported them to the United States…."[23] Under those facts, the bottler was subject to U.S. copyright law.

However, as the court in *GB Marketing* made clear, such actions provided the court subject matter jurisdiction over the plaintiff's claims of ***contributory*** copyright infringement against the foreign defendant bottler – not ***direct*** copyright infringement against it.[24] In fact, the *GB Marketing* decision specifically stated that the bottler's direct acts outside the U.S. (i.e., the labeling and sale of bottles to the direct infringer Miller, in Germany) would *not* confer subject matter jurisdiction over the bottler.[25]

---

[22] *GB Mktg. USA Inc. v. Gerolsteiner Brunnen GmbH & Co.*, 782 F. Supp. 763, 772–73 (W.D.N.Y. 1991); cited by *Palmer*, 376 F.3d at 1258.

[23] *Palmer*, 376 F.3d at 1258.

[24] *GB Mktg.*, 782 F. Supp. at 772–73.

[25] *Id.*

Again, Sanho did not allege KaiJet Taiwan was a contributory copyright infringer. Sanho submitted no evidence to the jury that KaiJet Taiwan knew or had any reason to know of any activity that infringed Sanho's copyright registration. Instead, the evidence submitted to the jury explicitly demonstrates otherwise. Yuki Tai, CEO of KaiJet Taiwan, specifically stated she was only aware of Sanho's trademark and copyrighted packaging *after* the litigation began. [26] Ms. Tai thereafter explained in detail KaiJet Taiwan's process for creating the accused packaging,[27] and none of that detailed testimony made any reference to knowledge of the Sanho box, much less of Sanho's copyright registration. While Sanho produced evidence that KaiJet Taiwan was shipped a HyperDrive hub from Chuck Akins on September 19, 2017, this happened *after* Sanho abandoned its original copyrighted packaging for a new packaging,[28] and the new packaging includes none of the features that Sanho relied on to try to prove infringement. There was literally no evidence that KaiJet Taiwan had knowledge of infringing activity by KaiJet US.

And Sanho offered no evidence that KaiJet Taiwan induced or caused or materially contributed to infringement by KaiJet US because KaiJet Taiwan did not know of the Sanho copyright or of the work covered by the registration. Sanho did

---

[26] 7/11/24 Trial Tr. (afternoon), 64:24-65:13; 71:16-25; 72:9-73:1; 77:22-78:7.
[27] 7/12/24 Trial Tr. (morning), 9:12-10:5.
[28] 7/9/24 Trial Tr. (afternoon), 73:8-24; 7/10/24 Trial Tr. (morning), 40:24-41:18.

not allege contributory infringement, did not propose a jury instruction on contributory infringement,[29] and made no effort to prove the elements of a cause of action for contributory infringement.

Because the only evidence at trial was of KaiJet Taiwan's direct acts in Taiwan that were not actionable under U.S. copyright law, the Court never had subject matter jurisdiction to adjudicate Sanho's claim. Pursuant to Federal Rules of Civil Procedure 12(h)(3), KaiJet Taiwan respectfully moves this Court to dismiss Sanho's claim of copyright infringement against KaiJet Taiwan for lack of subject matter jurisdiction, and to vacate the Judgment in favor of Sanho and against KaiJet Taiwan.

**B.  KaiJet Defendants Renew their Motion for JMOL as to Sanho's Copyright Claim.**

**1.  No evidence related to deposit copy.**

As the Court will recall, one of Sanho's trial exhibits was the deposit copy it submitted to obtain its copyright registration:[30]

---

[29]  ECF 561; ECF 595-3; 11th Cir. Pattern Jury Instruction 9.20 Copyright – Infringement – Contributory Infringement.

[30]  ECF 620-13 (PTX-13) at 3.



The Court will further recall that Sanho made no effort to show copying of that work, and no effort to show substantial similarity between that work and the accused j5create-branded packaging; instead, Sanho focused solely on a mockup of the front panel of its product box, augmented by five yellow rectangles:[31]

---

[31] ECF No. 601-4.



"[T]he scope of the copyright is limited by the deposit copy."[32] Therefore, protected elements of a plaintiff's copyright must appear in the work's deposit copy.[33] For this reason, both the 1909 and 1976 Acts require authors to deposit "complete" copies of the work to provide the "Copyright Office with sufficient material to identify the work in which the registrant claims a copyright … [and] prevent confusion about which work the author is attempting to register."[34]

---

[32] *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1063 (9th Cir. 2020).

[33] *See Merrell v. Tice*, 104 U.S. 557, 561 (1881) (explaining that deposit copies are necessary "to enable other authors to inspect them in order to ascertain precisely what was the subject of copyright").

[34] *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 36 F.3d 1147, 1161-62 (1st Cir. 1994) (citations omitted), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 154 (2010); *see* Copyright Act of 1976, 17 U.S.C. § 407(a); Copyright Act of 1909, §§ 12 and 13.

