UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SANHO CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KAIJET TECHNOLOGY INTERNATIONAL LIMITED, INC., dba "j5create;" and DOES 1-100,<br><br>　　　　Defendants, | Case No. 1:18-cv-05385-SDG |
| SANHO CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KAIJET TECHNOLOGY INTERNATIONAL LIMITED, INC.; KAIJET TECHNOLOGY INTERNATIONAL CORPORATION; MAGIC CONTROL TECHNOLOGY; STARVIEW GLOBAL LIMITED, each doing business as "J5Create;" and DOES 1-10,<br><br>　　　　Defendants. | Consolidated with<br>Case No. 1:20-cv-02150-TCB |

**MEMORANDUM IN SUPPORT OF DEFENDANTS KAIJET TECHNOLOGY INTERNATIONAL LIMITED, INC. AND KAIJET TECHNOLOGY INTERNATIONAL CORPORATION'S MOTION FOR A NEW TRIAL**

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................. 1

II. LEGAL STANDARD ............................................................................ 1

III. ARGUMENT .......................................................................................... 2

   A. The '618 Patent is Invalid. ................................................................ 2

   B. The Jury Verdict Against Both the JCD382 and JCD389 is a
      Miscarriage of Justice. ...................................................................... 6

IV. CONCLUSION ...................................................................................... 9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Apple Inc. v. Samsung Elecs. Co.*,
  839 F.3d 1034 (Fed. Cir. 2016) ...........................................................................8

*Campbell Soup Co. v. Gamon Plus, Inc.*,
  10 F.4th 1268 (Fed. Cir. 2021) ............................................................................4

*Cyntec Co. v. Chilisin Elecs. Corp.*,
  84 F.4th 979 (Fed. Cir. 2023) ..............................................................................8

*DyStar Textilfarben GmbH & Co. Deutschland KG
  v. C.H. Patrick Co.*,
  464 F.3d 1356 (Fed. Cir. 2006) ...........................................................................4

*Hewitt v. B.F. Goodrich Co.*,
  732 F.2d 1554 (11th Cir. 1984) ...........................................................................1

*LKQ Corp. v. GM Glob. Tech. Operations LLC*,
  102 F.4th 1280 (Fed. Cir. 2024) ..........................................................................2

*McGinnis v. Am. Home Mortg. Servicing, Inc.*,
  817 F.3d 1241 (11th Cir. 2016) ...........................................................................1

*Montgomery Ward & Co. v. Duncan*,
  311 U.S. 243 (1940) .............................................................................................1

*Pro–Mold & Tool Co. v. Great Lakes Plastics, Inc.*,
  75 F.3d 1568 (Fed. Cir. 1996) .............................................................................5

*Rabun v. Kimberly–Clark Corp.*,
  678 F.2d 1053 (11th Cir. 1982) ...........................................................................1

*Siemens AG v. Seagate Tech.*,
  369 F. App'x 118 (Fed. Cir. 2010) ......................................................................8

**Other Authorities**

37 C.F.R. § 1.152 ........................................................................................................4

Fed. R. Civ. Proc. 59 ............................................................................................... 1

## TABLE OF ABBREVIATIONS

| Full Name | Abbreviations |
|---|---|
| U.S. Design Patent No. D807,290 | '290 Patent |
| U.S. [Utility] Patent No. 10,572,429 | '429 Patent |
| U.S. Design Patent No. D855,616 | '616 Patent |
| U.S. Design Patent No. D844,618 | '618 Patent |
| U.S. Design Patent No. D813,875 | '875 Patent |
| Kaijet Technology International Corporation | KaiJet Taiwan |
| Defendant Kaijet Technology International Limited, Inc. | KaiJet US |
| Defendants Kaijet Technology International Limited, Inc. and Kaijet Technology International Corporation | KaiJet Defendants |

## I. INTRODUCTION

At trial, the jury determined that KaiJet Defendants failed to prove that the '618 Patent was invalid as obvious over the prior art. This verdict goes against the weight of the evidence presented at trial. Further, allowing the infringement verdict to stand against <u>both</u> the JCD382 and JCD389 would be a miscarriage of justice, as the jury did not find that <u>both</u> products infringed. Therefore, KaiJet Defendants respectfully request that the Court grant this motion for a new trial on the validity and infringement[1] of the '618 Patent.

