UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SANHO CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> KAIJET TECHNOLOGY INTERNATIONAL LIMITED, INC., dba "j5create;" and DOES 1-100, <br><br> Defendants, | Case No. 1:18-cv-05385-SDG |
| SANHO CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> KAIJET TECHNOLOGY INTERNATIONAL LIMITED, INC.; KAIJET TECHNOLOGY INTERNATIONAL CORPORATION; MAGIC CONTROL TECHNOLOGY; STARVIEW GLOBAL LIMITED, each doing business as "J5Create;" and DOES 1-10, <br><br> Defendants. | Consolidated with <br> Case No. 1:20-cv-02150-TCB |

**KAIJET DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION FOR A NEW TRIAL**

# TABLE OF CONTENTS

I.   LEGAL STANDARD ............................................................................... 1

II.  ARGUMENT............................................................................................ 1

   A. The '618 Patent is Invalid......................................................................... 1

      1. Sanho does not dispute the near identicality of the '728 Patent. ...... 1

      2. There is no legitimate factual dispute as to whether '728 Patent is prior art. ............................................................................................. 2

   B. Interpreting the Jury Verdict to Find that Both the JCD382 and JCD389 Infringe the '618 Patent Would be a Miscarriage of Justice.... 6

      1. The verdict form did not address what product(s) the jury determined infringe the '618 Patent. .................................................. 6

      2. Sanho should not benefit from a flawed verdict form that it approved of. ..................................................................................... 7

      3. There was no waiver........................................................................ 9

III. CONCLUSION....................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Black v. United States*,
   373 F.3d 1140 (11th Cir. 2004) ..........................................................................8

*Hewitt v. B.F. Goodrich Co.*,
   732 F.2d 1554 (11th Cir. 1984) ..........................................................................1

*McGinnis v. Am. Home Mortg. Servicing, Inc.*,
   817 F.3d 1241 (11th Cir. 2016) ..........................................................................1

*McGuire v. Davidson Mfg. Corp.*,
   398 F.3d 1005 (8th Cir. 2005) ..........................................................................10

*Microwave Vision, S.A. v. ETS-Lindgren Inc.*,
   209 F. Supp. 3d 1322 (N.D. Ga. 2016)................................................................4

*Montgomery Ward & Co. v. Duncan*,
   311 U.S. 243 (1940)............................................................................................1

*Obondo v. HSGA Real Est. Grp., LLC*,
   No. 1:20-CV-1155-TCB-CMS, 2022 WL 869591 (N.D. Ga. Jan.
   25, 2022), *report and recommendation adopted*, No. 1:20-CV-
   1155-TCB, 2022 WL 869873 (N.D. Ga. Feb. 15, 2022).....................................2

*Rabun v. Kimberly–Clark Corp.*,
   678 F.2d 1053 (11th Cir. 1982) ..........................................................................1

*Tokyo Electron Ltd. v. Flamm*,
   No. IPR2017-01072, 2017 WL 4457576 (PTAB Oct. 4, 2017)..........................4

*TypeRight Keyboard Corp. v. Microsoft Corp.*,
   374 F.3d 1151 (Fed. Cir. 2004) ..........................................................................6

*United States v. Espino*,
   892 F.3d 1048 (9th Cir. 2018) ..........................................................................10

*United States. v. Frank*,
   599 F.3d 1221 (11th Cir. 2010) ........................................................................10

*United States v. Gillis*,
  938 F.3d 1181 (11th Cir. 2019) ...........................................................................7

*United States v. Mitchell*,
  146 F.3d 1338 (11th Cir. 1998) .........................................................................10

*United States v. Olano*,
  507 U.S. 725 (1993) ...........................................................................................10

*United States v. Porter*,
  594 F. App'x 585 (11th Cir. 2014) ....................................................................10

*Wacoh Co. v. Kionix, Inc.*,
  No. 3:12-CV-0089, 2013 WL 12291538 (N.D.N.Y. Jan. 11, 2013) ....................4

