UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SANHO CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>KAIJET TECHNOLOGY INTERNATIONAL LIMITED, INC., dba "j5create;" and DOES 1-100,<br><br>Defendants, | Case No. 1:18-cv-05385-SDG |
| SANHO CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>KAIJET TECHNOLOGY INTERNATIONAL LIMITED, INC.; KAIJET TECHNOLOGY INTERNATIONAL CORPORATION; MAGIC CONTROL TECHNOLOGY; STARVIEW GLOBAL LIMITED, each doing business as "j5create;" and DOES 1-10,<br><br>Defendants. | Consolidated with<br>Case No. 1:20-cv-02150-TCB |

**KAIJET DEFENDANTS' REPLY IN SUPPORT OF THEIR RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW; AND KAIJET TECHNOLOGY INTERNATIONAL CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COPYRIGHT CAUSE OF ACTION AND VACATE JUDGMENT THEREON**

**TABLE OF CONTENTS**

I.    ARGUMENT. ...................................................................................................1

    A. *Palmer* has never been overturned, and is therefore controlling authority for this Court. .................................................................................1

    B. The evidence at trial demonstrates KaiJet Taiwan did not import products into the United States. ....................................................................2

    C. There is no evidence KaiJet Taiwan committed contributory infringement.................................................................................................3

    D. Sanho admits it did not submit any evidence of substantial similarity related to the deposit copy. .......................................................................5

    E. Substantial Similarity................................................................................6

    F. There is no infringement of the '618 Patent as a matter of law. ...................7

        1.    The "Missing Specifics" are contained within the cited testimony of Professor Shankwiler. .................................................................7

        2.    The Chinese '728 Patent is prior art as a matter of law.........................9

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Arbaugh v. Y&H Corp.*,
 546 U.S. 500, 126 S. Ct. 1235 (2006)..................................................................1

*Boal v. Depuy Orthopaedics, Inc. (In re Depuy Orthopaedics, Inc. ASR Hip Implant Prods. Liab. Litig.)*,
 953 F.3d 890 (6th Cir. 2020) ...............................................................................2

*Centricut, LLC v. Esab Grp., Inc.*,
 390 F.3d 1361 (Fed. Cir. 2004) ...........................................................................7

*Egyptian Goddess, Inc. v. Swisa, Inc.*,
 543 F.3d 665 (Fed. Cir. 2008) .............................................................................7

*Foreign Imported Prods. & Publ'g, Inc. v. Grupo Indus. Hotelero, S.A.*,
 No. 07-22066-CIV-GOLD/MCALILEY, 2008 U.S. Dist. LEXIS 108705 (S.D. Fla. Oct. 24, 2008)............................................................................1

*Fox v. Acadia State Bank*,
 937 F.2d 1566 (11th Cir. 1991) ...........................................................................1

*GB Mktg. USA Inc. v. Gerolsteiner Brunnen GmbH & Co.*,
 782 F. Supp. 763 (W.D.N.Y. 1991).....................................................................4

*Int'l Shoe Co. v. Wash.*,
 326 U.S. 310 (1945).............................................................................................2

*Merrell v. Tice*,
 104 U.S. 557 (1881).............................................................................................5

*Minor v. Dugger*,
 864 F.2d 124 (11th Cir. 1989) .............................................................................1

*N. Am. Philips Corp. v. Am. Vending Sales, Inc.*,
 35 F.3d 1576 (Fed. Cir. 1994) .........................................................................3, 4

*Palmer v. Braun*,
   376 F.3d 1254 (11th Cir. 2004) ................................................................. 1, 2, 4

*Skidmore v. Led Zeppelin*,
   952 F.3d 1051 (9th Cir. 2020) ............................................................................ 5

*Steel Co. v. Citizens for a Better Env't*,
   523 U.S. 83 (1998) .............................................................................................. 2

