UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SANHO CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> KAIJET TECHNOLOGY INTERNATIONAL LIMITED, INC., dba "j5create;" and DOES 1-100, <br><br> Defendants, | Case No. 1:18-cv-05385-SDG |
| SANHO CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> KAIJET TECHNOLOGY INTERNATIONAL LIMITED, INC.; KAIJET TECHNOLOGY INTERNATIONAL CORPORATION; MAGIC CONTROL TECHNOLOGY; STARVIEW GLOBAL LIMITED, each doing business as "J5Create;" and DOES 1-10, <br><br> Defendants. | Consolidated with <br> Case No. 1:20-cv-02150-TCB |

**PLAINTIFF SANHO CORPORATION'S MOTION**

**FOR SUPERSEDEAS BOND WITH BRIEF IN SUPPORT**

1

Plaintiff Sanho Corporation ("Plaintiff") hereby moves the Court for a supersedeas bond with respect to defendant and judgment debtor Kaijet Technology International Corporation ("Kaijet Taiwan").

## I.   INTRODUCTION

Plaintiff brings this motion to have the Court fix the amount of a supersedeas bond for judgment debtor Kaijet Taiwan to the extent that Kaijet Taiwan seeks to stay execution of the judgment. The Court should use the same calculation of 120% of the judgment amount that it used in connection with Kaijet U.S.'s motion for supersedeas bond at ECF 663. Without a bond, Plaintiff will be damaged by defendants' vexatious appeal and delays. Without any security or guarantee from Kaijet Taiwan, Plaintiff stands to be irreparably harmed without a bond.

## II.   BACKGROUND

On September 27, 2024, Judgment was entered in favor of Plaintiff on its cause of action for copyright infringement against Kaijet Taiwan entitling Plaintiff to a monetary judgment for damages and prejudgment against Kaijet Taiwan in the amount of $610,883.00 plus post-judgment interest.[1]

On November 14, 2025, the Court fixed the amount of a supersedeas bond for Kaijet Taiwan's co-defendant Kaijet Technology International Limited, Inc. ("Kaijet U.S.") to account for the judgment amount, costs, interest and damages based on

---

[1] ECF 635.

120% of the judgment amount.[2]  Therein, the Court held as follows:

> KaiJet US's motion is therefore GRANTED. Execution of the judgment against KaiJet US will be STAYED upon the posting of a security in the sum of $930,000 by or on behalf of KaiJet US. KaiJet US may either obtain a bond for the sum from an insurer licensed by the State of Georgia, or pay the sum into the registry of the Court. In the latter case, the Clerk of Court is DIRECTED to accept payment and receive it into the Court's registry, subject to ultimate disposition by this Court.[3]

On February 10, 2026, Kaijet Taiwan filed a motion for supersedeas bond.[4] Kaijet Taiwan's motion asserts, "Sanho never moved for a supersedeas bond…"[5]

### III.   ARGUMENT

Rule 62 in its entirety indicates policy against any unsecured stay of execution after expiration of time for filing motion for new trial.[6]

Under Georgia state law, upon a motion by appellee, the Court has no discretion to waive the bond requirement.[7]

---

[2] ECF 663.

[3] *Id*.

[4] ECF 717.

[5] ECF 717, p. 5.

[6] *See e.g., Van Huss v. Landsberg*, 262 F. Supp. 867, 870 (W.D. Mo. 1967); *Marcelletti & Son Constr. Co. v. Millcreek Township Sewer Authority*, 313 F. Supp. 920, 928 (W.D. Pa. 1970), *disapproved*, *Federal Prescription Serv. v. American Pharmaceutical Ass'n*, 636 F.2d 755, n. 3, 205 U.S. App. D.C. 47, 30 Fed. R. Serv. 2d (Callaghan) 1092, 1980-81 Trade Cas. (CCH) ¶ 63646, 1980 U.S. App. LEXIS 12060 (D.C. Cir. 1980).

[7] *Bennett v. Hendrix*, 2007 U.S. Dist. LEXIS 65815, at *5 (N.D. Ga. Sep. 4, 2007) ["Once the appellee moves for a supersedeas bond, it is entitled to that bond, and the Court's discretion on the question of whether a bond is necessary vanishes. The Court is therefore 'authorized to set an amount which would satisfy the judgment and other items to which appellee would be entitled if and when the judgment became affirmed.'"]

Accordingly, and pursuant to Rule 62 and Georgia state law, Plaintiff respectfully requests that the Court fix defendant Kaijet Taiwan's supersedeas bond amount to be $733,059.60 which is equal to 120% of the judgment amount against Kaijet Taiwan and reflects the same calculation that the Court used in connection with ECF 663 setting defendant and judgment debtor Kaijet U.S.'s supersedeas bond amount.  Such amount, at this time, is reasonably sufficient to "cover the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay."[8]

## IV.   CONCLUSION

A supersedeas bond is required to stay execution of the judgment.  The Court should therefore grant Plaintiff's motion.  To stay execution of the judgment KaiJet Taiwan should be ordered to deposit security in the amount of $733,059.60 (120% of judgment amount of $610,883.00 against it) with the Court. KaiJet Taiwan may either obtain a bond for this sum from an insurer licensed by the State of Georgia, or pay the sum directly into the registry of the Court.

Respectfully submitted, this 24th day of February, 2026.

By: /s/ Ali Aalaei
Ali A. Aalaei (admitted pro hac vice)
CA Bar No. 254713
ARI LAW, P.C.
3130 Alpine Road Suite 288 PMB 408

---

[8] *Latino Enters. v. Taco Maker, Inc.*, 2018 U.S. Dist. LEXIS 231819, *2-3 (N.D. Ga. Apr. 27, 2018)

4

Portola Valley CA 94028
Tel: (415) 235-2069
Fax: (415) 520-9456
Email: ali@arilaw.com

-and-

Steven G. Hill
GA Bar No. 354658
David K. Ludwig (admitted pro hac vice)
CT Bar No. 435310
HILL, KERTSCHER & WHARTON, LLP
3625 Cumberland Blvd., SE, Suite 1050
Atlanta, Georgia 30339-6406
Tel: (770) 953-0995
Fax: (770) 953-1358
Email: sgh@hkw-law.com
Email: dludwig@hkw-law.com

*Attorneys for Plaintiff Sanho Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2026, I filed a true and correct copy of the foregoing document with the CM/ECF filing system of this Court, which will serve an electronic copy to all attorneys of record.

/s/  Ali A. Aalaei
Ali A. Aalaei (admitted pro hac vice)
ARI LAW, P.C.
3130 Alpine Road Suite 288 PMB 408
Portola Valley CA 94028
Tel: (415) 235-2069
Fax: (415) 520-9456
Email: ali@arilaw.com