As the Copyright Office has informed authors since 1967, the deposit copy represents the author's *entire claim* to a copyright.[35] Put another way, a copyright protects original material to the extent it is contained in the deposit copy.[36] Thus, for the "substantial similarity" analysis, a plaintiff must compare the allegedly infringing item to the "work" embodied in the deposit copy.[37]

For example, in *Skidmore*, the Ninth Circuit concluded the district court did not err when it limited the substantial similarity analysis to the filed deposit copy – one page of sheet music – as opposed to a sound recording of the sheet music.[38] As the Court analyzed the issue, the need for a complete deposit copy under copyright laws is to "make a record of the claimed copyright, provide notice to third parties, and prevent confusion about the scope of the copyright."[39] Although the plaintiff offered numerous reasons why strict adherence to the statute would complicate proof

---

[35] *See* Compendium of Copyright Office Practices ("Copyright Office Compendium") § 2.6.1.II.a (1st ed. 1967) (explaining the Copyright Office's policy of writing to authors of unpublished musical works that "protection extends only to *the material actually deposited*") (emphasis added).

[36] Copyright Office Compendium § 504.2 (3d ed. 2017) ("a registration for a work of authorship only covers the material that is included in the deposit copy(ies)" and "does *not* cover authorship that does not appear in the deposit copy(ies), *even if the applicant expressly claims that authorship in the application*." (emphasis added)).

[37] *Herzog v. Castle Rock Ent.*, 193 F.3d 1241, 1247-48; *See Coles v. Wonder*, 283 F.3d 798, 801 (6th Cir. 2002) ("[A] plaintiff must prove two things in order to establish a copyright infringement claim: first, that he had ownership of a valid copyright; second, that another person copied a protected interest in the work.").

[38] *Skidmore*, 952 F.3d at 1079.

[39] *Id.* at 1062.

in copyright cases, the Ninth Circuit reasoned that such difficulties cannot overcome the statutory requirements.[40]

Here, throughout trial, Sanho never once attempted to compare the j5create-branded accused packaging to its two-dimensional deposit copy to establish substantial similarity. Instead, the only comparisons Sanho made for substantial similarity used the HyperDrive box (Sanho's own product packaging) or a demonstrative exhibit created by Sanho and reproduced above.[41] Neither the box nor the demonstrative is the deposit copy. Even during its cross examination of Antonio Sarabia, Sanho maintained the comparison was between the HyperDrive packaging, not the deposit copy submitted to the U.S. Copyright Office, despite Mr. Sarabia's correction at numerous times.[42]

The Copyright Act and corresponding case law are straightforward. For a plaintiff to demonstrate an allegedly infringing work is substantially similar to a work protected by a copyright registration, the plaintiff is limited to its deposit copy. For Sanho, this is the case even where the title of its copyright lists the term "packaging."[43] Sanho submitted no evidence comparing its deposit copy to the

---

[40] *Id.* at 1063.

[41] 7/9/24 Trial Tr. (afternoon), 74:23-75:20; 76:11-77:2; 77:12-78:4; 7/10/24 Trial Tr. (morning), 72:24-73:5, 73:23-74:9; 75:3-25.

[42] 7/15/24 Trial Tr. (afternoon), 35:12-36:4; 37:5-39:14; 40:1-25; 45:2-46:23; 48:5-10.

[43] Copyright Office Compendium § 504.2 (3d ed. 2017).

KaiJet Defendants j5create packaging.

### 2. No reasonable juror could find substantial similarity.

Even if Sanho had made a proper comparison of its deposit copy to the accused box, no reasonable juror could have found the box to be substantially similar to any protectable material present in the copyrighted work. Sanho made no effort to identify any protectable material; indeed, the similarities it tried to prove using its product box (not the protected work) were items such as where the product name was displayed (at the top), what the product was capable of providing (such as data transfer rates), and the type of laptop the product could be used with (the recently-introduced MacBook Pro). Much of the content Sanho relied on was not original to Sanho (it used an Apple-provided photograph of the MacBook Pro).

Moreover, as to any elements that might be protectable, the two documents are notably different in organization, layout, coloration, and content. Thus, as the KaiJet Defendants argued at trial (and in their summary judgment motions), the accused product box bears no substantial similarity to copyrightable material, and no reasonable juror could have found otherwise.

For these reasons, Sanho failed to make a prima facie case of infringement of its registered copyright. Because none of the evidence Sanho admitted compared the deposit copy to the accused package, Sanho's cause of action claiming that the KaiJet Defendants infringed Sanho's copyrighted work fails as a matter of law. And

based on the evidence adduced at trial, no reasonable juror could conclude the box was substantially similar to Sanho's copyrighted work. The KaiJet Defendants are entitled to Judgment as a Matter of Law on that cause of action. Thus, the Court should enter Judgment in favor of Defendants and vacate the Judgment recorded at ECF 635.

### C. KaiJet Defendants Renew their Motion for JMOL of Noninfringement of the '618 Patent.

To prove infringement, a plaintiff must demonstrate, by a preponderance of the evidence that "an ordinary observer, familiar with the prior art, would be deceived into thinking that the accused design [is] the same as the patented design."[44] "When the differences between the claimed and accused design are viewed in light of the prior art, the attention of the hypothetical ordinary observer will be drawn to those aspects of the claimed design that differ from the prior art."[45] "In other words, where a dominant feature of the patented design and the accused products … appears in the prior art, the focus of the infringement substantial similarity analysis in most cases will be on other features of the design."[46] The prior art provides a contextual "background" or a "frame of reference" that "can highlight the distinctions between

---

[44] *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 672 (Fed. Cir. 2008).