## II. LEGAL STANDARD

Rule 59 allows a party to move for a new trial on the grounds that "the verdict is against the weight of the evidence" or the verdict "will result in a miscarriage of justice."[2] In determining whether a new trial is warranted, "the judge is free to weight the evidence."[3]

---

[1] No new trial is needed if the Court grants KaiJet Defendants' concurrently filed motion for judgment as a matter of law as to the noninfringement of the '618 Patent.

[2] *McGinnis v. Am. Home Mortg. Servicing, Inc.*, 817 F.3d 1241, 1254 (11th Cir. 2016) (quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940); *Hewitt v. B.F. Goodrich Co.*, 732 F.2d 1554, 1556 (11th Cir. 1984)).

[3] *Id.* at 1254–55 (quoting *Rabun v. Kimberly–Clark Corp.*, 678 F.2d 1053, 1060 (11th Cir. 1982)).

1

## III. ARGUMENT

### A. The '618 Patent is Invalid.

A design patent is invalid if an ordinary designer would have been motivated to modify the prior art design to create the same overall visual appearance as the design patent.[4] In making this determination, the following factors must be considered: (1) the scope and content of the prior art; (2) any differences between the prior art and the design patent; and (3) the level of skill of an ordinary designer.[5] The weight of the evidence presented at trial proved that the '618 Patent was invalid.

Mr. Shankwiler, an expert in design from Georgia Tech's School of Industrial Design, testified at trial that the '618 Patent invalid, as it was obvious in view of the prior art.[6] Specifically, Mr. Shankwiler identified the '728 Patent[7] as the primary reference[8] and the '366 Patent[9] as the secondary reference.[10] As he

---

[4] ECF 595-3 (jury instructions) at 13-14; *LKQ Corp. v. GM Glob. Tech. Operations LLC*, 102 F.4th 1280, 1299 (Fed. Cir. 2024).

[5] ECF 595-3 (jury instructions) at 13-14; *LKQ Corp. v. GM Glob. Tech. Operations LLC*, 102 F.4th 1280, 1295-1299 (Fed. Cir. 2024).

[6] 7/16/24 Trial Tr. (Morning), 97:18-100:20.

[7] ECF 618-15 (DTX-140).

[8] 7/16/24 Trial Tr. (Morning), 98:20-99:2.

[9] ECF 618-9 (DTX-47).

[10] 7/16/24 Trial Tr. (Morning), 100:10-14.

2

described, the '728 Patent discloses almost all of the ornamental features claimed by the '618 Patent:

- both have very similar proportions and shapes;[11]
- both have the same concentric circular detail with a curved line that goes around the circle in the same manner;[12]
- the side profiles are very similar – "long, thin, with tapering ends;"[13] and
- the top profiles have "very similar proportion of that long, narrow rectangle with four equally radius corners."[14]

A visual comparison of the two references confirms Mr. Shankwiler's testimony, as demonstrated in KaiJet Defendants' demonstrative exhibit:[15]

---

[11] 7/16/24 Trial Tr. (Morning), 99:4-8.
[12] *Id*. at 99:9-14.
[13] *Id*. at 99:15-17
[14] *Id*. at 99:21-100:14.
[15] ECF 609-8 at 56 (demonstrative presentation); *see also* ECF 618-15 (DTX-140, the '728 Patent); ECF 620-12 (PTX-12, the '618 Patent).



As noted by Mr. Shankwiler, to the extent the female ports are different, those were not claimed in the '618 Patent as they were drawn with dotted lines.[16] As for the difference in male protrusions (the '618 Patent has two, while the '728 Patent has one), Mr. Shankwiler identified the '366 Patent as prior art that discloses this feature.[17] As both the '728 Patent and '366 Patent are directed toward USB-C hubs, and the new MacBook laptop had two USB-C ports, the motivation to combine is self-evident.[18]

---

[16] 7/16/24 Trial Tr. (Morning), 100:1-6; *Campbell Soup Co. v. Gamon Plus, Inc.*, 10 F.4th 1268, 1271 (Fed. Cir. 2021) ("Many features in the above figure are drawn using broken lines, which, consistent with 37 C.F.R. § 1.152, means they represent the article in which the claimed design is embodied, but form no part of the claimed design.") (cleaned up).

[17] Trial Tr. 7/16/24 (Morning), 100:10-20.