*Williams v. City of Valdosta*,
  689 F.2d 964 (11th Cir. 1982) .............................................................................1

*Young v. Langley*,
  793 F.2d 792 (6th Cir. 1986) .............................................................................10

**Statutes**

35 U.S.C. § 6 ...............................................................................................................4

35 U.S.C. § 102(a)(1) ..................................................................................................5

**Other Authorities**

Fed. R. Civ. P. 59 ........................................................................................................1

MPEP 901.05(b) ..........................................................................................................3

MPEP 901.05(b)(II) .....................................................................................................5

## TABLE OF ABBREVIATIONS

| Full Name | Abbreviations |
|---|---|
| U.S. Design Patent No. D807,290 | '290 Patent |
| U.S. [Utility] Patent No. 10,572,429 | '429 Patent |
| U.S. Design Patent No. D855,616 | '616 Patent |
| U.S. Design Patent No. D844,618 | '618 Patent |
| U.S. Design Patent No. D813,875 | '875 Patent |
| Kaijet Technology International Corporation | KaiJet Taiwan |
| Defendant Kaijet Technology International Limited, Inc. | KaiJet US |
| Defendants Kaijet Technology International Limited, Inc. and Kaijet Technology International Corporation | KaiJet Defendants |

# I. LEGAL STANDARD

Rule 59 allows a party to move for a new trial on the grounds that "the verdict is against the weight of the evidence" or the verdict "will result in a miscarriage of justice."[1] In determining whether a new trial is warranted, "the judge is free to weigh the evidence."[2] "[W]hen independently weighing the evidence, the trial court is to view not only that evidence favoring the jury verdict but evidence in favor of the moving party as well."[3]

# II. ARGUMENT

## A. The '618 Patent is Invalid.

### 1. Sanho does not dispute the near identicality of the '728 Patent.

Absent from Sanho's opposition brief is any argument disputing KaiJet Defendants' contention that the combination of the '728 Patent and the '366 Patent render the '618 Patent obvious. Sanho does not deny that the '728 Patent looks almost identical to the '618 Patent, comprising nearly all the same ornamental features. Neither does Sanho deny that the '366 Patent contains the feature of two male protrusions missing from the '728 design, or that a designer of ordinary skill

---

[1] *McGinnis v. Am. Home Mortg. Servicing, Inc.*, 817 F.3d 1241, 1254 (11th Cir. 2016) (quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940); *Hewitt v. B.F. Goodrich Co.*, 732 F.2d 1554, 1556 (11th Cir. 1984)).

[2] *McGinnis,* 817 F.3d at 1254–55 (quoting *Rabun v. Kimberly–Clark Corp.*, 678 F.2d 1053, 1060 (11th Cir. 1982)).

[3] *McGinnis,* 817 F.3d at 1255 (quoting *Williams v. City of Valdosta*, 689 F.2d 964, 973 (11th Cir. 1982)).

1

would have been motivated to combine the '728 Patent and the '366 Patent to arrive at the design claimed in the '618 Patent. Therefore (as it must, based on the evidence at trial), Sanho has conceded that the combination of the '728 Patent and the '366 Patent would render the '618 Patent obvious, provided the '728 Patent is in fact prior art.[4]

### 2. There is no legitimate factual dispute as to whether '728 Patent is prior art.

Sanho has been aware of Defendants' reliance on the '728 Patent since at least 2022, yet never raised an objection until late in the trial. For example, Professor Shankwiler's expert report included his opinion that the '618 Patent was obvious in view of the '728 Patent.[5] Sanho's expert, Mr. Bressler, rebutted this opinion, but did not question whether the '728 Patent was prior art.[6] To the contrary, Mr. Bressler referred to the '728 Patent as "prior art."[7] At trial, it was Sanho who entered the '728

---

[4] *Obondo v. HSGA Real Est. Grp., LLC*, No. 1:20-CV-1155-TCB-CMS, 2022 WL 869591, at *15 (N.D. Ga. Jan. 25, 2022), *report and recommendation adopted*, No. 1:20-CV-1155-TCB, 2022 WL 869873 (N.D. Ga. Feb. 15, 2022) (granting summary judgment because the plaintiff "conceded the point" by not "meaningfully respond[ing] to Defendants' argument" in the plaintiff's response brief.).