# TABLE OF ABBREVIATIONS

| Full Name | Abbreviations |
| --- | --- |
| U.S. Design Patent No. D807,290 | '290 Patent |
| U.S. [Utility] Patent No. 10,572,429 | '429 Patent |
| U.S. Design Patent No. D855,616 | '616 Patent |
| U.S. Design Patent No. D844,618 | '618 Patent |
| U.S. Design Patent No. D813,875 | '875 Patent |
| Defendant Kaijet Technology International Corporation | KaiJet Taiwan |
| Defendant Kaijet Technology International Limited, Inc. | KaiJet US |
| Defendants Kaijet Technology International Limited, Inc. and Kaijet Technology International Corporation | KaiJet Defendants |

I.   ARGUMENT.

   A. *Palmer* has never been overturned, and is therefore controlling authority for this Court.

Sanho contends issues of extraterritoriality do not implicate this Court's subject matter jurisdiction.[1] The federal legal system is well established: district courts in the Eleventh Circuit are bound by the decisions of the Eleventh Circuit, absent those decision being overturned.[2] District courts in the Eleventh Circuit are *not* bound by decisions in other circuits.[3]

Here, Sanho does not, and cannot, contend the Eleventh Circuit's ruling in *Palmer v. Braun*,[4] has been overturned by either another Eleventh Circuit decision or a decision of the United States Supreme Court. Indeed, courts in the Eleventh Circuit have explained that while the Federal Circuit offers a different approach to subject matter jurisdiction based on the Supreme Court's opinion in *Arbaugh v. Y&H Corp.*,[5] *Palmer* is the most recent ruling from the Eleventh Circuit evaluating the extraterritorial application of the Copyright Act and assessing jurisdiction accordingly.[6] Thus, because this Court is bound by the Eleventh Circuit's decision

---

[1] ECF 653 at 5-7.

[2] *Fox v. Acadia State Bank*, 937 F.2d 1566, 1570 (11th Cir. 1991).

[3] *Minor v. Dugger*, 864 F.2d 124, 126 (11th Cir. 1989).

[4] *Palmer v. Braun*, 376 F.3d 1254, 1256 (11th Cir. 2004).

[5] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 126 S. Ct. 1235 (2006).

[6] *Foreign Imported Prods. & Publ'g, Inc. v. Grupo Indus. Hotelero, S.A.*, No. 07-22066-CIV-GOLD/MCALILEY, 2008 U.S. Dist. LEXIS 108705, at *9-10 n.2

in *Palmer*, this Court lacks subject matter jurisdiction as set forth in KaiJet Taiwan's Motion to Dismiss.[7]

### B. The evidence at trial demonstrates KaiJet Taiwan did not import products into the United States.

Sanho next contends this Court already determined KaiJet Taiwan conducted sales and shipping of products in the United States, premised on this Court's order denying KaiJet Taiwan's motion to dismiss for lack of *personal* jurisdiction over KaiJet Taiwan.[8] Personal Jurisdiction refers to the court's authority over the *parties* to an action—not the matter itself.[9] But subject matter jurisdiction refers to the court's power to decide a *case*, and must be authorized by the Constitution and granted by statute.[10]

In its order denying KaiJet Taiwan's motion to dismiss, this Court analyzed whether KaiJet Taiwan had sufficient minimum contacts with the Northern District of Georgia, construing all facts in the light most favorable to Sanho.[11] This Court

---

(S.D. Fla. Oct. 24, 2008).

[7] ECF 641 at 9-15.

[8] ECF 653 at 7-9; ECF 185.

[9] *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945).

[10] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998); *Boal v. Depuy Orthopaedics, Inc. (In re Depuy Orthopaedics, Inc. ASR Hip Implant Prods. Liab. Litig.)*, 953 F.3d 890, 893-894 (6th Cir. 2020).

[11] ECF 185.

did not analyze whether acts of KaiJet Taiwan that Sanho relies on to support its cause of action for copyright infringement occurred in or outside the United States.[12]

Instead, the shipping documents Sanho admitted at trial speak for themselves: KaiJet Taiwan sold product bearing the accused packaging in Taiwan, and thereafter KaiJet US imported the products from Taiwan to the United States.[13] KaiJet US imported the infringing products – not KaiJet Taiwan. All sales of product in allegedly infringing packaging took place outside the United States, and therefore outside the subject matter jurisdiction of this Court, with respect to any claim of copyright infringement.