[45] *ABC Corp. I v. The P'ship,* 52 F.4th 934, 942 (Fed. Cir. 2022), quoting *Egyptian Goddess*, 543 F.3d at 676.

[46] *ABC Corp. I,* 52 F.4th at 942.

the claimed design and the accused design as viewed by the ordinary observer."[47] As a background feature, the "shared dominant feature from the prior art will be … insufficient by itself to support a finding of substantial similarity."[48]

Applying these standards in *Egyptian Goddess*, the Federal Circuit affirmed a grant of summary judgment to the alleged infringer, holding that "no reasonable fact-finder could find [the plaintiff] met its burden of showing, by a preponderance of the evidence, that an ordinary observer, taking into account the prior art, would believe the accused design to be the same as the patented design."[49] This Court should enter a judgment as a matter of law of noninfringement of the '618 Patent for the same reasons.

Sanho accused two products of infringement of the '618 Patent, the JCD389 and the JCD382.[50] Sanho has offered no evidence that the JCD389 infringes the '618 Patent. The issue was not discussed by any witness, including Mr. Chin and Mr. Bressler. The only evidence that Sanho presented relating the JCD382 to the '618 Patent is Mr. Chin's statement that the JCD382 looks more like the '618 Patent than one piece of prior art.[51] This scant evidence is insufficient for any reasonable juror

---

[47] *Egyptian Goddess*, 543 F.3d at 677.
[48] *ABC Corp. I*, 52 F.4th at 942.
[49] *Egyptian Goddess*, 543 F.3d at 682.
[50] ECF 528-1, at 2 ("UltraDrive models JCD382 and JCD389 infringe U.S. Patent No. D644,618").
[51] 7/10/24 Trial Tr. (Morning), at 92:20-93:1.

to conclude that an ordinary observer, familiar with the body of prior art, would be deceived into believing the JCD389 or JCD382 is the same as the '618 Patent design. Additionally, Professor Shankwiler presented ample evidence that the JCD389 and JCD382 are not confusingly similar to the '618 Patent in view of the prior art.[52] That evidence was not contested on cross examination.[53] Therefore, Sanho has not provided any evidence by which a reasonable juror could conclude that either the JCD382 or the JCD389 infringe the '618 Patent.

Respectfully submitted, this 25th day of October, 2024.

/s/ *Robert J. Carlson*
Ryan P. Gentes
GA Bar No. 421695
Robert A. Madayag, III
GA Bar No. 123699
William B. Dyer III
GA Bar No. 236915
Steven Philbin
GA Bar No. 516724
James Avery Rollins
GA Bar No. 776439
LEE & HAYES, P.C.
75 14th Street NE, Suite 2500
Atlanta, GA 30309
Telephone: (404) 815-1900
Email: ryan.gentes@leehayes.com
Email: robm@leehayes.com
Email: bill.dyer@leehayes.com

---

[52] 7/16/24 Trial Tr. (morning), at 100:25-106:21.
[53] 7/16/24 Trial Tr. (afternoon), at 52:5-59:1.

Email:  steven.philbin@leehayes.com
Email:  james.rollins@leehayes.com

Robert J. Carlson
WSBA Number 18455
Admitted *Pro Hac Vice*
LEE & HAYES, P.C.
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001
Email: carlson@leehayes.com

Rhett V. Barney
WSBA Number 44764
Admitted *Pro Hac Vice*
Johanna Tomlinson
WSBA Number 57582
Admitted *Pro Hac Vice*
LEE & HAYES, P.C.
601 W. Riverside Ave., Ste. 1400
Spokane, WA 99201
Telephone: (509) 324-9256
Email: rhettb@leehayes.com
Email:  johanna.tomlinson@leehayes.com

*Attorneys for Defendants*
*KaiJet Technology International Limited,*
*Inc. and KaiJet Technology International*
*Corporation*

18

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2024, I filed a true and correct copy of the

foregoing document with the CM/ECF filing system of this Court, which will serve

an electronic copy to all attorneys of record.

/s/ *Robert J. Carlson*
Robert J. Carlson
WSBA Number 18455
Admitted *Pro Hac Vice*
LEE & HAYES, P.C.
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001
Email: carlson@leehayes.com

*Attorney for Defendants*
*KaiJet Technology International Limited, Inc.*
*and KaiJet Technology International*
*Corporation*

## CERTIFICATE OF COMPLIANCE WITH LR 5.1

I hereby certify that the foregoing document is written in 14 point Times New

Roman font in accordance with Local Rule 5.1.

/s/ *Robert J. Carlson*
Robert J. Carlson
WSBA Number 18455
Admitted *Pro Hac Vice*
LEE & HAYES, P.C.

*Attorney for Defendants*
*KaiJet Technology International*
*Limited, Inc. and KaiJet Technology*
*International Corporation*