[18] *DyStar Textilfarben GmbH & Co. Deutschland KG v. C.H. Patrick Co.*, 464 F.3d 1356, 1368 (Fed. Cir. 2006) ("we have repeatedly held that an implicit motivation

4

Plaintiff offered no evidence or testimony to rebut Mr. Shankwiler's expert opinion that the '618 Patent was invalid. Instead, Plaintiff merely recalled their own expert, Mr. Bressler, to briefly state that he disagreed with Mr. Shankwiler's opinions.[19] Mr. Bressler did not explain why the '728 Patent was not almost identical to the '618 Patent – he could not, the pictures speak for themselves. Nor did he explain why an ordinary designer would not modify the '728 Patent USB-C hub design to have a second male protrusion as shown in the '366 Patent USB-C hub design, particularly when the new MacBook had two USB-C ports. In fact, Mr. Bressler did not even mention the '618 Patent.[20]

In view of the strength of the evidence presented by KaiJet Defendants, and the complete lack of rebuttal by Plaintiff, the jury should have found that the '618 Patent invalid as obvious in view of the '728 Patent and the '366 Patent. They did

---

to combine exists not only when a suggestion may be gleaned from the prior art as a whole, but when the 'improvement' is technology-independent and the combination of references results in a product or process that is more desirable, … Because the desire to enhance commercial opportunities by improving a product or process is universal—and even common-sensical—we have held that there exists in these situations a motivation to combine prior art references even absent any hint of suggestion in the references themselves."); *Pro–Mold & Tool Co. v. Great Lakes Plastics, Inc.*, 75 F.3d 1568, 1573 (Fed. Cir. 1996) ("a reference describing an elegant card holder and cover arrangement with a reference describing a card holder no larger than necessary to enclose the card ... was thus evident from the very size of the card itself.").

[19] 7/17/24 Trial Tr. (Morning), 64:4-25.
[20] *Id*.

not. As the verdict goes against the weight of the evidence presented at trial, a new trial is warranted.

### B. The Jury Verdict Against Both the JCD382 and JCD389 is a Miscarriage of Justice.

As explained in prior briefings, the verdict form in this case was vague as to the issue of infringement of the '618 Patent. Two products were accused of infringement: the JCD382 and JCD389.[21] But the verdict form failed to ask separately whether the jury found each of the specific products to infringe.[22] The jury returned a question regarding this issue.[23] In response, KaiJet Defendants told the Court that the verdict form should be altered so that the jury could render a verdict as to each specific product.[24] Plaintiff did not join KaiJet Defendants' position, and the Court determined that the verdict form would not be altered, and that "we'll deal with that when the time comes."[25]

After the trial concluded, counsel for Defendants and Plaintiff had a joint conversation with the jury. KaiJet Defendants' counsel Robert Carlson asked the jury if they found that both the JCD382 and JCD389 infringed the '618 Patent. The jury foreman answered "no," saying the jury determined only the JCD382

---

[21] ECF 595-3, at 9.
[22] ECF 597-1, at 2.
[23] ECF 595-2.
[24] 7/18/24 Trial Tr. (Afternoon), 3:12-13.
[25] *Id*. at 4:3-9.

6

infringed. Yet Plaintiff has multiple times attempted to weaponize the vague verdict form in its favor, contravening and subverting the findings of the jury. Allowing the vague verdict to stand, and to allow the Plaintiff to benefit from it, would be a miscarriage of justice.

First, Plaintiff attempted to seek both injunctive relief and disgorgement of profits as to both the JCD382 and JCD389.[26] The Court correctly denied these requests, and instead ordered that Defendants provide an accounting of any future sales.[27] In actuality, this amounts to no relief as KaiJet Defendants voluntarily stopped sales of both products.[28] But in that order, the Court offered a dicta opinion that Defendants failed to timely object to the verdict form and that the presumption of infringement would be applied to both products.[29] KaiJet Defendants disagree with both points. Whether raising an objection on the record in response to a jury question is timely is a novel question that KaiJet Defendants have been unable to find any case law authority on. While it would have been better to have raised the issue earlier, it is unjust to let Plaintiff materially benefit from an oversight that all

---

[26] ECF 606 at 6-7, 14.

[27] ECF 634 at 5 ("The Court will hold Sanho to its open-court representation: Sanho's request for disgorgement of profits is denied.") & 8 ("The Court…concludes that a permanent injunction against their future sale is unnecessary.").

[28] ECF 615 at 12-13; ECF 615-2 (Akins Declaration).