[5] ECF 468-1 (Shankwiler Op. Rpt.), ¶¶ 50-53 (dated Aug. 29, 2022).

[6] ECF 490-6 (Bressler Rpt. on Invalidity), ¶¶ 76-86 ("Comparison to the CN728 Patent").

[7] *Id*. at ¶ 85 ("Even if the CN728 Patent was combined with…any of the secondary references relied upon by the Shankwiler Report, the resulting design would not have the same height-width-length proportions as the '618 Patent. Thus, **the prior art** relied upon does not result in a design that is substantially the same as the design of the '618 Patent.") (emphasis added).

2

Patent as an exhibit,[8] and it was Sanho who presented the '728 Patent to its witness Daniel Chin for the purpose of allowing him to opine on how the accused products compare.[9]

Despite their own expert considering the '728 Patent to be prior art, and entering the '728 Patent at trial for use with its own witness Daniel Chin, Sanho contends that the '728 Patent is not prior art. Sanho's sole argument is that without a translated copy, there is no way to determine the publication date. This is wrong – no translation is needed to confirm that the '728 Patent is prior art as a matter of law.

Patent offices around the world, including the Chinese patent office,[10] use INID Codes ("INID" is an acronym for "Internationally agreed Numbers for the Identification of Data") in order to provide certain bibliographic data without requiring knowledge of the language used or the laws applied in each country.[11] The

---

[8] 7/10/24 Trial Tr. (Morning), 43:6-8 (tendering of Defendants' Exhibit 140 – the '728 Patent); ECF 618-15.

[9] *Id.* at 91:25-92:23 ("In your opinion, does the 382 UltraDrive look more like Sanho's '618 Patent or does it…look more like the CN728? A. It definitely looks more like the Sanho '618 Patent.").

[10] China is a WIPO member, which is the organization that created and suggested that its members use INID Codes.
https://www.wipo.int/members/en/details.jsp?country_code=CN (listing China as a member); Exhibit A (WIPO Recommendation Concerning Bibliographic Data on and Relating to Patents and SPCS); Exhibit B (WIPO survey of patent offices' uses of INID codes); Exhibit C (European Patent Office article on the use of INID Codes to understand Chinese patents).

[11] MPEP 901.05(b)
 (https://www.uspto.gov/web/offices/pac/mpep/s901.html#d0e112030).

U.S. Patent Trial and Appeals Board (PTAB)[12] routinely relies on INID Codes to determine whether a foreign patent qualifies as prior art.[13] Courts recognize that although the practices of the PTAB are not controlling, "[t]he opinion of an expert body like the PTAB can carry significant persuasive weight when courts deal with technically complex issues, like patents."[14] Thus, it is appropriate for this Court to rely on INID Codes to determine the publication date of the '728 Patent as a matter of law.

For design patents (also referred to as "industrial designs"), the INID Code "(45)" indicates the "Date of publication of the registered industrial design by printing or similar process, or making it available to the public by any other

---

[12] The PTAB was established within the U.S. Patent Office by the America Invents Act in order to review patentability questions for both applications and issued patents. 35 U.S.C. § 6; https://www.uspto.gov/patents/ptab/about-ptab.

[13] *See, e.g., Tokyo Electron Ltd. v. Flamm*, No. IPR2017-01072, 2017 WL 4457576, at *7 (PTAB Oct. 4, 2017) ("We similarly find that Edamura, Okada, and Kaji, which have each been characterized by the Japanese Patent Office using INID code 43, have publication dates more than one year before September 11, 1997, and therefore also qualify as prior art printed publications under §§ 102(a) and 102(b)."); *see also Wacoh Co. v. Kionix, Inc.,* No. 3:12-CV-0089 (MAD/DEP), 2013 WL 12291538, at *1 (N.D.N.Y. Jan. 11, 2013) (relying on INID Codes).