### C. There is no evidence KaiJet Taiwan committed contributory infringement.

Sanho admits in its response that it did not allege, nor did it submit any evidence of contributory infringement.[14] Instead, Sanho attempts to rely on *North American Philips Corp. v. American Vending Sales, Inc.*,[15] a case analyzing personal jurisdiction, to allege KaiJet Taiwan's "commercial ties with the United States vis-à-vis the infringing products are <u>orders of magnitude stronger</u> that the ties of the

---

[12] *Id.*

[13] ECF 527-13 at PTX-133 through PTX-332; ECF 621-16 through ECF 621-133; ECF 624-1 through ECF 624-64; *see also*, ECF 511-9; ECF 511-11; and ECF 511-12; ECF 621-32 (PTX-149, listing KaiJet US as the "Shipper").

[14] ECF 653 at 9-11.

[15] *N. Am. Philips Corp. v. Am. Vending Sales, Inc.*, 35 F.3d 1576, 1577 (Fed. Cir. 1994).

3

defendant" in *North American Philips Corp.*[16] Sanho further alleges it would not make sense that KaiJet Taiwan could be liable for direct patent infringement, and not direct copyright infringement.[17]

In *GB Marketing*,[18] the district court determined the defendant's acts of selling bottles with the knowledge and intent that the bottles be exported to and sold in the United States would support a claim of contributory copyright infringement.[19] However, the labeling and sale of the bottles themselves would constitute direct infringement that would not confer subject matter jurisdiction because the act occurred in Germany.[20]

Similar to the facts in *GB Marketing*, KaiJet Taiwan's actions *may* have provided this Court subject matter jurisdiction over a claim of contributory copyright infringement against KaiJet Taiwan, had Sanho ever made such a claim. It is clear, however, that KaiJet Taiwan's direct acts outside the U.S. (i.e., the creation of the packaging and sale to KaiJet US in Taiwan) do not confer subject matter jurisdiction over KaiJet Taiwan.

---

[16] ECF 653 at 10, quoting ECF 513 at 51-52.

[17] ECF 653 at 10.

[18] *GB Mktg. USA Inc. v. Gerolsteiner Brunnen GmbH & Co.*, 782 F. Supp. 763, 772–73 (W.D.N.Y. 1991), cited by *Palmer*, 376 F.3d at 1258.

[19] *Id.* at 773.

[20] *Id.* at 772-73.

**D. Sanho admits it did not submit any evidence of substantial similarity related to the deposit copy.**

The jury was instructed that "Sanho must prove by a preponderance of the evidence that (1) Sanho owned a valid copyright in a work; and (2) the KaiJet Defendants copied *the work's* original components" – not the box's components.[21]

Sanho does not dispute its only substantial similarity evidence was submitted to the jury via the Hyperdrive box and its demonstrative image mockup. Instead, it attempts to suggest the box, markup and the copyrighted work are "identically arranged."[22] This argument was squarely rejected by the court in *Skidmore v. Led Zeppelin*,[23] where the plaintiff argued the sound recording, as opposed to the sheet music (which was the deposited copyrighted work), should be considered because the copyright extended beyond the sheet music.[24] As the Ninth Circuit held, "the deposit copy defines the four corners of the []copyright"[25] as the statutory purpose is to "'ascertain precisely what was the subject of copyright.'"[26] For the same reason, this Court should reject Sanho's argument.

---

[21] ECF 595-3 at 25.
[22] ECF 653 at 15.
[23] *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1063 (9th Cir. 2020).
[24] *Id.*
[25] *Id.* at 1064.
[26] *Skidmore*, 952 F.3d at 1063 (quoting *Merrell v. Tice*, 104 U.S. 557, 561 (1881)).

Additionally, Sanho's deposit copy and the box are not "identical" as Sanho attempts to suggest. For example, the deposit copy is decidedly two-dimensional, where the box is three-dimensional.[27] The deposit copy also contains red lines, where the box does not.[28] This is even more true of the mockup.[29] Sanho submitted no evidence to the jury that the *copyrighted work* and the accused packaging were substantially similar. Judgment as a matter of law is appropriate.