[29] ECF 634 at 6-7, n.17.

parties made in creating and agreeing to the verdict form. As for the case law cited by Plaintiff and the Court for the idea that the jury presumptively resolved all factual disputes in Plaintiff's favor, this situation is highly distinguishable. In *Cyntec*, the Federal Circuit presumed that the jury resolved the "underlying factual disputes" of the question of infringement "in favor of the verdict."[30] In other words, the Federal Circuit presumed that the jury found that each of the claim elements was present in the accused product. There was no vague verdict form. There was no jury question that made it clear that the jury may believe only one of the two accused products infringes. Similarly, the case cited by Plaintiff deals with the "factual questions…underlying an obviousness determination."[31] Not whether a vague verdict question should allow a presumption of infringement as to multiple distinct products.

Based on the Court's dicta opinion, Plaintiff continues to leverage the vague verdict to argue it is the prevailing party and should be awarded attorney fees and costs in an amount well over one-million dollars.[32] If the Court's preliminary

---

[30] *Cyntec Co. v. Chilisin Elecs. Corp.*, 84 F.4th 979, 987 (Fed. Cir. 2023) (quoting *Apple Inc. v. Samsung Elecs. Co.*, 839 F.3d 1034, 1040 (Fed. Cir. 2016)).

[31] *Siemens AG v. Seagate Tech.*, 369 F. App'x 118, 120 (Fed. Cir. 2010).

[32] *See, e.g.*, ECF 637 at 9 ("Here, the jury found that each of the Defendants willfully infringed the '618 patent with respect to their JCD382 and JCD389 products, supporting the finding of exceptional case and the award of attorneys' fees and costs against each of the Defendants in the consolidated cases.").

interpretation of the law is correct and legally the Court must presume both products infringe, justice demands the verdict be vacated and a new trial be held. Whether all parties missed this issue on the verdict form, or whether Plaintiff knew and had planned to use the vague verdict form as a sword to increase its relief beyond what the jury intended, Plaintiff should not be allowed relief beyond what it successfully proved to the jury. To allow any relief, much less such substantial relief, based on a presumed finding of liability that the parties *know* is not true, would be a grave miscarriage of justice and an insult to the effort and sacrifices made by the jury.

## IV. CONCLUSION

For the foregoing reasons, KaiJet Defendants respectfully request this Court grant KaiJet Defendants' motion for a new trial on the issues of infringement and invalidity of the '618 Patent.

Respectfully submitted, this 25th day of October, 2024.

/s/ *Robert J. Carlson*
Ryan P. Gentes
GA Bar No. 421695
Robert A. Madayag, III
GA Bar No. 123699
William B. Dyer III
GA Bar No. 236915
Steven Philbin
GA Bar No. 516724
James Avery Rollins
GA Bar No. 776439
LEE & HAYES, P.C.
75 14th Street NE, Suite 2500
Atlanta, GA 30309
Telephone: (404) 815-1900
Email: ryan.gentes@leehayes.com
Email: robm@leehayes.com
Email: bill.dyer@leehayes.com
Email: steven.philbin@leehayes.com
Email: james.rollins@leehayes.com

Robert J. Carlson
WSBA Number 18455
Admitted *Pro Hac Vice*
LEE & HAYES, P.C.
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001
Email: carlson@leehayes.com

Rhett V. Barney
WSBA Number 44764
Admitted *Pro Hac Vice*
Johanna Tomlinson
WSBA Number 57582
Admitted *Pro Hac Vice*

LEE & HAYES, P.C.
601 W. Riverside Ave., Ste. 1400
Spokane, WA 99201
Telephone: (509) 324-9256
Email: rhettb@leehayes.com
Email: johanna.tomlinson@leehayes.com

*Attorneys for Defendants KaiJet Technology International Limited, Inc. and KaiJet Technology International Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2024, I filed a true and correct copy of the foregoing document with the CM/ECF filing system of this Court, which will serve an electronic copy to all attorneys of record.

/s/ *Robert J. Carlson*
Robert J. Carlson
WSBA Number 18455
Admitted *Pro Hac Vice*
LEE & HAYES, P.C.
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001
Email: carlson@leehayes.com

*Attorney for Defendants*
*KaiJet Technology International Limited, Inc.*
*and KaiJet Technology International*
*Corporation*

## CERTIFICATE OF COMPLIANCE WITH LR 5.1

I hereby certify that the foregoing document is written in 14 point Times New Roman font in accordance with Local Rule 5.1.

/s/ *Robert J. Carlson*
Robert J. Carlson
WSBA Number 18455
Admitted *Pro Hac Vice*
LEE & HAYES, P.C.

*Attorney for Defendants*
*KaiJet Technology International*
*Limited, Inc. and KaiJet Technology*
*International Corporation*