[14] *Microwave Vision, S.A. v. ETS-Lindgren Inc.*, 209 F. Supp. 3d 1322, 1329 (N.D. Ga. 2016).

4

means."[15] As can be seen below, the '728 Patent has the date "2015.06.24" next to the INID Code "(45)": [16]



Thus, the date of publication (i.e. the date the design was available to the public) is on the face of the '728 Patent: June 24, 2015. As stated by KaiJet Defendants during trial, there is no factual dispute as to the date of the '728 Patent.[17] Neither is there a dispute as to the '618 Patent's effective filing date: May 6, 2017.[18] Therefore, with no factual dispute as to whether the '728 Patent was published prior to the effective filing date of the '618 Patent, as a matter of law, the '728 Patent is prior art.[19]

---

[15] MPEP 901.05(b)(II) (https://www.uspto.gov/web/offices/pac/mpep/s901.html#d0e112030).

[16] ECF 618-15 (DTX-140, the '718 Patent) (red box annotation added to highlight INID Code 45 publication date).

[17] 7/17/24 Trial Tr. (Morning), 101:8-22.

[18] ECF 595-3 at 8-9 (jury instructions on prior art).

[19] 35 U.S.C. § 102(a)(1) ("A person shall be entitled to a patent unless…the claimed invention was [] described in a printed publication…or otherwise available to the

5

### B. Interpreting the Jury Verdict to Find that Both the JCD382 and JCD389 Infringe the '618 Patent Would be a Miscarriage of Justice.

#### 1. The verdict form did not address what product(s) the jury determined infringe the '618 Patent.

Sanho contends that the verdict form was not vague. In a way, Sanho is right. The jury found that Defendants infringed the '618 Patent. Nothing more, nothing less.[20] The jury did not return a verdict that the JCD382 infringed, nor did it return a verdict that the JCD389 infringed. Thus, while the verdict states that Defendants infringed, the verdict makes no mention of whether the JCD382 or the JCD389 infringe. There is no justification for interpreting the jury's verdict as applying to both products.

The Court need not rely on the statements of the jury after the trial to determine that the verdict is vague as to which product was found to infringe. First, the question on the verdict form speaks for itself: it merely asks if Defendants infringed, not which of the accused products infringe.[21] Second, the question submitted by the jury during their deliberations and the Court's answer makes it clear

---

public before the effective filing date of the claimed invention."); *TypeRight Keyboard Corp. v. Microsoft Corp.*, 374 F.3d 1151, 1157 (Fed. Cir. 2004) ("Whether a reference was published prior to the critical date, and is therefore prior art, is a question of law based on underlying fact questions.").

[20] ECF 597-1, at 2.

[21] ECF 597-1, at 2 ("Did Sanho prove by a preponderance of the evidence that Defendants infringed the '618 Patent?").

6

that a verdict of infringement can be based on just one of the products infringing – per the Court's own words, "No, both products do not have to be found to infringe. It can be either one or both."[22] So Sanho is correct, the verdict form is "crystal clear": Defendants infringed the '618 Patent, but no verdict was rendered as to which specific product infringed.

### 2. Sanho should not benefit from a flawed verdict form that it approved of.

Sanho is equally to blame for the verdict form failing to ask the jury which products specifically infringe – it should not benefit from its own failure. In the opening brief, KaiJet Defendants addressed the *Cyntec* case relied upon by the Court in its prior dicta opinion and explained why it is distinguishable.[23] Sanho does not address KaiJet Defendants' argument on the clear differences between *Cyntec* and the present case. Instead, Sanho deflects and chides KaiJet Defendants for characterizing this Court's prior discussion of the verdict form's vagueness as dicta.[24] But it was dicta, as the discussion was not necessary to the Court's opinion or ruling.[25] Sanho's failure to address the substance of KaiJet Defendants' argument

---

[22] ECF 595-2.
[23] ECF 643-1 at 13.
[24] ECF 655 at 10 (describing KaiJet Defendants' use of the term "dicta" as "unseemly" and an attempt to "undermine the Court's findings.").
[25] ECF 634 at 6 ("The Court need not rule on that question now"); *United States v. Gillis*, 938 F.3d 1181, 1198 (11th Cir. 2019) ("dicta is 'a statement that neither

about the actual controlling law, to instead baselessly malign (yet again) KaiJet Defendants' motives and character, serves only to highlight the lack of merit to Sanho's position.