### E. Substantial Similarity

The jury instructions were specific: "[t]o succeed on this claim, *Sanho must prove* that the KaiJet Defendants copied the parts of Sanho's *copyrighted work* that *the law protects.*"[30] Sanho's response misses the mark. The issue is not that Sanho identified certain elements it claims were copied by the KaiJet Defendants—it is that Sanho never offered *any* evidence the claimed elements were protectible by copyright law. Again, Sanho did not even bother to compare the copyrighted work to any accused protects. Sanho does not dispute this.

Instead, Sanho attempts to argue the KaiJet Defendants did not cite case law to support that "a large number of minor differences" outweighs the similarities that

---

[27] ECF 620-13 (PTX-13) at 3.
[28] *Id.*
[29] ECF No. 601-4.
[30] ECF No. 595-3 at 31. (emphasis added).

6

Sanho proved.[31] However, it was not the KaiJet Defendants' burden to prove the works were dissimilar, it was Sanho's burden to show the aspects of its copyrighted work were protectable. Sanho failed to do so.

### F. There is no infringement of the '618 Patent as a matter of law.

#### 1. The "Missing Specifics" are contained within the cited testimony of Professor Shankwiler.

Instead of addressing the actual substance of whether the accused products actually infringe, Sanho argues that KaiJet Defendants failed to articulate specific noninfringement arguments. Not true. KaiJet Defendants filed a brief in support of its oral motion for judgment as a matter of law.[32] That brief specifically cited the testimony of Professor Shankwiler on the noninfringement of the '618 Patent in view of the prior art.[33] In the testimony cited by KaiJet Defendants, Professor Shankwiler identified multiple specific differences between each of the accused products and the '618 Patent. As to the JCD389, Professor Shankwiler identified the following differences: (1) multiple seam lines present in the JCD389 but not the '618 Patent;[34] (2) the '618 Patent tapers at the short ends, whereas the JCD389 only tapers along

---

[31] ECF 653 at 20-21.

[32] ECF 591.

[33] *Id*. at 30 (citing Trial Transcript 7/10/24 Morning, at 100:25-106:21). This citation contained a typographical error, as Prof. Shankwiler's testimony occurred the morning of July 16, 2024. KaiJet Defendants' renewed motion for judgment as a matter of law corrected the citation. ECF 641 at 23 (citing 7/16/24 Trial Tr. (morning), at 100:25-106:21).

[34] 7/16/24 Trial Tr. (morning), at 102:12-19, 104:10-16.

7

the long edge;[35] (3) the number of ports differ and the location of the ports differ;[36] (4) the '618 Patent has a "very clear distinct concentric circular detail…only on the top;"[37] and (5) the JCD389 has a "pill-shaped detail" encompassing the male protrusions, while the '618 Patent does not.[38] As for the JCD382: (1) the port layout is different;[39] (2) the JCD382 has seam lines that the '618 Patent does not;[40] and (3) the '618 Patent has a concentric circular detail that the JCD382 does not.[41]

As for relevant prior art that would inform the opinion of an ordinary observer, KaiJet Defendants cited the testimony of Professor Shankwiler explaining that the ordinary observer would have knowledge of the prior art he previously discussed.[42] That prior art includes "the Chinese '728 patent, U.S. Design Patent 830,366, U.S. Design Patent 750,083 and U.S. Design Patent 715,797."[43] As explained in the testimony KaiJet Defendants cited to previously, Professor Shankwiler explained that "the ordinary observer has knowledge of the prior art and would understand that this long, thin, rectangular form with four radius corners is an art type of this – of

---

[35] *Id*. at 102:20-103:2.
[36] *Id*. at 103:3-23.
[37] *Id*. at 103:24-104:2.
[38] *Id*. at 104:17-20.
[39] *Id*. at 105:7-15.
[40] *Id*. at 105:16-18.
[41] *Id*. at 105:19-23.
[42] *Id*. at 106:11-19 (cited by KaiJet Defendants at ECF 641 at 23 n. 52).
[43] 7/16/24 Trial Tr. (morning), at 98:20-24.