Sanho also accuses KaiJet Defendants of "remain[ing] silent about the verdict form…and then later us[ing] the verdict form…as the basis for a post-judgment cry of 'foul' and a request for a 'do over.'"[26] That was not KaiJet Defendants' intent or tactic. To the contrary, KaiJet Defendants sought to avoid this exact situation. Why else would KaiJet Defendants have raised this exact issue when discussing the jury's question?[27] And why did Sanho remain silent?[28]

In the end, both Sanho and Defendants are at fault for not informing the Court that the verdict form needed to ask the jury to indicate which products were specifically infringed. Had any of the parties raised this issue during the jury charging conference, any difficulty could have been avoided. The jury would have been instructed to identify which product(s) specifically infringed, and any relief could have been tailored accordingly. While this issue has thus far remained moot as no actual relief has been granted for infringement of the '618 Patent, any future

---

constitutes the holding of a case, nor arises from a part of the opinion that is necessary to the holding of the case.'") (quoting *Black v. United States*, 373 F.3d 1140, 1144 (11th Cir. 2004)).

[26] ECF 655 at 11.
[27] 7/18/24 Trial Tr. (Afternoon), 3:16-4:2.
[28] *Id.* at 3:14-15 ("Any objection? Mr. Hill: No.").

8

relief – including an award of attorney fees – premised (even if only in part) on the improper assumption that both the JCD382 and JCD389 infringe would be inequitable and a miscarriage of justice.

### 3. There was no waiver.

As explained in KaiJet Defendants' prior brief, "[w]hether raising an objection on the record in response to a jury question is timely is a novel question that KaiJet Defendants have been unable to find any case law authority on."[29] Sanho did not address the novelty of the question, much less provide any relevant case law authority. While Defendants *and Sanho* should have realized the shortcoming of the verdict form earlier, the juror's question raised the issue to the parties and the Court. KaiJet Defendants raised the issue on the record.[30] At that time, as part of the response to the jury's question, the verdict form could have been fixed by adding a single question: "Which of the accused products do you find to infringe the '618 Patent?" Thus, the issue was preserved.

Even if KaiJet Defendants' objection was untimely, courts have rejected the theory of waiver as to an improper verdict form. For example, the Sixth Circuit held that even if the complaining party failed to object at trial, an appellate court may still "consider the matter in the interests of justice" when the error "is obvious and

---

[29] ECF 643-1 at 12.
[30] 7/18/24 Trial Tr. (Afternoon), 3:16-4:2.

prejudicial."[31] Other circuits have similarly held that when a party fails to object to the verdict form, the appellate court reviews for plain error.[32] The Eleventh Circuit has likewise held that if the verdict form was not timely objected to, then the verdict form is "review[ed] for plain error."[33]

Under plain error review, reversal is warranted "if a miscarriage of justice would otherwise result."[34] Specifically, the court must find that "(1) there was an error; (2) the error is plain or obvious; (3) the error affects the defendant's substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."[35] The verdict form failing to ask the jury to find which product(s) infringed was in plain error. **(1) There was an error**: as evidenced by the jury's question, the Court's answer to that question, and the substantial post-trial briefing by the parties, the failure to ask the jury specifically if the JCD382 and JCD389 infringe the '618 Patent was an error. **(2) The error is plain and obvious**: this error was obvious enough for a lay jury to catch it and submit a question to the

---

[31] *Young v. Langley*, 793 F.2d 792, 795 (6th Cir. 1986).

[32] *See, e.g., McGuire v. Davidson Mfg. Corp.*, 398 F.3d 1005, 1010 (8th Cir. 2005); *United States v. Espino*, 892 F.3d 1048, 1051 (9th Cir. 2018).