8

this type of product and would look beyond the similarities to differences to determine which is which."[44]

In sum, KaiJet Defendants identified the evidence of non-infringement by citing the unrebutted testimony of its expert witness. Sanho failed to address Professor Shankwiler's testimony at trial, and has once again in its response brief failed to argue that Professor Shankwiler's opinions were wrong. The visual differences identified by Prof. Shankwiler are undisputed. Neither is there any dispute that the prior art comprised similar designs of long, thin, rectangular USB-C hubs with four radius corners with female ports and male protrusions, or that an ordinary observer would consider that in comparing the accused products with the '618 Patent. In view of these undisputed facts, a reasonable jury must find that neither the JCD389 or JCD382 infringe the '618 Patent.

### 2. The Chinese '728 Patent is prior art as a matter of law.

Paradoxically, despite arguing that KaiJet Defendants failed to make specific noninfringement arguments, Sanho specifically addresses the '728 Patent that KaiJet Defendants' expert identified.[45] Sanho does not dispute that the '728 Patent is similar to the '618 Patent, but instead argues that KaiJet Defendants failed to "prove that the

---

[44] 7/16/24 Trial Tr. (morning), at 106:11-19.
[45] ECF 653 at 26.

9

'728 Patent is prior art."⁴⁶ This argument fails as a matter of law. KaiJet Defendants have fully briefed this issue, explaining that the INID Code on the face of the '728 Patent identifies the publication date of the '728 Patent, thus proving the '728 Patent is prior art as a matter of law.⁴⁷

Respectfully submitted, this 21st day of November, 2024.

/s/ *Robert J. Carlson*
Robert J. Carlson
WSBA Number 18455
Admitted *Pro Hac Vice*
LEE & HAYES, P.C.
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001
Email: carlson@leehayes.com

Ryan P. Gentes
GA Bar No. 421695
Robert A. Madayag, III
GA Bar No. 123699
William B. Dyer III
GA Bar No. 236915
Steven Philbin
GA Bar No. 516724
James Avery Rollins
GA Bar No. 776439
LEE & HAYES, P.C.
75 14th Street NE, Suite 2500
Atlanta, GA 30309
Telephone: (404) 815-1900
Email: ryan.gentes@leehayes.com

---

⁴⁶ *Id.*
⁴⁷ ECF 665 at 6-10.

Email: robm@leehayes.com
Email: bill.dyer@leehayes.com
Email:  steven.philbin@leehayes.com
Email:  james.rollins@leehayes.com

Rhett V. Barney
WSBA Number 44764
Admitted *Pro Hac Vice*
Johanna Tomlinson
WSBA Number 57582
Admitted *Pro Hac Vice*
LEE & HAYES, P.C.
601 W. Riverside Ave., Ste. 1400
Spokane, WA 99201
Telephone: (509) 324-9256
Email: rhettb@leehayes.com
Email:  johanna.tomlinson@leehayes.com

*Attorneys for Defendants*
*KaiJet Technology International Limited, Inc. and KaiJet Technology International Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2024, I filed a true and correct copy of the foregoing document with the CM/ECF filing system of this Court, which will serve an electronic copy to all attorneys of record.

/s/ *Robert J. Carlson*
Robert J. Carlson
WSBA Number 18455
Admitted *Pro Hac Vice*
LEE & HAYES, P.C.
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001
Email: carlson@leehayes.com

*Attorney for Defendants*
*KaiJet Technology International Limited, Inc. and KaiJet Technology International Corporation*

## CERTIFICATE OF COMPLIANCE WITH LR 5.1

I hereby certify that the foregoing document is written in 14 point Times New Roman font in accordance with Local Rule 5.1.

/s/ *Robert J. Carlson*
Robert J. Carlson
WSBA Number 18455
Admitted *Pro Hac Vice*
LEE & HAYES, P.C.

*Attorney for Defendants*
*KaiJet Technology International Limited, Inc. and KaiJet Technology International Corporation*