[33] *United States v. Porter*, 594 F. App'x 585, 587 (11th Cir. 2014) (quoting *United States v. Mitchell*, 146 F.3d 1338, 1342 (11th Cir. 1998)).

[34] *Porter*, 594 F. App'x at 587 (quoting *United States. v. Frank*, 599 F.3d 1221, 1238 (11th Cir. 2010)).

[35] *Porter*, 594 F. App'x at 587 (citing *United States v. Olano*, 507 U.S. 725, 731–32 (1993)).

Court regarding it. **(3) The error could substantially effect Defendants' rights:** thus far, no actual relief has been granted in relation to the '618 Patent. But if the Court awards attorney fees to Sanho based on a finding of infringement as to both accused products, the error in the verdict form will substantially effect Defendants' rights by inflating the attorney fee award. **(4) The error seriously affects the fairness, integrity, or public reputation of judicial proceedings:** it would be plainly unfair to allow Sanho to recover any relief based on a finding of infringement as to a product that they *did not prove*. While Sanho accuses KaiJet Defendants of attempting to "lay behind the log" and use the flawed verdict form to their advantage, it is Sanho who has actively attempted to use the flawed verdict to its advantage – first by attempting to disgorge profits as to both the JCD382 and JCD389,[36] and now by attempting to bolster its lackluster prevailing party arguments.[37]

## III. CONCLUSION

For the foregoing reasons, KaiJet Defendants respectfully request this Court grant KaiJet Defendants' motion for a new trial on the issues of infringement and invalidity of the '618 Patent.

---

[36] ECF 606 at 7-8.
[37] ECF 637 at 8; ECF 656 at 7.

Respectfully submitted, this 21st day of November, 2024.

/s/ *Robert J. Carlson*
Robert J. Carlson
WSBA Number 18455
Admitted *Pro Hac Vice*
LEE & HAYES, P.C.
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001
Email: carlson@leehayes.com

Ryan P. Gentes
GA Bar No. 421695
Robert A. Madayag, III
GA Bar No. 123699
William B. Dyer III
GA Bar No. 236915
Steven Philbin
GA Bar No. 516724
James Avery Rollins
GA Bar No. 776439
LEE & HAYES, P.C.
75 14th Street NE, Suite 2500
Atlanta, GA 30309
Telephone: (404) 815-1900
Email: ryan.gentes@leehayes.com
Email: robm@leehayes.com
Email: bill.dyer@leehayes.com
Email:  steven.philbin@leehayes.com
Email:  james.rollins@leehayes.com

Rhett V. Barney
WSBA Number 44764
Admitted *Pro Hac Vice*
Johanna Tomlinson
WSBA Number 57582
Admitted *Pro Hac Vice*

12

LEE & HAYES, P.C.
601 W. Riverside Ave., Ste. 1400
Spokane, WA 99201
Telephone: (509) 324-9256
Email: rhettb@leehayes.com
Email:  johanna.tomlinson@leehayes.com

*Attorneys for Defendants*
*KaiJet Technology International Limited, Inc. and KaiJet Technology International Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2024, I filed a true and correct copy of the foregoing document with the CM/ECF filing system of this Court, which will serve an electronic copy to all attorneys of record.

/s/ *Robert J. Carlson*
Robert J. Carlson
WSBA Number 18455
Admitted *Pro Hac Vice*
LEE & HAYES, P.C.
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001
Email: carlson@leehayes.com

*Attorney for Defendants*
*KaiJet Technology International Limited, Inc. and KaiJet Technology International Corporation*

## CERTIFICATE OF COMPLIANCE WITH LR 5.1

I hereby certify that the foregoing document is written in 14 point Times New Roman font in accordance with Local Rule 5.1.

/s/ *Robert J. Carlson*
Robert J. Carlson
WSBA Number 18455
Admitted *Pro Hac Vice*
LEE & HAYES, P.C.

*Attorney for Defendants*
*KaiJet Technology International Limited, Inc. and KaiJet Technology International Corporation*

14